IRA DANIEL TOKAYER, ESQ.
420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 695-5250 (Telephone)
(212) 695-5450 (Facsimile)
imtoke@mindspring.com
*Counsel to Dalia Genger*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:**<br><br>**ORLY GENGER,**<br><br>**Debtor.** | **Chapter 7**<br><br>**Case No. 19-13895-jlg** |
| **DALIA GENGER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ORLY GENGER, MICHAEL BOWEN, ARIE GENGER, ARNOLD BROSER, DAVID BROSER, ERIC HERSCHMANN, THE GENGER LITIGATION TRUST, ADBG LLC, TEDCO INC., and DEBORAH PIAZZA as chapter 7 trustee,**<br>**Defendants.** | **Adv. Pro. No.________** |

**DALIA GENGER'S COMPLAINT SEEKING A DECLARATORY JUDGMENT AND THE IMPOSITION OF A CONSTRUCTIVE TRUST FOR THE BENEFIT OF DALIA GENGER**

TO THE HON. JAMES L. GARRITY JR., UNITED STATES BANKRUPTCY JUDGE:

Dalia Genger, a creditor and party in interest ("Dalia"), files this Adversary Proceeding Complaint seeking a declaratory judgment and the imposition of a constructive trust for the benefit

of Dalia Genger.

## PRELIMINARY STATEMENT

1. As a direct creditor, Dalia seeks declaratory judgment and the imposition of a constructive trust for her benefit on all funds which the Debtor, Orly Genger ("Orly"), has monetized and will in the future monetize from her Trust's claim to beneficial ownership in Dalia's 794.40 shares of Trans-Resources, Inc., thereafter transferred to insiders with the actual intent to hinder, delay and defraud Dalia, a creditor. The fraudulently transferred funds were encumbered with a constructive trust under New York law.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a).

3. This dispute is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (J) as more particularly set out herein below.

4. Venue is proper pursuant to 28 U.S.C. § 1409.

## THE PARTIES

5. Plaintiff, Dalia Genger, is a creditor of and party in interest to Orly Genger ("Orly"), the debtor in this bankruptcy case under chapter 7, and is Orly's mother and a party to the 2004 Agreement, as defined below.

6. Orly is an individual believed to reside, among other places, in the state of Israel and in the states of New Jersey and Texas.

7. Michael Bowen ("Bowen") is a natural person and the attorney of the Debtor who, upon information and belief, resides in the State of New York.

8. Arie Genger ("Arie") is a natural person and the father of the Debtor who, upon information and belief, resides in the State of Florida.

9. Arnold Broser is a natural person and a close family friend of the Debtor who, upon information and belief, resides in the State of Florida.

10. David Broser is a natural person and a close family friend of the Debtor who, upon information and belief, resides in the State of New York (together with Arnold Broser, the "Brosers").

11. Eric Herschmann ("Eric") is a natural person and the husband of the Debtor who, upon information and belief, resides, among other places, in the state of Israel and in the states of New Jersey and Texas.

12. The Genger Litigation Trust (the "Litigation Trust") is a trust whose co-trustees, Lance Harris and David Broser, upon information and belief, both reside in the State of New York.

13. ADBG LLC ("ADBG") is a limited liability company with its principal place of business in New York, whose managing member, upon information and belief, is David Broser, a resident of the State of New York.

14. TEDCO Inc. ("Tedco") is a corporation with its principal place of business in New York. Bowen, Arie, the Brosers, Eric, the Litigation Trust, ADBG and Tedco are collectively referred to herein as the "Transferees."

15. Deborah Piazza, as chapter 7 trustee appointed in the underlying chapter 7 case of Orly Genger.

## RELEVANT BACKGROUND FACTS

16. Dalia is the ex-wife of Arie. Dalia and Arie are the parents of two children, Sagi Genger ("Sagi") and his sister Orly.

17. In 1985, Arie formed Trans-Resources, Inc. ("TRI"), a Delaware corporation that specializes in manufacturing fertilizer and producing chemicals for agricultural use. TRI was wholly owned by TPR Investment Associates, Inc. ("TPR"). By 1993, TPR was owned by Arie, his wife, and family trusts. Dalia, Orly and Sagi, held indirect minority shareholder interests in TPR. The children's TPR shares were held in two trusts for their respective benefit.

18. In 2004, Arie and Dalia divorced. As inducement for Dalia to enter into the parties' 2004 divorce agreement, the couple's adult children, Orly and Sagi, received Dalia's marital interest in TPR's shares of stock in TRI, in exchange for which Sagi agreed to provide Dalia with future financial support derived from the economic value obtained from that stock and Orly agreed to indemnify Sagi for 50% of the amounts paid to Dalia on account of that agreement (collectively, the "2004 Agreements").

19. Litigation over the 2004 Agreements began in 2014, the first occasion that Dalia sought support from her children. Although Sagi complied and paid the request, Orly to date has refused any support to her mother.

20. As later found by the U.S. District Court, in 2013 Orly monetized her trust's claim to beneficial ownership in Dalia's TRI shares for more than $32 million. Rather than honor her commitments to provide financial support for her mother (who is in her 70s), Orly entered into a fraudulent conspiracy with the Transferees to transfer and encumber the proceeds through a series of transactions designed to avoid all the obligations due Sagi, and indirectly Dalia, under the 2004 Agreements.

21. Since February 2014, Orly has refused all demands made by Dalia (and her brother Sagi, as intermediary under the 2004 Agreements) to honor her financial support obligations to Dalia from the monetization of the TRI shares.

## FIRST CAUSE OF ACTION:
## DECLARATORY JUDGMENT

22. The preceding paragraphs are incorporated herein for all purposes as if set out herein verbatim.

23. A constructive trust should be imposed in favor of Dalia upon her 794.40 shares of TRI and the monetization therefrom because there exists:

1) a confidential and fiduciary relationship;

2) an express or implied promise;

3) a transfer in reliance on such promise; and

4) unjust enrichment.

24. As mother and daughter, Dalia had a confidential relationship with Orly. In reliance on that express promise, Dalia transferred to Orly's trust all of Dalia's beneficial ownership interest in her 794.40 shares of TRI.

25. Orly thereafter monetized Dalia's TRI shares in the amount of $32.3 million, and transferred, and encumbered, that monetization for the benefit of the Transferees.

26. Orly Genger will be unjustly enriched if Dalia is denied the imposition of a constructive trust.

27. Creditor Dalia Genger has been significantly defrauded by the wrongful and intentional conduct of the Debtor and the Transferees.

28. Dalia therefore seeks a declaratory judgment that the aforementioned monetization of Dalia's TRI shares is held by Orly and the Transferees in constructive trust for Dali's benefit, pursuant to the express provisions of the 2004 Agreement.

**SECOND CAUSE OF ACTION:**
**IMPOSITION OF A CONSTRUCTIVE TRUST**

29. The preceding paragraphs are incorporated herein for all purposes as if set out herein verbatim.

30. For the reasons set forth in the First Cause of Action, a constructive trust should be imposed upon the aforementioned monetization of Dalia's TRI shares.

WHEREFORE, Dalia prays for the relief above requested and for such other and further relief to which she may be justly entitled, both at law and in equity.

Respectfully submitted,

_/s/ Ira D. Tokayer
IRA DANIEL TOKAYER, ESQ.
420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 695-5250 (Telephone)
(212) 695-5450 (Facsimile)
imtoke@mindspring.com
*Counsel to Dalia Genger*