

# EMMET, MARVIN & MARTIN, LLP
### COUNSELLORS AT LAW

120 Broadway
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

Thomas A. Pitta
*Partner*
Tel: 212-238-3148
Fax: 212-238-3100 •Fax (alt.) 212-608-0544
tpitta@emmetmarvin.com

March 11, 2020

**<u>Via ECF and FedEx</u>**
Honorable James J. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    RE:   *In re Orly Genger*, Case No.: 19-13895-jlg

Dear Judge Garrity:

    As previously noted, this firm represents Sagi Genger ("Sagi"), the judgment creditor in the above-referenced chapter 7 case. Following our letter of March 9, 2010, we received Your Honor's March 10, 2020 Minutes of Proceeding, which provides us the opportunity to address scheduling a hearing on our motion to dismiss. We will thus address our hearing request as part of our April 14, 2020 submission.

    After Your Honor issued the Minutes, however, counsel for the Chapter 7 Trustee, Mr. Cavaliere, submitted a letter commenting on our request. In his letter, the pre-transfer proceedings in Texas (to which he played no part) are mischaracterized. Specifically, Mr. Cavaliere quotes from an initial conference--*before* any evidence had been heard--in which Bankruptcy Judge Davis took issue with certain allegations in the moving papers with respect to the scope of the fraudulent acts committed by the debtor in this case, Orly Genger. What Mr. Cavaliere omits, however, is that *after* a full day of live testimony, Judge Davis issued a November 5, 2019 bench ruling transferring the case in which he made many findings consistent with the allegations in the moving papers; indeed, they formed the basis for his decision.

    By way of background, this bankruptcy case is the inverse of the ordinary kind, in which a debtor seeks judicial assistance to *pay* her creditors. Rather, this case arose out of an effort by the debtor's fraudulent transferees to *block payment to her* creditor. This bankruptcy is being used to solidify debtor's fraudulent transfers and encumbranc of $32.3 million in assets. The issue came to a head when, on June 28, 2019, the Second Circuit unanimously affirmed the ruling of District Judge Forrest that in 2013, "Orly had monetized her beneficial interest for $32.3 million, a substantial portion of each attributable to Dalia's conveyed marital interest." *See Genger v. Genger*, 2018 WL 3632521, *2 (S.D.N.Y. July 27, 2018), *aff'd* 771 Fed.Appx. 99 (2d Cir. Jun. 28, 2019). Sagi then

EMMET, MARVIN & MARTIN, LLP

Honorable James J. Garrity, Jr.
March 11, 2020
Page 2

brought a turnover motion before District Judge Broderick (who had succeeded to the case upon Judge Forrest's retirement) to implement the ruling.

Orly responded by filing for bankruptcy in Texas, despite having only minimal connections to that District. In doing so, Orly neglected to disclose on her schedules her claim to the $32.3 million, $15 million of which exists as promissory notes yet to be paid. This was no mere oversight. Rather, on the eve of the venue hearing, Orly filed a submission in which she argued that: "Although the Sagi Parties make the false claim that Debtor's 'retain[ed] signing authority' over promissory notes that are in New York is significant, Debtor asserts no claims to the notes." (Doc 153 p. 6).

Sagi did in fact make that claim. It is undeniably true. As demonstrated on the November 1, 2019 hearing before Judge Davis, the debtor had entered into a March 31, 2017 Agreement in which all parties agreed that the final $8.5 million of the promissory notes (after payments to her father's creditors and to her husband) would be paid "in accordance with joint written instructions of [Arie] and [Orly]."

Upon learning the facts, Judge Davis adopted many of the key points made in the motion to dismiss, finding that:

> …**the bankruptcy will create a new layer of litigation** that arises from the same transactions, facts and set of occurrences that are the subject of litigation that has been concluded and the litigation that remains pending in New York.
>
> In particular I'm thinking of the Section 727 adversaries in which the Debtor will be required to explain what happened to 32 million dollars, and in either a fraudulent transfer suit or the hearing to consider a 9019 settlement of that suit. Findings made by the New York courts previously may well have collateral estoppel effect in this latest layer of litigations spawned by the bankruptcy filing.

*See* 11.5.19 Tr. at 4-5 (annexed hereto as Exhibit A)(emphasis added).

Judge Davis recognized that the bankruptcy case is the additional litigation Sagi sought to avoid, as opposed to a means to reduce or conclude the litany of litigation that proceeded it. He further agreed that the debtor's bankruptcy filing in Texas--to which she had only tenuous connections--was motivated by the fact that she had "suffered many adverse decisions from New York Courts. The inference is clear that the move to Texas in February of 2019 was at least, in part, prompted by a desire to file bankruptcy in Texas should it become necessary to get away from the New York Courts." *Id.* at 10.

EMMET, MARVIN & MARTIN, LLP

Honorable James J. Garrity, Jr.
March 11, 2020
Page 3

Far from rejecting the pending motions to dismiss, Judge Davis expressly concluded his bench ruling by holding that: "**I leave the alternative relief of dismissal for a decision by the Southern District of New York.**" *Id.* After hearing the evidence, there was not one negative word about that pending motion in the entire ten-page ruling.

We thank the Court for its consideration, and look forward to further addressing our hearing request on April 14.


Respectfully submitted,
/s/ Thomas A. Pitta
Thomas A. Pitta
Emmet, Marvin & Martin, LLP
120 Broadway, 32nd Floor
New York, New York 10271
Attorneys for Sagi Genger

Encl.
cc:     John Dellaportas, Esq.
        Rocco A. Cavaliere, Esq.
        Andrew Kurland, Esq.
        Christopher Kiplok, Esq.
        Raymond W. Battaglia, Esq.
        Frank A. Oswald, Esq.
        Yann Geron, Esq.
        Elizabeth Aboulafia, Esq.
        Ira Tokayer, Esq.
        Mr. Sagi Genger