

**EMMET, MARVIN & MARTIN, LLP**
COUNSELLORS AT LAW

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

www.emmetmarvin.com

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

May 4, 2020

**Via ECF**

Honorable James J. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      **Re: *In re Orly Genger*, Case No.: 19-13895-jlg**

Dear Judge Garrity:

    Our firm represents judgment creditor Sagi Genger ("Sagi").  We respectfully submit this letter to very briefly respond to the letter filed with the Court today by Eric Herschmann, husband of the debtor Orly Genger (the "Debtor").

    Characteristic of his approach throughout these matters, Mr. Herschmann's letter is replete with misstatements and half-truths.  First, in a footnote, Mr. Herschmann claims that: "at the time of the joint filing, Sagi had not yet responded to my inquiries from the March 4 hearing and an April 8 email to his counsel" *before then going on to quote from our April 20, 2020 letter responding those very inquiries*.  (Attached hereto as Exhibit 1 is a copy of our 67-page letter response to Mr. Herschmann's inquiries.)

    At the March 4, 2020 conference (74:7), Your Honor directed the parties to hold "discussions" regarding the matter.  When I did not hear back from Mr. Herschmann for eleven days after sending my letter, I invited him to have a telephonic meet-and-confer discussion to address any further issues he might have.  Instead, he filed his letter with the Court today without first responding to my invitation.  (Attached hereto as Exhibit 2 is a copy of our meet-and-confer invitation to Mr. Herschmann.)

    Most of the matters Mr. Herschmann now raises have nothing to do with the pending bankruptcy case.  Rather, they involve Mr. Herschmann's apparent discomfort in having to comply with certain limited post-judgment discovery, in light of his wife's unpaid $3.2 million judgment.  For over 18 months, he has refused to do so, to the point where he was chastised by the U.S. District Court for the Western District of Texas for making false statements about his residency in "an attempt to frustrate the post-judgment discovery being attempted by Sagi Genger." *See* Exh. B, p. 5 of Exhibit 1.

EMMET, MARVIN & MARTIN, LLP                                                                                                   2

     Notably, in a 2019 declaration filed with the Western District of Texas, Mr. Herschmann stated under oath that he and his wife "do not share any credit cards" and that he has "given [the Debtor] cash to buy food but no other funds and definitely nowhere near $10,000 total." When we subpoenaed American Express for *the Debtor's* records (not his), however, we discovered that the couple in fact had a joint AmEx Centurion Card (*i.e.,* a "Black Card" reserved for those who charge over $250,000 per year) for almost their entire marriage, during which the Debtor charged sums to his account far in excess of $10,000. The matter was subject to a pending sanctions motion before Magistrate Judge Freeman, which the Debtor caused to be stayed by her filing. *See* Exh. F of Exhibit 1.

     Confronted with a debtor and her husband who have no compunction about filing false statements under oath about their joint accounts and joint residency, Sagi retained Israeli counsel (the Debtor sometimes claiming to reside in Israel), who in turn retained an Israeli private investigator licensed under Israel's Private Investigators and Security Services Law, 5732-1972. The investigator was not asked to do anything illegal, nor are we aware of any illegal actions having been taken by him. Indeed, in the six months during which Mr. Herschmann has been claiming that an Israeli "law enforcement" investigation is underway, neither Sagi (an Israeli passport holder) nor his Israeli attorney has ever been contacted by any Israeli authority over this or any other matter.

     When I was asked unexpectedly about it at the time of the last conference, I was only aware of single report from the investigator, which I had already shared with Mr. Herschmann. After the conference, however, I spoke with Israeli counsel, who informed me of a second report, the details of which I then *also* provided to Mr. Herschmann in my April 20, 2020 letter to him. The second report--which provides only minimal financial information about Mr. Herschmann (names of banks)--is attorney work product and consequently we are not willing to share it with him. As reflected in my April 20, 2020 letter to him, however, we have offered to provide the report *in camera* so the Court can confirm that our description of it to Mr. Herschmann is correct.

     The balance of Mr. Herschmann's letter is simply a series of false statements about matters in other forums which we would happy to address, should the Court deem any of it relevant. Otherwise, we respectfully refer the Court to our pending motion to dismiss, wherein the procedural history of this case is fully addressed.

                                                        Sincerely,

                                                        John Dellaportas

Encl.