# KASOWITZ BENSON TORRES LLP

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
NEW YORK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

EHerschmann@kasowitz.com

May 4, 2020

**BY ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re:    *Orly Genger*, Case No. 19-13895: Supplemental
        Position Statement of Creditor Eric Herschmann

Dear Judge Garrity:

I write in response to Mr. Dellaportas' letter to the Court today.  Nothing Mr. Dellaportas says refutes the fact that Sagi illegally obtained my confidential information in Israel.  Moreover, the Chief of Staff to the Minister of Public Security for the State of Israel, which oversees law enforcement agencies in Israel, including the Israel National Police, late this afternoon confirmed to me that the Israel National Police is investigating Sagi's illegal conduct.

After I received Mr. Dellaportas' April 20 letter trying to cast doubt whether there was an investigation in Israel since "during the six months" proceeding the March 4th conference Sagi had not "[b]een contacted by any Israeli authority over this or any other matter,"  I asked my Israeli attorney to inquire about the status of the investigation of Sagi.  As the attached letter from the Chief of Staff to the Minister of Public Security makes clear, the Israel National Police's "investigation [of illegally obtaining my travel and banking records] is underway and being conducted by the Fraud Crimes Unit of the Central Unit in the Jerusalem District Police." Ex. A.  The Jerusalem District Attorney's Office and the Investigations Division are part of the investigation team and "numerous and complex activities are being carried out vis a vis various actors."  *Id*.

The letter states "senior officials in the Jerusalem District Police have examined the progress of the investigation . . . and [it] is advancing at a satisfactory pace."  *Id*.

KASOWITZ BENSON TORRES LLP

Honorable James L. Garrity, Jr.
May 4, 2020
Page 2 of 3

Mr. Dellaportas' assertion that some unnamed attorney hired the investigator and that illegally obtained private information is somehow attorney work product is belied by the facts, the law and common sense.  Mr. Dellaportas never made any work product immunity claim when he falsely accused the Debtor and me of hiding a bank account in Israel based on the same investigator's report concerning Orly.  ECF No. 42 at ¶ 9.  Moreover, Mr. Dellaportas had previously told this Court that Sagi hired the investigator and the investigator's report is addressed directly to Sagi and does not even copy any attorney.  ECF No. 205-13 at Ex. A.  ("An investigator hired by [Sagi] recently identified an Israeli bank account held by the Debtor that was not listed on her schedule."  ECF No. 42 at ¶ 9).

Mr. Dellaportas' claim that he misrepresented to the Court that he was "only aware of [a] single report from the investigator" because he was "unexpectedly asked about it" at the March 4 conference is also belied by the record. The issue had been raised and discussed for "six months" as Mr. Dellaportas concedes in his letter to this Court.  Thus, it was anything but a surprise that the investigator's report would be discussed.  Further, a supposed "unexpected" inquiry from the Court could never justify a blatant misrepresentation -- which he never corrected as he was ethically obligated to do -- until confronted with the evidence. Rules of Prof. Conduct, Rule 3.3(a)(1).

Sagi has now admitted that he has at least two investigators' reports that concern travel of both the Debtor and me, however, it is clear from his prior filings, that there are even more reports that he has not disclosed to this Court.  For example, in 2018, Sagi alleged that Orly only spent "27 days to be exact" in Israel during a certain six month period.  SDNY Dkt. 17-cv-8181, ECF. No. 99 at p. 11 *citing* Sagi Supp. Decl., ECF No. 79.  That information is not, as Sagi alleged, "commonly available in Israel" and is the subject, as indicated above, of an ongoing criminal investigation.

Mr. Dellaportas' claim that these issues should not have been raised with the Court because he invited me to have a meet and confer today to discuss "any further issues [related to the investigator's report and invading my privacy]" is not accurate.  His meet and confer email to me only related to "[Sagi's] outstanding subpoena" for which a motion for protective order was already pending before the Court for many months.  ECF. No. 88.  Attached as Exhibit B is my response to Mr. Dellaportas' email that he did not include in his submission to the Court today.

Lastly, Sagi admits that he hired an investigator in Israel to determine whether Orly had any joint bank accounts with me.  That investigator found no such accounts.  It would be disingenuous at best, that after having received confirmation that no such joint bank accounts exist, Sagi had to improperly access my confidential financial information using the same investigator to confirm these facts.

KASOWITZ BENSON TORRES LLP

Honorable James L. Garrity, Jr.
May 4, 2020
Page 3 of 3

       Based on the foregoing and my letter submission earlier today, I respectfully ask that the relief requested therein be granted.

                Respectfully submitted,

                */s/ Eric Herschmann*

cc:  All Counsel of Record (by ECF)

Enclosures