# KASOWITZ BENSON TORRES LLP

|  |  |
|---|---|
| Eric D. Herschmann<br>EHerschmann@kasowitz.com | ATLANTA<br>HOUSTON<br>LOS ANGELES<br>MIAMI<br>NEWARK<br>SAN FRANCISCO<br>SILICON VALLEY<br>WASHINGTON DC |

May 20, 2020

**VIA ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

      Re:     In re Orly Genger, Case No. 19-13895-JLG

Dear Judge Garrity:

      I write in response to Sagi Genger's letter dated May 19, 2020 in which he asks this Court to enter his proposed Confidentiality Order and states that "[o]n March 2, 2020, we circulated copies of the attached proposed Confidentiality Order for comments and no comments were received."  However, as Sagi's counsel knows, I objected to the proposed Confidentiality Order on multiple occasions, including during the March 4 status conference, in an email to Mr. Dellaportas dated April 8, 2020, in letters to this Court on May 4, 2020 (which are attached without exhibits), and at the May 5 status conference.  At the conclusion of the May 5 conference, Your Honor stated that the Court Clerk would contact Mr. Dellaportas and the undersigned to arrange a call to discuss the issues raised in our May 4 letters.  This call has not yet been arranged and I ask that no Confidentiality Order be issued until the issues raised by me are appropriately addressed.

      Thank you for your attention to this matter.

      Respectfully submitted,

      /s/ Eric D. Herschmann

Encls.

# KASOWITZ BENSON TORRES LLP

|  | ATLANTA |
|---|---|
|  | HOUSTON |
|  | LOS ANGELES |
|  | MIAMI |
| EHerschmann@kasowitz.com | NEWARK |
|  | NEW YORK |
|  | SAN FRANCISCO |
|  | SILICON VALLEY |
|  | WASHINGTON DC |

May 4, 2020

**BY ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

        Re:    *Orly Genger*, Case No. 19-13895: Supplemental
                Position Statement of Creditor Eric Herschmann

Dear Judge Garrity:

    I am a creditor in this proceeding, and I write to supplement my portion of the Joint Position Statement dated April 17, 2020 (ECF No. 237)[1] which the Court had requested at the March 4 conference in connection with its consideration of creditor Sagi Genger's proposed confidentiality order and discovery.

    At the March 4 conference, I raised concerns that Sagi already had violated my right to protect my confidential personal information. The Court recognized those concerns as a "gating issue" on the issues before the Court:

> "[Y]ou raise a very good point on the issues around the confidentiality agreement… [Y]ou're not prepared to talk about that, until you understand what it is they've got . . ."

March 4, 2020 Status Conference Tr. ("3/4 Tr.") at 73:22 to 74:2 (available at ECF No. 224-1).

---

[1] The Joint Position Statement was submitted by Debtor Orly Genger (who is my wife), myself as creditor, and certain other creditors. At the time of the joint filing, Sagi had not yet responded to my inquiries from the March 4 hearing and an April 8 email to his counsel regarding, among other things, whether he had: (i) obtained any of my confidential and personal information; (ii), any investigative reports concerning me: and (iii) failed to comply with prior Court Orders. (Ex. B to ECF No. 237).

Honorable James L. Garrity, Jr.
May 4, 2020
Page 2 of 4

I submit this supplement to address a recent admission by Sagi which, coupled with his prior disregard for court orders, demonstrates that my concerns were completely justified.

**Sagi's New Admissions**

At the March 4 conference, Sagi's counsel, John Dellaportas, represented to the Court, in addressing whether Sagi had any investigator's reports concerning me, that: *"**We have nothing further beyond** [the investigator's report on Orly] **we have provided.***" 3/4 Tr. at 73:2-4 (emphasis added). That representation was false. As Mr. Dellaportas now has admitted in an April 20 letter to me, Sagi did commission and is in possession of at least one private investigator report about me in Israel which contains my private financial and travel information -- information whose confidentiality is protected under Israeli law.[2] Moreover, Sagi has refused to produce the investigator's report, to identify with whom he shared my confidential information or whether he has more than one report.

As noted, the information in the report about me that Sagi now admits exists (like the information on the reports about Orly), could not have been obtained legally without a court order, subpoena or my consent. Israeli law, like United States law, strictly forbids access to "entrance/exit" travel information or bank account information of the kind Sagi has finally admitted that he has obtained. Under the Israel Protection of Privacy Act and the Israel Law of Computers, it is in fact a serious felony (violations of which are punishable by up to 3 and 5 years in prison, respectively) to obtain such information without a court order, subpoena or consent, as Sagi has now admitted he has done.[3]

**Sagi's Prior Disregard for Court Orders**

My concerns are further highlighted by Mr. Dellaportas' false representations to Magistrate Judge Debra Freeman and his violations of her discovery orders in connection with Sagi's efforts to enforce a judgment against Orly in the District Court, including by seeking information about my assets. At a January 8, 2019 hearing, in that proceeding, Judge Freeman ordered as follows:

> "Mr. Dellaportas if you are subpoenaing records and if there is a party that might have a confidentiality interest, I want that -- or a non-party -- I want that non-party to be able to have an opportunity

---

[2] Mr. Dellaportas stated in his April 20 letter: "[The investigator] prepared a report . . . [which] . . . lists your date of birth, Israeli ID number, Israeli entrances/exits and bank name and addresses . . ."

[3] I am informed that the Israel National Police Fraud Unit and the District Attorney's Office has an ongoing criminal investigation of Sagi and his investigator's conduct under matter number 440494/2019. Sagi's representation to the Texas Bankruptcy Court that such private information is "commonly available in Israel" is thus demonstrably false. (*See* Advocate Nachmani Decl. ECF No. 205-13 for a discussion of the improper conduct and the criminal investigation).

2

19-13895-jlg    Doc 246    Filed 05/04/20    Entered 05/04/20 12:00:57    Main Document
                                    Pg 3 of 8

KASOWITZ BENSON TORRES LLP

Honorable James L. Garrity, Jr.
May 4, 2020
Page 3 of 4

> to voice an objection . . . [T]hat party whose account it is should
> have an opportunity to say, wait."

Ex. A (Jan. 8, 2019 Hearing at Tr. at 141:24 to 142:6).

  Judge Freeman also specifically asked Mr. Dellaportas: "Have any subpoenas been issued for Mr. Herschmann's own accounts?" Mr. Dellaportas answered "No." *Id*. at 140:25 to 141:2. By that time, as we later learned, Mr. Dellaportas had already issued a subpoena to and received a response from American Express in September 2018 concerning my personal information. Mr. Dellaportas did not disclose the existence of this subpoena to Judge Freeman during the hearing. Moreover, on April 8, 2019, in direct violation of Judge Freeman's January 8 order to provide advance notice to anyone who "might have a confidentiality interest" before issuing a subpoena, Mr. Dellaportas issued a second subpoena to American Express -- without any notice to me -- specifically naming me and my American Express account number. Mr. Dellaportas refused to provide copies of the subpoenas until Judge Freeman ordered him to do so by Order dated May 16, 2019. *See* Ex. B (SDNY Dkt. 1:19-mc-00210-VSB, ECF No. 20).

  Moreover, Sagi has made brazenly false allegations even when faced with clear evidence that they are false. For example, Sagi asserted to Judge Freeman in May 2019 and repeated in his April 20 letter to me, that "in a single day (February 5, 2017), Ms. Genger spent over $14,000 at Nordstrom's in Austin, a bill paid from Mr. Herschmann's funds." SDNY Dkt. 1:19-mc-00210-VSB, ECF No. 13 at p. 2 (emphasis in original). Sagi based this false allegation on the subpoenaed American Express records described above -- even though Sagi knew that Orly was not in Austin in February 2017, and that all the charges that he referred to had been reversed by American Express as fraudulent – as reflected on those same records.

  As further evidence of my concerns, Judge Freeman had issued a Protective Order on February 7, 2019 that restricted disclosure of confidential material, including my pre-nuptial agreement with Orly, to "counsel retained by Sagi Genger *specifically for this action* and who are representing him in connection with *enforcement of the Judgment*…" (emphasis added) *See* SDNY Dkt. 17-cv-8181 ECF No. 181 at 6(b). Sagi nonetheless provided copies of my confidential pre-nuptial agreement, which was subject to that Protective Order, to counsel for the Orly Genger Trust and the Bankruptcy Trustee in Texas. After we identified these breaches of the Protective Order, Sagi tried to evade the order by having a company that he controlled issue a subpoena to himself for all the confidential materials which had been produced pursuant to the Protective Order. *See* SDNY Dkt. 17-cv-8181 ECF No. 224-2. Judge Freeman quashed that bogus subpoena. *See Id*. at ECF No. 233. In a further attempt to evade the Protective Order, Sagi recently attached the confidential pre-nuptial agreement to his amended motion to dismiss (ECF No. 239) and claims that since the new trustee now has access to it (pursuant to 11 U.S.C. § 107(c)(3)), his prior breaches of the Protective Order are cured. This obvious gamesmanship does not, and could not, cure his prior misconduct.[4]

---

[4] Sagi's April 20 letter is also rife with accusations against me and my wife which are false and in any event irrelevant to Sagi's misrepresentations to this Court and his improper conduct. At the Court's request, I can provide these and other examples of Sagi and his counsel's disregard for the truth and for court orders.

**Requested Relief**

      Given this history, and to enable me to provide this Court with my informed position on any proposed confidentiality order and discovery, I respectfully request that Sagi and his counsel now be ordered: (i) to produce to me (and only to me) any and all reports or other documents, including electronic and native format versions with metadata, that contain or refer to any of my personal information not obtained by subpoena or court order; (ii) to identify all persons to whom such information has been communicated; (iii) to produce the contents of those communications; (iv) to hold all such information, reports or other documents in strict confidence pending further order of this Court; and (v) to identify all persons who have been provided a copy of my confidential pre-nuptial agreement.

      I thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Eric Herschmann*

cc: All Counsel of Record (by ECF)

Enclosures

# Kasowitz Benson Torres llp

|  | Atlanta |
|---|---|
|  | Houston |
|  | Los Angeles |
|  | Miami |
| EHerschmann@kasowitz.com | Newark |
|  | New York |
|  | San Francisco |
|  | Silicon Valley |
|  | Washington DC |

May 4, 2020

**BY ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

      Re:    *Orly Genger*, Case No. 19-13895: Supplemental
                 Position Statement of Creditor Eric Herschmann

Dear Judge Garrity:

      I write in response to Mr. Dellaportas' letter to the Court today. Nothing Mr. Dellaportas says refutes the fact that Sagi illegally obtained my confidential information in Israel. Moreover, the Chief of Staff to the Minister of Public Security for the State of Israel, which oversees law enforcement agencies in Israel, including the Israel National Police, late this afternoon confirmed to me that the Israel National Police is investigating Sagi's illegal conduct.

      After I received Mr. Dellaportas' April 20 letter trying to cast doubt whether there was an investigation in Israel since "during the six months" proceeding the March 4th conference Sagi had not "[b]een contacted by any Israeli authority over this or any other matter," I asked my Israeli attorney to inquire about the status of the investigation of Sagi. As the attached letter from the Chief of Staff to the Minister of Public Security makes clear, the Israel National Police's "investigation [of illegally obtaining my travel and banking records] is underway and being conducted by the Fraud Crimes Unit of the Central Unit in the Jerusalem District Police." Ex. A. The Jerusalem District Attorney's Office and the Investigations Division are part of the investigation team and "numerous and complex activities are being carried out vis a vis various actors." *Id*.

      The letter states "senior officials in the Jerusalem District Police have examined the progress of the investigation . . . and [it] is advancing at a satisfactory pace." *Id*.

KASOWITZ BENSON TORRES LLP

Honorable James L. Garrity, Jr.
May 4, 2020
Page 2 of 3

 Mr. Dellaportas' assertion that some unnamed attorney hired the investigator and that illegally obtained private information is somehow attorney work product is belied by the facts, the law and common sense.  Mr. Dellaportas never made any work product immunity claim when he falsely accused the Debtor and me of hiding a bank account in Israel based on the same investigator's report concerning Orly.  ECF No. 42 at ¶ 9.  Moreover, Mr. Dellaportas had previously told this Court that Sagi hired the investigator and the investigator's report is addressed directly to Sagi and does not even copy any attorney.  ECF No. 205-13 at Ex. A.  ("An investigator hired by [Sagi] recently identified an Israeli bank account held by the Debtor that was not listed on her schedule."  ECF No. 42 at ¶ 9).

 Mr. Dellaportas' claim that he misrepresented to the Court that he was "only aware of [a] single report from the investigator" because he was "unexpectedly asked about it" at the March 4 conference is also belied by the record. The issue had been raised and discussed for "six months" as Mr. Dellaportas concedes in his letter to this Court.  Thus, it was anything but a surprise that the investigator's report would be discussed.  Further, a supposed "unexpected" inquiry from the Court could never justify a blatant misrepresentation -- which he never corrected as he was ethically obligated to do -- until confronted with the evidence. Rules of Prof. Conduct, Rule 3.3(a)(1).

 Sagi has now admitted that he has at least two investigators' reports that concern travel of both the Debtor and me, however, it is clear from his prior filings, that there are even more reports that he has not disclosed to this Court.  For example, in 2018, Sagi alleged that Orly only spent "27 days to be exact" in Israel during a certain six month period.  SDNY Dkt. 17-cv-8181, ECF. No. 99 at p. 11 *citing* Sagi Supp. Decl., ECF No. 79.  That information is not, as Sagi alleged, "commonly available in Israel" and is the subject, as indicated above, of an ongoing criminal investigation.

 Mr. Dellaportas' claim that these issues should not have been raised with the Court because he invited me to have a meet and confer today to discuss "any further issues [related to the investigator's report and invading my privacy]" is not accurate.  His meet and confer email to me only related to "[Sagi's] outstanding subpoena" for which a motion for protective order was already pending before the Court for many months.  ECF. No. 88.  Attached as Exhibit B is my response to Mr. Dellaportas' email that he did not include in his submission to the Court today.

 Lastly, Sagi admits that he hired an investigator in Israel to determine whether Orly had any joint bank accounts with me.  That investigator found no such accounts.  It would be disingenuous at best, that after having received confirmation that no such joint bank accounts exist, Sagi had to improperly access my confidential financial information using the same investigator to confirm these facts.

    Based on the foregoing and my letter submission earlier today, I respectfully ask that the relief requested therein be granted.

                              Respectfully submitted,

                              */s/ Eric Herschmann*

cc:  All Counsel of Record (by ECF)

Enclosures