

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

May 20, 2020

**<u>Via ECF</u>**

Honorable James J. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

**Re:** *In re Orly Genger*, Case No.: 19-13895-jlg

Dear Judge Garrity:

We write to briefly respond to the letter of earlier today from Eric Herschmann, the husband and putative creditor of the debtor, in which he demands that "no Confidentiality Order be issued until the issues raised by me are appropriately addressed."

In a nutshell, Mr. Herschmann insists the parties be denied access to our unredacted motion papers, because he imagines that a law was broken in a country six thousand miles away, and demands that this Court engage in fact-finding in aid of a foreign government that has shown no interest in pursuing his allegation. Meanwhile, his wife, the debtor (who lives with him), insists that she cannot respond to our motion until she sees our unredacted motion papers. Plainly, some gamesmanship is going on here.

It should be noted that none of the materials in our motion to dismiss were produced by Mr. Herschmann himself. Indeed, in twenty months of post-judgment and bankruptcy discovery, Mr. Herschmann has yet to produce a single document on his own behalf, other than certain records concerning the couple's $5 million home in Israel which, at his insistence, we have not even shown to our client. Instead, Mr. Herschmann has engaged in scorched-earth discovery litigation, filing a frivolous motion to quash, in which the U.S. District Court for the Western District of Texas found he had submitted a misleading declaration "in an attempt to frustrate the post-judgment discovery being attempted by Sagi Genger." (A highlighted copy of that ruling is attached hereto.)

Further, Mr. Herschmann is only a party to this case by virtue of a dubious "promissory note" that his law firm drafted and backdated, and he then caused his wife (an artist) to sign, purportedly for his firm's own legal services, and notwithstanding that he had previously told the Court and the debtor that those services were being provided

EMMET, MARVIN & MARTIN, LLP                                                                                                         2

"pro bono." Yet in this capacity, he has repeatedly taken absurd, obstructionist positions, even going so far as to argue that *Judge Davis himself* was not permitted to review confidential materials filed in connection with our motion.

Mr. Herschmann should not be permitted to hold up this case any longer. He has never raised any issue with the actual language of the proposed Order. To the extent he now purports to have unrelated issues regarding matters in other forums, they are not properly before this Court, and he first raised them with Your Honor without the requisite meet-and-confer, despite the Court's March 4 instruction that he do so.

We thank the Court for its consideration.

Sincerely,

John Dellaportas

Encl.