# TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW

ONE PENN PLAZA

NEW YORK, NEW YORK 10119

(212) 594-5000

———

FACSIMILE

(212) 967-4258

———

EMAIL

frankoswald@teamtogut.com

June 4, 2020

**VIA ECF**
Honorable James J. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    RE:    *In re Orly Genger*, Case No. 19-13895-jlg

Dear Judge Garrity:

    I am writing on behalf of creditor Arie Genger.  While Arie does not object to entry of the new SDNY version of the proposed protective order submitted to the Court last week by counsel for Sagi Genger, I write to clarify certain representations made to the Court by Sagi's counsel with respect to a prior version of the proposed protective order, which in fact was not finalized prior to the transfer of this case from the Western District of Texas.

    At the May 5, 2020 status conference before this Court, counsel for Sagi asserted that "[t]here are certain parties that have signed [the protective order] previously, either through their counsel in Texas or here," and that Sagi's counsel was "awaiting signatures from the remaining parties."  Transcript of May 5, 2020 Status Conference at 49:16–19.  Moreover, in a letter to this Court dated May 19, 2020, counsel for Sagi again stated that "a proposed confidentiality order . . . has been agreed to by counsel for creditors Sagi Genger, Arie Genger, Dalia Genger, the Orly Genger 1993 Trust, and D&K GP LLC."  (ECF No. 244.)  To this letter, Sagi's counsel attached the allegedly agreed-upon proposed protective order.  (ECF No. 244-1.)

    After conferring with Arie's Texas bankruptcy counsel, I have confirmed the following facts.  In the Texas case, the application for a protective order was made by Arie individually and solely with respect to Arie's personal and financial information and documents.  (*See In re: Orly Genger*, Case No. 19-10926 (W.D. Tex.), ECF No. 76.)  Thus, the only other parties to the

proposed protective order were certain members of the "Sagi Group"[1] who had requested discovery from Arie in the Texas bankruptcy proceeding and/or sought to use certain prior discovery from Arie; no other creditors were party to that proposed protective order.[2]

Although Arie's Texas bankruptcy counsel signed an earlier version of the proposed protective order on October 28, 2019, that version was never finalized or agreed upon by all parties. Indeed, after Arie's Texas counsel signed this version of the proposed protective order, negotiations over and revisions to this document continued at the request of Sagi's Texas counsel. The proposed protective order was thus never finalized and, on November 5, 2019, Judge Tony M. Davis of the United States Bankruptcy Court for the Western District of Texas granted the motion to transfer venue to this Court. As of that time, Arie's Texas counsel had not received signed counter-parts of the proposed protective order from all of the members of the Sagi Group.[3]

Two days later, on November 7, 2019, Sagi's Texas counsel sent an e-mail to Arie's Texas counsel asking her to sign the proposed protective order in order to submit that order to Judge Davis for entry, despite the case's transfer to New York. (*See* E-mails dated November 7, 2019, attached hereto as Exhibit A.) Arie's counsel declined Sagi's counsel's invitation, stating that she was "uncomfortable binding Arie's new counsel" in New York to this proposed protective order. (*See id.*) Sagi's attorneys, John Dellaportas and Thomas Pitta, were copied on this e-mail exchange and were thus, contrary to the representation noted above, fully aware that Arie's Texas counsel had not in fact agreed to entry of this proposed prior version of the protective order.

I thought it was important that the record be accurate and complete regarding the foregoing, thus my submission of this letter.

                                            Respectfully yours,

                                            TOGUT, SEGAL & SEGAL LLP
By:

/s/ Frank A. Oswald
Frank A. Oswald

---

[1] The "Sagi Group," as used herein, means Sagi Genger, Dalia Genger, D&K GP LLC, and Michael Oldner as Trustee of the Orly Genger 1993 Trust.

[2] One of Arie's objectives in seeking a protective order was to "prohibit[] Sagi or any other party from attempting to use discovery served in [the Texas bankruptcy case] to limit the protections provided by the SDNY protective order" in the case of *Sagi Genger v. Orly Genger*, No. 17-cv-8181 (S.D.N.Y.) (ECF No. 179), which governs discovery Arie has previously produced. *See In re: Orly Genger*, Case No. 19-10926 (W.D. Tex.), ECF No. 76, ¶ 16.

[3] Notably, at an October 23, 2019 hearing in the Texas case, Judge Davis rejected Sagi's counsel's request "to share with other creditors" any confidential documents produced pursuant to the proposed protective order without those creditors having first signed the protective order. *See* Transcript of October 23, 2019 Hearing before Judge Davis, at 21:14–22:2.

cc: Rocco A. Cavaliere, Esq.
Yann Geron, Esq.
John Dellaportas, Esq.
Thomas A. Pitta, Esq.
Eric Herschmann, Esq.
Andrew Kurland, Esq.
Christopher Gartman, Esq.
Ira Daniel Tokayer, Esq.
Douglas E. Spelfogel, Esq.
Adam Pollock, Esq.
Elizabeth Aboulafia, Esq.

**EXHIBIT A**

| | |
|---|---|
| **From:** | Williamson, Deborah |
| **To:** | Sabrina Streusand; Kaufman, Aaron |
| **Cc:** | John Dellaportas (JDellaportas@EMMETMARVIN.COM); Thomas A. Pitta; Beth Khinchuk; "Jay H. Ong"; Shelby Jordan |
| **Subject:** | Genger Protective Order // Orly Genger Chapter 7 case |

Sabrina, as the confidentiality order was based in large part on Judge Davis's proposed form, I don't feel comfortable asking Judge Davis to sign an order which may (or may not) be in conformity with what is customary in NY.  I have never negotiated a confidentiality or protective order in NY bankruptcy court.  As a result, I have no idea what a bankruptcy judge in NY would expect (or enforce).

I am also uncomfortable binding Arie's new counsel.

It is my plan to provide that new counsel (who has not yet been identified) the last version. Hopefully, John and Arie's new counsel can reach a quick agreement using what we have negotiated as a form.

**From:** Sabrina Streusand <Streusand@slollp.com>
**Sent:** Thursday, November 7, 2019 3:27 PM
**To:** Williamson, Deborah <DWilliamson@dykema.com>; Kaufman, Aaron <AKaufman@dykema.com>
**Cc:** John Dellaportas (JDellaportas@EMMETMARVIN.COM) <JDellaportas@EMMETMARVIN.COM>; Thomas A. Pitta <tpitta@emmetmarvin.com>; Beth Khinchuk <BKHINCHUK@EMMETMARVIN.COM>; 'Jay H. Ong' <jong@munsch.com>; Shelby Jordan <sjordan@jhwclaw.com>
**Subject:** Genger Protective Order // Orly Genger Chapter 7 case

**\*\*\* EXTERNAL\*\*\***

Hi Deborah and Aaron,

Attached is the Protective Order with TPR added to the signature block.   This is the last version of the Protective Order that you sent to me on Tuesday that has all the changes.    We understand that  the case is in the process of being  moved to New York, however, Judge Davis has set hearing for next Wed at 10:00 a.m. for the withdrawal of the Debtor's counsel and the extension of various deadlines.   I think we can submit the Protective Order to the Judge Davis  under an agreed motion with a proposed form of order and have at least one additional issue taken care of before the chapter 7  case moves to N.Y. and then the  discovery in the BK case would then be subject to the Protective Order provisions.

Please let me know if you are willing to sign for Arie Genger and then I will circulate the Agreed Order for signatures.

Thanks,

Sabrina

**Sabrina L. Streusand**

**STREUSAND | LANDON | OZBURN | LEMMON** LLP
Spyglass Point | 1801 South MoPac Expressway | Suite 320 | Austin, Texas 78746
(d) (512) 236-9901 | (m) (512) 569-1786 | (o) (512) 236-9900
streusand@slollp.com | www.slollp.com

This electronic message contains information from the law firm of Streusand, Landon, Ozburn & Lemmon, LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you received this e-mail in error, please delete it and all copies and contact me at streusand@slollp.com and/or (512) 236-9901.  Thank you.

**IRS Circular 230 Disclosure**:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. Federal tax advice contained in this communication, (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.