

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

June 5, 2020

**Via ECF**

Honorable James J. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

   **RE:** *In re Orly Genger*, **Case No.: 19-13895-jlg**

Dear Judge Garrity:

  We represent creditor Sagi Genger. While we are loath to add to the plague of letter-writing in this case, we feel compelled to correct certain mischaracterizations in last night's letter from Mr. Oswald, counsel to Arie Genger (Doc. 255).

  In his letter, Mr. Oswald--who, to our knowledge, was not involved in the case prior to the transfer to New York--objects to our prior statement that: "a proposed confidentiality order … has been agreed to by counsel for creditors Sagi Genger, Arie Genger, Dalia Genger, the Orly Genger 1993 Trust, and D&K GP LLC." As the Court can see from the proposed confidentiality order filed at ECF No. 244-1, that document was in fact signed by counsel of record for each of those parties, including Deborah Williamson, Arie's counsel for record while the case was in Texas. While Mr. Oswald is correct that the Texas version of the proposed confidentiality order was never so-ordered (we never said otherwise), at the October 23, 2020 hearing Judge Davis did direct that signatories to "the confidentiality agreement … should have access … to the documents, [on] whatever terms the confidentiality agreement are…." 10.23.19 Tr. at 21:14-19.[1]

---

[1] While the case was in Texas, the Debtor, her husband, and Arie initially took the position that *even the Court*--let alone the parties--should not be allowed to see any of the materials marked "Confidential," a position Judge Davis was finally called upon to, and did, resolve at the October 23, 2019 hearing as quoted above. *See, e.g.,* Doc. 70 at 1 (E. Herschmann's Notice Regarding Supplemental Information Filed Under Seal, arguing that confidential materials "should not be considered or reviewed by the Court in connection with any pending matter"); *accord* Docs. 66 at 1 (Orly), 67 at 1 (Arie).

EMMET, MARVIN & MARTIN, LLP                                                                                              2

      Thereafter, since the case was transferred to this District, we have refrained from circulation of any of the confidential materials to counsel of record in New York until such time as Your Honor enters the new Protective Order.

      We note that, prior to submitting the new Protective Order to Your Honor, Mr. Oswald was afforded several days to comment and object to the proposed Protective Order, but he did not do so. We thus believe that the current proposed Protective Order represents the parties' agreement and should be entered.

      We thank the Court for its consideration.

                                                Sincerely,

                                                John Dellaportas

cc:     All Counsel of Record (via ECF)