# EXHIBIT 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re Orly Genger,  Debtor. | Chapter 7  Case No. 19-13895-JLG |
|---|---|

## DECLARATION OF YOVEL NACHMANI

1.      I am an attorney duly admitted to practice law in Israel. My areas of expertise include commercial litigation and criminal law. I was the primary teacher of criminal law at the Israeli Government School of Investigation for Police Officers and have taught many members of Israel's law enforcement community. I submit this declaration to address certain facts concerning our meeting with Sagi Genger's investigator in September 2019 and to provide the Court with information about Israel Criminal Court decisions regarding use of licensed private investigators.

2.      As described in my prior declaration dated October 16, 2019, on September 23, 2019, I met along with Mr. Herschmann and my law partner with Sagi Genger's investigator, Sasson ("Sasi") Matityahu at our offices. During that meeting, Mr. Herschmann asked the investigator, among many other things, if he ever heard of or knew David Parnes. The investigator said that he never heard of Parnes or knew him.

3.      Several times during the meeting, the investigator got on the phone to call his criminal defense lawyer, and on one occasion asked to be excused to go downstairs to the lobby to speak with her. When the investigator came back up upstairs, we all engaged in a conference call with his lawyer. She attempted to negotiate a criminal immunity deal for the investigator if

the investigator gave a copy of his report concerning Mr. Herschmann to us. Mr. Herschmann refused any type of immunity deal.

4. As I explained in my initial declaration, Sagi's investigator's conduct is a direct violation of the Israel Protection of Privacy Act (punishable by 3 years in prison) and the Israel Law of Computers (punishable by 5 years in prison).

5. As in other legal systems, it is a well-established rule that one cannot be absolved of liability merely by employing the services of a licensed private investigator. For example, in **State vs. Zuberi** (criminal appeal 1497/92, Vol. 47 p. 176) a defendant hired a private investigator in attempt to obtain a reporter's phone records. The investigator set up an illegal wiretap to obtain this information. The Israeli Supreme Court ruled that the defendant was guilty of conspiracy, since the private investigator who committed the illegal wiretap acted as the agent of the defendant.

6. Attorneys and even judges who have hired investigators to illegally access information of third parties also have been convicted for the illegal conduct of their investigators. In **Osnat Laufer vs. State** (criminal appeal, 9893/06), a judge suspected that her husband was having an extramarital affair. She hired a private investigator to obtain his call records, which the investigator obtained by gaining access to a cell phone company database. The Israeli Supreme Court agreed that the investigator had acted as the former judge's agent, and upheld the judge's conviction, finding that her actions violated the Israeli Law of Computers, even though the database was accessed through the work of the investigator the judge had hired. In its opinion, the Supreme Court stressed the gravity of the offenses and the need to protect privacy.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2

Executed on: June 3, 2020

_____
Yovel Nachmani

3