# EXHIBIT 18



# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

June 1, 2020

**Via Email**

Eric D. Herschmann
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019

**Re:  *In re Orly Genger*, Case No.: 19-13895-jlg**

Dear Mr. Herschmann:

Per your request, below is list of persons whom we believe received those pages from the debtor Orly Genger's redacted pre-nuptial agreement (the "Redacted Pre-Nup") that Magistrate Judge Freeman directed the debtor to produce to us by Orders dated January 17 and 29, 2019. *See Genger v. Genger*, Case 1:17-cv-08181-VSB-DCF, Docs. 163, 174 (annexed hereto as Exhibits A and B).  This list is based on a reasonable investigation, and subject to supplementation should additional facts become known to us.

- On the same days debtor's counsel produced the Redacted Pre-Nup to us, pursuant to Section 6(a) of the February 7, 2019 Protective Order (annexed hereto as Exhibit C), we provided it to our client Sagi Genger.

- On April 2, 2019, pursuant to Section 6(b) of the Protective Order, I provided the Redacted Pre-Nup to William Petit and Jennifer Barks of Kelley Drye & Warren LLP, counsel of record for Sagi in the proceeding you filed in Texas seeking to quash Sagi's judgment enforcement subpoena.

- On March 7, 2019, the Redacted Pre-Nup was marked as Exhibit 3 at the debtor's deposition and, pursuant to Section 6(f) of the Protective Order, I provided a copy to the court reporter.

- On April 8, 2019, pursuant to Section 6(g) of the Protective Order, the Redacted Pre-Nup was filed under seal with the U.S. District Court for the Western District of Texas, as Exhibit C to Sagi's opposition to your motion to quash Sagi's judgment enforcement subpoena.

- On June 11, 2019, pursuant to Section 6(g) of the Protective Order, the Redacted Pre-Nup was filed under seal with the U.S. District Court for the

Southern District of New York, as Exhibit Z to Sagi's motion to undo the debtor's fraudulent conveyances/encumbrances to the Brosers, Arie Genger and yourself (the "Turnover Motion").

- On July 25, 2019, pursuant to Section 6(b) of the Protective Order, after the Debtor's bankruptcy filing in Texas, I provided the Turnover Motion to Sabrina Streusand of Streusand Landon Ozburn Lemmon LLP, Sagi's counsel of record in the bankruptcy. Thereafter, Ms. Streusand shared the Turnover Motion with her partner Stephen Lemmon, also counsel of record for Sagi, and Arlana Prentice, a paralegal assisting them.

- On August 8-9, 2019, pursuant to 11 U.S.C. § 107(c)(3)(A) and subject to the confidentiality provisions of 11 U.S.C. § 107(c)(3)(B), Ms. Streusand provided the Turnover Motion to the then-Chapter 7 Bankruptcy Trustee, Ron Satija, and his counsel Brian Cummings.

- On September 11, 2019, Ms. Streusand provided the Turnover Motion, on a confidential basis, to Jay Ong and Grant Beiner of Munsch Hardt Kopf & Harr, P.C., who were assisting her in assembling the exhibits to be filed with Sagi's motion to dismiss. Mr. Ong has since signed the Confidentiality Agreement (annexed hereto as Exhibit D).

- On October 18, 2019, pursuant to Section 6(g) of the Protective Order, the Redacted Pre-Nup was filed under seal with the U.S. Bankruptcy Court for the Western District of Texas, as Exhibit I to the Sagi's objection thereto (the "9019 Objection").

- On October 22, 2019, pursuant to 11 U.S.C. § 107(c)(3)(A) and subject to the confidentiality provisions of 11 U.S.C. § 107(c)(3)(B), Ms. Streusand provided the 9019 Objection to Shane Tobin, Esq., U.S. Department of Justice, Office of the U.S. Trustee.

- On October 30, 2019, following Judge Davis's confirmation of the parties' understanding that signatories to "the confidentiality agreement … should have access … to the documents, [on] whatever terms the confidentiality agreement are" (10.23.19 Tr. at 21:14-19, annexed hereto as Exhibit E), Ms. Streusand provided the 9019 Objection to Shelby Jordan, counsel to Dalia Genger, by email to his assistant Chrystal Madden.

- Lastly, on April 24, 2020, pursuant to Section 6(g) of the Protective Order, the Pre-Nup was filed under seal with the U.S. Bankruptcy Court for the Southern District of New York, as Exhibit EE to Sagi's amended motion to dismiss. In connection therewith, Thomas Pitta and Beth Khinchuk of Emmet, Marvin & Martin, LLP, Sagi's counsel of record, also had access.

EMMET, MARVIN & MARTIN, LLP                                                        3

Sincerely,

John Dellaportas

Enclosures

# EXHIBIT D

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | § | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| ORLY GENGER, | § | CASE NO. 19-10926-TMD |
| | § | |
| Debtor. | § | |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the court is *Creditor Arie Genger's Expedited Motion for Protective Order* ("Motion for Protective Order") [ECF No. 76]. After careful consideration, the Court concludes that good cause exists to grant Motion for Protective Order to the extent set forth herein and to provide for a protective order to govern the disclosure of confidentiality in this Chapter 7 case. Accordingly, it is hereby ORDERED as follows:

1.    **Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential," "For Counsel Only," or "Attorneys' Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2.    **Qualified Persons**

"Qualified Persons" means:

a.    For Counsel or Attorneys' Eyes Only information:

    i.    retained counsel for the parties in this case and their respective staff;

    ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this case (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, agreeing (including on behalf of such expert's or consultant's administrative or clerical staff) to be bound by the terms of this Protective Order (such signed Non-Disclosure Agreement to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    iii.    this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this case;

    iv.    the United States Trustee and any representatives thereof.

b.    For Confidential information:

    i.    the persons identified in subparagraph 2(a);

    ii.    the party, if a natural person;

    iii.    if the party is an entity, such trustees, officers, directors, managers, or employees of the party who are actively involved in the prosecution or defense of this case. Each such receiving party shall be responsible for the compliance of its permitted trustees, officers, directors, managers, or employees with the terms and provisions of this Order. The Trustee of the Orly Genger 1993 Trust is expressly bound to the terms of this order;

    iv.      litigation vendors, court reporters and other litigation or bankruptcy support personnel;

    v.      any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.    Such other person as this court may designate after notice and an opportunity to be heard.

### 3.    Designation Criteria

a.    *Nonclassified Information.* Classified Information shall not include information that either:

    i.      is in the public domain at the time of disclosure, as evidenced by a written document;

    ii.      becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

    iii.      the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

    iv.      lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b.    *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the

producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Other material that may be designated as Classified Information includes: (a) previously nondisclosed financial information (including without limitation tax returns, net worth statements, financial account statements; accountant work papers and communications, *etc.*); (b) previously nondisclosed material relating to ownership or control of or interest in any asset, real estate, business entity or trust; (c) previously nondisclosed business plans, product development information, or marketing plans; (d) any information of a private or intimate nature regarding any individual; or (e) any other category of information hereinafter given confidential status by the Court.

A document designated as Classified Information hereunder does not lose its confidentiality restriction merely because it is thereafter subpoenaed from another source that does not designate such document as confidential; and if a party or nonparty subpoenas third parties to obtain additional copies of material already designated as Classified Information by a producing party or nonparty, then the subpoenaing party or nonparty shall notify the producing party or nonparty sufficiently in advance to permit that party or nonparty to designate the additional materials as Classified Information pursuant to the terms of this Protective Order.

Any third party that produces documents in this case shall have the right to designate its production as Classified Information to the same extent as the parties to this Protective Order, without having to execute this Protective Order.

c.     *For Counsel or Attorneys' Eyes Only*. The designation "For Counsel Only" or "Attorneys' Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees or agents of a corporate party. For purposes of

this order, so-designated information includes, but is not limited to, product formula information,
design information, non-public financial information, pricing information, customer identification
data, and certain study methodologies.

   d.    *Ultrasensitive Information.* At this point, the parties do not anticipate the need for
higher levels of confidentiality as to ultrasensitive documents or information. However, in the
event that a court orders that ultrasensitive documents or information be produced, the parties will
negotiate and ask the court to enter an ultrasensitive information protocol in advance of production
to further protect such information.

### 4.    Use of Classified Information

   All Classified Information provided by any party or nonparty in the course of this case shall
be used solely for the purpose of preparation, trial, and appeal of matters at issue in this case and
any related judicial proceedings in this bankruptcy case for no other purpose, and shall not be
disclosed except in accordance with the terms hereof.

### 5.    Marking of Documents

   Documents provided in this case may be designated by the producing person or by any
party as Classified Information by marking each page of the documents so designated with a stamp
indicating that the information is "Confidential," "For Counsel Only," or "Attorneys' Eyes Only."
In lieu of marking the original of a document, if the original is not provided, the designating party
may mark the copies that are provided. Originals, where available, shall be preserved for
inspection.

### 6.    Disclosure at Depositions

   Information disclosed at (a) the deposition of a party or one of its present or former officers,
directors, employees, agents, consultants, representatives, or independent experts retained by
counsel for the purpose of this case, or (b) the deposition of a nonparty may be designated by any

party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 15 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 15 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

7.    **Disclosure to Qualified Persons**

a.    *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however,*** that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (most certainly prior to making such disclosure) in order to allow the producing party to seek a protective order or confidential treatment of such

information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

      b.    *Retention of Copies During this Case.* Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this case, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this case.

      c.    Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

### 8.   Unintentional Disclosures

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 9.   Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving

parties, Classified Information shall be marked prominently "Confidential," "For Counsel Only," or "Attorneys' Eyes Only" by the producing party.

### 10.    Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

### 11.    Challenging the Designation

a.    *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this case disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, either party may seek a determination by this Court as to the propriety of the disputed designation. Nothing herein shall limit the right of either party to seek a hearing on an emergency or expedited basis or to oppose any hearing on an expedited or emergency basis. The disputed information shall remain Classified Information unless and until the court orders otherwise.

b.    *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, either party may seek a determination by this Court as to the

propriety of the disputed designation, including on an emergency basis. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

### 12.    Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this case, unless otherwise agreed by the producing person or entity, all Classified Information shall be filed under seal or otherwise so as to redact and omit from public disclosure any such Classified Information, and in such event, the filing party is hereby authorized to provide a complete, unsealed and unredacted copy of such filing to the Court for in camera review. This Order hereby authorizes such filings under seal in accordance with Local Rule of Bankruptcy Procedure 9018 without the need for a separate motion seeking such authorization. Parties filing pleadings redacting Classified Information or containing Classified Information under seal may reference this Order in the pleading in lieu of filing a separate motion. *See* Local Rule 9018.

### 13.    Filing Under Seal

Upon the filing of any sealed motion or other sealed document, the clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this case that have been designated, in whole or in part, as Classified Information by any party to this case consistent with the sealing requirements of the court, unless and until this Court orders otherwise. *See* Local Rule 9018.

### 14.    Return of Documents

Not later than 30 days after conclusion of this case and any appeal(s) related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall where reasonably possible be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.  As provided in paragraph 15 below, all obligations of parties and nonparties to comply with the provision of this Order and to maintain the confidentiality of Classified Information in accordance herewith shall continue to apply to any Classified Information that is not reasonably capable of being returned or destroyed, notwithstanding the conclusion of this case.

### 15.    Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this case, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this case, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of this or another court of competent jurisdiction with respect to dissolution or modification of this, or any other, protective order.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

16.   **Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this case from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

17.   **Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

18.   **Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this case.

19.   **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

20.   **No Intention to Modify Section 107 of the Bankruptcy Code**

For the avoidance of doubt, nothing in this order is intended to limit or contradict the scope of disclosure required by 11 U.S.C. § 107, and the Court may at any point take such steps to ensure compliance with that section as it deems necessary, either upon its *sua sponte* consideration or upon the request of any entity.

# # #

Prepared and Submitted By:

**DYKEMA GOSSETT PLLC**

Deborah D. Williamson
State Bar No. 21617500
dwilliamson@dykema.com
Danielle N. Rushing
State Bar No. 24086961
drushing@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

and

Aaron M. Kaufman
State Bar No. 24060067
akaufman@dykema.com
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401

**ATTORNEYS FOR ARIE GENGER**

Prepared and Submitted By:

**DYKEMA GOSSETT PLLC**

Deborah D. Williamson
State Bar No. 21617500
dwilliamson@dykema.com
Danielle N. Rushing
State Bar No. 24086961
drushing@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

and

Aaron M. Kaufman
State Bar No. 24060067
akaufman@dykema.com
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401

**ATTORNEYS FOR ARIE GENGER**

Agreed to by:

Shelby A. Jordan
State Bar No. 11016700
Jordan Holzer & Ortiz, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, Texas 78401
(361) 884-5678 (Telephone)
(361) 888-5555 (Facsimile)
sjordan@jhwclaw.com

**COUNSEL TO DALIA GENGER and
D&K GP LLC**

Agreed to by:

_____
John Dellaportas
Thomas Pitta
Emmet, Marvin & Martin, LLP
120 Broadway
New York, New York 10271
Telephone: (212) 238-3000
Facsimile: (212) 238-3100
jdellaportas@emmetmarvin.com

**ATTORNEYS FOR SAGI GENGER AND
TPR INVESTMENT ASSOCIATES**

Agreed to by:

Jay H. Ong
State Bar No. 24028756
Munsch Hardt Kofp & Harr, P.C.
Colorado Tower
303 Colorado Street, Suite 2600
500 N. Akard Street, Suite 3800
Austin, Texas 78701
Telephone: (512) 391-6100
Facsimile: (512) 391-6149

**ATTORNEYS FOR MICHAEL OLDNER,
TRUSTEE OF THE ORLY GENGER 1993 TRUST**

**Agreed to by:**

_____

Andrew Kurland
Kasowitz Benson Torres, LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
akurland@kasowitz.com
**ATTORNEYS FOR KASOWITZ BENSON TORRES LLP**

**Agreed to by:**

_____

Christopher Kiplok
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6810
Facsimile: (212) 422-4726
kiplok@hugheshubbard.com

**ATTORNEYS FOR ADBG LLC**

Page 17

**Agreed to by:**

_____

Eric Herschmann
c/o Kasowitz Benson Torres, LLP
1633 Broadway
New York, NY 10019

**Agreed to by:**

_____

Yann Geron
885 Third Avenue
Reitler Kailas & Rosenblatt LLC
New York, New York 10022
Telephone: (212) 209-3050
Facsimile: (212) 371-5500
ygeronr@reitlerlaw.com
**ATTORNEYS FOR ORLY GENGER**