# EXHIBIT 19

19-13895-jlg    Doc 257-19    Filed 06/05/20    Entered 06/05/20 21:40:45    Exhibit 19 -
Case 1:17-cv-08181-VSB-DCF    Document 224    Filed 09/20/19    Page 2 of 9
224 - 2019-09-20 - KBT Letter re violation of Conf Order    Pg 2 of 28

# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

MICHAEL PAUL BOWEN
DIRECT DIAL: (212) 506-1903
MBowen@kasowitz.com

<u>Via ECF and Hand Delivery</u>

Hon. Debra Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl St., Courtroom 17A
New York, NY 10007

September 20, 2019

Re:    *Dalia Genger v. Sagi Genger*, 17-cv-8181-VSB-DCF

To the Hon. Freeman:

On behalf of non-party Kasowitz Benson Torres LLP (KBT) and our client Orly Genger,
who is the judgment debtor in this enforcement action, we submit this letter application to
enforce this Court's Protective Order entered in this case and so-ordered by Your Honor on
February 7, 2019 (the "Order," attached as Exhibit A).  That Order specifically prohibits the
judgment creditor Sagi Genger from disclosing to any third party not involved in this
enforcement action material designated as "confidential" under the Order.  Sagi, however,
informed us that, in the guise of responding to a third-party subpoena (attached as Exhibit B), he
intends to do just that if he is not ordered otherwise.  Despite our efforts to resolve this with
Sagi's counsel, John Dellaportas, counsel indicated that he will disregard the Order.  *See* Ex. C,
attached (email exchange between counsel).

Orly filed for bankruptcy protection in July in the U.S. Bankruptcy Court for the Western
District of Texas, and this action is stayed pursuant to the automatic stay under the Bankruptcy
Code.  The Court, however, retains jurisdiction to enforce the Order regardless of the automatic
stay.  *See, e.g., Booth v. Wilson*, 964 F. Supp. 757, 761 (S.D.N.Y. 1997) (finding that contempt
order for violation of pre-bankruptcy discovery order did not violate automatic stay, but in fact
"vindicat[ed] the integrity of the court"); 11 U.S.C. § 362.  This is especially so since the
confidentiality rights of nonparties to this action, who are unaffected by the stay (such as KBT),
are implicated by Sagi's threatened breach of this Court's order.

**A.    The Subpoena**

Sagi's counsel notified us last Friday that Sagi had received a discovery subpoena issued
by the plaintiffs in the newly-filed action *Manhattan Safety Maine, Inc. v. Bowen*, S.D.N.Y. Case
No. 19-cv-05642-LGS, which is yet another federal litigation ginned up by Sagi against his own
family.  The subpoena, however, is a contrivance.  Through the "puppet" plaintiffs in *Manhattan*

Hon. Debra Freeman
September 20, 2019
Page 2

*Safety*, Sagi is effectively subpoenaing himself for these confidential documents in an all-too-obvious attempt to end-run the Order.

In Orly's bankruptcy proceeding, Sagi hired bankruptcy counsel and also interviewed and arranged for counsel for the Orly Genger 1993 Trust (the "OG Trust") – even though he is not a trustee. The attorneys for Sagi and for the OG Trust then filed notices of appearance in the bankruptcy proceeding and, working together, tried to negotiate a settlement with the bankruptcy trustee. One of the provisions of their settlement term sheet (provided to us by the bankruptcy trustee) included a demand that the bankruptcy trustee "waive the provisions of the Protective Order entered at the request of Orly Genger on February 5, 2019 in the case of *Dalia Genger v. Sagi Genger*, Case No. 17-cv-8181-VSB-DCF (S.D.N.Y.)." After the bankruptcy trustee refused, the plaintiffs in *Manhattan Safety* supposedly served the subpoena on Sagi simply to attain the same result. In that action, the plaintiff entities purport to have purchased claims from the OG Trust and have sued various defendants to recover $32 million related to the 2013 Trump Group/AG Group settlement that those plaintiffs argue belong to the OG Trust. (This is the very same money that Sagi argued in this action belongs to Orly, not the trust.) While Sagi is acting as if he has no affiliation with the *Manhattan Safety* plaintiffs, that is not true. In fact, Sagi is affiliated with both plaintiffs. According to public records, Manhattan Safety Maine was formed by Sagi's longtime business partner, Robin Rodriguez. The second plaintiff, Recovery Effort Inc., is purportedly owned – according to the complaint in that action – by the OG Trust, which Sagi controls. Moreover, Sagi's cooperation was necessary to facilitate the *Manhattan Safety* action; he transferred purported "claims" from TPR Investment Associates, Inc., a Genger family entity controlled by Sagi, to these new plaintiffs.

The subpoena calls for three categories of documents, including: "DOCUMENT REQUEST NO. 1: All documents produced by You or any other Person in any Related Litigation," and the term "Related Litigation" is expressly defined to include this judgment enforcement action. Ex. B at pp. 4 and 7. Sagi forwarded the subpoena to us by email, stating that the subpoena called for documents produced to Sagi by Orly, KBT and other third parties designated as "confidential" under the Order – including Orly and her husband's Pre-Marital Agreement – but that he will nonetheless produce these confidential documents, whether protected from disclosure by the Order or not:

> I am in receipt of the attached subpoena, which calls for my client to produce materials marked confidential by your respective clients in CASE #: 1:17-cv-08181-VSB-DCF. Please make any confidentiality arrangements directly with the subpoenaing counsel, Mr. Pollock (who is copied on this email). ***In the absence of being presented with a motion to quash filed with the Court in the case from which the subpoena was issued, by close of business on Friday, September 20, we will be making a responsive production. Thank you.***

Ex. C at 3 (September 11, 2019 Dellaportas email, emphasis added).

Case 1:17-cv-08101-SB    Document 224    Filed 03/22/19    Page 3 of 3

Hon. Debra Freeman
September 20, 2019
Page 3

Even apart from the fact that the confidential information sought has no conceivable relevance to the *Manhattan Safety* action, it is abundantly clear that the subpoena is a ruse to make an end-run around the Order given the relationship and coordination between Sagi and the *Manhattan Safety* plaintiffs.

**B.    The Protective Order**

The Order entered by this Court expressly provides that any "person subject to this Order who receives from any other person any 'Discovery Material . . . that is designated as "Confidential" pursuant to the terms of this Order ***shall not*** disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder." Ex. A, ¶ 1 (emphasis added). The Order also provides that such confidential material may be used "solely in this action" and that Sagi must make an "application to the Court for permission to modify" the Order if he claims that some other litigation is part of his effort in "locating and levying against any assets of Orly Genger or setting aside any fraudulent conveyances made by Orly Genger." *Id.* ¶ 5. The Order permits disclosure only to parties and attorneys retained by Sagi in *this* enforcement action, to court personnel, and to witnesses in the action who execute a nondisclosure agreement required by the Order. There is no provision that permits Sagi to disclose such information in response to a subpoena issued in a separate civil action. *Id.* ¶¶ 1, 4-6.

After I advised Mr. Dellaportas that production of material protected by the Order in response to the subpoena would constitute a violation of the Order, he wrote, "Michael, I have given you ten days notice to go make a motion to quash. So go make one. Absent that, I will be complying with the subpoena. John." Ex. C at 2 (Sept. 12, 2019 Dellaportas email).

Because no provision of the Order allows Sagi to disclose confidential information subject to this Order in response to this or any other subpoena, if he does so, both he and John Dellaportas will be in knowing contempt of court and violation of the Order. (I also alerted Adam Pollock, counsel to the *Manhattan Safety* plaintiffs, to the Order. *See* Ex. C (email copying Pollock.))

For that reason, we request an order directing Sagi to interpose in the *Manhattan Safety* action objections to the subpoena consistent with the Order and further directing him not to disclose the confidential information subject to the Order, either in response to the *Manhattan Safety* subpoena or any other third-party subpoena, without further order of this Court, on pain of being held in contempt and sanctioned for knowing violation of a direct court order.

Respectfully submitted,

/s/ Michael Paul Bowen

Cc:    John Dellaportas (via ECF)
       Adam Pollock (via email)

# EXHIBIT A

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
DALIA GENGER,                              :
                                           :
          Plaintiff,                       :          No. 17-cv-08181-VSB-DCF
                    -v-                     :
                                           :          PROTECTIVE ORDER
SAGI GENGER,                               :
                                           :
          Defendant/Third-Party Plaintiff, :
                                           :
                    -v-                     :
                                           :
ORLY GENGER,                               :
                                           :
          Third-Party Defendant.           :
------------------------------------------------X

Sagi Genger and Orly Genger having agreed to the following terms of confidentiality,
and the Court having found that good cause exists for the issuance of an appropriately-tailored
confidentiality order to govern the post-judgment discovery phase of the third-party action
brought by Sagi Genger against Orly Genger, it is therefore hereby

ORDERED that Sagi Genger and Orly Genger shall adhere to the following terms, upon
pain of sanctions and contempt:

1.      Any person subject to this Order who receives from any other person any
"Discovery Material" (*i.e.*, information of any kind provided in the course of post-judgment
discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order
shall not disclose such Confidential Discovery Material to anyone else except as expressly
permitted hereunder.

2.      The person producing any given Discovery Material may designate as
Confidential such material as consists of:

19-13895-jlg   Doc 257-19   Filed 06/05/20   Entered 06/05/20 21:40:45   Exhibit 19 -
Case 1:17-cv-00810-VSB-DCF Document 248-1   Filed 02/20/19   Page 8 of 10
Case 1:17-cv-00810-VSB-DCF Document 179   Filed 02/08/19   Page 2 of 9

(a)     previously nondisclosed financial information (including without limitation tax

returns, net worth statements, financial account statements; accountant work

papers and communications, *etc.*)

(b)     previously nondisclosed material relating to ownership or control of or interest

in any asset, real estate, business entity or trust;

(c)     previously nondisclosed business plans, product development

information, or marketing plans;

(d)     any information of a personal or intimate nature regarding any

individual; or

(e)     any other category of information hereinafter given confidential status by

the Court.

3.     With respect to the Confidential portion of any Discovery Material other than

deposition transcripts and exhibits, the producing person or that person's counsel may designate

such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the

protected portion in a manner that will not interfere with legibility or audibility, and by also

producing for future public use another copy of said Discovery Material with the confidential

information redacted.  With respect to deposition transcripts and exhibits, a producing person or

that person's counsel may indicate on the record that a question calls for Confidential

information, in which case the transcript of the designated testimony shall be bound in a separate

volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.     Confidential Discovery Material concerning the ownership of the home in Tel

Aviv, Israel shall be designated by marking the material "Confidential – Attorneys' Eyes Only."

In addition to the other protections and use-restrictions described herein, including paragraph 6

19-13895-jlg   Doc 257-19   Filed 06/05/20   Entered 06/05/20 21:40:45   Exhibit 19 -
Case 1:17-cv-08181-VSB-DCF   Document 281-1   Filed 02/05/19   Page 4 of 10
Case 1:17-cv-08181-VSB-DCF   Document 279   Filed 02/05/19   Page 3 of 9

below, material designated according to this paragraph may be viewed <u>only</u> by (a) legal counsel
for Sagi Genger who are representing him in connection with the enforcement of the Judgment
(defined below), (b) Hebrew translators, and (c) practitioners of Israeli real estate law other than
David Parnes or his counsel, and shall <u>not</u> be disclosed (i) to Sagi Genger himself, whether or not
he is or becomes a licensed attorney and whether or not he is serving as his own legal counsel, or
(ii) any other individual or party. "Confidential – Attorneys' Eyes Only" Discovery Material
shall not be shown to fact or expert witnesses pursuant to the other provisions of this Protective
Order, absent further leave of this Court.

5.   All Confidential Discovery Material – including Confidential Discovery Material
designated as "Attorneys' Eyes Only" – may be used solely in this action (including for
discovery disputes and fee applications), and/or in any other proceeding or action brought to
enforce or collect the final judgment against Orly Genger, dated August 17, 2018 (ECF Doc. No.
112) (the "Judgment"), including locating and levying against any assets of Orly Genger and
setting aside any fraudulent conveyances made by Orly Genger (so long as the sole  purpose of
such fraudulent conveyance action is to set aside a conveyance that would enable Sagi Genger to
enforce the Judgment).  If the fraudulent conveyance action is not solely for the purpose of
judgment enforcement, Sagi Genger must make an application to this Court for permission to
modify this Protective Order to use the Confidential Discovery Material for a purpose other than
that which is contemplated herein.

6.   No person subject to this Order other than the producing person shall disclose any
of the Discovery Material designated by the producing person as Confidential to any other
person whomsoever, except to:

3

(a)  Sagi Genger (except with respect to materials designated as Confidential –
     Attorneys' Eyes Only; *see* paragraph 4)

(b)  counsel retained by Sagi Genger specifically for this action and who are
     representing him in connection with enforcement of the Judgment, including any
     paralegal, clerical and other assistant employed by such counsel and assigned to
     this matter;

(c)  as to any document, its author, its addressee, and any other person indicated on
     the face of the document as having received a copy;

(d)  any witness who counsel for a party in good faith believes may be called to testify
     at trial or deposition in this action, provided such person has first executed a Non-
     Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)  any person retained by a party to serve as an expert witness or otherwise provide
     specialized advice to counsel in connection with this action, provided such person
     has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit
     hereto;

(f)  stenographers engaged to transcribe depositions conducted in this
     action; and

(g)  the Court and its support personnel.

7.    Prior to any disclosure of any Confidential Discovery Material to any person

referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a

copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as

an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms.

Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce

4

it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8.      If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Confidential – Attorneys' Eyes Only, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

9.      All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10.      Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure may at any time serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11.      The Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document

submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12.      Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.      If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.      If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15.      Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16.      The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17.     The disclosing party retains the burden of establishing the privileged or protected
nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of
any party to request an *in camera* review of the Inadvertently Disclosed Information.

18.     This Protective Order shall survive the termination of the litigation.  Within 30
days of the final disposition of this litigation, all copies of Confidential Discovery Materials shall
be promptly returned to the producing person, or, upon permission of the producing person,
destroyed, the completion of which to be confirmed in writing by the receiving party.

19.     This Court shall retain jurisdiction over all persons subject to this Order to the
extent necessary to enforce any obligations arising hereunder or to impose sanctions for any
contempt thereof.

20.     Nothing herein shall prevent Sagi Genger from using, without restriction, any
materials that are publicly available, even if the same materials were previously obtained, in
whole or in part, from Orly Genger and designated "Confidential" hereunder so long as that
Confidential material was made public by sources other than Sagi or people working at his
direction.  In addition, if a document is produced without confidentiality or other use restriction
in another case, then such document can be used without the restrictions set forth in this
Protective Order.  However, a document designated "Confidential" hereunder does not lose its
confidentiality restriction merely because it is thereafter subpoenaed from another source that
does not designate such document as confidential; and if Sagi Genger subpoenas third parties to
obtain additional copies of material already designated Confidential by Orly Genger, then Sagi
Genger shall notify Orly Genger sufficiently in advance to permit her to designate the additional
materials Confidential pursuant to the terms of this Protective Order.

7

19-13895-jlg   Doc 257-19   Filed 06/05/20   Entered 06/05/20 21:40:45   Exhibit 19 -
Case 1:19-cv-09319-AKH   Document 1-7   Filed 03/27/19   Page 14 of 10
Case 1:2019-09180-VSB   Lette Document 17 of   Filed 02/05/19   Page 8 of 9

21.     Any third party that produces documents in this case shall have the right to
designate its production "Confidential" to the same extent as the parties to this Protective Order,
without having to execute this Protective Order.

SO STIPULATED AND AGREED.

KELLY DRYE & WARREN LLP                    KASOWITZ BENSON TORRES LLP



John Dellaportas                           Michael Paul Bowen
Kristina Allen                             Andrew R. Kurland
101 Park Avenue                            1633 Broadway
New York, New York 10178                   New York, New York 10019
(212) 808-5000                             (212) 506-1903

*Attorneys for Sagi Genger*                *Attorneys for Orly Genger*



SO ORDERED.   2/7/19



Hon. Debra C. Freeman
United States Magistrate Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
dalia Genger,                               :

        Plaintiff,                      :

             -v-                          :

sagi Genger,                                :

       Defendant/Third-Party Plaintiff,    :

            -v-                          :

ORLY GENGER,                                :

       Third-Party Defendant.              :
-------------------------------------------------X

No. 17-cv-08181-VSB-DCF

**NON-DISCLOSURE
AGREEMENT**

I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at

the conclusion of the litigation I will return all discovery information to the party or attorney

from whom I received it. By acknowledging these obligations under the Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.


Dated: _____          _____

# EXHIBIT B

19-13895-jlg    Doc 257-19    Filed 06/05/20    Entered 06/05/20 21:40:45    Exhibit 19 -
224 - 2019-09-20 - KBT Letter re violation of Conf Order    Pg 16 of 28
Case 1:17-cv-08181-VSB    Document 214-2    Filed 09/24/19    Page 2 of 6

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Manhattan Safety Maine, Inc. and Recovery Effort | ) |
| *Plaintiff* | ) |
| v. | ) |
| Michael Bowen, Arie Genger, Arnold Broser, David Broser, individually and as trustee for the Genger | ) |
| *Defendant* | ) |

Civil Action No.  **19-5642**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Sagi Genger

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Annex A.

| Place: Pollock Cohen LLP, 60 Broad Street, Suite 2417, New York NY 10004 | Date and Time: September 16, 2019 at 6pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  Sept. 10, 2019

*CLERK OF COURT*

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                          Christopher K. Leung
                                                                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
Manhattan Safety Maine, Inc. and Recovery Effort Inc._____, who issues or requests this subpoena, are:

Christopher K. Leung, Pollock Cohen LLP, 60 Broad Street, 24th Fl, New York NY 10004
Email: chris@pollockcohen.com; Telephone: 1.646.290.7251

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

19-13895-jlg Doc 257-19 Filed 06/05/20 Entered 06/05/20 21:40:45 Exhibit 19 -
224 - 2019-09-20 - KBT Letter re violation of Conf Order Pg 17 of 28
Case 1:17-cv-08191-ASB-JLC Document 242-4 Filed 09/20/19 Page 3 of 5

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-5642

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

19-13895-ilg   Doc 257-19   Filed 06/05/20   Entered 06/05/20 21:40:45   Exhibit 19 -
224 - 2019-09-20 - KBT Letter re violation of Conf Order   Pg 18 of 28
Case 1:17-cv-08181-LAS   Document 212-2   Filed 09/20/19   Page 18 of 19

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

19-13895-jlg    Doc 257-19    Filed 06/05/20    Entered 06/05/20 21:40:45    Exhibit 19 -
224 - 2019-09-20 - KBT Letter re violation of Conf Order    Pg 19 of 28
Case 1:17-cv-08181-VSB    Document 224-2    Filed 09/20/19    Page 3 of 6

## ANNEX A TO SUBPOENA TO SAGI GENGER

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of New York, plaintiffs Manhattan Safety Maine, Inc. and Recovery Effort, Inc., hereby request that Sagi Genger produce for inspection and copying the documents requested herein, in accordance with all applicable Rules and the Definitions and Instructions set forth below.

### DEFINITIONS

1.      This document incorporates by reference the uniform definitions and rules set forth in Local Rule 26.3.

2.      "You," or "Your" means and refers to Sagi Genger, and/or anyone acting on Your behalf, including each of Your employees, agents, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3.      "2013 Settlement Agreement" means the "Settlement Agreement and Release" dated June 16, 2013, attached as Exhibit 1.

4.      "Related Litigation" means any proceeding concerning the 2013 Settlement Agreement, including proceedings concerning claims that were settled as part of the 2013 Settlement Agreement, or that arise from the 2013 Settlement Agreement.  This includes the following matters:  *Sagi Genger v. Orly Genger*, No. 17-cv-8181 (VSB) (SDNY).

5.      The use of the word "including" means "including without limitation."  The identification of specific items that are covered by a request does not imply that other items are excluded or any other limitations on the scope of such request.  *See* Instruction 13, below.

6.      The use of present tense includes past tense, and vice versa.

Case 1:17-cv-08181-ALSB-DCF Document 224-2 Filed 09/20/19 Page 8 of 9

## **INSTRUCTIONS**

1.      All objections to the production of documents requested herein shall be made in writing and delivered to the office of Pollock Cohen LLP, 60 Broad St., Suite 2417, New York NY 10004, or by electronic mail, with receipt confirmed, on or before the date set for production.

2.      All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents responsive to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, You shall state so in writing.

3.      These requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

4.      In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

5.      If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)      identifying the document;

(b)      describing where the document is now;

19-13895-jlg    Doc 257-19    Filed 06/05/20    Entered 06/05/20 21:40:45    Exhibit 19 -
224 - 2019-09-20 - KBT Letter re violation of Conf Order    Pg 21 of 28
Case 1:17-cv-08851-ASB-DCF    Document 22-12    Filed 09/20/19    Page 6 of 10

(c)      identifying who has control of the document;

(d)      describing how the document became lost or destroyed or was transferred; and

(e)      identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

6.      Each request contemplates production of all documents in their entirety.  If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

7.      If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

(a)      the ground of privilege or protection claimed;

(b)      every basis for the privilege or protection claimed;

(c)      the type of document;

(d)      its general subject matter;

(e)      the document's date; and

(f)      other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the Court's local rules, and the Judge's individual practice rules.

8.      If You object to any document request on any ground other than privilege, You must specify:

19-13895-jlg   Doc 257-19   Filed 06/05/20   Entered 06/05/20 21:40:45   Exhibit 19 -
224 - 2019-09-20 - KBT Letter re violation of Conf Order    Pg 22 of 28
Case 1:17-cv-08181-VSB-DCF   Document 224-2   Filed 09/20/19   Page 8 of 9

(a)      the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

(b)      whether any responsive materials are being withheld on the basis of an objection.

9.      To the extent You assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced.  For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

10.      If there are no documents in response to any particular request, You shall state so in writing.

11.      Unless otherwise stated herein, all documents requested cover the period between January 1, 2010 and present.

12.      Examples of responsive items set out in any request should not be construed to limit the scope of the request.

13.       Requests for production should be read so as to encompass any and all items responsive to the request.

14.      These requests are continuing, and Your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

**<u>DOCUMENTS REQUESTED</u>**

**DOCUMENT REQUEST NO. 1:** All documents produced by You or any other Person in any Related Litigation.

19-13895-jlg Doc 257-19 Filed 06/05/20 Entered 06/05/20 21:40:45 Exhibit 19 -
224 - 2019-09-20 - KBT Letter re violation of Conf Order Pg 23 of 28
Case 1:17-cv-08851-AJB-DCF Document 224-2 Filed 09/20/19 Page 3 of 6

**DOCUMENT REQUEST NO. 2:** All transcripts of testimony given by You or

any other Person in any Related Litigation, including any exhibits referenced in such transcripts.

**DOCUMENT REQUEST NO. 3:** All discovery requests made or received in

any Related Litigation, including requests for production of documents, interrogatories, requests

to admit, as well as any responses or objections to such discovery requests.

Dated:    September 10, 2019
          New York, NY

                                        */s/ Christopher K. Leung*

                                        Christopher K. Leung
                                        Adam L. Pollock
                                        **Pollock Cohen LLP**
                                        60 Broad St., 24th Fl.
                                        New York, New York 10004
                                        Tel.: (212) 337-5361
                                        Email: Chris@PollockCohen.com
                                                          Adam@PollockCohen.com


                                        *Counsel for Plaintiffs Manhattan Safety Maine, Inc. and
                                        Recovery Effort, Inc.*

# EXHIBIT C

19-13895-jlg   Doc 257-19   Filed 06/05/20   Entered 06/05/20 21:40:45   Exhibit 19 -
224 - 2019-09-20 - KBT Letter re violation of Conf Order   Pg 25 of 28
Case 1:17-cv-08181-VSB   Document 124-3   Filed 09/20/19   Page 2 of 5

| | |
|---|---|
| **From:** | Michael Paul Bowen |
| **Sent:** | Friday, September 20, 2019 12:30 AM |
| **To:** | 'John Dellaportas'; Andrew R. Kurland |
| **Cc:** | Adam Pollock |
| **Subject:** | RE: subpoena in Manhattan Safety Maine v. Bowen et al. (SDNY) |

We put you on notice of your violation.  Proceed at your own peril.  Your email "paper trail" is no safe harbor.

---

**From:** John Dellaportas [mailto:JDellaportas@EMMETMARVIN.COM]
**Sent:** Thursday, September 19, 2019 11:37 PM
**To:** Michael Paul Bowen <MBowen@kasowitz.com>; Andrew R. Kurland <AKurland@kasowitz.com>
**Cc:** Adam Pollock <Adam@pollockcohen.com>
**Subject:** Re: subpoena in Manhattan Safety Maine v. Bowen et al. (SDNY)

I've given you notice of the subpoena. Proceed as you see fit. Email threats are not productive.

---

On: 19 September 2019 23:24,
"Michael Paul Bowen" <MBowen@kasowitz.com> wrote:

Why don't you commit to complying with the court order and make the motion you're obligated to make under that order?

---

**From:** John Dellaportas [mailto:JDellaportas@EMMETMARVIN.COM]
**Sent:** Thursday, September 19, 2019 11:09 PM
**To:** Andrew R. Kurland <AKurland@kasowitz.com>
**Cc:** Adam Pollock <Adam@pollockcohen.com>; Michael Paul Bowen <MBowen@kasowitz.com>
**Subject:** Re: subpoena in Manhattan Safety Maine v. Bowen et al. (SDNY)

Instead of telling me about the motion that you plan to make, why don't you just send me a copy of the motion that you actually make?

On: 19 September 2019 23:05, "Andrew R. Kurland" <AKurland@kasowitz.com> wrote:

John,

 Unless you confirm by 11 am tomorrow (Friday 9/20) that you will not be complying with or producing documents in response to the subpoena referenced below, tomorrow we will be making an application for relief from the court in accordance with the Protective Order.  Therefore, in all events, do not produce any documents that have been designated Confidential.  Thank you.

- Andrew

1

19-13895-jlg    Doc 257-19    Filed 06/05/20    Entered 06/05/20 21:40:45    Exhibit 19 -
224 - 2019-09-20 - KBT Letter re violation of Conf Order    Pg 26 of 28
Case 1:17-cv-08181-VSB-DCF    Document 214-3    Filed 09/20/19    Page 3 of 5

Andrew R. Kurland
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel.  (212) 506-3306
Fax. (212) 835-5254
AKurland@kasowitz.com

**From:** John Dellaportas [mailto:JDellaportas@EMMETMARVIN.COM]
**Sent:** Thursday, September 12, 2019 9:38 PM
**To:** Michael Paul Bowen <MBowen@kasowitz.com>; Herzog, Ronald S. (Ron)
<rherzog@goldbergsegalla.com>; Andrew R. Kurland <AKurland@kasowitz.com>; Mitchell D. Goldberg
<mitchell@oglaw.net>; Gerald Greenberg <GGreenberg@gsgpa.com>; Natalie Bedoya McGinn
<nmcginn@gsgpa.com>; lance@steinharris.com; andrew.nieland@bfkn.com
**Cc:** Adam Pollock <Adam@pollockcohen.com>; BCumings@gdhm.com
**Subject:** Re: subpoena in Manhattan Safety Maine v. Bowen et al. (SDNY)


Duly noted.  Have a good night.

---

On: 12 September 2019 20:37,
"Michael Paul Bowen" <MBowen@kasowitz.com> wrote:

We don't have to make a motion to quash because you are already subject to a court order prohibiting
the disclosure you intend to make.  You do so at your and your client's peril.

---

**From:** John Dellaportas [mailto:JDellaportas@EMMETMARVIN.COM]
**Sent:** Thursday, September 12, 2019 9:29 PM
**To:** Michael Paul Bowen <MBowen@kasowitz.com>; Herzog, Ronald S. (Ron)
<rherzog@goldbergsegalla.com>; Andrew R. Kurland <AKurland@kasowitz.com>; Mitchell D. Goldberg
<mitchell@oglaw.net>; Gerald Greenberg <GGreenberg@gsgpa.com>; Natalie Bedoya McGinn
<nmcginn@gsgpa.com>; lance@steinharris.com; andrew.nieland@bfkn.com
**Cc:** Adam Pollock <Adam@pollockcohen.com>; BCumings@gdhm.com
**Subject:** Re: subpoena in Manhattan Safety Maine v. Bowen et al. (SDNY)


Michael, I have given you ten days notice to go make a motion to quash.  So go make one.
Absent that, I will be complying with the subpoena. John

---

On: 12 September 2019 20:26,
"Michael Paul Bowen" <MBowen@kasowitz.com> wrote:

Mr. Dellaportas – Paragraphs 1, 4 and 6 of the Protective Order in the SDNY enforcement action (CASE #:
1:17-cv-08181-VSB-DCF) expressly directs that Confidential Material "shall not" be produced to anyone
except as "expressly permitted" in that order, which does not provide any mechanism for production in
response to a subpoena from a third party not involved in that particular Action.  If you produce such
material, which your email below suggests you intend to do, in response to the subpoena – which
conspicuously calls for and singles out discovery material in the enforcement action – you and your
client will be in violation of the order.

2

19-13895-jlg   Doc 257-19   Filed 06/05/20   Entered 06/05/20 21:40:45   Exhibit 19 -
224 - 2019-09-20 - KBT Letter re violation of Conf Order   Pg 27 of 28
Case 1:17-cv-08181-VSB-DCF   Document 224-3   Filed 09/20/19   Page 4 of 5

Michael Paul Bowen
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel.  (212) 506-1903
Fax. (212) 500-3403
MBowen@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

**From:** John Dellaportas [mailto:JDellaportas@EMMETMARVIN.COM]
**Sent:** Wednesday, September 11, 2019 6:51 PM
**To:** 'Herzog, Ronald S. (Ron)' <rherzog@goldbergsegalla.com>; Michael Paul Bowen
<MBowen@kasowitz.com>; Andrew R. Kurland <AKurland@kasowitz.com>; 'Mitchell D. Goldberg'
<mitchell@oglaw.net>; Gerald Greenberg <GGreenberg@gsgpa.com>; 'Natalie Bedoya McGinn'
<nmcginn@gsgpa.com>; 'lance@steinharris.com' <lance@steinharris.com>;
'andrew.nieland@bfkn.com' <andrew.nieland@bfkn.com>
**Cc:** 'Adam Pollock' <Adam@pollockcohen.com>; 'BCumings@gdhm.com' <BCumings@gdhm.com>
**Subject:** FW: subpoena in Manhattan Safety Maine v. Bowen et al. (SDNY)
**Importance:** High

**\*\*EXTERNAL EMAIL\*\***

Counsel:

I am in receipt of the attached subpoena, which calls for my client to produce materials marked confidential by your respective clients in CASE #: 1:17-cv-08181-VSB-DCF.  Please make any confidentiality arrangements directly with the subpoenaing counsel, Mr. Pollock (who is copied on this email).  In the absence of being presented with a motion to quash filed with the Court in the case from which the subpoena was issued, by close of business on Friday, September 20, we will be making a responsive production.  Thank you.

John

**John Dellaportas**
**Co-Chair, Litigation Department**
Emmet, Marvin & Martin, LLP
120 Broadway 32nd Floor
New York, NY 10271
Tel:  212-238-3092
Fax: 212-238-3100
Email: jdellaportas@emmetmarvin.com

**Confidentiality Disclosure:** The information in this email and in attachments is confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to and must not disclose, copy, distribute, or retain this message or any part of it.

19-13895-jlg   Doc 257-19   Filed 06/05/20   Entered 06/05/20 21:40:45   Exhibit 19 -
224 - 2019-09-20 - KBT Letter re violation of Conf Order   Pg 28 of 28
Case 1:17-cv-08181-VSB-DCF   Document 224-3   Filed 09/20/19   Page 5 of 5

**From:** Adam Pollock [mailto:Adam@pollockcohen.com]
**Sent:** Tuesday, September 10, 2019 9:31 AM
**To:** John Dellaportas
**Cc:** Steve Cohen; Christopher Leung
**Subject:** subpoena in Manhattan Safety Maine v. Bowen et al. (SDNY)

John:  Please see the attached subpoena for Sagi Genger.  Please let me know if would
like me to formally serve or if instead you accept service by email.   Thank you.

**Adam Pollock**
**Pollock Cohen LLP**
+1.646.290.7251
60 Broad St., 24th Flr.
New York, NY 10004