UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* ORLY GENGER,<br><br>                Debtor. | Chapter 7<br>Case No. 19-13895 (JLG) |

## **[PROPOSED] ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO CERTAIN NON-BANKRUPTCY LITIGATIONS**

Upon the motion (the "Motion") of the Orly Genger 1993 Trust, by its trustee Michael

Oldner (the "Orly Trust"), Recovery Effort, Inc. ("REI") and Manhattan Safety Maine, Inc.

("MSM" and, together with REI, the "Plaintiffs," and together with the Orly Trust, the

"Movants"), by and through their counsel, for entry of an order pursuant to sections 105(a) and

362(j) of chapter 11 of title 11 of the United States Code, §§ 101-1532 et seq. (the "Bankruptcy

Code") confirming that the automatic stay of 11 U.S.C. § 362(a) does not apply to the following

pre-petition actions involving all non-debtor parties pending before the United States District

Court for the Southern District of New York (the "District Court"): (i) *Recovery Effort Inc. v. Zeichner*

*Ellman & Krause LLP and Wachtel Missry*, 19-cv-05641-VSB ("Lawyers Action"); and (ii) *Manhattan*

*Safety Maine, Inc. and Recovery Effort, Inc. v. Michael Bowen, Arie Genger, Arnold Broser, David Broser,*

*Genger Litigation Trust, ADBG LLC and Tedco, Inc.*, 19-cv-05642-MKV-DCF ("MSM Action", and

together with Lawyers Action, the "Actions"); and upon the record of the hearing held on the

Motion on July 8, 2020 (the "Hearing"); and this Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion and the Hearing having been made on all necessary parties

and no other or further notice being required; and the Court having determined that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor; it is

**ORDERED**, that the Motion is GRANTED; and it is further

**ORDERED**, that the automatic stay of section 362(a) of the Bankruptcy Code does not

apply to the Actions and there exists no other basis for this Court to stay the Actions; and it is

further

**ORDERED**, that Plaintiffs are hereby authorized to continue to prosecute the Actions in

the District Court without further Order of this Court; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine any dispute

arising out of this Order.


Dated: _____, 2020
        New York, New York

_____
THE HONORABLE JAMES L. GARRITY
UNITED STATES BANKRUPTCY JUDGE