

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3411
plabov@foley.com

CLIENT/MATTER NUMBER
125232-0101

June 16, 2020

**VIA ELECTRONIC MAIL**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

      Re:    *Orly Genger*, Case No. 19-13895 (JLG)
               Request for Telephonic Discovery Conference

Dear Judge Garrity,

      This firm represents Dalia Genger ("Ms. Genger"), the Debtor's mother, in connection with the above referenced bankruptcy case. Per Your Honor's Scheduling Order, dated June 3, 2020 [Dkt. 254], the undersigned met with Trustee's Counsel, Mr. Cavaliere, Debtor's Counsel, Mr. Geron, Ms. Santucci, and Ms. Litos, and Mr. Herschmann's counsel, Andrew Kurland and Michael Bowen, to discuss the aforementioned parties Notices of Deposition served on Ms. Genger.

      As more fully set forth in the attached correspondence, prior to the meeting, the undersigned informed the parties that Ms. Genger was not able to sit for a deposition for several reasons, including the current health crisis and Ms. Genger's age and various medical conditions, most certainly in light of what appears to be an invalid purpose. Although Ms. Genger suggested she may stipulate to relevant facts or undertake a deposition by written questions, the above parties determined that Ms. Genger's deposition by live testimony was "critical" and that the offered alternatives were not sufficient.

      The parties are at an impasse and per the Scheduling Order we are requesting that Your Honor schedule a telephonic discovery conference. Also, I have received a letter from Ms. Genger's physician, which I would like to present to the Court under seal as it contains Ms. Genger's personal and confidential health information. We are available at Your Honor's convenience to answer any questions.

                                                  Respectfully submitted,

                                                   /s/ Paul J. Labov

                                                   Paul J. Labov



Page 2
June 16, 2020

cc: Yann Geron, Esq. (by Electronic Mail)
Andrew Kurland, Esq. (by Electronic Mail)
Michael Bowen, Esq. (by Electronic Mail)
Jeanette Litos, Esq. (by Electronic Mail)
Nicole Santucci, Esq. (by Electronic Mail)
Rocco Cavaliere, Esq. (by Electronic Mail)
John Dellaportas, Esq. (by Electronic Mail)

**Sent:** Saturday, June 13, 2020 8:39 PM
**To:** 'Geron, Yann' <ygeron@reitlerlaw.com>
**Cc:** Spelfogel, Doug <DSpelfogel@foley.com>; Michael Paul Bowen <MBowen@kasowitz.com>; 'Rocco A. Cavaliere' <rcavaliere@tarterkrinsky.com>; Santucci, Nicole N. <nsantucci@reitlerlaw.com>; Litos, Jeannette <Jlitos@reitlerlaw.com>
**Subject:** RE: Dalia Genger Discovery


Yann, Rocco, Michael,


Your collective response is disappointing.  You are asking Dalia Genger ("Ms. Genger"), at age 74, who has spent 3 of the last 12 months in a medical facility, in the middle of a pandemic, to risk her life without a proper litigation purpose.


As we have continued to maintain, we will respond to your collective document requests – though they too are largely improper as almost all, if not every non-privileged responsive document is on a public docket. Nevertheless, the immediate request seeks only to avoid Ms. Genger's deposition where, as here, her testimony could not alter the outcome of the up-coming hearing and she risks serious harm.  We understand that if and when a hearing on Ms. Genger's constructive trust claim is scheduled, her testimony may actually be relevant and necessary. With the benefit of progress in medical knowledge, a deposition will be more easily taken without unnecessary risk to her health or rights.  As an aside, you may recall that Rocco requested that Ms. Genger's action be stayed until after the motion to dismiss was heard.   The Trustee, not Ms. Genger, blocked discovery during the months prior to the pandemic when this could have been done more easily.


More importantly, if your document subpoenas are any indication, you have elected to use discovery in this matter almost entirely as a means of advancing an agenda not presently before the Court.  The Court's consideration of the Motion to Dismiss and the 9019 Motion are not invitations to re-open various New York state actions (all of which were lost), seek discovery for other actions you may be hoping to file, or to take discovery in connection with Ms. Genger's constructive trust complaint.  Simply stated, my client should not be exposed to a very real risk

of death for no real, valid litigation purpose.  Nor should she be compelled to sit for a deposition without counsel present to assist her.

As you have correctly noted in your discovery demands (save for Kasowitz's demand), Mrs. Genger is a non-party to these two motions.  As you know, Ms. Genger has not joined in Sagi Genger's recent Motion to Dismiss.  The purpose of that motion is to have the case dismissed for myriad reasons relating to Orly Genger's bad faith.  All those reasons have one thing in common: they involve conduct of the Debtor, her father, and her husband and not Ms. Genger.  Ms. Genger has no first-hand knowledge about the bad acts committed by the Debtor, the Debtor's father or the Debtor's husband.  The truth or falsity and the legal implications of the conduct alleged in the Motion to Dismiss could not be altered in any way by anything that could be asked at a deposition.  Accordingly, her testimony serves no proper purpose with respect to that motion.

Thus, other than continuing to harass Ms. Genger, what is the purpose of deposing Ms. Genger in connection with Sagi Genger's Motion to Dismiss?  The risk of sitting for a deposition is far outweighed by whatever idle curiosity it may serve.  To be clear, we understand that you have a right to (and of course anticipate you will) use any of the many deposition transcripts in the decades long feud among the Debtor and her mother.  The movant has assured us that he will not object to their use on the ground that the deposition was not taken in this case.

Further, while, the Trustee's request for admissions is entirely unwarranted and improper under the Federal Rules of Civil Procedure since Ms. Genger is not a party (and the questions are wholly unrelated to the matters before the Court and the answers are a matter of public record), as an accommodation and show of good faith, we will respond to them anyway.

The request for a deposition in connection with the Trustee's 9019 Motion is even less meritorious.  As I indicated to all of you, so long as Ms. Genger maintains all of her rights and defenses in connection with any lawsuit that is prosecuted as a result of the sale of claims, Ms. Genger has no objection to that portion of the motion.  Certainly, given the fact that those claims have already been litigated and Ms. Genger has participated in numerous depositions in connection therewith, there is nothing more that she will be able to add that is not already in the record (including the decisions) of those cases.  <u>Even this is irrelevant</u>.  If and when those claims are litigated (I suppose on appeal), should further depositions be required/needed, those issues will be addressed at the appropriate time in the appropriate case.  Again, so long as all rights and defenses are preserved, Ms. Genger is <u>not</u> objecting to the purported sale of claims against her.

With respect to the loan portion of the 9019 motion, Ms. Genger has no facts that would establish or not establish the Trustee's right to enter into the requested loan transaction.  Here again, your notices of deposition are a continuation of a decades long strategy of intimidation and harassment.

Notwithstanding the foregoing, and again, in order to be as accommodating as possible, if there is some actual relevant fact that you are looking to establish as to Ms. Genger,  let us know, while we can't see anything relevant to the instant motions for the reasons discussed, assuming you requests are reasonable, we may be agreeable to simply stipulating to same.

While I appreciate Rocco's "accommodation" for any "legitimate" "age-related" and "health-related" concerns

2

(not sure why you would consider it an "accommodation" for legitimate concerns), your collective actions indicate otherwise.  I am available any time on **Monday, June 15, from 8:30 a.m. until 11:15 a.m. (hard stop at 11:30)** to meet and confer on the above.  I agree with Yann that if we cannot come to an acceptable resolution, we should in fact move forward with a conference in front of Judge Garrity.  One note: we are in the process of conversing with Ms. Genger's doctor and hope to have further information towards the beginning of the week.  We appreciate your consideration to have that discussion so we will be better able to inform you and Judge Garrity of the severity of the issues involved.  I should have an update if we speak mid-late Morning on Monday at the meet and confer.  Rocco, please send around a dial-in and best time for the call.


Paul


Paul J. Labov

Foley & Lardner LLP
90 Park Avenue

New York, NY 10016-1314
Phone: 212.682.7474

Direct: 212.338.3411

Email: plabov@foley.com

View My Bio
Visit Foley.com



ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3411
plabov@foley.com

CLIENT/MATTER NUMBER
125232-0101

June 17, 2020

**VIA ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

      Re:    *Orly Genger*, Case No. 19-13895 (JLG)
              Request for Telephonic Discovery Conference

Dear Judge Garrity,

      As you are aware, this firm represents Dalia Genger ("Ms. Genger"), the Debtor's mother, in connection with the above referenced bankruptcy case. Per my earlier email to Your Honor's Chambers requesting a discovery conference, I indicated that Mr. Kurland and Mr. Bowen had served discovery requests on behalf of Eric Herschmann, the Debtors' husband. Subsequent to sending the email, Mr. Kurland informed me that my submission was incorrect and that in fact, discovery propounded by Mr. Kurland and Mr. Bowen was done on behalf of their firm, Kasowitz, Benson Torres LLP. Please allow this correspondence to serve as a correction to my earlier submission.

                                                                Respectfully submitted,

                                                                /s/ *Paul J. Labov*

                                                                Paul J. Labov

cc:    Yann Geron, Esq. (by Electronic Mail)
         Andrew Kurland, Esq. (by Electronic Mail)
         Michael Bowen, Esq. (by Electronic Mail)
         Jeanette Litos, Esq. (by Electronic Mail)
         Nicole Santucci, Esq. (by Electronic Mail)
         Rocco Cavaliere, Esq. (by Electronic Mail)
         John Dellaportas, Esq. (by Electronic Mail)

4837-9045-7792