

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Rocco A. Cavaliere, Partner
Email: rcavaliere@tarterkrinsky.com
Phone: (212) 216-1141

June 18, 2020

**BY EMAIL AND ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

      Re:    In re Orly Genger
                Chapter 7 Case No. 19-13895

Dear Judge Garrity:

      This firm is counsel to Deborah J. Piazza, in her capacity as successor chapter 7 trustee (the "Trustee") of the above-referenced Debtor's estate.

      The Trustee is in receipt of a letter dated June 16, 2020 from Paul Labov, Esq. on behalf of Dalia Genger in connection with requests by various parties, including the Trustee, to take the deposition of Dalia Genger in connection with pending motions before the Court. Obviously, the Trustee disagrees with the reasoning set forth in Mr. Labov's letter and looks forward to addressing this important issue at a telephonic conference at the Court's convenience.

      Late last night, Adam Pollock, Esq., counsel to Michael Oldner, the purported successor trustee of the Orly Genger 1993 Trust, filed a letter with the Court advising that Mr. Oldner has made a motion to quash a subpoena served on him in Arkansas. The letter purports to recite a few short "quotes" of statements made by me and other counsel during the 1.5 hour "meet and confer" held on Tuesday, June 16, 2020 to discuss Mr. Oldner's deposition and outstanding document production. As Mr. Pollock noted, another "meet and confer" is scheduled today. Aside from contesting service, Mr. Oldner, through his counsel, appears to be taking the position

that Mr. Oldner's testimony is not necessary and that the document requests are outside of the scope of the pending motions, to which the Trustee disagrees (as do other parties). Thus, absent a dramatic change in position by Mr. Oldner at the upcoming "meet and confer" later this afternoon, it is likely a telephonic conference will be required with the Court in the very near future.

As Your Honor's Chambers Procedures do not require any written responses to letters submitted by parties requesting telephonic conferences on discovery disputes, unless we hear otherwise from Chambers that substantive written responses are necessary at this present time in response to Mr. Labov's letter or Mr. Pollock's letter, I look forward to discussing these matters with the Court and all relevant parties consistent with Bankruptcy Rule 7007-1 in the hope that the Court can resolve the discovery disputes concerning these important depositions and document production without the need for motion practice.

Please do not hesitate to have Chambers contact me should the Court have any questions.

Respectfully submitted,

/s/Rocco A. Cavaliere

Rocco A. Cavaliere

To All Counsel of Record by Email and ECF