

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

June 22, 2020

**<u>Via ECF</u>**

Honorable James J. Garrity, Jr.
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    **RE:** *In re Orly Genger*, **Case No.: 19-13895-jlg**

Dear Judge Garrity:

    Our firm represents judgment creditor Sagi Genger ("Sagi") in the above-referenced case. We understand from Mr. Cavaliere, counsel to the Chapter 7 Trustee, that a conference has been scheduled with the Court for 4 PM tomorrow, June 23, to discuss open discovery issues. As we are fast approaching the deadline to complete discovery for the motions to be heard on July 21, we write to add one more issue.

    Specifically, we have been unable to obtain a firm commitment from two subpoenaed parties--the Kasowitz law firm and Mr. Herschmann--either to produce documents or to appear for their depositions. Both were properly served, and the deadline under Rule 45 to object has long passed, without objection.

    Yet, in our telephonic meet-and-confer call last Friday afternoon, neither would commit to provide *any* discovery. Kasowitz indicated that we would need to "figure out scope beforehand." Mr. Herschmann, in turn, indicated that he would not provide any discovery until Your Honor ruled on the investigative report, and a new Protective Order were put in place (the one entered by this Court is apparently insufficient for him). Then over the weekend, he emailed that: "My deposition is noticed for [the morning of] June 24. I am trying to arrange my schedule so I can be available that afternoon." (His wife had previously scheduled her deposition for that same day.) We responded to Mr. Herschmann that we will need a full day for his deposition, but have not heard back.

    Both witnesses are critical for the upcoming hearing. Their conduct is central to our motion to dimiss, as set forth in our motion papers. We would now add, having deposed the corporate representative of "Claims Pursuit, Inc.," the counterparty to the agreement underlying the Chapter 7 Trustee's motion, that Mr. Herschmann's and Kasowitz's

EMMET, MARVIN & MARTIN, LLP                                                                                     2

testimony have become all the more critical.  The witness deferred to Mr. Herschmann and Kasowitz, who apparently handled all the negotations.

      Accordingly, we respectfully request a portion of the Court's time on the hearing to discuss this issue.  We thank the Court for its consideration.

                                  Sincerely,

                                  John Dellaportas

cc:     All Counsel of Record (via ECF)