

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Rocco A. Cavaliere, Partner
Email: rcavaliere@tarterkrinsky.com
Phone: (212) 216-1141

June 23, 2020

**BY EMAIL AND ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

   Re: In re Orly Genger
      Chapter 7 Case No. 19-13895

Dear Judge Garrity:

  This firm is counsel to Deborah J. Piazza, in her capacity as successor chapter 7 trustee (the "Trustee") of the above-referenced Debtor's estate.

  The Trustee and I hope that Your Honor and Chambers' staff and their respective families are healthy and well during these difficult times.

  Later today at 4:00 p.m., the Court has scheduled a telephonic conference to resolve discovery disputes relating to *Judgment Creditor Sagi Genger's Amended and Updated Motion to Dismiss and Memorandum of Law in Support* dated April 24, 2020 [Dkt. No. 239] (the "Amended Motion to Dismiss") and (ii) the *Chapter 7 Trustee's Motion for Order Pursuant to Sections 105, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, 9006 and 9019: Approving (A) Settlement Agreement, (B) Sale of The Debtor's Estate's Causes of Action Against Certain Third Parties, and (C) Financing To Support the Continued Administration of the Case and (D) Granting Related Relief* dated May 21, 2020 (the "Trustee's Motion") [Dkt. No. 248].

{Client/086201/1/02123955.DOCX;1 }

Honorable James L. Garrity
June 23, 2020
Page 2 of 4

As I indicated in my June 18, 2020 letter, we looked forward to addressing the June 16, 2020 letter (as amended on June 17, 2020) of Paul Labov, Esq. on behalf of Dalia Genger in connection with requests by various parties, including the Trustee, to take the deposition of Dalia Genger in connection with pending motions before the Court. As will be explained during the upcoming conference, the Trustee submits that Dalia Genger's deposition is critical to the matters at hand.

Further, as advised in my June 18, 2020 letter, on June 17, 2020, Adam Pollock, Esq., counsel to Michael Oldner, the purported successor trustee of the Orly Genger 1993 Trust, filed a letter with the Court advising that Mr. Oldner has made a motion to quash a subpoena served on him in Arkansas (while contesting service of other subpoenas sent to him). Unless resolved or withdrawn, the Trustee, the Debtor and Kasowitz Benson Torres LLP will need to respond to the motion to quash by July 2, 2020 in Arkansas, which is the last day of the current discovery schedule. While the Trustee, the Debtor, and Kasowitz Benson Torres LLP, each of whom sought documents and testimony, attempted to reach a resolution of the objections, no agreement has been reached with respect to the scope of the discovery and "topics" for a deposition. Late yesterday afternoon, in response to the discovery requests pertaining to the Amended Motion to Dismiss and the Trustee's Motion, Mr. Oldner produced over 5,500 pages of documents, most of which include pleadings that are on Court dockets. The document production, sought, among other things, emails by and between Mr. Oldner (and his counsel) on the one hand, and other parties such as Sagi Genger and Dalia Genger (and their respective counsel) on the other hand. Such documents have not been included in the production and are critical to a proper record on the Amended Motion to Dismiss and Trustee's Motion. Notwithstanding his specious objections, Mr. Oldner presently plans to be deposed on June 25, 2020 without waiver of his rights, including without waiver of the pending motion to quash. Based on prior comments from Mr. Pollock, he will seek to limit the scope of his deposition when it goes forward on June 25, 2020, thereby making the deposition contentious and unproductive. Under normal circumstances, the Trustee would delay the deposition to allow for more time to obtain responsive documents. However, the discovery schedule is truncated and the deadline for discovery is currently July 2, 2020, the same day a response is due in Arkansas on the motion to quash. As of now, the deposition is scheduled to go forward but the Trustee reserves the right to (i) keep the deposition open, pending responsive documents, or (ii) adjourn it to a later date.

One of Mr. Pollock's arguments last week in defiance of the discovery propounded on his client, was that his client was not currently a "party" to either the Amended Motion to Dismiss and the Trustee's Motion. Mr. Pollock has also advised that notwithstanding the Orly Genger Trust's prior joinder to the original motion to dismiss, the Orly Genger Trust will not join in the Amended Motion to Dismiss but he intends to file an objection to the loan aspect of the Trustee's Motion. As I repeatedly advised Mr. Pollock, his position that Mr. Oldner is not a "party" to the foregoing pending motions had no merit and is not an independent basis to avoid discovery, noting that based on his own arguments, to the extent that the Court viewed the "not a party" argument as meritorious (which it is not), Mr. Oldner must then concede that he must produce documents in connection with his filing of the *Motion dated June 8, 2020 of the Orly Genger Trust, Recovery Effort Inc. and Manhattan Safety Maine Inc. to deem the automatic stay inapplicable* (the "Stay Motion"). Thus, on June 19, 2020, because a resolution was not reached

{Client/086201/1/02123955.DOCX;1 }

Honorable James L. Garrity
June 23, 2020
Page 3 of 4

with Mr. Pollock on the discovery related to the Amended Motion to Dismiss and Trustee's Motion, the Trustee served the OGT Parties with discovery pertaining to the Stay Motion that included a smaller subset of the information in prior discovery requests. See attached email as Exhibit "A". Documents in connection with the foregoing are due today at 5:00 p.m. with a deposition of Mr. Oldner on the Stay Motion scheduled for June 25, 2020. It remains unclear what new arguments Mr. Pollock will raise today and whether Mr. Oldner will run to Arkansas to quash the most recent discovery on the Stay Motion, notwithstanding his filing of the Stay Motion and his submission to this Court's jurisdiction by virtue of his filed proof of claim of more than $41 million.

The Trustee has further been advised that Sagi Genger's and Dalia Genger's document production (which had been requested as of last week) will be provided today or tomorrow. The Trustee is very concerned that similar to Mr. Oldner's woeful production yesterday, the anticipated production will not include important correspondence and emails by and between Mr. Oldner, Sagi Genger and Dalia Genger (and their respective counsel) The communications and coordination of efforts amongst these parties, both immediately prior to the Petition Date and during this case is critical to the issues in the pending motions before the Court. To be clear, no common interest or joint defense privilege, as has been alleged to exist, is appropriate under relevant New York law under the circumstances here. If Sagi Genger, Dalia Genger, and/or Mr. Oldner suggests such a privilege exists here to protect their communications from disclosure, the Trustee respectfully requests that the Court establish a briefing schedule to address this important legal issue on an appropriate timeframe. The Trustee is confident that the Court will find no common interest or joint defense privilege exists and that the foregoing parties will be required to produce relevant documents that may exist that will be pertinent to a proper record on the pending motions before the Court.

Finally, the Trustee has become aware that Sagi Genger's counsel, Mr. Dellaportas, has purported to serve subpoenas on the prior trustee, Ron Satija, and prior counsel to Mr. Satija, Graves Dougherty Hearon & Moody P.C. ("GDHM"), notwithstanding that the Amended Motion to Dismiss was filed several months after the case was pending in New York. As it relates to the months old GDHM subpoena which was purportedly served prior to the Amended Motion to Dismiss, 42 categories of documents are requested, but without prior notice to anyone, Mr. Dellaportas attempted to resolve the subpoena by offering to accept from GDHM only "All communications with Eric Herschmann and/or with any attorneys, agents, or other representatives acting on his behalf, regarding any subject matter." Notably, that is not one of the categories of documents contemplated in the Subpoena. Sagi Genger's counsel has agreed to receive the documents no later than June 30, 2020. However, GDHM has concerns regarding the requested production. We understand that Brian Cumings, Esq., a partner at GDHM, will participate in the discovery conference today.

The Trustee looks forward to the upcoming telephonic conference with the Court.

Honorable James L. Garrity
June 23, 2020
Page 4 of 4

    Please do not hesitate to have Chambers contact me should the Court have any questions.

    Respectfully submitted,

    /s/Rocco A. Cavaliere

    Rocco A. Cavaliere

To All Counsel of Record by Email and ECF

# EXHIBIT A

# Sheree Nobles

**From:** Rocco A. Cavaliere
**Sent:** Tuesday, June 23, 2020 1:25 PM
**To:** Sheree Nobles
**Subject:** FW: Discovery - Orly Genger Trust, REI, and Manhattan Safety Maine

**Follow Up Flag:** Follow up
**Flag Status:** Flagged



**Rocco A. Cavaliere | Partner**
D: 212-216-1141 | F: 212-216-8001
rcavaliere@tarterkrinsky.com | Bio

Tarter Krinsky & Drogin LLP
1350 Broadway | New York | NY | 10018
www.tarterkrinsky.com

**From:** Rocco A. Cavaliere <rcavaliere@tarterkrinsky.com>
**Sent:** Friday, June 19, 2020 2:47 PM
**To:** Adam Pollock <Adam@pollockcohen.com>
**Cc:** John Dellaportas <JDellaportas@EMMETMARVIN.COM>; Gartman, Chris <chris.gartman@hugheshubbard.com>; Thomas A. Pitta <TPITTA@EMMETMARVIN.COM>; Elizabeth M. Aboulafia <EAboulafia@cullenllp.com>; Andrew R. Kurland <AKurland@kasowitz.com>; Ira Tokayer <imtoke@mindspring.com>; jwlodinguer@reitlerlaw.com; Beth Khinchuk <BKHINCHUK@EMMETMARVIN.COM>; Geron, Yann <ygeron@reitlerlaw.com>; Frank A. Oswald <frankoswald@teamtogut.com>; Eric D. Herschmann <EHerschmann@kasowitz.com>; DSpelfogel@foley.com; plabov@foley.com
**Subject:** Discovery - Orly Genger Trust, REI, and Manhattan Safety Maine

Adam,

Attached hereto are the Trustee's Notices of Deposition on the Orly Genger 1993 Trust and Recovery Effort Inc., each a moving party, in connection with the pending *Motion of the Orly Genger Trust, by its Trustee, Michael Oldner, Recovery Effort, Inc., and Manhattan Safety Maine, Inc. For the Entry of An Order Confirming that the Automatic Stay Does Not Apply to Certain Non-Bankruptcy Litigations* (the "Motion").

You have previously advised in connection with our (currently unsuccessful ) efforts to resolve Mr. Oldner's objections to discovery propounded on him and the Orly Genger Trust that Mr. Oldner is available on June 25, 2020 for a deposition.  The Trustee remains disappointed in Mr. Oldner's improper objections and responses to the discovery requested in connection with the motion to dismiss and the trustee's pending motion, as well as his pending motion to quash discovery in Arkansas. Hopefully, those issues will be resolved.  In the meantime, the Trustee exercises her rights under the Discovery Rules to take the deposition of the Orly Genger 1993 Trust and REI, each a  party to the Motion, on June 25, 2020, a date you previously advised Mr. Oldner is available.

The Discovery Requests have been narrowly tailored to address discovery that may be relevant to your clients' filed Motion. Further, these Discovery Requests and Notices of Deposition should not be a surprise as I have repeatedly advised you in connection with your incorrect "not a party" objection to producing documents in connection with the Motion to Dismiss that even if somehow your position was correct, at least a subset of the information requested pertained to the Motion you filed "as a party" and thus your client should produce such information.

1

Please advise whether Robin Rodriguez, in his capacity as president of Manhattan Safety Maine Inc. has a preference on a deposition date. Otherwise, I will select a date in the Notice of Deposition to be sent to Manhatttan Safety Maine Inc. later today. Thanks.

Finally, please be advised that the Trustee reserves the right to seek to strike your Motion or request an adjournment of your Motion to the extent that You refuse to produce documents in connection with the Document Requests and you refuse to produce Mr. Oldner as a deponent next Thursday, June 25, 2020. Thank you very much for your anticipated cooperation.

Regards,

Rocco



**Rocco A. Cavaliere | Partner**
D: 212-216-1141 | F: 212-216-8001
rcavaliere@tarterkrinsky.com | Bio

Tarter Krinsky & Drogin LLP
1350 Broadway | New York | NY | 10018
www.tarterkrinsky.com