# KASOWITZ BENSON TORRES LLP

<table>
<tr><td>MICHAEL P. BOWEN<br>DIRECT DIAL: (212) 506-1903<br>DIRECT FAX: (212) 500-3403<br>MBowen@kasowitz.com</td><td>1633 BROADWAY<br>NEW YORK, NEW YORK 10019<br>(212) 506-1700<br>FAX: (212) 506-1800</td><td>ATLANTA<br>HOUSTON<br>LOS ANGELES<br>MIAMI<br>NEWARK<br>SAN FRANCISCO<br>SILICON VALLEY<br>WASHINGTON DC</td></tr>
</table>

June 26, 2020

**VIA ECF AND EMAIL**

Hon. James L. Garrity, Jr.
U.S. Bankruptcy Court
One Bowling Green
New York, NY 10004

      Re:    *In re Orly Genger*, Case No. 19-13895-JLG

Dear Judge Garrity:

      This is the submission by creditor law firm Kasowitz Benson Torres LLP (KBT) in accordance with the Court's direction at the June 23, 2020 status conference concerning KBT's June 3, 2020 subpoena to John Dellaportas (counsel to creditor Sagi Genger) seeking documents and testimony from Mr. Dellaportas.

      When this discovery issue was raised by the undersigned at the close of the status conference, the Court directed Mr. Dellaportas to submit a letter setting forth his grounds for refusing to comply with the subpoena, KBT to submit a reply, and that both letters be submitted by today.  I responded, "Understood," and Mr. Dellaportas voiced no objection.  I asked Mr. Dellaportas to provide his letter by yesterday, Thursday, June 25, to allow us time to reply.  Mr. Dellaportas informed me by email that he disagreed with my recollection of the Court's direction for two letters and indicated he would not provide any letter in advance of today's date.

      Since Mr. Dellaportas did not provide his letter, we assume that Mr. Dellaportas is standing on the objections that I recounted in our letter dated June 23, 2020, in which KBT stated that Mr. Dellaportas objected to the subpoena because it was unsigned (in his view), it was not accompanied by a $40 witness fee, and service was defective (in a way that Mr. Dellaportas did not specify).  These technical grounds are an insufficient basis to avoid the subpoena.  Mr. Dellaportas is an officer of the Court, and he should be flexible, especially since Covid-19 pandemic restrictions have required all of us in our law practices to be that much more adaptable and practical minded.  Each of his "service defect" objections is subject to cure; if he really wants $40 we will send him a check and we will accommodate his schedule as all parties in this proceeding have been doing with each other as a matter of basic professionalism.

KASOWITZ BENSON TORRES LLP

Hon. James L. Garrity, Jr.
June 26, 2020
Page 2

      To the extent Mr. Dellaportas views the subpoena as improper harassment or otherwise seeking irrelevant information, he is incorrect. Mr. Dellaportas has made himself a fact-witness by signing an "Intercreditor Agreement" among Mr. Dellaportas (as an escrow agent and payee), Sagi Genger, TPR Investment Associates, Inc., the Orly Genger 1993 Trust (OGT), Recovery Effort Inc., and Manhattan Safety Maine Inc. (MSM). That agreement – by creditor Sagi Genger, the movant on the pending motion to dismiss the bankruptcy, and parties aligned with him – undermines Sagi's allegations in his motion to dismiss. While he claims in his dismissal motion that Orly Genger filed for bankruptcy in bad faith to avoid his judgment against her and that she has engaged in "fraud" to conceal $32.3 million in cash proceeds from a $50 million settlement in June 2013, other parties to the intercreditor agreement, allege that the same $32.3 million is *not* part of Orly's estate and in fact belongs to OGT. The intercreditor agreement ensures that, to the extent OGT prevails in recovering these funds, Sagi and his business partner, Robin Rodriguez (who owns MSM) will be paid in full from these proceeds. That is directly contradictory to Sagi's claim on the pending dismissal motion that Orly, not OGT, has the right to these funds.

      In addition, in his dismissal motion, Sagi alleges that part of Orly's alleged bankruptcy "fraud" involved fraudulent legal invoices from KBT. Mr. Dellaportas claims to be a fact witness who can attest that KBT worked pro bono for Orly Genger and had agreed to charge her no legal fees at all, despite representing her in a myriad of Genger-related lawsuits in various state and federal courts, including a plenary trial, evidentiary hearings, summary judgment proceedings, post-trial proceedings, damages inquests, and appeals. *See, e.g.*, ECF No. 32 ¶ 24; ECF No. 239 ¶ 34. No documentary evidence supports this (false) claim in Sagi's dismissal motion. Mr. Dellaportas' evidence is therefore critical in developing what evidentiary support (if any) Sagi has for this claim.

      While, generally, there are sound reasons to avoid or strictly limit deposing litigation counsel in an ongoing litigation, multiple counsel in this proceeding have been or are going to be deposed. Mr. Dellaportas (as Sagi's counsel), for example, has already deposed the undersigned as a representative of KBT and, in connection with the dismissal motion, has subpoenaed further testimony from KBT and testimony from Eric Herschmann, the spouse of Debtor Orly Genger who is also a KBT partner and litigation counsel in this proceeding. Both KBT and Mr. Herschmann have informed Mr. Dellaportas that they will appear for their depositions. And, in fact, Mr. Dellaportas has subpoenaed and deposed multiple attorneys and law firms in recent years related to the very same judgment Sagi is pursing in this bankruptcy. Given that Mr. Dellaportas is as much a fact witness, vis-à-vis the dismissal motion, as KBT and Mr. Herschmann, basic fairness requires that he, too, be required to provide his testimony under questioning by counsel for the various parties in this bankruptcy.

# Kasowitz Benson Torres llp

Hon. James L. Garrity, Jr.
June 26, 2020
Page 3

                                        Respectfully submitted,

                                        /s/ Michael Paul Bowen