

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

Thomas A. Pitta
*Partner*
Tel: 212-238-3148
Fax: 212-238-3100 •Fax (alt.) 212-608-0544
tpitta@emmetmarvin.com

June 26, 2020

**Via ECF and FedEx**
Honorable James J. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      RE:    *In re Orly Genger*, Case No.: 19-13895-jlg

Dear Judge Garrity:

      This firm represents judgment creditor Sagi Genger ("Sagi") in the above Chapter 7 case. Pursuant to Your Honor's instructions at the June 23, 2020 teleconference, we respectfully submit this letter brief in opposition to the motion of Kasowitz Benson to compel the testimony and documents from trial counsel John Dellaportas. As set forth below, the purported subpoena is both substantively and procedurally improper, and was filed purely for harassment, delay and other improper purposes.

## **Background**

      On June 3, 2020, the Court permitted discovery <u>only</u> as to two motions to be heard on July 21, 2020: (i) Sagi's Amended and Updated Motion to Dismiss and Memorandum of Law in Support [Dkt. No. 239] (the "Motion to Dismiss") and (ii) the Chapter 7 Trustee's Motion for Order Pursuant to Sections 105, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, 9006 and 9019: Approving (A) Settlement Agreement, (B) Sale of The Debtor's Estate's Causes of Action Against Certain Third Parties, and (C) Financing To Support the Continued Administration of the Case and (D) Granting Related Relief (the "Trustee's Motion") [Dkt. No. 248]. *See* Scheduling Order [Dkt. No. 254] ¶ 5 ("All discovery in connection with the Motion to Dismiss and the Trustee's Motion shall be served no later than June 3, 2020.").

      A few minutes before the strike of midnight on June 3, Kasowitz Benson emailed a series of discovery requests directed to Sagi, a company he runs called TPR Investment Associates, Inc., and his trial counsel, John Dellaportas. The requests directed to Mr. Dellaportas were in the form of an unsigned document entitled "Subpoena." No additional service was effected, nor was a witness fee tendered. *See* Exh. A.

EMMET, MARVIN & MARTIN, LLP

Honorable James J. Garrity, Jr.
June 26, 2020
Page 2

The "Subpoena" sought both documents and testimony, but neither request bore even the slightest pretense of being related to either the Motion to Dismiss or the Trustee's Motion. First, the "Subpoena" sought production of the following documents:

> ***Production*: … All communications from 2004 to the present with representatives of, including attorneys of, (i) the Orly Genger 1993 Trust and (ii) Dalia Genger.**

As the Court has no doubt gleaned by now, the Genger family has been litigating with one another for the last eighteen years, across 40-50 different cases in various forums. Consequently, the amount of documents encompassed by this request is basically limitless.

As for testimony, the "Subpoena" sought the following:

> ***Testimony*: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case …. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See Exhibit A.**

No Exhibit A was attached. In other words, the subject matter of the subpoenaed testimony would also be limitless.

On June 17, 2020, we served timely objections to the "Subpoena" pursuant to Fed.R.Civ.P. 42(5)(2)(B). *See* Exh. B. Kasowitz Benson responded by demanding to brief the Court on the matter. In advance of this submission, we asked Kasowitz Benson to provide us a written explanation of the basis for the "Subpoena." They declined. We are accordingly unaware of the basis Kasowitz intends to assert for this discovery, beyond a vague allegation of "coordination" among Sagi, Dalia and the Orly Trust.

For the reasons set forth below, we request that the "Subpoena" be quashed.

## **Argument**

As noted above, the "Subpoena" is procedurally defective and, according to the case law of this Circuit, a "nullity." Ordinarily, on subpoenas, we endeavor to waive or resolve procedural issues. But this "Subpoena" is so palpably inappropriate and violative of the Court's Order that we are unwilling to overlook the formalities.

First, discovery, as of now, is limited to just two matters: the Motion to Dismiss and the Trustee's Motion. The former motion seeks dismissal of the bankruptcy case based on the alleged bad faith of the debtor and cohorts. Specifically, we believe that the debtor

EMMET, MARVIN & MARTIN, LLP

Honorable James J. Garrity, Jr.
June 26, 2020
Page 3

fraudulently disappeared and encumbered a $32.3 million litigation recovery and then filed this case when the U.S. District Court was on the cusp of hearing Sagi's turnover motion to recover those funds.  In other words, the motion relates solely to the actions of the debtor and those near to her.  As Sagi's counsel, Mr. Dellaportas has *arguments* as to weight of the evidence supporting Sagi's allegations.  But his testimony is not *evidence*.  See *Pretzantzin v. Holder,* 736 F.3d 641, 651 (2d Cir.2013) ("the arguments of counsel are not evidence").  As for the Trustee's motion, it is difficult to imagine on what Mr. Dellaportas could possibly be questioned.

As a consequence, "deposition of an opposing counsel … are strongly disfavored." *Alcon Laboratories, Inc. v. Pharmacia Corp.,* 225 F.Supp.2d 340, 342 (S.D.N.Y. 2002) (citing, inter alia, *United States v. Yonkers Bd. of Educ.,* 946 F.2d 180, 185 (2d Cir.1991); Hickman v. Taylor, 329 U.S. 495, 516 (1947) (Jackson, J., concurring) ("Discovery was hardly intended to enable a learned profession to perform its functions ... on wits borrowed from the adversary.")).  Kasowitz Benson has not made the requisite showing that such testimony is either relevant or unavailable from other sources.

Indeed, the irrelevance is the beginning and end of the analysis.  As this Court explained in connection with the analogous Rule 26(c) standard:

> The showing of "good cause" required under Rule 26(c) is predicated on the documents or information sought being relevant in the first place to the dispute being adjudicated. *Rubin v. Hirschfeld*, … 2002 WL 32503670, at *2 (D. Conn. Jan. 15, 2002) ("[T]he parties seeking discovery [ ] must first establish that the discovery sought is relevant to the claims and defenses plead."); ... Thus, "[a]n overly broad request may justify issuance of a protective order precluding irrelevant discovery." *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.,* 218 F.R.D. 24, 27 (D. Conn. 2003).

*In re New York Racing Association Inc.,* 2016 WL 6081087, *26 (Bank. S.D.N.Y. 2016). Mr. Dellaportas' sixteen-year old communications with Dalia Genger and her counsel have no conceivable relevance to either motion on for hearing.

As for documents, as Mr. Dellaportas advised Kasowitz Benson, he has no documents outside of those in the control of our client, Sagi.  Kasowitz Benson has separately sought discovery from Sagi on the same request.  Sagi has interposed privilege, relevance and burdensome objections to that request.  It is incumbent upon Kasowitz Benson to overcome that objection from the actual litigant, not seek an end-run around that process by purporting to subpoena the litigant's counsel of record.

This takes us to the real matter at hand.  What Kasowitz Benson is actually seeking to do through this "Subpoena" is invade the legal strategy and thought processes of counsel

EMMET, MARVIN & MARTIN, LLP

Honorable James J. Garrity, Jr.
June 26, 2020
Page 4

as to matters for which they are directly adverse. As the Chapter 7 Trustee has requested separate briefing on privilege issues, we will not brief that issue.

We only note that, to the extent the point here is to prove that the three parties have been "coordinating" toward their shared legal goals (as alleged by Mr. Herschmann at the recent conference), we do not deny it. To cite just one example, at the venue hearing on October 31, 2019, counsel for the Orly Trust made opening arguments in support of transfer to this District, then Mr. Dellaportas cross-examined the debtor, and then counsel for Dalia Genger made closing arguments. Subsequent to transfer, the three parties have made a series of joint settlement offers to the Chapter 7 Trustee, whose counsel has described counsel for Sagi, Dalia and the Orly Trust, collectively, as a single "team" or "group." *See* 3.4.2020 Tr. at 36:19-20; 5.5.2020 Tr. at 15:20-24.

Moreover, the foregoing merely describes our joint efforts *during* the bankruptcy. Prior to Orly's filing, Sagi and Dali were co-defendants in multiple, meritless suits brought by the debtor, in which she falsely alleged them to be joint tortfeasors and co-conspirators. These lawsuits included, *inter alia*: (a) *Orly Genger v. Dalia Genger*, Index No. 109749/2009; and (b) *Arie Genger v. Sagi Genger*, Index No. 651089/2010. Each of those state court suits lasted the better part of a decade; indeed, the Chapter 7 trustee is currently trying to sell claims from the 2009 action that are allegedly on appeal.

To give the Court a sense of the magnitude of the documents sought by Kasowitz Benson (which is/was opposing counsel in both cases), the 2009 state court action has 1,661 docket entries; the 2010 state court action has 1,539 docket entries.

As noted above, all parties to the joint defense/common interest privilege have invoked it, and none have waived it. If Kasowitz Benson wishes to overcome that privilege, it must do so directly, not through counsel, who cannot waive it for his client.

Lastly, the "Subpoena" is not actually a subpoena within the meaning of Rule 45, and accordingly is void and unenforceable as a matter of law. First, the "Subpoena" was not issued and signed by either the Clerk of Court or any counsel of record, as required under Rule 45(a)(3). *See, e.g., Burns v. Bank of America,* 2007 WL 1589437, *7 (S.D.N.Y. June 4, 2007) (holding that "subpoena" not issued and signed by clerk or counsel is "clearly invalid" and "a nullity"). Second, the "Subpoena" did not tender a witness fee, as required under Rule 45(b)(1). *See, e.g., Song v. Dreamtouch, Inc.,* 2001 WL 487413, *7 (S.D.N.Y. May 8, 2001) ("Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid."); Wright & Miller, 9A *Fed. Prac. & Proc. Civ.* § 2454 (3d ed.) ("Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena."). Third, the "Subpoena" was not lawfully served, as required under Rule 45(b)(1). While Court-sanctioned alternative service is sometimes permitted, "district courts in this Circuit have interpreted Rule 45 to require personal service." *Kenyon v. Simon & Schuster, Inc.,* 2016 WL 5930265, *3 (S.D.N.Y. Oct. 11, 2016); *Agran v. City*

EMMET, MARVIN & MARTIN, LLP

Honorable James J. Garrity, Jr.
June 26, 2020
Page 5

*of New York,* 1997 WL 107452, *1 (S.D.N.Y. Mar. 11, 1997) ("[T]he weight of authority is that a subpoena duces tecum must be served personally.")).

For all the foregoing reasons, we respectfully request that the "Subpoena" be quashed. We thank the Court for its consideration.

                Respectfully submitted,

                /s/ *Thomas A. Pitta*
                Thomas A. Pitta
                Emmet, Marvin & Martin, LLP
                120 Broadway, 32nd Floor
                New York, New York 10271
                *Attorneys for Sagi Genger*

cc:    Elizabeth Aboulafia, Esq.
        Raymond W. Battaglia, Esq.
        Rocco A. Cavaliere, Esq.
        John Dellaportas, Esq.
        Yann Geron, Esq.
        Christopher Kiplok, Esq.
        Andrew Kurland, Esq.
        Paul J. Labov, Esq.
        Frank A. Oswald, Esq.