

**EMMET, MARVIN & MARTIN, LLP**
Counsellors at Law

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

www.emmetmarvin.com

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

July 2, 2020

**Via ECF**

Honorable James J. Garrity, Jr.
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      **RE: *In re Orly Genger*, Case No.: 19-13895-jlg**

Dear Judge Garrity:

      Our firm represents judgment creditor Sagi Genger ("Sagi"). I write to briefly respond to the letter of earlier this morning of Michael Bowen, Esq. (Doc. 282), regarding the deposition of Michael Oldner. I trust that Mr. Pollack can address the basis for his own objections. Mine were largely limited to asking Mr. Herschmann and Mr. Bowen to stop screaming at the witness and his counsel. *See, e.g.,* Tr. at pp. 172-178. Those admonitions did not require more than a few minutes out of the day. Their behavior was highly abusive to a witness who sat patiently answering all of their questions until past 7 PM. Although Mr. Bowen only provides a paper transcript, the deposition was videotaped and captures all of the yelling. We encourage the Court to watch it.

      We suspect the true motive behind Mr. Bowen's letter is to get ahead of certain discovery motions we advised him we intend to make regarding Mr. Herschmann's obstruction of two of our depositions. In our deposition of the debtor, Mr. Herschmann repeatedly instructed Ms. Genger (who was not his witness) not to answer my question as to how she intended to exercise her co-signing authority over the remaining $8.5 million in settlement proceeds vested to her under the March 31, 2017 agreement. This is a central issue in the bankruptcy, and on our pending motion to dismiss.

      Similarly, at the deposition of William McManus, the corporate representative of Claims Pursuit, Inc., one of the counterparties to the Trustee's pending motion, Mr. Herschmann instructed Mr. McManus (who again was not his witness) not to answer my question as to the identity of the trustee of the trust that owns 100%, and thereby exercises absolute control over, Claims Pursuit, Inc. This is a key piece of information on the motion,

EMMET, MARVIN & MARTIN, LLP                                                                                                  2

as the creditors ought to know the identity of the real party in interest.[1]

      Unlike Mr. Herschmann, I have not once instructed any witness in this case not to answer any question.  We respectfully ask that these witnesses be recalled at his expense, to answer the questions they were instructed not to answer.

      We thank the Court for its consideration.

Sincerely,

John Dellaportas

cc:    All Counsel of Record (via ECF)

---

[1] We will provide