# KASOWITZ BENSON TORRES LLP

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
NEW YORK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

EHerschmann@kasowitz.com

July 8, 2020

**BY ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

      Re:    *Orly Genger*, Case No. 19-13895-jlg

Dear Judge Garrity:

      I write to respectfully request an on-the-record court conference – as promptly as possible – to address the following blatant and, indeed, astonishing and outrageous, recent violations of court orders, including this Court's June 5, 2020 Confidentiality and Protective Order, by Sagi Genger ("Sagi"), Dalia Genger ("Dalia") and John Dellaportas ("Dellaportas"). I learned of the dissemination of these documents and testimony yesterday evening and this morning while reviewing Sagi and Dalia's joint document production, which Mr. Dellaportas recently produced on behalf of Sagi and Dalia in this case, and after being contacted by counsel for other parties yesterday and today, who informed me that they had received the information identified herein.

1. On June 26, 2020, they disseminated copies of my confidential premarital agreement to the parties in this case, despite being subject to court orders directing them not to do so. The documents in question are Bates stamped Sagi-Dalia 004742-781 (premarital agreement); Sagi-Dalia 022070-72 (additional portion of premarital agreement); and Sagi-Dalia 023028-66 (another copy of the premarital agreement). As discussed further below, this was in direct violation of this Court's Protective Order.

2. Also on June 26, 2020, they disseminated copies of Orly Genger's confidential testimony regarding the premarital agreement, which testimony has a filename that states, in all capital letters, that it is "CONFIDENTIAL PER COURT ORDER," a reference to Judge Freeman's February 7, 2019 Protective Order in Case No. 17-cv-8181. Sagi-Dalia 016200-016355.

Kasowitz Benson Torres llp

Honorable James L. Garrity, Jr.
July 8, 2020
Page 2 of 3

3. Dellaportas and his court reporter have made available to all parties the transcript of the deposition that Dellaportas took of me last week concerning the premarital agreement – which included testimony explicitly designated on the record as confidential, which could be disclosed only to my attorneys and Dellaportas, and during which all others present, including Sagi, were excused from the deposition, in direct violation of confidentiality restrictions.

4. Dellaportas has disseminated a series of highly sensitive documents to the parties in this case that I produced on an Attorneys' Eyes Only basis pursuant to Judge Freeman's Protective Order. Sagi-Dalia 022075-82. Dellaportas also produced as a separate file the portion of Orly Genger's deposition in the prior case concerning these Attorneys' Eyes Only documents, despite that testimony also having been designated Attorneys' Eyes Only pursuant to Judge Freeman's Protective Order. Sagi-Dalia 004069-79.

I respectfully request that pending a court conference, Sagi, Dalia and Dellaportas should be ordered to immediately notify everyone who has been provided a copy of these documents and testimony and direct the recipients to keep them in strict confidence pending further order of this Court. (I will likewise inform those whom I know received the information).

This foregoing improper dissemination of my confidential information is in addition to Sagi and Dellaportas' recent subpoena to the prior Chapter 7 Trustee, which I discussed with Your Honor during the status conference on July 2. Sagi and Dellaportas served this subpoena without providing proper notice to me or any other party (and served it outside the period provided in this Court's Scheduling Order for discovery), and it resulted in the premarital agreement being provided to Rocco Cavaliere, counsel to the current Chapter 7 Trustee, in addition to all the other third parties who received it from Sagi and Dellaportas last year.

The dissemination of all these highly confidential documents and testimony cannot be an accident. Dellaportas certainly never took my confidentiality rights seriously, and it is now plain that he also does not take court orders seriously. For example, as your Honor will recall, during the May 21 conference (and as I addressed in my June 5 letter to your Honor) when I raised concern about Sagi's prior disclosure of my confidential premarital agreement to third parties in Texas, Dellaportas responded by literally saying "blah, blah, blah" and later "wah, wah, wah." Sagi and Dellaportas' blatant disregard for my privacy is also demonstrated by Sagi's illegal use of investigators, as discussed in prior submissions to the Court (ECF Nos. 240, 242 and 257) and their repeated disclosure of years of my monthly expenditures from American Express (after committing in writing that they would redact this information from disclosure, *see* ECF No. 253).[1]

---

[1] Their conduct here is perhaps motivated by Sagi's personal animus towards me, as demonstrated by his comments to Michael Oldner, who Sagi arranged to replace Dalia as the trustee for the Orly Genger Trust. Mr. Oldner recently testified: "[Sagi] said that Eric Herschmann is an asshole, and I can quote him on that. Those were his exact words." M. Oldner 6/25/20 Dep. Tr. at 117:20-22; 118:13-14.

KASOWITZ BENSON TORRES LLP

HONORABLE JAMES L. GARRITY, JR.
JULY 8, 2020
PAGE 3 OF 3

     This Court has recognized, including during the May 22, 2020 conference, that it is "very sensitive to the concerns around the [confidentiality of the] prenuptial agreement." May 22, 2020 Tr. at 5:4-5.  The Court also specifically addressed the confidentiality of the premarital agreement in the June 5, 2020 Protective Order, which states:

> **Notwithstanding the provisions of this Confidentiality and Protective Order, the pages of the Debtor's Premarital Agreement produced at the direction of Magistrate Judge Freeman shall not be provided to the other parties to this case absent further Order of this Court (without prejudice to the right of any such party to apply for such Order) and the redacted portions of the motion to dismiss brief making reference thereto shall remain redacted.**

ECF No. 259 at § 3(e).

     I respectfully submit that the repeated misconduct described herein warrants the most severe sanctions.  *See* Fed. R. Civ. P. 37(b)(2); *Blum v. Schlegel*, 108 F.3d 1369 (2d Cir. 1997) (affirming dismissal of pleading, with prejudice, for violation of protective order and misconduct during the litigation).

     I appreciate the Court's attention to this matter.

                                   Respectfully submitted,

                                   */s/ Eric Herschmann*

cc:  All Counsel of Record (by ECF)