

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

July 8, 2020

**Via ECF**

Honorable James J. Garrity, Jr.
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    **RE:** ***In re Orly Genger***, **Case No.: 19-13895-jlg**

Dear Judge Garrity:

    Our firm represents judgment creditor Sagi Genger. We write in response to the latest letter from Eric Herschmann filed earlier this afternoon (Doc. 288).

    We note at the outset that, yet again, Mr. Herschmann has burdened the Court with various discovery complaints without first attempting to raise them with me or my firm. Had he done so, we would have advised him as follows:

- In his paragraph #4, Mr. Herschmann writes that: "*Dellaportas has disseminated a series of highly sensitive documents to the parties in this case that I produced on an Attorneys' Eyes Only basis ….*" We provided those materials (specifically, property records relating to the debtor's home in Tel Aviv) only <u>to counsel of record</u>, in response to the Trustee's discovery demand for post-judgment discovery materials. "Attorney's eyes only" materials may be produced to attorneys.

- In his paragraph #3, Mr. Herschmann writes that: "*Dellaportas and his court reporter have made available to all parties the transcript of the deposition that Dellaportas took of me last week concerning the premarital agreement*." <u>I sent the transcript to no other party</u>. Further, before questioning Mr. Herschmann on the matter, I insisted all other parties be excused from the deposition. To the extent his counsel failed to instruct the third-party reporter how they wanted the excerpt handled, or to whom to send it and not send it, we have no knowledge of that. Neither Dalia's nor Mr. Oldner's counsel ordered the transcript, so the only parties who might have ordered it were Mr. Herschmann's own co-signatories on his April 17, 2020 status report (Doc. 237).

EMMET, MARVIN & MARTIN, LLP                                                                                          2

- In his paragraph #2, Mr. Herschmann writes that: "*they disseminated copies of Orly Genger's confidential [2019 post-judgment deposition] testimony regarding the premarital agreement.*"  The deposition-- which, as noted above, was among the materials demanded by the Trustee--was marked "Confidential" under the Protective Order, and was produced only to counsel of record.  That is how such testimony is supposed to be handled under the Protective Order.

- In his paragraph #1, Mr. Herschmann writes that: "*On June 26, 2020, they disseminated copies of my confidential premarital agreement to the parties in this case…*"  As noted, we were served with literally hundreds of documents requests by the Trustee and other parties, and required within short order to produce over 33,000 pages of materials.  Although we weeded out the document from our main production, it had also marked as a deposition exhibit and was inadvertently overlooked.  Now that we have been notified of the error (from Mr. Herschmann's letter to the Court), we are taking measures to correct it.

Lastly, Mr. Herschmann complains again that the former Trustee sent the current Trustee a copy of the debtor's redacted premarital agreement.  As noted, under Section 107(c)(3)(a) of the Bankruptcy Code, the "trustee … shall have full access to all information contained in any paper filed or submitted in a case under this title," and so any disclosure to the Trustee and her counsel is expressly permitted by the Code.

The same cannot be said for Mr. Genger's confidential medical record marked "UNDER SEAL" in the state court action, which Mr. Herschmann or his firm gave to the former Chapter 7 Trustee, Ron Satija, and his counsel, Brian Cummings.  To date, we still have received no explanation from Mr. Herschmann as to how and why this occurred. (The document was marked "Under Seal" on its cover and the pdf includes "UNDER SEAL" in its name, so there is little chance this was inadvertent.)  Unlike the debtor's redacted premarital agreement, which Judge Freeman ordered to be produced <u>without</u> "Attorney's Eyes Only" protection (we voluntarily agreed to additional protection in this case only at Mr. Herschmann's request), this medical record is extremely sensitive, irrelevant to the proceedings, and never should have seen the light of day.

We thank the Court for its consideration.

Sincerely,

John Dellaportas

cc:    All Counsel of Record (via ECF)