

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

July 13, 2020

<u>**Via ECF**</u>

Honorable James J. Garrity, Jr.
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      **RE:** ***In re Orly Genger*, Case No.: 19-13895-jlg**

Dear Judge Garrity:

      Our firm represents judgment creditor Sagi Genger ("Sagi"). We write in response to last Friday's letter from Yann Geron and Michael Bowen (Doc. 292).

      Pursuant to Fed. R. Civ. P. Rule 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." However, the debtor Orly Genger and the Kasowitz Benson law firm have repeatedly insisted that Sagi sit for two days of deposition, the first in his individual capacity and the second as corporate witness of TPR Investment Associates, Inc. *Exh. A* (TPR is a dormant holding company whose only employee is Sagi and whose only asset is its claim in this bankruptcy. The subpoena served on TPR suffered from various procedural defects and was invalid.)

      Suffice it to say, Sagi's answers to questions will not change depending on which "hat" he is wearing. Further, contrary to the assertions in the letter, <u>every other deponent who has sat in both his individual and representative capacities was permitted to do so in a single day of deposition</u>. This includes the following deponents:

- David Broser (individually and on behalf of both ADBG LLC and the Genger Litigation Trust);

- Eric Herschmann (individually and on behalf of Kasowitz Benson for those issues on which chose to testify);

- William McManus (individually and on behalf of Claims Pursuit, Inc.); and

- Michael Oldner (individually and on behalf of the Orly Genger 1993 Trust).

We only ask that Sagi be accorded the same courtesy as every other deponent in this case, consistent with the Federal Rules of Civil Procedure. But when we advised the parties that we would seek guidance from the Court on this issue, Mr. Bowen wrote back that he "will seek to hold [Sagi] and [me] in contempt of court." *Exh. B*. This is emblematic of the attorney incivility we have encountered throughout this case.

Ironically, well over a month into discovery, counsel to Kasowitz <u>still</u> has not provides us with a date for its deposition (Mr. Herschmann ultimately declined to provide testimony as a corporate witness on a majority of the topics), and counsel to the debtor <u>still</u> has not provided us with a date to complete her deposition (the first half of which was marred by a poor internet connection at the debtor's apartment). We ask that the Court direct them to immediately do so, as further delays are otherwise inevitable.

In sum, while the letter writers are demanding that the Court order Sagi to appear for a <u>second</u> day of deposition, their own clients, whose testimony is far more relevant to the pending motions, have yet to provide dates for even their <u>first</u> full day.

We thank the Court for its consideration.

Sincerely,

John Dellaportas

cc: All Counsel of Record (via ECF)