

## EMMET, MARVIN & MARTIN, LLP
### COUNSELLORS AT LAW

120 Broadway
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

Thomas A. Pitta
*Partner*
Tel: 212-238-3148
Fax: 212-238-3100 •Fax (alt.) 212-608-0544
tpitta@emmetmarvin.com

July 29, 2020

**Via ECF**
Honorable James J. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      RE:   *In re Orly Genger*, Case No.: 19-13895-jlg

Dear Judge Garrity:

      This firm represents judgment creditor Sagi Genger ("**Sagi**") in the above Chapter 7 case. By this letter, we respectfully move this Court for an order requiring the Trustee to comply with the document request propounded upon her by Sagi.

      On June 3, 2020, Sagi delivered to the Trustee a Request For Production (the "**Document Request**") in connection with the *Chapter 7 Trustee's Motion for Order Pursuant to Sections 105(A), 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, 9006 and 9019: Approving the (a) Settlement Agreement, (b) Sale of the Debtor's Estate's Causes of Action Against Certain Third Parties, and (c) Financing to Support the Continued Administration of the Case and (d) Granting Related Relief* (the "**Motion**"). The Document Request, a copy of which is attached hereto as Exhibit "A", consisted of 11 discreet requests for documents.

      On or about June 26, 2020, the Trustee served her Responses and Objections to the Document Request (the "**Trustee's Response**"), a copy of which is attached hereto as Exhibit "B". Paragraph 2 of the Trustee's Response objects to the requests in the Document Request "to the extent that they call for materials that are protected by the … settlement privilege or any other applicable privilege, doctrine, or immunity."

      On July 2, 2020, the Trustee made its "production" in response to the Document Request. The documents produced by the Trustee consisted <u>entirely</u> of documents that had been provided to the Trustee by my firm in connection with discussions with the Trustee prior to the filing of the Motion in an effort to educate the Trustee concerning the history of the litigation between the various parties to this case. The Trustee did not produce, among other things, any (a) communications with the other parties to the case, including the parties to the agreements sought to be approved in the Motion (the "**Trustee's Agreements**"), (b) drafts of the Trustee's Agreements, or (c) documents the Trustee had

EMMET, MARVIN & MARTIN, LLP

Honorable James J. Garrity, Jr.
July 29, 2020
Page 2

obtained in the course of its investigation of the facts and circumstances of the case (the "**Withheld Documents**").

Later on July 2, 2020, I sent an e-mail to the Trustee's counsel inquiring whether the Trustee would be supplementing her production to include the Withheld Documents. Trustee's counsel at that time stated that she would be producing "any non-privileged documents that are not otherwise protected as settlement communications/negotiations under FRE 408 in advance of her deposition." He further stated that if he were to produce the Withheld Documents to us, he would also have to produce our communications with him to the other parties to the case. On July 6, 2020, I sent another e-mail to Mr. Cavaliere reminding him that Federal Rule of Evidence 408, which governs the admissibility at trial of settlement communications to prove the validity or amount of a disputed claim, has no impact on a party's production obligations. A copy of the relevant portions of that correspondence is attached hereto as Exhibit "C".

In an effort to resolve this and other open discovery issues, I participated in a meet and confer with Mr. Cavaliere and my partner Mr. Dellaportas on the morning of July 13, 2020. Later that day, Mr. Cavaliere committed in an e-mail to Mr. Dellaportas that he would respond to our request for the Withheld Documents "at least 2 weeks before the Trustee's deposition," which is currently scheduled for August 7, 2020. Notwithstanding such commitment, we received no response from Mr. Cavaliere on July 24, 2020, his self-imposed deadline. On July 28, 2020, I e-mailed Mr. Cavaliere seeking clarification whether his silence was confirmation that the Trustee would not be producing the Withheld Documents. This afternoon, Mr. Cavaliere informed me that he would "coordinate with the Trustee and get back to [me] with a more formal response to [my] inquiry." A copy of this e-mail exchange is attached hereto as Exhibit "D".

\* \* \*

In light of the Trustee's role in this case and the extensive discovery disputes in which Your Honor has had to intervene in this case, we gave the Trustee nearly a month's leeway to (x) come to the realization that there is no "settlement privilege" that excuses her from producing (and therefore produce) the Withheld Documents or (y) enunciate a legitimate basis for failing to produce the Withheld Documents. However, the time for patience has run out. The Trustee is scheduled for a deposition on August 7, 2020 and it is critical to preparing for that deposition and the subsequent hearing on the Motion that we have access to the Withheld Documents.

The Withheld Documents are likely to be relevant to determining (a) the Trustee's rationale for entering into the Trustee's Agreements, including the veracity of representations made by various parties to the case that underlie those agreements, (b) what, if any, efforts the trustee made to obtain financing on superior terms to those agreed to in the Trustee's Agreements, and (c) whether the Trustee's Agreements can

EMMET, MARVIN & MARTIN, LLP

Honorable James J. Garrity, Jr.
July 29, 2020
Page 3

actually serve to "pave the way to a possible 'larger' settlement with either group to be presented to the Court in the future" (as posited by the Trustee in paragraph 5 of the Motion).

    We thank the Court for its consideration.

    Respectfully submitted,

/s/ *Thomas A. Pitta*
Thomas A. Pitta
Emmet, Marvin & Martin, LLP
120 Broadway, 32nd Floor
New York, New York 10271
*Attorneys for Sagi Genger*

cc:    All Counsel of Record (via ECF)