IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| ORLY GENGER, | § | CASE NO. 19-13895-jlg |
| | § | |
| | § | |
| Debtor. | § | |

**NOTICE OF MOTION FOR ORDER CONFIRMING THAT
AUTOMATIC STAY DOES NOT LIMIT ABILITY OF NEW YORK STATE COURT
TO EXONERATE UNDERTAKING FOR TRO**

PLEASE TAKE NOTICE that TPR Investment Associates, Inc. ("Movant"), by and through its undersigned counsel, will move (the "Motion"), on a date to be scheduled by the Court, before the Hon. Judge James L. Garrity Jr., United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, Courtroom 601, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel can be heard, for entry of an order (a) pursuant to sections 105(a) and 362(j) of chapter 11 of title 11 of the U.S. Code, §§ 101-1532 *et seq.* (the "Bankruptcy Code") confirming that the automatic stay of 11 U.S.C. § 362(a) does not limit the ability of the New York County Supreme Court to exonerate the Undertaking for Temporary Restraining Order filed by the debtor, Orly Genger, in *Genger v. Genger*, Index No. 109749/2009 (Sup. Ct., N.Y. Cnty.)

PLEASE TAKE FURTHER NOTICE that a copy of the Motion is available for inspection during normal business hours at the office of the Clerk of the U.S. Bankruptcy Court for the Southern District of New York located at One Bowling Green, New York, New York 10004, or may be obtained by contacting the undersigned counsel.

PLEASE TAKE FURTHER NOTICE that responses and objections, if any, to the Motion and the proposed order must be made in writing, conformed to the Bankruptcy Rules and the Local

Bankruptcy Rules for the Bankruptcy Court and be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (a copy of which can be found at *www.nysb.uscourts.gov*, the official website for the U.S. Bankruptcy Court for the Southern District of New York), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, in Portable Document Format (PDF), Microsoft Word, or any other word processing format (with a hard copy delivered directly to Chambers) and shall be served upon: (i) counsel to Movant, Thomas A. Pitta, Esq., 120 Broadway, 32nd Floor, New York, New York 10271; (ii) Deborah J. Piazza, Chapter 7 Trustee, Attn: Rocco A. Cavaliere, Esq., Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018; and (iii) all parties who have filed a notice of appearance and request for service of documents.

Dated: July 30, 2020

Respectfully submitted,

*s/Thomas A. Pitta*
Thomas A. Pitta, Esq.
John Dellaportas, Esq.
Emmet, Marvin & Martin, LLP
120 Broadway
32nd Floor
New York, New York 10271
Telephone: (212) 238-3000
Facsimile: (212) 238-3100
*Counsel to Creditor*
*TPR Investment Associates, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| ORLY GENGER, | § | CASE NO. 19-13895-jlg |
| | § | |
| | § | |
| Debtor. | § | |

**MOTION FOR ORDER CONFIRMING THAT
AUTOMATIC STAY DOES NOT LIMIT ABILITY OF NEW YORK STATE COURT
TO EXONERATE UNDERTAKING FOR TRO**

Thomas A. Pitta, Esq.
John Dellaportas, Esq.
120 Broadway
New York, New York 10280
Telephone: (212) 238-3000
Facsimile: (212) 238-3100
*Counsel to Creditor*
*TPR Investment Associates, Inc.*

TO THE HON. JAMES L. GARRITY, U.S. BANKRUPTCY JUDGE:

COMES NOW, TPR Investment Associates, Inc. ("**Movant**"), a pre-petition creditor of Orly Genger, the debtor ("**Orly**" or the "**Debtor**") in this Chapter 7 case ("**Bankruptcy Case**"), by and through its undersigned counsel and, pursuant to sections 105(a) and 362(j) of chapter 11 of title 11 of the U.S. Code, §§ 101-1532 *et seq.* (the "**Bankruptcy Code**") files this motion (this "**Motion**") for an Order confirming that the automatic stay of 11 U.S.C. § 362(a) does not limit the ability of the New York County Supreme Court to exonerate a $150,000 Undertaking for Temporary Restraining Order (the "**TRO Bond**") filed by the Debtor in the action entitled *Genger v. Genger*, Index No. 109749/2009 (Sup. Ct., N.Y. Cnty.) (the "**State Court Action**"), and, in support would respectfully show the Court as follows:

1. Movant is a creditor of this bankruptcy estate. *See* Proof of Claim 11-1. On May 18, 2020, Movant, together with Movant's co-defendants in the State Court Action sought to exonerate the TRO Bond posted by the Debtor, who is the plaintiff in that action. (Exh. A.) The only effect on this estate would be that Movant would *withdraw* that portion of its claim seeking recovery on the $150,000 TRO Bond, thereby *increasing* recovery for the remaining bankruptcy creditors. Nevertheless, the Chapter 7 Trustee, Deborah J. Piazza (the "**Trustee**"), through her counsel, Rocco Cavaliere, wrote to the state court asking that it *not* exonerate the TRO Bond "until such time as the Trustee has had an opportunity to investigate this request further and seek guidance from Bankruptcy Judge Garrity, to the extent necessary." (Exh. B.) Thereafter, ten weeks passed, without the Trustee seeking any such "guidance" from Your Honor. Instead, earlier this month, the Trustee advised Movant that exoneration of the TRO Bond, and the withdrawal of Movant's claim, should instead "occur in connection with the claims reconciliation process in the bankruptcy case," at some indeterminate point in the future. (Exh. F.) In other words, the Trustee wishes this Court to *adjudicate* a claim that Movant seeks to *withdraw*.

2.   If this seems like a perverse result, there is an apparent explanation. Movant is an entity run by judgment creditor Sagi Genger ("**Sagi**"), who has moved to dismiss the bankruptcy case over the objections of the Trustee.

3.   Movant seeks clarification from this Court because last May, the Trustee advised the state court that she was: "currently evaluating this request to determine whether this request is a violation of the automatic stay." (Exh. B) (emphasis added). The state court, unsurprisingly, has chosen to await the outcome of the Trustee's "evaluation" of the automatic stay issue, which apparently is ongoing. To be clear, if the TRO Bond is exonerated, then the underlying collateral would be released to whomever the rightful owner is. In other words, if the collateral is property of the estate, exoneration would make it available to all creditors.

4.   Respectfully, the Trustee had no good faith basis to invoke the "automatic stay" to hold up the state court's exoneration of the TRO Bond. As the Second Circuit has recognized, "the automatic stay is applicable only to proceedings 'against,' 11 U.S.C. § 362(a)(1), the debtor." *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994). In the State Court Action, the Debtor, Orly, is *the plaintiff*. The State Court Action is consequently *not* stayed.

5.   Further, the exoneration of the TRO Bond would not reduce any asset of the estate one iota. The TRO Bond is annexed hereto as Exhibit C. As the Court can see, it only serves to insure the Debtor against "such damages not exceeding the amount of … $150,000 … as Defendants may sustain by reason of said Temporary Restraining Order if the same be wrongful and without sufficient cause." (Exh. C.) As noted above, however, all defendants to the State Court Action wrote to the state court last May advising it "Defendants ask that the Undertaking be exonerated, in which event it will no longer seek damages relating to that TRO." (Exh. A.) In other words, upon exoneration, the only conceivable benefit to the estate of maintaining the TRO Bond (as opposed to exonerating it) would be completely eliminated.

6.       The Debtor had originally obtained the Temporary Restraining Order (the "**TRO**") in the State Court Action to protect her claim for ownership over 240 disputed shares of common stock of Movant. Specifically, the TRO enjoined Movant from "removing shares representing …[a] 49% ownership interest in defendant [Movant's] common stock (the 'Shares') from the state, or otherwise transferring, selling, pledging, assigning, diluting, or otherwise disposing of the Shares until a final determination regarding the ownership of the Shares is made by this Court." (Exh. D at 2.) The state court subsequently granted summary judgment dismissing the Debtor's claim to reclaim the shares, holding that the Debtor could be fully compensated by money damages, a decision affirmed by the Appellate Division. *Genger v. Genger*, 147 A.D.3d 443, 443 (1st Dep't 2017). After a trial, the state court held that the Debtor's money damages were zero. *Genger v. Genger*, 2019 WL 2393807 (N.Y. Sup. Ct. Jun. 6, 2019).

7.       With that process complete, Movant had a clear-cut claim against the TRO Bond for $150,000 in TRO-related damages, as Movant had expended many times that amount in legal fees to obtain that litigation outcome. Rather than follow the unfortunate pattern in the Genger world of litigating to excess, counsel to Movant reached out to counsel for the party who had posted the collateral securing the TRO Bond, an entity controlled by Arie Genger, seeking to resolve the dispute (and another, unrelated, dispute regarding a different injunction bond). On May 4, 2020, Movant and Arie Genger executed a Confidential Settlement Agreement--a copy of which is provided to the Court *in camera* (Exh. E)--resolving these two disputes. Thereafter, a copy was provided on, a confidential basis, to the Trustee and her counsel.[1]

---

[1]     Curiously, the Trustee insisted that a copy also be provided to the Kasowitz law firm, and when Movant declined that request, counsel to the Trustee cited that fact as one of the reasons why the Trustee would not lift her block in the State Court Action. Needless to say, we see no valid reason why the Kasowitz firm should have access to the confidential agreement.

-3-

8.  We expected that a quick perusal of the Settlement Agreement would have been sufficient to satisfy any concerns the Trustee might have as to the effect of the agreement, and specifically the exoneration of the TRO Bond, on the estate. Instead, Movant was greeted with months of silence, culminating in this email from Trustee's counsel:

> In analyzing this issue, <u>it seems that the exoneration of the bond should occur in connection with the claims reconciliation process in the bankruptcy case</u>, which is a core bankruptcy function. As you have pointed out, [Movant] TPR's claim has not yet been liquidated. The bond has been posted in connection with an action involving the Debtor. After the motion to dismiss is denied, we intend on, among other things, reviewing the proofs of claim filed by parties in interest and will be in a better position at that time to address your request. Finally, you have also indicated that the Trustee is not permitted to discuss this matter with Debtor's counsel, which impacts her investigative duties and ability to make a final determination on whether the exoneration of the bond and release of the $150,000 in collateral negatively impacts the bankruptcy estate. <u>I suggest we just revisit this issue at a later date</u>. <u>Alternatively, you may wish to revamp your settlement agreement with Arie Genger in the 2010 action</u>. Perhaps TPR can elect to collect on the bond in that action which does not concern the Debtor. May be a simple fix. Thanks. (Exh. F) (emphases added).

9.  In sum, the Trustee presented Movant with two options; either (a) seek an adjudication from this Court on its claim for TRO-related damages "in connection with the claims reconciliation process," or (b) "alternatively," "revamp" its Settlement Agreement to eliminate the need for an exoneration at all (which also would leave the claim to be adjudicated by this Court). Respectfully, Movant chooses neither. As one Bankruptcy Court has held: "There is a marked difference between administering 'property of the estate' on the one hand, and selling the trustee's signature …, on the other. A trustee has no license to extort or racketeer …" *In re Kiersz*, 311 B.R. 145, 149 (Bankr. W.D.N.Y. 2004). Movant has resolved claims without need of judicial intervention, a result strongly favored by our legal system. *See In re: Cinque Terre Financial Group Ltd.,* 2017 WL 4843738, at *10 (Bankr. S.D.N.Y. Oct. 24, 2017) ("Courts favor bankruptcy settlements, because 'they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate.'") (citations omitted).

-4-

10. Instead, Movant asks this Court simply to clarify that the state court may exonerate the TRO bond, *should it choose to do so*, without violating the automatic stay. This is a self-evidently correct proposition of law. Indeed, in ten weeks' time, the Trustee has never explained how or why the automatic stay would apply here. Instead, she merely seeks to punish Movant for legal positions Movant's principal has taken in other parts of this case. As that is not a proper exercise of her fiduciary duties, the Court's assistance is now needed.

Dated: July 30, 2020

Respectfully submitted,

    *s/Thomas A. Pitta*
Thomas A. Pitta, Esq.
John Dellaportas, Esq.
Emmet, Marvin & Martin, LLP
120 Broadway
New York, New York 10271
Telephone: (212) 238-3000
Facsimile: (212) 238-3100
*Counsel to Creditor*
*TPR Investment Associates, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion has been served upon each attorney of record and filed with the Court on this the 30th day of July 2020.

                                                    */s/* Beth Khinchuk
                                                    BETH KHINCHUK