

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Rocco A. Cavaliere, Partner
Email: rcavaliere@tarterkrinsky.com
Phone: (212) 216-1141

August 3, 2020

**BY FEDERAL EXPRESS AND EMAIL**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

    Re:    In re Orly Genger
                 Chapter 7 Case No. 19-13895

Dear Judge Garrity:

    This firm is counsel to Deborah J. Piazza, in her capacity as successor chapter 7 trustee (the "Trustee") of the above-referenced Debtor's estate.

    As Your Honor is aware, the Court has scheduled a status conference for August 4, 2020 at 4:00 p.m. in the above-referenced case. I am looking forward to participating in the status conference.

    As Judge Davis noted before transfer of this case to this Court, this case is suffering from excessive advocacy. In a letter dated July 29, 2020, counsel to Sagi Genger requests an order compelling discovery of settlement communications and drafts of settlement agreements by and between the Trustee and counterparties to the agreement attached to the *Chapter 7 Trustee's Motion For Order Pursuant To Sections 105(a), 363, And 364 Of The Bankruptcy Code And Bankruptcy Rules 2002, 4001, 6004, 9006 And 9019: Approving The (A) Settlement Agreement, (B) Sale Of The Debtor's Estates Causes Of Action Against Certain Third Parties, And (C) Financing To Support The Continued Administration Of The Case And (D) Granting Related Relief* (the "Trustee's Motion"). In a world in which silence will sometimes be viewed as an

Honorable James L. Garrity, Jr.
August 3, 2020
Page 2 of 2

admission of sorts, the Trustee felt compelled to prepare this very short letter so that the record is clear that the Trustee disagrees with the contents of Mr. Pitta's letter. Rather than engage in unproductive letter writing that would likely invite numerous responsive letters in advance of the status conference, the Trustee will address the contents of the July 29th letter at the status conference, assuming the Court deems it appropriate.

This is obviously a contentious case, with numerous sophisticated parties and a difficult family dynamic that has contributed to significant administrative costs on the part of the estate. On behalf of the Trustee, I look forward to addressing any and all issues the Court wishes to discuss at the upcoming conference, including scheduling of matters. To the extent that the status conference also leads to a mechanism to resolve disputes without the need for burdening the Court on a frequent basis, the Trustee is all for it.

Please do not hesitate to have Chambers contact me should the Court have any questions.

Respectfully submitted,

/s/Rocco A. Cavaliere

Rocco A. Cavaliere