# Kasowitz Benson Torres LLP

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
NEW YORK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

EHerschmann@kasowitz.com

August 3, 2020

**BY ECF AND HAND DELIVERY**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

      Re:    *In re Orly Genger*, Case No. 19-13895-jlg

Dear Judge Garrity:

      Today, I resigned from Kasowitz Benson Torres LLP ("KBT") to accept the position of Senior Advisor to the President of the United States. I ask the Court, at its earliest convenience, to schedule a court conference with Mr. Dellaportas and me to address the privacy issues that we have been discussing with Your Honor.

      Sagi has accused me on multiple occasions of submitting an "affirmatively false declaration" because I said, in an eight-page declaration filed on April 12, 2019, that I "do not share any credit cards" with my wife, Orly Genger. Sagi has now admitted under oath that his claim concerning any supposed "joint" American Express ("AmEx") Centurion account was "technically inaccurate" and that my April 12, 2019 declaration was "technically accurate." He also "apologize[d]" for making the allegations about the supposed joint account, conceding "you [Herschmann] point it out, apparently correctly that you don't have a joint ownership of the Centurion card[.]" Sagi Dep Tr. at 264:5-19;263:14-15; 68:13-14; 68:25 to 69:3. AmEx Centurion has likewise confirmed that I never had a joint account and that no such accounts exist. Sagi used his joint AmEx allegation as the primary excuse for why he hired a private investigator in Israel to illegally invade my privacy. ECF No. 241-1 at 2.

      Moreover, Sagi has had the relevant AmEx statements for more than a year and had to know these facts yet continued to make these publicly filed allegations against me.

      Sagi has also claimed that my May 2016 premarital agreement supports his allegation that KBT's legal work for Orly in 2016 and onward was done "pro bono" and therefore the KBT invoices and its proof of claim in this case were "bogus." *See* Amended Motion to Dismiss, ECF No. 239 at ¶ 34. Submitted *in camera* as Exhibit A is paragraph 34(b) of my premarital agreement which Sagi relies upon in making his allegation. As this Court will readily see, the

KASOWITZ BENSON TORRES LLP

HONORABLE JAMES L. GARRITY, JR.
AUGUST 3, 2020
PAGE 2 OF 2

reference to pro bono work, consistent with Orly's signed retainer agreements with KBT, deals with historic pro bono work done by KBT related to the fraud trial against Sagi.  The same paragraph makes clear that Orly will have future debts related to the funding of her ongoing litigations.  Sagi's claim that my premarital agreement is "rooted in fraud" is detached from reality and supported by nothing.  ECF No. 262 at 6.

      Thank you for your attention to this matter.

      Respectfully submitted,

      */s/ Eric Herschmann*

cc:  All Counsel of Record (by ECF)