# EMMET, MARVIN & MARTIN, LLP
### COUNSELLORS AT LAW



120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

November 6, 2020

**<u>Via ECF</u>**

Honorable James J. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      **Re: *In re Orly Genger*, Case No.: 19-13895-jlg**

Dear Judge Garrity:

      Our firm represents judgment creditor Sagi Genger ("Sagi").  We write to notify the Court of a revealing decision from the Israeli Court, relevant to the pending motion for a protective order (Doc. 252) filed by Sagi with respect to the investigative report prepared by a private investigator at the behest of Sagi's Israeli counsel.[1]

      Although the Israeli Court decision was issued on October 28--<u>five days before Mr. Herschmann's November 2 "update" on this motion</u> (Doc. 337)--Mr. Herschmann failed to advise this Court of the development.  That is regrettable, because the decision undercuts Mr. Herschmann's main argument in support of his application.

      As the Court will recall, Mr. Herschmann, both in his June 5, 2020 letter brief (Doc. 257, pp. 7-9) and again at the September 18, 2020 hearing (Hrg. Tr., pp. 23, 37), argued that the investigator who authored the report, Mr. Matityahu, was not in fact retained by an attorney, and therefore no attorney work product protection should attach.  At the same hearing, Mr. Herschmann also wondered aloud why there was no affidavit from the investigator (*Id.*, pp. 23, 37), when in fact, it would appear, such a statement was made by

---

[1]    The Israeli Court decision, which is attached hereto, is in Hebrew.  We also provide an informal English translation.  (We have not had time to obtain a certified translation, having just obtained the document yesterday, but Mr. Herschmann has stated that he reads Hebrew, and thus he can advise the Court if he disagrees with any aspect of the translation.)

EMMET, MARVIN & MARTIN, LLP                                                                 2

Mr. Matityahu in papers available to Mr. Herschmann, but not to us.[2]

As we previously advised the Court, in summer 2019, during the pendency of this bankruptcy case, Mr. Herschmann caused his Israeli counsel to file a lawsuit in Israel on behalf of his wife against Mr. Matityahu, regarding a parallel report prepared at around the same time regarding the debtor. (Doc. 252, Exh. N.)

In its October 28, 2020 decision, the Israeli court recounts the following:

> 2.2  According to [Matityahu], the Plaintiff [Orly Genger], who apparently sought to fraudulently convey her assets from her creditors, applied on her own initiative to the Insolvency Court in the State of Texas, and in the course of these proceedings her brother, Mr. [Sagi] Genger, approached him **through his attorneys** to hire Defendant's services, in order for him to conduct an investigation about the Plaintiff in connection with the proceedings pending in the United States.  Subsequently, according to him, Plaintiff's brother, Mr. Genger sought to present the Investigation Report and to have Defendant testify in court in the US.
>
> 2.3  According to the Defendant, the Plaintiff is using this lawsuit in an attempt to intimidate him in order to disrupt the proceedings conducted in U.S. court.

*See* 10.28.20 Decision § 2.2 (emphasis added).

The Israeli Court goes on to find that Ms. Genger has failed to demonstrate a likelihood of success sufficient to waive the bond requirement and, accordingly, has ordered her to post a bond in the amount of 30,000 NIS (approximately USD 9,000) to proceed with her suit.  We do not know whether she has done so.  Either way, the decision confirms what we told the Court from the beginning, and Mr. Herschmann has disputed; namely, Mr. Matityahu was retained by Sagi's lawyers, not by Sagi himself.

Finally, with respect to Mr. Herschmann's "update" regarding the criminal complaint he filed in Israel, neither Sagi nor any of his attorneys have ever been contacted by any Israeli authority regarding this matter and, as of the most recent reporting date (September 30, 2020), Mr. Matityahu remains on the list of private investigators licensed under Israel's Private Investigators and Security Services Law, 5732-1972.

---

[2]  As we previously noted, since the lawsuit was filed, Mr. Matityahu has declined any contact with us.  Further, this Israeli court docket is not publicly available, and therefore we do not have access to the actual submissions made by the parties in the case, only to the ruling by the Court.  (The same cannot be said of Mr. Herschmann, whose attorney, as noted above, is prosecuting the case on behalf of his wife.)

EMMET, MARVIN & MARTIN, LLP                                                                                          3

      We thank the Court for its consideration.

                                                              Sincerely,

                                                              John Dellaportas

Encl.
cc:     All Counsel of Record (via ECF)