IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| ORLY GENGER, | § | CASE NO. 19-13895-jlg |
| | § | |
| | § | |
| Debtor. | § | |

**MOTION FOR AN ORDER SHORTENING TIME FOR
NOTICE OF THE HEARING ON MOTION FOR ORDER CONFIRMING
THAT AUTOMATIC STAY DOES NOT LIMIT ABILITY OF
NEW YORK STATE COURT TO EXONERATE UNDERTAKING**

TPR Investment Associates, Inc. ("**Movant**"), having previously filed the *Motion for Order Confirming that Automatic Stay Does Not Limit Ability of New York State Court to Exonerate Undertaking for TRO* (Doc. 322, the "**Automatic Stay Motion**"),[1] hereby files this motion (the "**Motion to Shorten**"), pursuant to rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order shortening the time (the "**Order**") substantially in the form attached hereto as **Exhibit A**, for notice of the hearing to consider the Automatic Stay Motion, such that a hearing can be held on or before **January 15, 2021,** with any objections to be presented at the hearing. In support of this Motion to Shorten, Movant respectfully represents as follows:

**JURISDICTION**

1.  This Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms not otherwise defined herein shall retain the meanings ascribed thereto in the Automatic Stay Motion.

**RELEVANT BACKGROUND**

2.  On July 30, 2020, Movant moved this Court, pursuant to sections 105(a) and 362(j) of chapter 11 of title 11 of the U.S. Code, §§ 101-1532 *et seq.,* for an order confirming that the automatic stay of 11 U.S.C. § 362(a) does not limit the ability of the New York County Supreme Court to exonerate the Undertaking for Temporary Restraining Order filed by the debtor, Orly Genger, in *Genger v. Genger*, Index No. 109749/2009. To date, neither the Trustee nor any other party has filed an Objection to the Automatic Stay Motion.

3.  On May 4, 2020, Movant and Arie Genger executed a Settlement Agreement whereby, *inter alia*, in exchange for certain payments (the "**Settlement Payments**"), Movant agreed to release its claims against two state court undertakings made by Arie Genger or entities under his control--a $150,000 undertaking (the "**$150,000 Undertaking**") and a $500,000 undertaking (the "**$500,000 Undertaking**")--both in cases in which the debtor, Orly Genger, was a party (although she did not post either bond). (A true and correct copy of the confidential Settlement Agreement was filed under seal as Exhibit E to the Motion.)

4.  As explained more fully in the Motion, there is no manner in which the New York County Supreme Court's exoneration of the $150,000 Undertaking could violate the automatic stay, as its only consequence would be to release $150,000 in collateral which belongs either (a) to the bankruptcy estate (something to which there is no evidence of which we are aware), or (b) to the Arie Genger-controlled entity which deposited the funds. <u>To be clear, Movant makes no claim to the $150,000 in collateral</u>. Thus, exoneration of the Undertaking would either enrich the estate, or leave it exactly as it was beforehand, and in either event would also reduce Movant's claim against the estate by $150,000, thereby *increasing* recovery for the remaining creditors. In no event would exoneration of the Undertaking reduce any estate asset.

5.  Nevertheless, on May 18, 2020, the Chapter 7 Trustee, Deborah J. Piazza (the "**Trustee**"), through her counsel, Rocco Cavaliere, wrote to the New York County Supreme Court that "[t]he Trustee is currently evaluating this request to determine whether this request is a violation of the automatic stay," and asked the Court to *not* exonerate the $150,000 Undertaking "until such time as the Trustee has had an opportunity to investigate this request further and seek guidance from Bankruptcy Judge Garrity, to the extent necessary."

6.  More than seven months later, the Trustee still has not disclosed the results of her "investigation," nor sought any sort of "guidance" from this Court. To the contrary, as recently as December 9, 2020, when we asked Trustee's counsel for the results of that investigation, counsel replied that the issue is "substantive and I would need to go back to the documents and speak to the Trustee and [it] will take more time."

7.  Unfortunately, for Movant, time has run out. Earlier today, we received from counsel to Arie Genger a demand that Movant seek exoneration of the $500,000 Undertaking. Arie Genger's demand is consistent with the terms of the Settlement Agreement. However, as noted above, the Trustee has taken the position that Movant's prior request for exoneration of the $150,000 Undertaking somehow violates the automatic stay. Thus, the Trustee has placed Movant in the position that, unless this Court provides prompt guidance, Movant will be at risk of either (a) violating the automatic stay or (b) violating its Settlement Agreement.

8.  In addition, as Your Honor may recall, at a hearing earlier this year, counsel to the Trustee urged the Court not to hear the Automatic Stay Motion right away because it would not impact the Settlement Payments until year-end. That deadline is now upon us, and indeed, the Trustee's interference with the Settlement Agreement is preventing the final Settlement Payment from being made, causing additional harm to Movant.

**RELIEF REQUESTED**

9. Accordingly, Movant respectfully requests that the Bankruptcy Court conduct a hearing pursuant to Fed. R. Bankr. P. 9006(c) on the Automatic Stay Motion (Doc. 322) on or before **January 15, 2021**, with any objections to be presented at the hearing.

10. Shortened notice is appropriate because, as of today, the Trustee's specious "automatic stay" position will place Movant in jeopardy of violating its Settlement Agreement, absent prompt guidance from the Court. In addition, the Trustee's specious position is preventing Movant from receiving a critical Settlement Payment.

11. Bankruptcy Rule 9006(c) provides as follows:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Bankruptcy Rule 9006(c).

12. The Trustee and her counsel have repeatedly complained to this Court, with some justification, about the inability of the parties to resolve disputes among themselves. Thus, it is ironic and troubling that in this instance, in which two parties who have been adverse for over a decade managed to reach a litigation settlement that is also beneficial to the estate, the Trustee has nevertheless obstructed that settlement for the last seven months. But for the Court's prompt attention to this matter, the Trustee's position will engender additional litigation.

**NOTICE**

13. Movant has provided notice of this Motion to Shorten to all parties in interest via ECF. Movant submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

14. No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

Movant respectfully requests that the Court enter an order (i) shortening the notice requirements for the Motion; and (ii) grant such other relief as is just.

Dated: New York, New York
December 30, 2020

**EMMET, MARVIN & MARTIN, LLP**

By: /s/ *Thomas A. Pitta*
Thomas A. Pitta, Esq.
John Dellaportas, Esq.
Emmet, Marvin & Martin, LLP
120 Broadway, 32nd Floor
New York, New York 10271
Tel.: 212-238-3000
Fax: 212-238-3100
*Counsel to Movant*
*TPR Investment Associates, Inc.*