

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway  
New York, New York 10271  
212-238-3000  

**www.emmetmarvin.com**

Thomas A. Pitta  
*Partner*  
Tel: 212-238-3148  
Fax: 212-238-3100 •Fax (alt.) 212-608-0544  
tpitta@emmetmarvin.com

January 12, 2021

**Via ECF**
Honorable James J. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      RE:   *In re Orly Genger*, **Case No.: 19-13895-jlg**

Dear Judge Garrity:

      This firm represents TPR Investment Associates, Inc. ("**TPR**") in the above Chapter 7 case. By this letter, we respectfully request the Court schedule a hearing with respect to the *Motion for Order Confirming that Automatic Stay Does Not Limit Ability of New York State Court to Exonerate Undertaking for TRO* (Doc. 322, the "**Automatic Stay Motion**").[1]

      On July 30, 2020, Movant moved this Court for an order confirming that the automatic stay of 11 U.S.C. § 362(a) does not limit the ability of the New York County Supreme Court to exonerate the Undertaking for Temporary Restraining Order filed by the debtor, Orly Genger, in *Genger v. Genger*, Index No. 109749/2009. To date, neither the Trustee nor any other party has filed an Objection to the Automatic Stay Motion.

      On May 4, 2020, Movant and Arie Genger executed a Settlement Agreement whereby, *inter alia*, in exchange for certain payments (the "**Settlement Payments**"), Movant agreed to release its claims against two state court undertakings made by Arie Genger or entities under his control--a $150,000 undertaking (the "**$150,000 Undertaking**") and a $500,000 undertaking (the "**$500,000 Undertaking**")--both in cases in which the debtor, Orly Genger, was a party (although she did not post either bond). (A true and correct copy of the confidential Settlement Agreement was filed under seal as Exhibit E to the Motion.)

      As explained more fully in the Motion, there is no manner in which the New York County Supreme Court's exoneration of the $150,000 Undertaking could violate the automatic stay, as its only consequence would be to release $150,000 in collateral that

---

[1] Capitalized terms not otherwise defined herein shall retain the meanings ascribed thereto in the Automatic Stay Motion.

EMMET, MARVIN & MARTIN, LLP

Honorable James J. Garrity, Jr.
January 12, 2021
Page 2

belongs either (a) to the bankruptcy estate (something to which there is no evidence of which we are aware), or (b) to the Arie Genger-controlled entity which deposited the funds. To be clear, Movant makes no claim to the $150,000 in collateral. Thus, exoneration of the Undertaking would either enrich the estate, or leave it exactly as it was beforehand, and in either event would also reduce Movant's claim against the estate by $150,000, thereby *increasing* recovery for the remaining creditors. In no event would exoneration of the Undertaking reduce any estate asset.

Nevertheless, on May 18, 2020, the Chapter 7 Trustee, Deborah J. Piazza (the "**Trustee**"), through her counsel, Rocco Cavaliere, wrote to the New York County Supreme Court that "[t]he Trustee is currently evaluating this request to determine whether this request is a violation of the automatic stay," and asked the Court to *not* exonerate the $150,000 Undertaking "until such time as the Trustee has had an opportunity to investigate this request further and seek guidance from Bankruptcy Judge Garrity, to the extent necessary."

More than seven months later, the Trustee still has not disclosed the results of her "investigation," nor sought any sort of "guidance" from this Court. To the contrary, as recently as December 9, 2020, when we asked Trustee's counsel for the results of that investigation, counsel replied that the issue is "substantive and I would need to go back to the documents and speak to the Trustee and [it] will take more time."

Unfortunately, for Movant, time has run out. In late December, we received from counsel to Arie Genger a demand that Movant seek exoneration of the $500,000 Undertaking. Arie Genger's demand is consistent with the terms of the Settlement Agreement. However, as noted above, the Trustee has taken the position that Movant's prior request for exoneration of the $150,000 Undertaking somehow violates the automatic stay. Thus, the Trustee has placed Movant in the position that, unless this Court provides prompt guidance, Movant will be at risk of either (a) violating the automatic stay or (b) violating its Settlement Agreement.

In addition, as Your Honor may recall, at a hearing last year, counsel to the Trustee urged the Court not to hear the Automatic Stay Motion right away because it would not impact the Settlement Payments until year-end. That deadline is now upon us, and indeed, the Trustee's interference with the Settlement Agreement is preventing the final Settlement Payment from being made, causing additional harm to Movant. As a result, Movant hereby requests that the Court promptly schedule a hearing with respect to the Automatic Stay Motion.

EMMET, MARVIN & MARTIN, LLP

Honorable James J. Garrity, Jr.
January 12, 2021
Page 3

      We thank the Court for its consideration.

                Respectfully submitted,

                /s/ *Thomas A. Pitta*
                Thomas A. Pitta
                Emmet, Marvin & Martin, LLP
                120 Broadway, 32nd Floor
                New York, New York 10271
                *Attorneys for Sagi Genger*

cc:    All Counsel of Record (via ECF)