

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Rocco A. Cavaliere, Partner
Email: rcavaliere@tarterkrinsky.com
Phone: (212) 216-1141

February 16, 2021

**BY ECF, EMAIL, AND FEDERAL EXPRESS**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

   Re: In re Orly Genger
     Chapter 7 Case No. 19-13895

Dear Judge Garrity:

  This firm is counsel to Deborah J. Piazza, in her capacity as successor chapter 7 trustee (the "Trustee") of the above-referenced Debtor's estate.

  This letter responds to the July 9, 2020 letter of Thomas Pitta, Esq. (the "Letter") on behalf of Sagi Genger seeking drastic relief pertaining to preclusion of evidence or negative inferences. See Dkt. No. 291.

  In the Letter, Sagi points to a number of alleged discovery issues on pages 2 to 6, as they were alleged to exist as of July 9, 2020, pertaining to the Debtor, the Debtor's husband, and the Debtor's pre-bankruptcy law firm, Kasowitz Benson Torres LLP. The Trustee believes that certain of the issues raised by the Letter were subsequently addressed by the foregoing parties such that certain of the alleged discovery concerns are now moot. The Trustee understands the foregoing parties plan to address the Letter separately and will appear and be heard at the upcoming hearing on February 18, 2021.

{Client/086201/1/02307279.DOCX;1 }

Honorable James L. Garrity, Jr.
February 16, 2021
Page 2 of 3

      The Trustee does, however, wish to be heard as it relates to Sagi's improper request for preclusion or a negative inference as it pertains to Sagi's request on pages 4 to 5 that Claims Pursuit Inc., the proposed purchaser of certain estate claims in connection with the Trustee's motion dated May 21, 2020 is somehow "not fit to enter into any transaction with the bankruptcy estate" merely because Claims Pursuit Inc. has failed to identify the name of the trustee of the trust that ultimately owns the prospective purchaser. As far as the estate is concerned, Claims Pursuit Inc. is a party that is ready, willing and able to take control of estate claims and will be guided by experienced counsel that has the incentive to collect as much as possible on account of the estate claims for the ultimate benefit of Claims Pursuit Inc. and the estate in accordance with the agreement between the parties. The failure of Claims Pursuit Inc. to identify the name of the trustee of a trust that owns the purchaser is not a basis to deny Claims Pursuit Inc. the ability to enter into the agreement with the Trustee, and there is no case law support for this specious argument.

      As the Court is aware, preclusion and negative inference orders are "harsh remedies and should be imposed only in rare situations". See e.g. Update Art Inc. v. Modiin Pub, Ltd. 843 F.2d 67, 71 (2d Cir. 1988). None of the cases cited by Sagi in the Letter allowed preclusion or a negative inference on facts or circumstances similar to this case. Indeed, a close review of those cases shows that issue preclusion or negative inferences were applied only after repeated violations of court orders or other egregious discovery violations that amounted to "willfulness" or "bad faith". See e.g. Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991). Sagi has simply not satisfied the standards for preclusion or negative inferences here.

      Against this backdrop, it is ironic that Sagi would even raise preclusion and negative inference requests when one of the key open discovery issues that remain is when and under what conditions will Dalia Genger be deposed in connection with Sagi's motion to dismiss. If anyone should be pursuing negative inferences, it is the parties opposing the motion to dismiss. As noted to the Court numerous times, the Trustee and other parties that wish to object to the motion to dismiss should be given an opportunity to depose Ms. Genger by video conference in a manner that is not intrusive to Ms. Genger's health or other concerns. To the extent that Ms. Genger is not willing to appear for a deposition, the Trustee requests the Court's intervention and the Trustee otherwise reserves the right to seek a negative inference at a future hearing (not this upcoming hearing on February 18, 2021) regarding Dalia Genger's failure to appear at a deposition or at the evidentiary hearing. "It is well settled that a party's failure to call a witness may permissibly support an inference that that witness's testimony would have been adverse". Burstein v. Cinque & Cinque, P.C., 221 F.3d 71, 81 (2d Cir. 2000) citing Graves v. United States, 150 U.S. 118, 121 (1893) ("if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable").

Honorable James L. Garrity, Jr.
February 16, 2021
Page 3 of 3

    Thank you for the Court's consideration.

                                                Respectfully submitted,

                                                /s/Rocco A. Cavaliere

                                                Rocco A. Cavaliere