# Glenn Agre Bergman & Fuentes LLP

55 Hudson Yards - 20th Floor
New York, New York 10001
(212) 358-5600

Michael Paul Bowen
mbowen@glennagre.com

March 4, 2021

<u>Via ECF</u>
Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, New York 10004

      Re:    <u>In re Orly Genger</u>, Ch. 7, Case No. 19-13895

Your Honor:

    Mr. Pollack's February 28, 2021 letter (Doc. 372) concerning his behavior at the Oldner deposition is forgivable insofar as it serves to correct his flat-out misrepresentations to the Court. He was ethically obligated to correct his false claim that he "never" directed Mr. Oldner not to answer a question. The truth is he in fact did do that multiple times – as he now rightly admits. The transcript, moreover, shows intentional interference in the deposition by both Mr. Pollack and Mr. Dellaportas. These other disruptions are just as bad, including repeatedly confounding the witness, cutting off his answer, interrupting him and coaching him.

    The rest of Mr. Pollack's letter-apologia is a repetition of his improper attempt to excuse his own inexcusable unprofessional behavior by blaming me, which is unworthy of response. Suffice it to say, he mischaracterizes my questioning of the witness and the purpose and relevance of the questions. The point of the rule that prohibits instructions not to answer based on relevance is to avoid just this kind of piecemeal, wasteful side show raising issues that cannot be determined in the absence of a full record. The relevance of the questioning Mr. Pollack impeded was all too clear, which is precisely why he disrupted the questioning. Had he not done so, the deposition would have taken significantly less time, Mr. Pollack would not be wasting the Court's time with mistakes, corrections, and excuses, and he could have made his relevance objections at trial when they can be decided with the benefit of the full record. That is how it is supposed to work. That is why Mr. Pollack's misconduct cannot be excused. And that is why we need additional time to complete Mr. Oldner's deposition.

                                          Respectfully submitted,

                                          s/  *Michael Paul Bowen*

                                          Michael Paul Bowen