# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW



120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

March 9, 2021

**<u>Via ECF</u>**
Honorable James J. Garrity, Jr.
U.S. Bankr. Ct. for the Southern Dist. of N.Y.
One Bowling Green
New York, NY 10004

Re:  *In re Orly Genger*, Case No.: 19-13895-jlg

Dear Judge Garrity:

Pursuant to Your Honor's instructions at the March 5 conference, we respectfully submit this letter on behalf of Judgment Creditor Sagi Genger, concerning the identity of the trustee of the Lily Dor Herschmann 2020 Lifetime Trust. The name was redacted from a production of the trust agreement and subject to an instruction not to answer in deposition testimony.

To be clear, we do not believe the name meets the Second Circuit criteria for sealing under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006. Nevertheless, to avoid burdening this Court, we have offered to: (a) stipulate to designate the unredacted trust agreement Confidential under the existing Confidentiality and Protective Order, which the Court entered on consent of all parties (including Mr. Herschmann) last June (Doc. 259), and (b) waive our right to challenge that designation under Section 11 thereof. *See* Exh. A hereto.

Mr. Herschmann, however, insists that the Court must enter an entirely new Confidentiality Order, one which all counsel (except Mr. Herschmann himself) would be required to sign. *See* Exh. B hereto. It would prohibit most parties from learning the trustee's identity, and would allow Sagi to use that identity only in "discovery," among other problematic provisions. *Id.*

When asked by the Court why the existing Confidentiality Order was insufficient, Mr. Herschmann responded that he had supposedly just "learned *from the attorney that actually hired the investigator* that David Parnes … never even spoke to the investigator". This is not a new fact, but one the Court directly addresses on pp. 23-24 of its Decision and Order (Doc. 348), and is consistent with our account. Doc. 262-2. Mr. Herschmann, by contrast, incorrectly argued that "no attorney was in fact involved at all". Doc. 257 at 2. His (belated) retraction is appreciated. It does not, however, render the extant Confidentiality Order inadequate.

Respectfully,

John Dellaportas

cc:    All Counsel of Record (via ECF)

NEW YORK, NEW YORK • MORRISTOWN, NEW JERSEY

# EXHIBIT A

| | |
|---|---|
| **From:** | John Dellaportas |
| **Sent:** | Friday, March 5, 2021 8:54 AM |
| **To:** | 'Andrew R. Kurland' |
| **Cc:** | Thomas A. Pitta |
| **Subject:** | RE: Proposed Confidentiality Order |
| **Attachments:** | STIP.DOCX |

Dear Andrew:  Your proposed order goes well beyond what was discussed before Judge Garrity.  We believe the attached Stipulation is more appropriate.  Also, we would be happy to discuss with you any discovery issues you may have, but we believe it improper to condition such new issues on your compliance with Judge Garrity's rulings.  Thank you.  John

**John Dellaportas**
**Co-Chair, Litigation Department**
Emmet, Marvin & Martin, LLP
120 Broadway 32nd Floor
New York, NY 10271
Tel:  212-238-3092
Fax: 212-238-3100
Email: jdellaportas@emmetmarvin.com



**Confidentiality Disclosure:** The information in this email and in attachments is confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to and must not disclose, copy, distribute, or retain this message or any part of it.

**From:** Andrew R. Kurland <AKurland@kasowitz.com>
**Sent:** Wednesday, March 3, 2021 2:48 PM
**To:** John Dellaportas <JDellaportas@EMMETMARVIN.COM>
**Subject:** Proposed Confidentiality Order

Attached is a draft of the proposed confidentiality order governing the disclosure of the trustee.

Also, at Sagi's deposition, you instructed Sagi not to identify the trustee of the Sagi Genger 1993 Trust, explaining: "counsel is taking the position and validity of the trustees is not relevant.  While we disagree with that position as [to] the trustee to opposing counselors to identify, we agree with him with regards to the trustee who you're asking questions about."  Now that Judge Garrity has determined the trustee of the trust that owns Claims Pursuit should be disclosed (subject to confidentiality restrictions), we again ask you to identify the trustee of Sagi's trust, which is similarly relevant to matters the court must consider in connection with the pending motions (the motion to dismiss).  You'll see that in the attached were are affording the disclosure of that trustee the same confidentiality

1

protections that apply to the identification of the trustee of the trust that owns Claims Pursuit.  We intend to bring this up with Judge Garrity if you do not disclose the trustee of Sagi's trust.

Thank you.

Andrew R. Kurland
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel.  (212) 506-3306
Fax. (212) 835-5254
AKurland@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ORLY GENGER,

    Debtor.

Chapter 7

Case No. 19-13895-JLG

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. Promptly upon execution of this Stipulation, Eric Herschmann shall (a) reproduce a copy of the document entitled "THE LILY DOR HERSCHMANN 2020 LIFETIME TRUST" bearing production numbers KBT&EDH_0000421-43, such that the name of the Trustee is no longer redacted; and (b) provide up-to-date contact information for the Trustee.

2. Sagi Genger shall treat the aforesaid document as "Confidential" pursuant to the Confidentiality and Protective Order entered by this Court on June 5, 2020 (Doc. 259), and further agrees that he shall not seek have the Court lift that designation.

SO STIPULATED AND AGREED

By: _____
   Eric Herschmann

By: _____
   John Dellaportas
   Thomas Pitta
   Emmet, Marvin & Martin, LLP
   120 Broadway, 32nd Floor
   New York, New York 10271

   *Attorneys for Sagi Genger and TPR*
   *Investment Associates, Inc.*

March __, 2021

# EXHIBIT B

| | |
|---|---|
| **From:** | Andrew R. Kurland <AKurland@kasowitz.com> |
| **Sent:** | Wednesday, March 3, 2021 2:48 PM |
| **To:** | John Dellaportas |
| **Subject:** | Proposed Confidentiality Order |
| **Attachments:** | NYC-#5681523-v2-Protective_Order_-_ID_of_Trustee.DOCX |

Attached is a draft of the proposed confidentiality order governing the disclosure of the trustee.

Also, at Sagi's deposition, you instructed Sagi not to identify the trustee of the Sagi Genger 1993 Trust, explaining: "counsel is taking the position and validity of the trustees is not relevant.  While we disagree with that position as [to] the trustee to opposing counselors to identify, we agree with him with regards to the trustee who you're asking questions about."  Now that Judge Garrity has determined the trustee of the trust that owns Claims Pursuit should be disclosed (subject to confidentiality restrictions), we again ask you to identify the trustee of Sagi's trust, which is similarly relevant to matters the court must consider in connection with the pending motions (the motion to dismiss).  You'll see that in the attached were are affording the disclosure of that trustee the same confidentiality protections that apply to the identification of the trustee of the trust that owns Claims Pursuit.  We intend to bring this up with Judge Garrity if you do not disclose the trustee of Sagi's trust.

Thank you.

Andrew R. Kurland
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel.  (212) 506-3306
Fax. (212) 835-5254
AKurland@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE ORLY GENGER, | Chapter 7 |
|---|---|
| Debtor. | Case No. 19-13895-JLG |

## CONFIDENTIALITY AND PROTECTIVE ORDER
## WITH RESPECT TO IDENTIFICATION OF TRUSTEE

WHEREAS, Claims Pursuit, Inc. ("Claims Pursuit") is the "Estate Claims Assignee," as that term is defined in the Chapter 7 trustee's pending settlement motion (Doc. No. 248) ("Settlement Motion");

WHEREAS, Claims Pursuit is an entity wholly owned by a trust, the sole beneficiary of which is the daughter of debtor Orly Genger and her husband Eric Herschmann, and the grantor of which is Eric Herschmann;

WHEREAS, Sagi Genger has demanded to know the identity of the trustee of the trust that owns Claims Pursuit in order to determine whether he will oppose the Settlement Motion, and Claims Pursuit and Eric Herschmann require protections that they deem necessary and appropriate to protect the confidentiality of that information;

WHEREAS, Eric Herschmann has represented that the trustee is not a party to this proceeding or counsel of record to any party;

IT IS THEREFORE HEREBY ORDERED that the parties to this proceeding adhere to the following terms, upon pain of sanctions and contempt:

1. The identification of the trustee of the trust that owns Claims Pursuit shall only be revealed to (i) counsel of record in this case, on an "attorneys' eyes only" basis, (ii) Sagi Genger, individually, and (iii) the Chapter 7 trustee, Deborah Piazza. The trustee's identity shall be kept

*KBT Draft – 3/3/2021*

strictly confidential by these individuals, who shall not share the information with any other person.  This confidential information can only be used in connection with ongoing discovery concerning the Settlement Motion, and for no other purpose.

2. Once the Settlement Motion is decided, Sagi Genger and his counsel of record agree not to contact the trustee of the trust identified pursuant hereto for any purpose.

3. No individual will share the identity of the trustee identified pursuant hereto with any third party.

4. All court filings in which the confidential information revealed pursuant hereto must be included shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  The parties will use their best efforts to minimize such sealing.  In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the confidential material itself, and not text that in no material way reveals the confidential material.

5. Sagi Genger is entitled to have the confidentiality protections herein apply to the identification of the trustee of the trust known as the Sagi Genger 1993 Trust.

6. Nothing herein is intended to or shall limit any party from seeking further order of the Court to modify, extend or annul this so-ordered stipulation.

7. Each person who has access to confidential information disclosed pursuant to this agreement and order shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

*KBT Draft – 3/3/2021*

8. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce the Order and, in the event of breach, to award remedies and damages and to impose sanctions.

SO STIPULATED AND AGREED

By: _____
  Rocco A. Cavaliere
  Tarter Krinsky & Drogin LLP
  1350 Broadway
  11th Floor
  New York, NY 10018

*Attorneys for Chapter 7 Trustee*

By: _____
  Deborah Piazza
  Tarter Krinsky & Drogin LLP
  1350 Broadway
  11th Floor
  New York, NY 10018

*Chapter 7 Trustee*

By: _____
  Yann Geron
  Geron Legal Advisors, LLC
  370 Lexington Avenue
  Suite 1101
  New York, NY 10017

*Attorneys for Chapter 7 Debtor, Orly Genger*

By: _____
  Chris Gartman
  Hughes Hubbard & Reed LLP
  One Battery Park Plaza
  New York, NY 10004

*Attorneys for ADBG LLC*

By: _____
  Frank Oswald
  Togut, Segal & Segal LLP
  One Penn Plaza
  New York, NY 10119

*Attorneys for Arie Genger*

By: _____
  Adam Pollock
  Pollock Cohen LLP
  60 Broad St., 24th Fl.
  New York, NY 10004

*Attorneys for the Orly Genger 1993 Trust, and its trustee Michael Oldner*

3

19-13895-jlg    Doc 376    Filed 03/09/21    Entered 03/09/21 23:14:33    Main Document
                                    Pg 11 of 11

*KBT Draft – 3/3/2021*

By: _____          By: _____
    Paul Labov                                              Sagi Genger
    Pachulski Stang Ziehl & Jones LLP
    780 Third Avenue
    34th Floor
    New York, NY 10017

*Attorneys for Dalia Genger*


By: _____
    John Dellaportas
    Thomas Pitta
    Emmet, Marvin & Martin, LLP
    120 Broadway, 32nd Floor
    New York, New York 10271

*Attorneys for Sagi Genger and TPR*
*Investment Associates, Inc.*


SO ORDERED:


Dated: New York, New York
       March __, 2021

                                            _____
                                            Hon. James L. Garrity, Jr.
                                            U.S. Bankruptcy Judge