ERIC HERSCHMANN

210 LAVACA STREET
UNIT 1903
AUSTIN, TX 78701

March 9, 2021

**BY ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

    Re:    *In re Orly Genger*, Case No. 19-13895-JLG

Dear Judge Garrity,

    At the Court's direction, I write to propose the terms of the confidentiality order that will protect the identity of the trustee of the trust that owns Claims Pursuit Inc., a trust whose beneficiary is my and the Debtor's infant daughter. In granting Sagi Genger's motion to compel this disclosure, on Friday March 5, the Court ruled that I may make disclosure subject to additional confidentiality protections. Sagi argues that no additional protection is needed beyond the terms of the general protective order already in place. But that would be insufficient, and is not what was discussed at the hearing.

    For context, I remind the Court that Sagi has already been provided with full information about Claims Pursuit, the personnel involved, and the name, grantor and beneficiary of the trust that owns Claims Pursuit, including information and documents provided in discovery and deposition testimony from me and from William McManus, an Arizona businessman and attorney who operates Claims Pursuit. Thus, Sagi already has been provided in discovery the trust agreement for the trust (with only the name of the trustee redacted), financial records, organizational documents, and the retainer letter between Claims Pursuit and Kasowitz Benson Torres LLP.

    The only relevance of this trust to this action is that in the settlement proposed by the Chapter 7 Trustee, Claims Pursuit is the proposed purchaser of claims against Dalia Genger. The trust thus has no direct involvement in the settlement or any other role relative to any issue in this action. Sagi has no valid reason to know the trustee's identity. The best he could come up with is this, through counsel Mr. Dellaportas: "The reason that's important to us is because the trustee is essentially the counterparty to the transaction. The trustee, in a second, can fire the president of Claims Pursuit and put in whoever he wants or direct, as the sole shareholder, [to] do it. . . We think it's fair to know who the trustee is. For one thing, there may be a conflict of interest." Feb. 25 Hearing Tr. at 9:4-8, 17-18).

    None of that makes sense. He ignores all corporate formalities and the documents themselves when he claims – without any evidence – that the true counterparty is the trustee.

The counterparty is Claims Pursuit, not the trustee of the trust that owns Claims Pursuit, or the trust itself.  Further, the trustee owes fiduciary duties to, and must act exclusively for the benefit of, its beneficiary, and no other party.  Sagi has no good faith basis to support his rank speculation that the trustee might terminate Mr. McManus.  Moreover, Sagi's fanciful story that the trustee might change his or her mind and install someone other than Mr. McManus who might not pursue the estate's claims is not only not based in reality, but also not a proper objection in the first place considering that Sagi has not even decided whether he is going to oppose the Settlement Motion, and because he believes that the claims to be assigned are meritless.  No matter what, the Debtor's Estate stands to benefit from the sale of the claims to Claims Pursuit, because Claims Pursuit is paying for the assignment, and the Estate has the chance to receive up to $11 million on account of Claims Pursuit's prosecution of the claims, at no cost to the Estate.

Given the infirmity of Sagi's rationale for disclosure of the trustee's identity, his irrational fixation on the trustee, his invasive intrusions into my and Debtor's family affairs, and his past conduct in harassing other family and business associates of Debtor (and of myself), heightened confidentiality protection for the trustee is appropriate.  The proposed confidentiality order provided herewith provides the necessary protections by ensuring the information is maintained on an attorneys' eyes only basis by counsel of record to this proceeding, who are restricted to using the information only in connection with discovery concerning the Settlement Motion.  Contrary to what Mr. Dellaportas represented at the hearing last Friday, all counsel of record in this proceeding are permitted to have the information, in addition to the Chapter 7 Trustee and Sagi, individually.  Additionally, these same confidentiality protections are afforded to the identification of the trustee of Sagi's trust, which to date he has refused to disclose.

I respectfully request that the Court enter the proposed confidentiality order attached hereto as Exhibit A.

Respectfully submitted,

*/s/ Eric Herschmann*

Encl.