# Glenn Agre Bergman & Fuentes LLP

55 Hudson Yards - 20th Floor
New York, New York 10001
(212) 358-5600

Michael Paul Bowen
mbowen@glennagre.com

March 10, 2021

Via ECF
Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, New York 10004

Re: In re Orly Genger, Ch. 7, Case No. 19-13895

Your Honor:

I have been retained by Debtor Orly Genger and submit this letter, in accordance with the Court's direction, to outline Debtor's grounds for deposing Debtor's mother, Dalia Genger ("Dalia"), in connection with the pending motion to dismiss and settlement approval.

1. <u>Dalia is an Avowed Fact Witness</u>. In this bankruptcy, Dalia filed – and is charged with having read and approved – lengthy allegations of fact (some 47 pages) in support of dismissing this bankruptcy action in 2019 before it was transferred to this Court from Texas. In her filing (Doc. 112) she implicitly and explicitly represented to the Court that she has a good faith factual basis to adopt as true fact assertions made by her son Sagi Genger. Those fact claims form the core of the pending dismissal motion and objection to the proposed settlement, including (i) that Debtor conspired with her father and other creditors to fraudulently convey her interests in what Sagi claims is $32 million in cash proceeds from the 2013 Trump/AG Group Settlement (the "Settlement Cash"); and (ii) that this fraudulent scheme originated in 2004 – when Debtor was 24 years old and almost *a decade* before the Settlement in question – such that Dalia supposedly relied on fraudulent representations and omissions by Debtor over 16 years ago and on machinations supposedly devised by conspirators that unspooled over years.

2. <u>Dalia Has Made Self-Contradictory Factual Claims</u>. While in this proceeding Dalia claims that Orly committed bankruptcy fraud by failing (according to Sagi and Dalia) to disclose the Settlement Cash in her bankruptcy petition, Dalia has also taken the contradictory position in other proceedings that the Settlement Cash belongs, not to Debtor, but to the Orly Genger 1993 Trust (the "OG Trust"). Both claims cannot be true. The latter claim negates the former. It also means Dalia's testimony as to her good faith basis for the latter claim is directly relevant to Debtor's opposition to the motion to dismiss. Debtor has no right to the Settlement Cash, which destroys the entire premise of the motion to dismiss – and Dalia, on behalf of the OG Trust, agreed in numerous court filings that Debtor in fact has no right to that money.

3.      <u>Dalia Has Adopted Sagi's Factual Claims</u>.  In other court proceedings, including the federal actions that resulted in judgments against Orly, Dalia submitted sworn statements adopting every word of Sagi's declarations submitted in support of his claim that the Settlement Cash belongs to Orly.  She has also been an active participant in this bankruptcy, coordinating her filings with Sagi, as evidenced by the InterCreditor Agreement, her purported selection of the successor trustee to the OG Trust (as directed by Sagi), and her own adversary proceedings seeking to impose a constructive trust to take the Settlement Cash for herself while denying Debtor discharge.  Given Dalia's contradictory statements concerning this money and close coordination to aid Sagi in obtaining the same money, her testimony is directly relevant to refuting movant's position that Debtor lied about the Settlement Cash.

4.      <u>Dalia's Testimony Supports Debtor's Opposition to the Motion</u>.  Dalia's testimony is also directly relevant to another defense on the motion to dismiss.  Debtor's theory of the case includes evidence – including Dalia's testimony – that Sagi used Dalia and conspired with her to make knowingly false claims under the so-called 2004 letter agreements to drive Debtor into insolvency and bankruptcy.  Dalia will testify that she has received none of the money she demanded under the 2004 agreements supposedly to support her lifestyle; that she has millions in offshore tax-haven accounts; that she relies entirely on Sagi to manage her money and has no independent knowledge or understanding of her monetary needs or of the demands she made on Debtor; and that she knows Debtor never received or directed any amount of the Settlement Cash.

Orly has been embroiled in litigation against Dalia Genger and Sagi Genger, acting in concert, for over a decade.  The sheer economic cost – leaving aside the emotional toll – of years of seemingly unending litigation and financial demands that drained her resources has been devastating to her, to her financial independence and security, to her art career and business and to her family life.  Her mother, Dalia, has been throughout and remains a looming figure in this devastation.  Orly would not be in bankruptcy were it not for Dalia and her *seriatim* demands for millions of dollars under the 2004 agreements coupled with her self-contradicted accusation that Orly has Settlement Cash that she supposedly fraudulently transferred.  The key to ending Debtor's torment and starting over – which is the whole *raison d'etre* of the Bankruptcy Code – is this bankruptcy proceeding.

On these indisputable and basic facts, it would be an injustice to deprive Debtor of a fair opportunity to confront the main actor responsible for her financial ruin on a motion that seeks to make that ruin complete by depriving her of bankruptcy protection.

        Respectfully submitted,

        s/  *Michael Paul Bowen*