# KASOWITZ BENSON TORRES LLP

|  | 1633 BROADWAY | ATLANTA |
|---|---|---|
| ANDREW R. KURLAND | NEW YORK, NEW YORK 10019 | HOUSTON |
| DIRECT DIAL: (212) 506-3306 | (212) 506-1700 | LOS ANGELES |
| DIRECT FAX: (212) 835-5254 | FAX: (212) 506-1800 | MIAMI |
| AKurland@kasowitz.com |  | NEWARK |
|  |  | SAN FRANCISCO |
|  |  | SILICON VALLEY |
|  |  | WASHINGTON DC |

March 10, 2021

VIA ECF

Hon. James L. Garrity, Jr.
U.S. Bankruptcy Court
One Bowling Green
New York, NY 10004

Re:   *In re Orly Genger*, Case No. 19-13895-JLG

Dear Judge Garrity:

We join in the submissions of today's date by counsel for the debtor and the Chapter 7 Trustee.  The deposition of Dalia Genger ("Dalia") should be ordered to go forward.  Dalia is the <u>key witness</u> in this case, with unique, personal knowledge that no other witness possesses concerning the issues and contentions in the pending motion to dismiss.

It is important to highlight that Dalia explicitly has joined in the motion to dismiss, first filed when this case was pending in Texas, in connection with which she submitted a voluminous 47-page "Statement of Background Facts."  Doc. No. 124 ¶ 3; Doc. No. 112.  In her joinder, Dalia claims that the debtor has perpetrated an extensive fraud, yet deems it "literally a waste of time" (Dalia's words) (Doc. No. 124 ¶ 15) to even consider debtor's bankruptcy schedules, which, again according to Dalia, "illustrate[] the depth of deception of this Debtor's purported need for Chapter 7 bankruptcy protection."  *Id.* ¶ 17.  It is irrelevant that Dalia has not filed a second joinder with respect to the "amended" motion to dismiss that Sagi filed after the case was transferred to this Court, considering that the motion is substantially similar to the first.

The following table includes quotations from the pending motion to dismiss which directly pertain to topics about which Dalia necessarily has personal knowledge.  The purported perpetrators of the alleged fraud – including this law firm – are entitled to take the testimony of Dalia concerning each of the following topics, among others, which are central to the motion:

| **Contention in Amended Motion to Dismiss (Doc. No 239)** | **Citation** |
|---|---|
| "The purpose of this Bankruptcy Case is not to aid a good faith debtor to deal with her debts and obtain a fresh start.  Rather, it is to frustrate the efforts of one particular creditor, the Debtor's brother Sagi, to collect on a judgment representing Orly's half of a financial commitment they made to support their mother Dalia Genger ("Dalia")" | ¶ 1 |

KASOWITZ BENSON TORRES LLP

Hon. James L. Garrity, Jr.
March 10, 2021
Page 2

| | |
|---|---|
| "Orly agreed, in writing, to indemnify Sagi for half of certain domestic support obligations to their mother [Dalia]" | ¶ 2 |
| "Debtor has spent the last seven years trying to shield the $32.3 million from … Dalia[] by transferring that money to, and encumbering it in favor of, her husband Eric Herschmann ("Herschmann"), her father Arie Genger ("Arie"), and her father's purported lenders Arie and David Broser (the "Brosers") and their various entities (together, the "Debtor Group")." | ¶ 3 |
| "In 2014, upon learning of the 2013 Settlement Agreement (and thus of the fact that both her children had financially gained from the TRI shares whose rights were assigned in her 2004 divorce), Dalia made her first support request under the aforementioned 2004 agreement, for $200,000." | ¶ 22 |
| "Dalia invoked her clawback rights for a second time, requesting financial support from Sagi and Orly in the amount of $6 million." | ¶ 23 |
| "[F]or over a year, they concealed the terms of the Settlement Agreement from Dalia . . . while misrepresenting to various Courts the contents thereof." | ¶ 26 |
| "Her bankruptcy filing lacks good faith and has no proper purpose. Its only goal is to keep her assets in the hands of her father …and her husband, who supports the Debtor in a lavish lifestyle, while leaving her one true creditor – Sagi (and by extension, her estranged mother, Dalia) – holding the bag." | ¶ 43 |
| "At its core, this is a two-party dispute between two family factions, over the Debtor's decade-long effort to frustrate her mother's right to financial support." | ¶ 61 |
| "On the other side are Sagi, Dalia, and the Orly Genger 1993 Trust. All these parties wish to see the $32.3 million used to satisfy her obligations, and consequently support dismissal as the most efficient path to that result." | ¶ 64 |

     Of course, we support all reasonable accommodations that may be necessary to facilitate the remotely conducted deposition of Dalia in a manner which inconveniences the percipient witness as little as possible.

                Respectfully submitted,

                /s/ Andrew R. Kurland