

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

www.emmetmarvin.com

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

March 12, 2021

**<u>Via ECF</u>**
Honorable James J. Garrity, Jr.
U.S. Bankr. Ct. for the Southern Dist. of N.Y.
One Bowling Green
New York, NY 10004

      **Re:   *In re Orly Genger*, Case No.: 19-13895-jlg**

Dear Judge Garrity:

  On behalf of Judgment Creditor Sagi Genger ("Sagi"), we respectfully submit this letter in brief response to the March 10, 2021 letter of Michael Bowen, Esq., who states that he is now representing the debtor Orly Genger (the "Debtor"). We defer to counsel for non-party Dalia Genger ("Dalia") on the matter of her deposition subpoenas, and instead only address herein certain false allegations made in Mr. Bowen's letter about Sagi personally.

  Most significantly, Mr. Bowen has announced that Orly's defense to Sagi's motion to dismiss will be "that Sagi used Dalia and conspired with her to make knowingly false claims under the so-called 2004 letter agreements". The so-called "false claims" are claims that the U.S. District Court twice decided to be <u>true</u>, whose decisions the U.S. Court of Appeals for the Second Circuit twice unanimously affirmed. (Indeed, Mr. Bowen personally litigated those matters on behalf of the Debtor.) Those legal rulings, and the factual findings made therein, are recounted on pp. 2-6 of this Court's Memorandum Decision and Order Granting Motion for Protective Order entered on February 9, 2021 (Doc. 348), and accordingly will not be repeated herein. Instead, we note only that the Debtor is precluded from relitigating in Bankruptcy Court "judgments rendered by courts of competent jurisdiction". *Teachers Ins. and Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir.1986); *Kelleran v. Andrijevic*, 825 F.2d 692, 695 (2d Cir. 1987).

  Mr. Bowen also writes that, if deposed, "Dalia will testify that she has received none of the money she demanded under the 2004 agreements". Here, we note that, in discovery in this case, Sagi produced bank records reflecting payments from him to Dalia under the 2004 agreements of approximately $600,000, along with documentation reflecting Sagi's grant of security interests to Dalia sufficient to ensure collection of the balance of the debt.

  Lastly, Mr. Bowen writes that Dalia relies "on Sagi to manage her money." No one has ever disputed the fact that, at times, Dalia requires Sagi's help with financial matters. She is a retired homemaker, 74 years old, with serious health issues, who has spent the last twelve years of her life defending lawsuits brought by her ex-husband and daughter. Dalia ultimately prevailed on all of those suits, but at a financial and emotional toll. It is neither surprising, nor relevant, that Dalia sometimes relies on her son to assist her in complex matters.

EMMET, MARVIN & MARTIN, LLP                                                                                      2

We thank the Court for its consideration.

                                                                            Respectfully,

                                                                            John Dellaportas

cc:    All Counsel of Record (via ECF)