

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Rocco A. Cavaliere, Partner
Email: rcavaliere@tarterkrinsky.com
Phone: (212) 216-1141

March 26, 2021

**BY FEDERAL EXPRESS, ECF AND EMAIL**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

      Re:    In re Orly Genger
                   Chapter 7 Case No. 19-13895

Dear Judge Garrity:

      This firm is counsel to Deborah J. Piazza, in her capacity as successor chapter 7 trustee (the "Trustee") of the above-referenced Debtor's estate.

      This letter briefly responds to the letter of Thomas Pitta, Esq. dated March 25, 2021 seeking Rule 408 discussions regarding a proposed settlement for which the Trustee is not seeking approval and which is not before the Court. The Court heard argument on these issues on February 25, 2021 and the scope of the production was resolved on that day. I advised Mr. Pitta on March 23, 2021 that I disagreed with his position but that I would be pleased to schedule a "meet and confer" to address the parties' respective positions. Thus, I was surprised to see Mr. Pitta's letter to the Court. Nonetheless, I will endeavor to reach a resolution, if at all possible, on this latest discovery issue, and absent a resolution in the near future, I intend on supplementing this response, and request Court intervention, to the extent necessary.

      By this letter, I would also like to take the opportunity to address another pending discovery issue for which the Trustee reserves all rights. During our March 23rd conference call, I mentioned to Mr. Pitta my concern regarding a recent production of relevant documents by Sagi Genger that was made in the last few days, over 8 months after Sagi Genger's deposition. An example of just one pertinent document included in the production and disclosed just days

Honorable James L. Garrity
March 26, 2021
Page 2 of 2

ago is attached hereto. The Trustee reserves her rights to continue the deposition of Sagi Genger for **two hours** to address the recent late production. I will, of course, discuss this matter further with counsel to Sagi Genger in the next few days. I also believe that other parties objecting to the motion to dismiss may have an interest in the continuation of Sagi Genger's deposition and I will encourage such parties to join a "meet and confer" with me and counsel to Sagi Genger in an effort to come to a consensus on this matter without the need for burdening the Court.

    I am hopeful that these discovery issues will be resolved consensually and look forward to advising the Court of any resolution or need for Court intervention upon conclusion of our discussions. Thank you.

                                         Respectfully submitted,

                                         /s/Rocco A. Cavaliere

                                         Rocco A. Cavaliere

Enclosures

CONFIDENTIAL
Sagi-Dalia040308

To:  Robin Rodriguez, Manhattan Safety Maine Inc.

Michael Oldner, Recovery Effort, Inc.

Michael Oldner, Orly Genger 1993 Trust

From: Sagi Genger

Date July 14, 2019

Subject: Inter-creditor Agreement

This is to clarify that calculation of amounts owed under the Inter-Creditor Agreement previously executed will be done without respect to any discharge in any bankruptcy proceedings.

_____
Sagi A. Genger

_____
Sagi Genger, on behalf of TPR Investment Associates, Inc.

_____
Robin Rodriguez, CEO Manhattan Safety Maine Inc.

_____
Michael Oldner, Trustee of The Orly Genger 1993 Trust

_____
Michael Oldner, CEO Recovery Effort, Inc.