# POLLOCK | COHEN LLP

60 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004
(212) 337-5361

*CONTACT:*
Max Rodriguez
Max@PollockCohen.com
(646) 290-7509

March 31, 2021

**VIA ECF**

Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, NY 10004

> Re:   *In re Orly Genger*, Chapter 7 Case No. 19-13895

Dear Judge Garrity:

We represent the Orly Genger 1993 Trust, by Michael Oldner, trustee (the "Orly Trust") in the above-referenced bankruptcy. I write in response to Mr. Bowen's letter (ECF no. 392) regarding Mr. Oldner's March 25, 2021 deposition.

On March 5, 2021, this Court provided an additional two hours to depose Mr. Oldner. In defining the contours of this additional deposition time, the Court explained that the subject matter was "strictly" limited to the motion to dismiss:

> THE COURT: … I'm going to allow two hours more time to depose Mr. Oldner. **The subject matter is strictly the motion to dismiss.** There are the two matters going forward, but as far as the motion to settle and the motion to transfer and all the -- and to sell the claims, there's no indication that Mr. Oldner has any insight as to the wisdom and the basis for that. I think I had said it before and I'll say it again: as for the merits of the various claims that the trustee seeks authorization to transfer, that is not for this deposition.

Transcript, Mar. 5, 2021, at 7:20–8:4 (emphasis added). The Court also laid out the manner in which the parties deposing Mr. Oldner could preserve the opportunity to raise with the Court any questions whose relevance was disputed:

> THE COURT: What you could -- what you can do is this. **You can note the question. And then, when you get to the end of the questions, right, and you save however many minutes you think the answers to the open questions will take**, then you can call chambers. You can send us a text, let us know that there are issues, and say, look. We'd like to call chambers at whatever time. I'll hear the question. I'll rule on it.

Hon. James L. Garrity, Jr.
March 31, 2021
Page 2 of 4

Transcript, Mar. 5, 2021, at 9:12–18 (emphasis added).

Despite the Court's clear instructions on the matter, Mr. Bowen now raises with the Court 17 questions[1] he asked that were far outside the scope of the deposition and at least 13 repetitive, badgering questions[2] that Mr. Herschmann asked about the previous motion to dismiss or transfer (filed in Texas). Mr. Bowen now seeks a third bite at the apple, asking this Court to permit yet more questioning of Mr. Oldner. But permitting any further questioning of Mr. Oldner pertaining to the motion to dismiss would not be appropriate for two principal reasons.[3]

*First*, questions posed by Mr. Bowen concerning Mr. Oldner's execution, on behalf of the Orly Trust, of certain releases, how those releases implicate Mr. Oldner's fiduciary duty to the Orly Trust, and whether Mr. Oldner understands his fiduciary duty to the Orly Trust, are not

---

[1] *See* Deposition Transcript of Michael Oldner, Mar. 25, 2021 ("Oldner Tr.") at 485:8–10, 486:5–6, 486:10–11, 486:15, 486:24–487:1, 487:5–6, 487:10–11, 487:18–20, 487:25–488:2, 488:6–8, 488:12–14, 488:18–22, 489:1–6, 489:10–12, 497:2–5.

For this Court's benefit, the transcript of Mr. Oldner's deposition, in which we have highlighted any portions referenced herein, is filed as Exhibit A to this letter.

[2] *See* Oldner Tr. at 508:11–511:7, 512:23–513:6, 514:9–515:4, 515:10–516:1, 516:4–518:9, 518:15–519:4, 520:1–16, 521:1–523:22.

[3] In addition to the two reasons laid out above, as the Court's instructions made clear, the questioning parties were required to preserve time from their allotted two hours which they could use to re-pose any questions to Mr. Oldner to which we objected and instructed him not to answer, should this Court determine they were within the scope of discovery related to the motion to dismiss. Mr. Bowen agreed during colloquy on the record at Mr. Oldner's deposition that the questioning counsel needed to reserve time. Oldner Tr. 501:22–502:1 ("I'd ask [questioning counsel] to be mindful that we need to leave time to both speak to Judge Garrity and to have time on the clock to re-put questions if we're permitted to. We can't use up the whole 25, 30 minutes [remaining].").

As the transcript makes clear, the questioning parties have already used their two hours of deposition time. Although the parties had a less than five-minute discrepancy in their respective time-keeping, when between four and nine minutes of question remained, Mr. Cavaliere still asked an additional nearly six pages of questions, after which Mr. Cavaliere conceded that the questioners were out of time. Oldner Tr. 526:5–8 (noting remaining time when Mr. Cavaliere began); *id.* 531:21–532:8 ("Mr. Pollock: Rocco, given that you're out of time …. Mr. Cavaliere: I'll take you up on that, Adam, just because we're out of time.").

POLLOCK | COHEN LLP

Hon. James L. Garrity, Jr.
March 31, 2021
Page 3 of 4

relevant to the motion to dismiss and thus are outside the scope of the deposition directed by this Court at the March 5 hearing.

As we have previously raised to the Court, the Bankruptcy Trustee has a pending motion to sell claims to Claims Pursuit, Inc. (the Eric Herschmann related entity), including alleged breaches of fiduciary duty by Dalia Genger and Mr. Oldner. (ECF no. 248) During the June 23, 2020 teleconference, Your Honor made clear that now was *not* the time for discovery on the merits of the claims to be sold, and that the present discovery was limited to the pending Motion to Dismiss.[4] Your Honor then repeated that clear limitation on discovery at the March 5, 2021 hearing. *See* Transcript, Mar. 5, 2021, at 8:2–6 ("[A]s for the merits of the various claims that the trustee seeks authorization to transfer, that is not for this deposition…. [I]t doesn't go to the merits of the claim [on motion to dismiss]").

Nevertheless, Mr. Bowen pursued a line of questioning concerning releases executed by Mr. Oldner and their relation to his fiduciary duty as trustee of the Orly Trust that we had already instructed him not to answer at his first deposition as far outside of the scope. *See* ECF no. 372 at 2 (describing questions related to releases and fiduciary duty at first deposition). The questions at Mr. Oldner's deposition last week that Mr. Bowen has raised were nearly identical. *See, e.g.*, Oldner Tr. at 488:18–22 ("Q. Mr. Oldner, you are aware that if your release of these other people constitutes a breach of fiduciary duty to the trust or its beneficiaries that you personally can be liable for having executed these releases"); *id.* at 488:6–8 ("What kind of due diligence, if any, did you do, Mr. Oldner, before you signed the general release of Dalia Genger?").

These questions address Mr. Oldner's alleged substantive liability. They would only become relevant should the Court approve the Bankruptcy Trustee's pending motion to sell claims to Claims Pursuit. They are plainly irrelevant to the motion to dismiss.

*Second*, with regard to questions posed by Mr. Herschmann concerning allegations contained in the Orly Trust's joinder to Sagi Genger's already-decided motion to dismiss or transfer venue of the prior bankruptcy action in the Western District of Texas, Mr. Oldner provided truthful answers, multiple times, to those questions. The answers, repeatedly, were that Mr. Oldner either did not understand what Mr. Herschmann was asking or needed to review the complicated legal document and consult with the counsel who prepared it before answering. *See, e.g.*, Oldner Tr. at 515:21–516:1 ("Q. Well, sir, do you have any factual information about me whatsoever? … A. … I don't know what you're asking. Of course I have – I have factual

---

[4] While there is no transcript of the June 23, 2020 teleconference, our notes indicate that Your Honor stated, "You're not going to take discovery now in case it might become relevant later on." Our notes also indicate that Your Honor directly stated that Mr. Oldner's deposition would be limited to the "motion to dismiss only."

POLLOCK | COHEN LLP

information."); *id.* at 520:14–16 ("Q. What's your basis for that allegation? A. I would have to discuss that with [attorney] Jay Ong to be able to answer the question.").

That Mr. Herschmann was unsatisfied with Mr. Oldner's answers to his badgering questions, demanding explanation of a complex legal brief his attorney prepared for him a year and a half ago, does not make them nonresponsive.

Furthermore, these questions are outside the scope of the current motion to dismiss. Any representations made in the Orly Trust's brief were considered and ruled on by the Texas court when it decided to transfer the action, dismissing without prejudice the motion to dismiss. As Mr. Oldner testified, the Orly Trust has not taken any position in Sagi Genger's amended motion to dismiss in this action. Oldner Tr. 414:16–17 ("A. The Trust is not taking a position on the [current] Motion to Dismiss.").

\*     \*     \*

Thank you for Your Honor's consideration in this matter.

Respectfully,

/s/ Max Rodriguez

Max Rodriguez

POLLOCK | COHEN LLP