# GLENN AGRE BERGMAN & FUENTES LLP

**Michael Paul Bowen**
mbowen@glennagre.com
55 Hudson Yards, 20th Floor
New York, NY 10001
o: (212) 358-5600
m: (914) 319-1827

May 21, 2021

<u>Via ECF</u>
Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, New York 10004

    Re:    <u>In re Orly Genger, Ch. 7, Case No. 19-13895</u>

Your Honor:

    On behalf of Debtor, we request that the Court direct Paul Labov, as counsel for creditor Dalia Genger, to identify which documents in the "joint" Sagi/Dalia production are hers by producing those documents directly to us.

    For some unexplained reason Dalia produced responsive documents, not to Debtor and other requesting parties, but to Sagi, allowing him to decide what to produce and what to withhold and to co-mingle their responsive documents. Then, Sagi produced documents with a bates prefix of "Sagi-Dalia," which makes it impossible to determine which party produced and is in possession of which document.

    We tried not to involve the Court in this discovery request, since this is usually the kind of thing counsel work out among themselves, especially in view of Rule 34 of the federal rules which states that the producing "party must produce documents as they are kept in the usual course of business." Fed. R. Civ. P. 34(b). But Mr. Labov refused. He gave no reason. He initially said that which documents are Dalia's is "[s]elf evident on the face of the document." While it may be "self-evident" to him, it is not to anyone else. He then contradicted himself saying that he kept no record of what documents were provided from Dalia to Sagi's counsel to be included in the "joint" production and therefore "has nothing to add" – which suggests even he can't tell which is which. (These quotes are from Mr. Labov's May 4 and May 12 emails to me.)

GLENN AGRE BERGMAN & FUENTES LLP

Hon. James L. Garrity, Jr.
May 21, 2021
Page 2 of 2

  It should go without saying that a producing party is legally obligated to maintain and preserve evidence and Mr. Labov should have kept a copy-set of whatever he sent to Sagi's counsel. He must now re-compile the Dalia production and produce it directly to us. We ask the Court to order him to do so.

  Lastly, while someone (either Sagi or Dalia) produced a few redacted Dalia bank account statements showing only financial transactions between the two of them, we requested but did not receive Dalia's last will and other estate planning documents transferring her funds and wealth back to Sagi. We ask that this be ordered produced as well.

           Respectfully submitted,

           /s *Michael Paul Bowen*

cc: All Counsel (via ECF)