Second, the next forty-five million Dollars ($45,000,000.00) in the aggregate from all Realization Events shall be paid to the Stockholders, as they determine;

Third, the next thirty million Dollars ($30,000,000.00) in the aggregate from all Realization Events shall be paid fifteen percent (15%) to the Lender and eight-five percent (85%) to the Stockholders, as they determine; and

Fourth, the balance shall be paid ten percent (10%) to the Lender and ninety percent (90%) to the Stockholders, as they determine.

For the avoidance of doubt, the Borrower shall be obligated to pay the Lender the amounts determined pursuant to sub-paragraphs First, Third and Fourth above, regardless of the proportion of proceeds received by the Borrower and the Trust upon the occurrence of a Realization Event.

The parties hereto shall work together in good faith to cause the Trust to become a co-obligor under this Agreement. If the Trust consents to become a party to this Agreement on terms reasonably acceptable to the Lender and the Borrower, the Lender hereby agrees that it shall initially look to the Trust to pay its portion (determined by its respective interest in the proceeds of the Realization Event) of payments due to the Lender under sub-paragraphs Third and Fourth above. If the Trust defaults on its obligations to pay the Lender under sub-paragraphs Third and Fourth above and the Borrower pays in full its Obligations under sub-paragraph First above and its proportionate share of the Obligations under sub-paragraphs Third and Fourth above, the Lender agrees to conditionally waive the Default by the Borrower for the non-payment by the Trust of its proportionate share of the Obligations under sub-paragraphs Third and Fourth above; provided, however, the Borrower (i) must use commercially reasonable efforts to assist the Lender, at the Borrower's expense, to collect from the Trust the payments due to the Lender, and (ii) shall be obligated to pay the Lender all amounts due pursuant to sub-paragraphs Third and Fourth above (less any amounts paid by the Trust) if (y) the Trust fails to pay such amounts owed to the Lender within one (1) year of the Realization Event, and (z) the Lender has provided the Borrower with a thirty (30) day written notice of demand for payment. The Borrower hereby unconditionally guarantees to the Lender the prompt payment when due and performance of the Obligations of the Borrower under clause (ii) hereof.

2.06. **Optional Prepayments**. The Borrower may, at its option, at any time or from time to time, prepay the Loans, in whole or in part, on any Business Day; provided, however, the Borrower shall remain responsible for the payment of Additional Consideration.

2.07. **Manner of Payment**. Except as otherwise expressly provided, the Borrower shall make each payment under the Loan Documents to the Lender in Dollars and in immediately available funds, without any deduction whatsoever, to an account the Lender designates by notice to the Borrower.

2.08. **Note, Etc.** At the request of the Lender, the Loans shall be evidenced by one Note. The Lender is hereby irrevocably authorized to record on the schedule attached to its Note (or a continuation thereof) the information contemplated by such schedule. The Lender shall deliver to the Borrower on a quarterly basis a copy of an updated schedule to the Note. The failure to record, or any error in recording, any information contemplated by the schedule to the Note or the failure to deliver to the Borrower a copy of the updated schedule to the Note, shall not, however, affect the

NY 71756529v16
CONFIDENTIAL                                                                                                                    BROSER_19-13985_E_000664

obligations of the Borrower hereunder or under the Note to repay the principal amount of the Loans evidenced thereby, together with all interest accrued thereon. All such notations shall constitute conclusive evidence of the accuracy of the information so recorded, in the absence of manifest error.

## ARTICLE III

## CONDITIONS TO LOANS

The obligation of the Lender to make the Loan on each Funding Date shall be subject to the following conditions precedent:

3.01. **Notice and Approval of Borrowing**. The Borrower shall have delivered to the Lender a Notice of Borrowing as and when required pursuant to Section 2.01(b).

3.02. **Representations and Warranties**. All of the representations and warranties of the Borrower contained in the Loan Documents shall be true and correct in all material respects on and as of such Funding Date as though made on and as of that date (except to the extent that such representations and warranties expressly were made only as of a specific date, in which case they shall be true and correct as of such date).

3.03. **No Default**. No Default or Event of Default shall exist or result from the making of such Loan.

3.04. **Satisfaction of Conditions**. Delivery of a Notice of Borrowing for the borrowing of such Loan shall constitute a representation and warranty by the Borrower as of the date of delivery and the applicable Funding Date that the conditions contained in Sections 3.02 and 3.03 have been satisfied.

## ARTICLE IV

## REPRESENTATIONS AND WARRANTIES

The Borrower represents and warrants to the Lender as follows:

4.01. **Authority; Execution**. The Borrower has full legal right, power and authority, and all approvals required by Applicable Law, to enter into the Loan Documents and to perform all of its Obligations. The Loan Documents have been duly executed and delivered by the Borrower and constitute a legal, valid and binding obligation of the Borrower and its respective heirs, successors and assigns, enforceable in accordance with its terms.

4.02. **No Conflict**. The execution, delivery and performance by the Borrower of each Loan Document to which he is or will be a party, and the consummation of the transactions contemplated thereby, do not, except for the Stockholder Agreement and consents that have been obtained and are in full force and effect, violate, conflict with, result in a breach of, or constitute (or, with the giving of notice or lapse of time or both, would constitute) a default under, or require the approval or consent of any Person pursuant to, any contractual obligation of the Borrower, or violate any Applicable Law binding on the Borrower.

7

4.03. **Solvency**. The Borrower is solvent after giving effect to any Loan then being requested.

## ARTICLE V

## COVENANTS OF THE BORROWER

So long as the Line of Credit is in effect or any Obligations remain unpaid or have not been performed in full:

5.01. **Lawsuits**. The Borrower shall keep the Lender reasonably well-informed on the status of the Lawsuits, from time to time as any material change or event occurs, and upon the request of Lender.

5.02. **Liens**. Subject to the Lawsuits and the Stockholder Agreement, the Borrower shall not, directly or indirectly, create, incur, assume or permit to exist any Lien on or with respect to the Capital Stock.

5.03. **Further Instruments**. The Borrower shall execute, deliver and acknowledge from time to time at the request of the Lender, and without further consideration, all such further instruments and documents as may be required in order to give effect to the Loan Documents.

## ARTICLE VI

## EVENTS OF DEFAULT

6.01. **Events of Default**. The occurrence of any one or more of the following events, acts or occurrences shall constitute an event of default (each an "**Event of Default**"):

(a) **Failure to Make Payments**. The Borrower (i) shall fail to pay as and when due (whether at stated maturity, upon acceleration, upon required prepayment or otherwise) any principal of any Loan or any Additional Consideration, including any amounts payable pursuant to clause (ii) of Section 2.05(b) hereof, or (ii) shall fail to pay any interest, fees or other amounts payable under the Loan Documents within three Business Days of the date when due under the Loan Documents; or

(b) **Defaults Under Loan Documents**. The Borrower shall fail to perform, comply with or observe any agreement, covenant or obligation under any provision of any Loan Document; or

(c) **Breach of Warranty**. Any representation or warranty or certification made or furnished by the Borrower under any Loan Document shall prove to have been false or incorrect in any material respect when made (or deemed made); or

(d) **Involuntary or Voluntary Bankruptcy; Appointment of Receiver, Etc.** There shall be commenced by or against the Borrower a voluntary or involuntary case under the Bankruptcy Code or any similar proceeding under any other Applicable Law; or the Borrower shall file a petition, answer a complaint or otherwise institute any proceeding seeking, or shall consent to or acquiesce in the appointment of, a receiver, liquidator, sequestrator, custodian, trustee or other

NY 71756529v16

CONFIDENTIAL                                                                                                    BROSER_19-13985_E_000666