# EXHIBIT 8

CONFIDENTIAL

## FIRST AMENDMENT TO CREDIT AGREEMENT

THIS FIRST AMENDMENT TO CREDIT AGREEMENT ("Amendment") dated as of _March 3d_, 2012, by and between Arie Genger, an individual at c/o RDA Ventures, LLC, 104 West 40th Street, 19th Floor, New York, New York 10018 as the borrower (the "Borrower"), and ADBG LLC, a Delaware Limited Liability Company, as the lender (the "Lender").

This Amendment shall be deemed to be a part of and subject to that certain Credit Agreement dated as of September 19, 2008, as it may be amended from time to time, and any and all addenda and riders thereto (collectively the "Agreement"). Unless otherwise defined herein, all terms used in this Amendment shall have the same meanings as in the Agreement. To the extent that any of the terms or provisions of this Amendment conflict with those contained in the Agreement, the terms and provisions contained herein shall control.

### PRELIMINARY STATEMENTS

WHEREAS, in order to continue to pay legal fees and expenses incurred by the Borrower related to the lawsuits brought in New York in the United States District Court for the Southern District of New York by Glenclova Investment Co. entitled <u>Glenclova Investment Co. v. Trans-Resources, Inc. and TPR Investment Associates Inc.</u>, Index No. 08 CV. 7140 and by Borrower in New York in the New York State Supreme Court, New York County entitled <u>Arie Genger and Orly Genger v. Sagi Genger, TPR Investment Associates, Inc., Dalia Genger, The Sagi Genger 1993 Trust, Rochelle Fang, Glenclova Investment Company, TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, Jules Trump, Eddie Trump, Mark Hirsch and Trans-Resources, Inc.</u> Index No. 651089/2010 (collectively, the "<u>Lawsuits</u>") and to fund other related lawsuits, expenses or obligations, the Borrower has requested the Lender to increase the loan by the principal amount of three million dollars ($3,000,000.00) effective January 1, 2012, as described herein;

WHEREAS, the Borrower acknowledges that the outstanding loan under the Agreement as of December 31, 2011 is fifteen million one hundred and sixty-eight thousand three hundred and eighty-three dollars and 88/00 cents ($15,168,383.88) of principal and two million seven hundred and twenty-five thousand and thirty-eight dollars and 58/00 cents ($2,725,038.58) of interest for a total balance due of seventeen million eight hundred and ninety-three thousand four hundred and twenty-two dollars and 46/00 cents ($17,893,422.46);

WHEREAS, the Borrower and the Lender mutually desire to modify the Agreement;

WHEREAS, the Lender has been provided with access to all pleadings in the Lawsuits and all other documents it has requested;

WHEREAS, the Lender is willing to provide the loan on the terms and conditions set forth herein.

CONFIDENTIAL                                                                                           BROSER_19-13985_E_000368

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the parties hereto hereby agree that:

1. **Amendment to Agreement.** The Agreement shall be amended as follows:

    (a)    Section 2.01(a) of the Agreement shall be deleted in its entirety and replaced by the following:

    a.    **Term Loans.** The Lender agrees, upon the terms and subject to the conditions set forth in this Agreement, to make one or more term loans (each, a "**Loan**") to the Borrower from and after the Closing Date and on or before the Maturity Date, in an aggregate principal amount not to exceed at any time eighteen million one hundred and sixty-eight thousand three hundred and eighty-three dollars and 88/00 cents ($18,168,383.88) (such Lender's commitment under this Agreement, the "**Commitment**"). The Commitment may be terminated by the Lender, in whole or in part, at any time after a settlement of, or the entry of a final, non-appealable judgment in, both of the Lawsuits.

    (b)    Section 2.05(b) of the Agreement shall be deleted in its entirety and replaced by the following:

    b.    **Mandatory Prepayment.** If on any date the Borrower and/or the Trust shall receive proceeds from any Realization Event, the Borrower agrees that any proceeds from such Realization Event, whether or not there are any amounts outstanding under the Note, shall be distributed on a cumulative aggregate basis as follows (such proceeds shall be distributed on each Realization Event):

    **First**, to pay any and all outstanding fees and disbursements of attorneys of record in the Lawsuits and related lawsuits;

    **Second**, to the Lender for the payment of principal and interest due and owing under the Note, including the unreimbursed expenses of the Lender described in Section 7.01;

    **Third**, to the Stockholders an amount equal to the above payment to the Lender;

    **Fourth**, to pay any and all bonus/contingency fees due attorneys; and

    **Fifth**, the balance shall be paid thirty percent (30%) to the Lender and seventy percent (70%) to the Stockholders, as they determine.

For the avoidance of doubt, the Borrower shall be obligated to pay the Lender the amounts determined pursuant to sub-paragraphs Second, and Fifth above, regardless of the proportion of proceeds received by the Borrower and the Trust upon the occurrence of a Realization Event.

The parties hereto shall work together in good faith to cause the Trust to become a co-obligor under this Agreement. If the Trust consents to become a party to this Agreement on terms reasonably acceptable to the Lender and the Borrower, the Lender hereby agrees that it shall initially look to the Trust to pay its portion (determined by its respective interest in the proceeds of the Realization Event) of payments due to the Lender under sub-paragraph Fifth above. If the Trust defaults on its obligations to pay the Lender under sub-paragraph Fifth above and the Borrower pays in full its Obligations under sub-paragraph Second above and its proportionate share of the Obligations under sub-paragraph Fifth above, the Lender agrees to conditionally waive the Default by the Borrower for the non-payment by the Trust of its proportionate share of the Obligations under sub-paragraph Fifth above; provided, however, the Borrower (i) must use commercially reasonable efforts to assist the Lender, at the Borrower's expense, to collect from the Trust payments due to the Lender, and (ii) shall be obligated to pay the Lender all amounts due pursuant to sub-paragraph Fifth above (less any amounts paid by the Trust) if (y) the Trust fails to pay such amounts owed to the Lender within one (1) year of the Realization Event, and (z) the Lender has provided the Borrower with a thirty (30) day written notice of demand for payment. The Borrower hereby unconditionally guarantees to the Lender the prompt payment when due and performance of the Obligations of the Borrower under clause (ii) hereof.

2.  **Confirmation of Other Terms and Conditions of the Agreement.** Except as specifically provided in this Amendment, all other terms, conditions and covenants of the Agreement unaffected by this Amendment shall remain unchanged and shall continue in full force and effect and the Borrower hereby covenants and agrees to perform and observe all terms, covenants and agreements provided for in the Agreement, as hereby amended.

3.  **Governing Law.** This Amendment shall be governed and construed in accordance with the laws of the State of New York without regard to its conflict of law provisions.

4.  **Counterparts.** This Amendment may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

[Remainder of Page Intentionally Blank]

3

IN WITNESS WHEREOF, this Amendment has been executed by the parties hereto as of the date first hereinabove written.

BORROWER:

_____
Arie Genger

LENDER:
ADBG LLC

By: _____
Name: David Broser
Title: Authorized Person

4