# EXHIBIT 11

```
     E4TATPRAps
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   TPR INVESTMENT ASSOCIATES, INC.,
 4
                  Plaintiff,
 5
             v.                           13-cv-8243 (JFK)
 6
     PEDOWITZ & MEISTER LLP,
 7   as escrow agent,
     et al.,
 8
                  Defendants.
 9
     ------------------------------x
10
                                          New York, N.Y.
11                                        April 29, 2014
                                          3:00 p.m.
12
13   Before:
14                    HON. JOHN F. KEENAN
15                                        District Judge
16
                          APPEARANCES
17
     MORGAN, LEWIS & BOCKIUS, LLP
18        Attorneys for Plaintiff
     BY:  JOHN DELLAPORTAS, ESQ.
19        MARY C. PENNISI, ESQ.
20   ZEICHNER, ELLMAN & KRAUSE, LLP
          Attorneys for Defendant Orly Genger
21   BY:  YOAV M. GRIVER, ESQ.
          BRYAN LEINBACH, ESQ.
22
     PEDOWITZ & MEISTER, LLP
23        Defendant Pro Se
     BY:  ROBERT A. MEISTER, ESQ.
24
     JUDITH BACHMAN, ESQ.
25        Attorney for Defendant Dalia Genger
```

1  They responded, no, we object.  That's Exhibit D to their
2  papers.
3             When you get a written letter --
4             THE COURT:  All right.  Come on.
5             DELLAPORTAS:  Yes.  When you get a written request and
6  you have an objection --
7             THE COURT:  Thank you.  Save your time for rebuttal.
8             DELLAPORTAS:  -- the only way for the escrow agent to
9  release the funds is by order of the court.  So at this point
10 we need an order of some court, and we believe this court is
11 the correct court.  Thank you, your Honor.
12            THE COURT:  Thank you.
13            All right.  Now, who is going to argue here on behalf
14 of Pedowitz & Meister?
15            MR. MEISTER:  I would, your Honor, but I think it may
16 make sense that Ms. Bachman argue briefly on behalf of
17 Ms. Genger.
18            THE COURT:  All right.
19            MS. BACHMAN:  Good afternoon, your Honor.
20            THE COURT:  Good afternoon.
21            MS. BACHMAN:  I do not believe I'll need any time for
22 rebuttal because I'll be very brief.
23            As I understand it, Ms. Genger's crossclaim,
24 counterclaim here was pursuant to the settlement agreement that
25 the parties have made that the Orly Trust was entitled to the

1 proceeds, which are currently being held in escrow.  As this
2 Court is aware from the numerous papers that have been filed,
3 Justice Jaffe tells us that settlement agreement was either
4 void or voidable, and subsequently on appeal to the First
5 Department, the First Department affirmed that decision.
6       Accordingly, it seems that the logic behind
7 Ms. Genger's claims is now in jeopardy and therefore we don't
8 object if this Court would direct that the escrow be given to
9 TPR.  TPR has represented to the Court and there is an oral
10 understanding, to my knowledge, that if on further appeal of
11 the First Department decision the settlement agreement is
12 deemed to be valid, then TPR will act in accordance with the
13 settlement agreement and return the money to the trust.
14       THE COURT:  Let me ask you this question.  You
15 represent Dalia now, right?
16       MS. BACHMAN:  That is correct, your Honor.
17       THE COURT:  Personally, right?
18       MS. BACHMAN:  As the trust -- her role here, I
19 believe, is as the trustee of the trust.
20       THE COURT:  Well, how can she do both?  She is the
21 trustee for the Orly Trust.  Right?
22       MS. BACHMAN:  That is correct.
23       THE COURT:  And as I read Chancellor Strine's -- now
24 he's chief justice down there, chief judge.  As I read his
25 remarks, he kept suggesting that she no longer should be