# EXHIBIT 15

```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
 2

 3   -------------------------------------X
                                         :
 4   SAGI GENGER,                        :   17-CV-8181 (VSB)(DCF)
                                         :
 5                      Plaintiff,       :
                                         :
 6              v.                       :
                                         :   500 Pearl Street
 7   ORLY GENGER,                        :   New York, New York
                                         :
 8                      Defendant.       :   January 8, 2019
     -------------------------------------X
 9

10            TRANSCRIPT OF CIVIL CAUSE FOR HEARING
              BEFORE THE HONORABLE DEBRA C. FREEMAN
11                UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13
     For the Plaintiff:        JOHN DELLAPORTAS, ESQ.
14                             Kelley Drye & Warren, LLP
                               101 Park Avenue
15                             New York, New York 10178

16
     For the Defendant:        MICHAEL BOWEN, ESQ.
17                             ERIC HERSCHMANN, ESQ.
                               ANDREW KURLAND, ESQ.
18                             Kasowitz, Benson, Torres LLP
                               1633 Broadway
19                             New York, New York 10019

20

21   Court Transcriber:        SHARI RIEMER, CET-805
                               TypeWrite Word Processing Service
22                             211 N. Milton Road
                               Saratoga Springs, New York 12866
23

24                             APPEARANCES CONTINUED ON NEXT PAGE.

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

```
 1                      UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2

 3      APPEARANCES CONTINUED:

 4      For Himself and
        Steven Spolansky:        LANCE HARRIS, ESQ.
 5                               Stein & Harris
                                 1211 Avenue of The Americas
 6                               Floor 40
                                 New York, New York 10036
 7
        For Raines & Fischer:    DANIEL LUST, ESQ.
 8                               Goldberg Segalla
                                 101 Park Avenue
 9                               New York, New York 10178

10      For David Broser:        MITCHELL GOLDBERG, ESQ.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

66

1   in front of us, and that Arie then whatever he gets, he

2   pledged to Mr. Herschmann.

3            So all of this ends up going -- it forms a perfect

4   circle whereby Orly's assets end up, as long as they're

5   married I assume, be used for the benefit of Orly.  So this is

6   something we definitely need to explore in discovery.  It may

7   be in the accountants.  We have other subpoenas that are

8   before Your Honor as well where we're seeking to vet this, but

9   that's why it's relevant.  Thank you, Your Honor.

10           MR. HERSCHMANN:  Can I respond, Your Honor?  Eric

11  Herschmann.  And this is exactly the point I'm talking about.

12  The issue of what's debt, whether Orly had a mortgage or

13  whether she was lent money subsequent to a 2014 judgment,

14  right, and it's UCC filed, which is what a secured creditor

15  does when they lend money, that's irrelevant.  It's totally

16  irrelevant to judgment enforcement.

17           What he's trying to say is if there's a -- if I go

18  exercise my judgment and if an asset has a lien on it, there's

19  a mortgage on a property, I'm entitled to understand the

20  mortgage and everything else to see whether or not I can get

21  ahead of the mortgage.  That's not what you do in judgment

22  enforcement.  You're checking on what the debtor has, right.

23  But if there's a lien that's been public filed, that's what's

24  happened.

25           The reality of what money got lent and who lent the

67

1   money and how it was done, that's not relevant to his judgment

2   enforcement.  What he's trying to say is it may be that I

3   think your loans or whatever are fraudulent.  He can suppose

4   that, but he'll have no basis for saying it.  And I think the

5   issue, and that's why, Your Honor, the focus should be on what

6   assets she has.

7           If she owes $100 million or $10 million and that

8   money is owed into a secured creditor and Sagi is an unsecured

9   creditor -- and as Mr. Dellaportas well knows that if this

10  judgment is upheld on appeal, that Orly will file for

11  bankruptcy.  That has been made clear.  There is no dispute

12  about that fact, right.  I don't think Sagi Genger disputes

13  it, Orly Genger has said it under oath.  It has been -- it

14  becomes abundantly clear that's what will transpire.

15          But he's here to pursue assets of Orly or debts that

16  are due and owing to Orly, not what she owes to other parties.

17          THE COURT:  First of all, I don't know what the

18  documents are.  I don't even know -- I'm going to direct this

19  to Mr. Lust -- I don't even know if they're severable.  I

20  don't even know if there are documents that would be produced

21  with respect to debts owed to where you could carve out

22  information about debts owed by without having to be, you

23  know, redacting a document.  There may be a net worth

24  statement or something that has, you know, more than one

25  column in it.

149

1      I certify that the foregoing is a court transcript from

2   an electronic sound recording of the proceedings in the above-

3   entitled matter.

4

5   _____

6                    Shari Riemer, CET-805

7   Dated:   January 22, 2019