# EXHIBIT 28

**ELECTRONICALLY RECORDED**                      2018154120
                                    TRV        5        PGS

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

# DEED OF TRUST

Date:                       September 17, 2018

Grantor:                    Orly Genger

Grantor's
Mailing Address:            210 Lavaca Street, Unit 1903
                            Austin, Travis County, Texas 78701

Trustee:                    Aimee Current

Trustee's
Mailing Address:            489 Cape May St
                            Englewood, NJ 07631

Beneficiary:                Eric Herschmann

Beneficiary's
Mailing Address:            210 Lavaca Street, Unit 1903
                            Austin, Travis County, Texas 78701

Note(s)
    Date:                   December 30, 2016

    Amount:                 $2,000,000.00

    Maker:                  Orly Genger and Arie Genger

    Payee:                  Eric Herschmann

    Final Maturity
    Date:                   As set forth in the Note

Property (including any improvements): A Fifty Percent (50%) undivided interest in and to Residential Unit No. 1903 of BLOCK 21 CONDOMINIUMS, a condominium project in Travis County, Texas, according to the Declaration of Condominium Regime for Block 21 Condominiums, recorded under Document No. 2010182736, Official Public Records of Travis County, Texas, as amended by the First Amendment to Declaration of Condominium Regime for Block 21 Condominiums, recorded under Document No. 2011020755, Official Public Records of Travis County, Texas, together with an undivided interest in the common elements and being located within the Residential Master Unit of Block 21 Master Condominiums, a condominium project in Travis County, Texas, according to the Declaration of Condominium Regime for Block 21 Master Condominiums, recorded under Document No. 2010182735, Official Public Records of Travis County, Texas, <u>SAVE AND EXCEPT AND RETAINED BY GRANTOR</u>: (i) all appurtenant rights to Storage Space Nos. S257, S258 and S259, as created in the Assignment of Storage recorded under Document No. 2011022353, Official Public Records of Travis County, Texas; (ii) all appurtenant rights to Parking Space Nos. P2106, P2107 and P2108, as created in the Assignment of

{W0835936.1}                              1

Parking recorded under Document No. 2011022351, Official Public Records of Travis County, Texas; and (iii) all appurtenant rights to Parking Space No. P2033, as created in the Assignment of Parking recorded under Document No. 2011066545, Official Public Records of Travis County, Texas, and the Transfer and Reassignment of Parking Space(s) recorded under Document No. 2013182974, Official Public Records of Travis County, Texas.

Prior Lien(s) (including recording information): None

Other Exceptions to Conveyance and Warranty: None

To and only to the extent that it is determined that homestead protection has been waived by Grantor and by Grantee, which Grantor and Grantee specifically deny, for value received and to secure payment of the note to the extent that this deed of trust is permitted under applicable homestead law, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**Grantor's Obligations**

Grantor agrees to:
1. keep the property in good repair and condition;
2. pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust;
4. maintain, in a form acceptable to Beneficiary, an insurance policy that:
   a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
   b. contains an 80% coinsurance clause;
   c. provides fire and extended coverage, including windstorm coverage;
   d. protects Beneficiary with a standard mortgage clause;
   e. provides flood insurance at any time the property is in a flood hazard area; and
   f. contains such other coverage as Beneficiary may reasonably require;
5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;
7. keep any buildings occupied as required by the insurance policy; and
8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

**Beneficiary's Rights**

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for mature, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.
5. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
   a. declare the unpaid principal balance and earned interest on the note immediately due;
   b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and

    c.    purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

**Trustee's Duties**

If requested by Beneficiary to foreclose this lien, Trustee shall:

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;
2. sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and
3. from the proceeds of the sale, pay, in this order:
    a. expenses of foreclosure, including a commission to Trustee of 5% of the bid;
    b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
    c. any amounts required by law to be paid before payment to Grantor; and
    d. to Grantor, any balance.

**General Provisions**

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.
2. Recitals in any Trustee's deed conveying the property will be presumed to be true.
3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.
4. This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.
5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.
6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.
7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.
8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

9. When the context requires, singular nouns and pronouns include the plural.
10. The term *note* includes all sums secured by this deed of trust.
11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.
12. If Grantor and Maker are not the same person, the term *Grantor* shall include Maker.

**Special Provisions**

1. <u>Due-On-Sale Clause.</u>   Grantor shall be in default under the Note and this Deed of Trust, and Beneficiary shall be entitled to exercise all remedies available to Beneficiary under this Deed of Trust and the Note (including without limitation foreclosure of all liens against the Property) if title to all or any part of the Property shall become vested in any party other than Grantor, whether by operation of law or otherwise. Beneficiary may, in its sole discretion, waive this event of default, but it shall have no obligation to do so, and any waiver may be conditioned upon such one or more of the following which Beneficiary may require: the grantee's integrity, reputation, character, creditworthiness and management ability being satisfactory to Beneficiary in its sole judgment, and grantee executing, prior to such sale or transfer, a written assumption agreement containing such terms as Beneficiary may require, a principal paydown on the Note, an increase in the rate of interest payable under the Note, a transfer fee, and any other modification of the Note and/or this Deed of Trust which Beneficiary may require. If Grantor is a corporation, partnership or other legal entity, or if one or more corporations, partnerships or other legal entities are included within Grantor, or if any corporation, partnership or other legal entity owns or holds any interest, directly or indirectly, in Grantor or in any corporation, partnership or other legal entity included within Grantor (Grantor and each such corporation, partnership and/or other legal entity being referred to herein as a "Grantor Entity"), Grantor shall be in default under the Note and this Deed of Trust immediately upon: (1) the issuance, sale, assignment, pledge, collateral assignment, or other creation, conveyance, transfer or encumbrance of any kind or nature of any interest in any Grantor Entity without the prior written consent of Beneficiary; (2) the withdrawal from any Grantor Entity of any person or entity owning or holding any interest in such Grantor Entity without the prior written consent of Beneficiary; (3) the termination of any interest in any Grantor Entity without the prior written consent of Beneficiary; or (4) the admission of any new interest holder in any Grantor Entity without the prior written consent of Beneficiary.

EXECUTED by the undersigned effective as of the date first above written.

_____
**ORLY GENGER**

Date: September 17, 2018

[ACKNOWLEDGEMENT ON FOLLOWING PAGE]

{W0835936.1}                                            4

State of Israel
Municipality of Tel Aviv-Yafo
Embassy of the
THE STATE OF United States of America §
Branch Office Tel Aviv §
COUNTY OF _____ §

This instrument was acknowledged before me on this 17 day of September, 2018 by Orly Genger.

(SEAL)

_____
Notary Public-State of _____
Munita Lebson
Notarizing Officer

Commission expires:
Indefinite

{W0836064.1}

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

DANA DEBEAUVOIR, COUNTY CLERK
TRAVIS COUNTY, TEXAS
September 28 2018 01:32 PM
FEE: $ 42.00    **2018154120**