# EXHIBIT 33

| From: | Renae Oldner |
|---|---|
| Date: | June 10, 2019 7:47:28 PM (-05) |
| To: | sagigenger@aol.com |
| Subject: | **Fw: Completed Filing for Recovery Effort Inc. - AR** |

Attachments:  Recovery Effort Inc.- Bylaws.docx; Recovery Effort Inc.- FiledDocs.pdf; Recovery Effort Inc.- Minutes.docx; Recovery Effort Inc.-EIN Letter.pdf; Recovery Effort Inc.-IncRes.pdf;

----- Forwarded Message -----
**From:** Sonja Aguayo <saguayo@corpnet.com>
**To:** oldnerrr@sbcglobal.net <oldnerrr@sbcglobal.net>
**Cc:** filings <filings@corpnet.com>; Jesus Molina <jmolina@corpnet.com>
**Sent:** Thursday, June 6, 2019, 4:29:30 PM CDT
**Subject:** Completed Filing for Recovery Effort Inc. - AR

Dear Michael:

Thank you for choosing CorpNet.com as your legal document filing service.

This is a courtesy email to let you know that your business entity for Recovery Effort Inc. has been successfully created and filed as of 06/04/2019 with the state of Arkansas.

Attached for your review and reference are all of your filing documents; for your convenience, your filing documents have also been uploaded to your Business Information Zone (B.I.Z.) account so that you can directly access and download them at any time.

**Please note:** Further actions and other filings may be required by your state and federal offices.  Additionally, the formation of any business entity may impact your legal rights and duties and may have certain tax implications.

Please let me know if you should have any questions or if I may be of further assistance.

From all of us here at CorpNet.com we thank you for your business and wish you the best of luck in all of your business endeavors. Here's to you and your new business!

Sincerely,


**Sonja Aguayo, Customer Support Specialist**
**Direct: 888-449-2638 Ext. 115 | Fax: 805.449.2639**



31416 Agoura Road Suite 118 Westlake Village, CA 91361

CorpNet.com | Facebook | Twitter | Google+ | B.I.Z. (Free Corporate Compliance Tool)

CorpNet® is a document filing service and CANNOT PROVIDE YOU WITH LEGAL, TAX, OR FINANCIAL ADVICE. For legal or financial information specific to your needs, we strongly urge you to consult with an attorney or CPA licensed in your jurisdiction. By using our sites or services you are agreeing to our Terms and Conditions and Privacy Policy. If you do not wish to be subject to our Terms and Conditions or our Privacy Policy, please stop using our services. Copyright 2008-2019 Corpnet, Incorporated. All rights reserved. CorpNet® is a Trademark of CorpNet, Incorporated.

OGT_00005587

# BYLAWS OF

# RECOVERY EFFORT INC.

# AN ARKANSAS CORPORATION

The form of Minutes, Consents, Bylaws, Agreements and other forms and documents enclosed with this order are offered as a sample only of standard provisions contained in such forms and documents. They do not purport to address the specific requirements of individual transactions or situations. If utilized incorrectly, significant negative tax and business consequences could result. Persons outside the legal profession who intend to utilize any such forms and documents must seek competent legal counsel prior to their use or adaptation thereof for his or her particular requirements.

(c) 2005 - 2019   ALL RIGHTS RESERVED.

OGT_00005588

# BYLAWS OF

# RECOVERY EFFORT INC.

# AN ARKANSAS CORPORATION

OGT_00005589

# TABLE OF CONTENTS

{ SEQ CHAPTER \h \r 1}**ARTICLE I   OFFICES AND AGENTS**
    Section 1. PRINCIPAL EXECUTIVE OFFICE AND REGISTERED OFFICE
    Section 2. OTHER OFFICES
    Section 3. REGISTERED AGENTS AND REGISTERED OFFICES


**ARTICLE II   DIRECTORS - MANAGEMENT**
    Section 1. RESPONSIBILITY OF BOARD OF DIRECTORS
    Section 2. NUMBER AND QUALIFICATION OF DIRECTORS
    Section 3. ELECTION OF, TERM OF, CUMULATIVE VOTING, FOR OFFICE OF
        DIRECTORS
    Section 4. VACANCIES IN THE BOARD
    Section 5. REMOVAL OF DIRECTORS
    Section 6. COMPENSATION OF DIRECTORS
    Section 7. COMMITTEES OF THE BOARD
    Section 8. RESIGNATION OF A DIRECTOR


**ARTICLE III   MEETINGS OF DIRECTORS**
    Section 1. ANNUAL MEETINGS OF DIRECTORS
    Section 2. OTHER REGULAR MEETINGS OF DIRECTORS
    Section 3. NOTICE OF ANNUAL AND OTHER REGULAR MEETINGS OF
        DIRECTORS
    Section 4. SPECIAL MEETINGS OF DIRECTORS AND REQUIRED NOTICES
    Section 5. NOTICE OF ADJOURNMENT OF MEETINGS
    Section 6. WAIVER OR LACK OF NOTICE OF MEETING OF DIRECTORS
    Section 7. DIRECTORS ACTION WITHOUT MEETING
    Section 8. QUORUM FOR MEETINGS OF DIRECTORS
    Section 9. EFFECT IF ONLY A SOLE DIRECTOR IS REQUIRED
    Section 10. ELECTRONIC PARTICIPATION IN MEETINGS OF DIRECTORS


**ARTICLE IV   OFFICERS - MANAGEMENT**
    Section 1. OFFICERS
    Section 2. ELECTION OF OFFICERS
    Section 3. SUBORDINATE OFFICERS
    Section 4. REMOVAL AND RESIGNATION OF OFFICERS
    Section 5. VACANCIES IN AN OFFICE
    Section 6. CHAIRMAN OF THE BOARD
    Section 7. PRESIDENT
    Section 8. VICE PRESIDENT
    Section 9. SECRETARY
    Section 10. CHIEF FINANCIAL OFFICER

OGT_00005590

**ARTICLE V   MEETINGS OF SHAREHOLDERS**
  Section 1. PLACE OF MEETINGS
  Section 2. ANNUAL MEETINGS OF SHAREHOLDERS
  Section 3. SPECIAL MEETINGS OF SHAREHOLDERS
  Section 4. LIST OF SHAREHOLDERS
  Section 5. NOTICE OF MEETINGS OF SHAREHOLDERS
  Section 6. WAIVER OF NOTICE OR CONSENT BY ABSENT SHAREHOLDERS
  Section 7. ALL SHAREHOLDERS ACTING WITHOUT A MEETING
  Section 8. OTHER ACTIONS OF SHAREHOLDERS WITHOUT A MEETING
  Section 9. QUORUM FOR MEETINGS OF SHAREHOLDERS
  Section 10. VOTING BY SHAREHOLDERS
  Section 11. FIXING DATE FOR MEETINGS OF SHAREHOLDERS
  Section 12. PROXIES
  Section 13. ORGANIZATION OF MEETINGS OF SHAREHOLDERS
  Section 14. INSPECTORS OF ELECTION AT MEETINGS


**ARTICLE VI   CERTIFICATES AND TRANSFER OF SHARES**
  Section 1. CERTIFICATES FOR SHARES
  Section 2. TRANSFER ON STOCK LEDGER
  Section 3. TRANSFER AGENTS AND REGISTRARS
  Section 4. RECORD DATE
  Section 5. LEGEND CONDITION
  Section 6. LOST OR DESTROYED CERTIFICATES


**ARTICLE VII   RECORDS – INSPECTION - FILINGS - CHECKS - CONTRACTS - REPORTS.**
  Section 1. RECORDS
  Section 2. INSPECTION OF BOOKS AND RECORDS
  Section 3. ANNUAL FILINGS
  Section 4. CHECKS, DRAFTS, ETC
  Section 5. EXECUTION OF CONTRACTS
  Section 6. FINANCIAL STATEMENTS FOR SHAREHOLDERS


**ARTICLE VIII   AMENDMENTS TO BYLAWS AND CONSTRUCTION**
  Section 1. AMENDMENT OF BYLAWS BY SHAREHOLDERS
  Section 2. AMENDMENT OF BYLAWS BY DIRECTORS
  Section 3. RECORD OF AMENDMENTS
  Section 4. CONSTRUCTION AND INTERPRETATION

OGT_00005591

**ARTICLE IX   <u>MISCELLANEOUS</u>**
     Section 1. CORPORATE SEAL
     Section 2. REPRESENTATION OF SHARES IN OTHERS
     Section 3. INDEMNIFICATION OF OFFICERS AND DIRECTORS
     Section 4. ACCOUNTING YEAR AND ACCOUNTING METHOD
     Section 5. OTHER TAX ELECTIONS
     Section 6. SUBSIDIARY CORPORATIONS

CERTIFICATE OF ADOPTION OF BYLAWS
     BY FIRST DIRECTOR(S)

CERTIFICATE OF SECRETARY OF ADOPTION OF BYLAWS
     BY FIRST DIRECTOR(S)

CERTIFICATE OF SECRETARY OF ADOPTION OF BYLAWS
     BY VOTE OF SHAREHOLDERS

OGT_00005592

**BYLAWS**
**OF**
**RECOVERY EFFORT INC.**

{ SEQ CHAPTER \h \r 1}**ARTICLE I**
<u>**OFFICES AND AGENTS**</u>

*Section 1. PRINCIPAL EXECUTIVE OFFICE AND REGISTERED OFFICE.*

The principal executive office for the transaction of business of the corporation is hereby fixed and located at 801 Pleasant Valley Drive, #16, City of Little Rock, County of Pulaski, State of Arkansas.

The location of the principal executive office may be changed by approval of a majority of the authorized Directors, and additional offices may be established and maintained at such other place or places, either within or without the State of Arkansas, as the Board of Directors may from time to time designate.

*Section 2. OTHER OFFICES.*

Branch or subordinate offices may at any time be established by the Board of Directors at any place or places where the corporation is qualified to do business.

*Section 3.  REGISTERED AGENTS AND REGISTERED OFFICES.*

The corporation shall have and maintain a registered agent and registered office located within the State of Arkansas and within all other states in which it is required by applicable law.

{PAGE }

OGT_00005593

## ARTICLE II
## DIRECTORS - MANAGEMENT

*Section 1. RESPONSIBILITY OF BOARD OF DIRECTORS.*

Subject to the corporation laws of the State of Arkansas (the "Corporation Law") and to the Articles of Incorporation, the business and affairs of the corporation shall be managed and all corporate powers shall be exercised by or under the direction of the Board of Directors. The Board may delegate the management of the day-to-day operation of the business of the corporation to a management company or other person, provided that the business and affairs of the corporation shall be managed and all corporate powers shall be exercised under the ultimate direction of the Board of Directors.

*Section 2. NUMBER AND QUALIFICATION OF DIRECTORS.*

Subject to the Corporation Law and the Articles of Incorporation, the authorized number of Directors shall be one or more individuals until changed by a duly adopted amendment to the Articles of Incorporation if the number is fixed in the Articles of Incorporation or otherwise by an amendment to these Bylaws adopted by the vote or written consent of holders of a majority of the outstanding shares entitled to vote. Each Director shall be a natural person of full age and otherwise need not be a resident of the state of incorporation. A Director need not be a Shareholder unless so required by the Corporation Law or Articles of Incorporation. No reduction of the authorized number of Directors shall have the effect of removing any Director before that Director's term of office expires.

*Section 3. ELECTION OF, TERM OF, CUMULATIVE VOTING, FOR OFFICE OF DIRECTORS.*

Unless otherwise provided in the Articles of Incorporation, Directors are elected by a plurality of the votes cast by the shares entitled to vote in the election at a meeting at which a quorum is present. Shareholders do not have a right to cumulate their votes for Directors unless the Articles of Incorporation so provide. A statement included in the Articles of Incorporation that "all or a designated voting group of Shareholders are entitled to cumulate their votes for Directors," or words of similar import, means that the Shareholders designated are entitled to multiply the number of votes they are entitled to cast by the number of Directors for whom they are entitled to vote and cast the product for a single candidate or distribute the product among two or more candidates.

Shares otherwise entitled to vote cumulatively may not be voted cumulatively at a particular meeting unless:

(a) The meeting notice or proxy statement accompanying the notice states conspicuously that cumulative voting is authorized; or

(b) A Shareholder who has the right to cumulate votes gives notice to the corporation not less than forty-eight (48) hours before the time set for the meeting of the Shareholder's

{PAGE }

OGT_00005594

intent to cumulate that Shareholder's votes during the meeting, and if one (1) Shareholder gives this notice all other Shareholders in the same voting group participating in the election are entitled to cumulate their votes without giving further notice.

### Section 4. VACANCIES IN THE BOARD.

A vacancy or vacancies in the Board of Directors shall be deemed to exist in the event of the death, resignation, or removal of any Director, or if the Board of Directors by resolution declares vacant the office of a Director who has been declared of unsound mind by an order of court or convicted of a felony, or if the authorized number of Directors is increased, or if the Shareholders fail, at any meeting of Shareholders at which any Director or Directors are elected, to elect the number of Directors to be voted for at that meeting.

Unless otherwise limited by the Articles of Incorporation, if a vacancy, including a vacancy resulting from an increase in the number of Directors occurs in a Board, the vacancy may be filled as follows:

(a) The Shareholders may fill the vacancy.
(b) The Board may fill the vacancy.
(c) If the Directors remaining in office constitute fewer than a quorum of the board, they may fill the vacancy by the affirmative vote of a majority of all the Directors remaining in office.

If the vacant office was held by a Director elected by a voting group of Shareholders, only the holders of shares of that voting group are entitled to vote to fill the vacancy if it is filled by the Shareholders. The Shareholders may elect a Director to fill a vacancy not filled by the Directors by the written consent of the Shareholders holding a majority of the outstanding shares entitled to vote or by the vote of a majority of the shares entitled to vote represented at a duly held meeting at which a quorum is present. At any time, the Shareholders may elect a Director or Directors to fill any vacancy or vacancies not filled by the Directors, but any such election by written consent shall require the consent of a majority of the outstanding shares entitled to vote. A vacancy that will occur at a specific later date may be filled before the vacancy occurs but the new Director may not take office until the vacancy occurs.

### Section 5. REMOVAL OF DIRECTORS.

Except as otherwise provided in the Articles of Incorporation or the Corporation Law, the entire Board of Directors or any individual Director may be removed from office with or without cause by the holders of a majority or such larger percentage as required by the Corporation Law of the shares then entitled to vote for the election of Directors provided if a Director is elected by a voting group, only Shareholders of the group may vote to remove and if less than the entire Board is removed, and a Director may not be removed if the number of votes sufficient to elect under cumulative voting votes against removal unless the entire Board is removed.

OGT_00005595

A Director may be removed by the Shareholders only at a meeting called for the purpose of removing such Director and the meeting notice shall state that the purpose, or one (1) of the purposes, of the meeting is removal of the Director.

*Section 6. COMPENSATION OF DIRECTORS.*

Directors, as such, shall not receive any stated salary for their services, but by resolution of the Board a fixed sum and expense of attendance, if any, may be allowed for attendance at each regular and special meeting of the Board; provided that nothing herein contained shall be construed to preclude any Director from serving the corporation in any other capacity and receiving compensation therefor.

*Section 7. COMMITTEES OF THE BOARD.*

Unless the Articles of Incorporation or the Corporation Law provide otherwise, one or more Committees of the Board may be appointed by resolution passed by a majority of the authorized number of Directors of the Board. Committees shall be composed of two (2) or more members of the Board, and shall have such powers of the Board as may be expressly delegated to it by resolution of the Board of Directors, as permitted by the Corporation Law. The Board by resolution adopted by a majority of the entire Board or the number of Directors required by the Articles of Incorporation or these Bylaws to take action if greater than a majority may fill any vacancy in a committee, appoint alternate members, abolish any committee and remove any Director from membership on a Committee.

The provisions of these Bylaws governing meetings of Directors, notices of meeting, waiver of notice, quorum and voting shall apply to meetings of a committee. Any committee, to the extent provided in the resolution of the Board, shall have all the authority of the Board, except with respect to:

    (a) the adoption, amendment, or the approval of any action for which the Corporation Law also requires Shareholders' approval or approval of the outstanding shares or the proposal to Shareholders of any action for which the Corporation Law requires Shareholder approval or approval of the outstanding shares;

    (b) the creation or filling of vacancies on the Board of Directors or any committee of the Board or removal of any Director or officer;

    (c) the fixing of compensation of the Directors for serving on the Board or on any committee;

    (d) the adoption, alteration, amendment or repeal of Bylaws or the adoption of new Bylaws;

    (e) the amendment of the Articles of Incorporation;

    (f) the amendment or repeal of any resolution of the Board of Directors which by its express terms is not so amendable or repealable;

    (g) a distribution to the Shareholders of the corporation; or

    (h) the appointment of any other committees of the Board of Directors or the members of these committees.

OGT_00005596

(i)  the approval of a plan of merger, including a plan of merger not requiring Shareholder approval, or share exchange or conversion of the corporation;

(j)  the authorization or approval of the reacquisition of shares except except according to a formula, a method, or within limits as prescribed by the Board;

(k)  the authorization  or approval of the issuance, sale or contract for the sale of shares or determine rights, preferences or limitations, except within the limits prescribed by the Board.

(l)  proposal for the reduction in stated capital;

(m) the election or removal of any officer or member of any committee;

(n)  the action on matters committed by Bylaw or resolution of the Board exclusively to another committee of the Board.

*Section 8. RESIGNATION OF A DIRECTOR.*

Any Director may resign effective upon giving written notice or by other means permitted under the Corporation Law to the Chairman of the Board, the President, the Board of Directors of the corporation or as otherwise allowed under the Corporation Law, unless the notice specifies a later time for the effectiveness of such resignation. If the resignation is effective at a future time, a successor may be elected to take office when the resignation becomes effective unless there is a decrease in the number of Directors.

OGT_00005597

## ARTICLE III
## MEETINGS OF DIRECTORS

*Section 1. ANNUAL MEETINGS OF DIRECTORS.*

Meetings of the Board of Directors may be called by the Chairman of the Board, or the President, or any Vice President, or the Secretary, or any two (2) Directors and shall be held at the principal executive office of the corporation, unless some other place is designated in the notice of the meeting. Members of the Board may participate in a meeting through use of a conference telephone or similar communications equipment so long as all members participating in such a meeting can simultaneously hear one another. Accurate minutes of any meeting of the Board or any committee thereof, shall be maintained by the Secretary or other officer designated for that purpose.

*Section 2. OTHER REGULAR MEETINGS OF DIRECTORS.*

Regular meetings of the Board of Directors shall be held at the principal executive offices, or such other place as may be designated by the Board of Directors, as follows:

Time of Regular Meeting:
Date of Regular Meeting:

If said day shall fall upon a holiday, such meetings shall be held on the next succeeding business day thereafter.

*Section 3. NOTICE OF ANNUAL AND OTHER REGULAR MEETINGS OF DIRECTORS.*

Unless the Corporation Law or Articles of Incorporation provides otherwise no notice needs to be given of a regular (including annual) meeting of the time and place of the meeting fixed by the Bylaws or the Board of Directors. Unless the Articles or Corporation Law provide otherwise, the notice of a regular (including annual) meeting need not specify the purpose of the meeting.

*Section 4. SPECIAL MEETINGS OF DIRECTORS AND REQUIRED NOTICES.*

Special meetings of the Board may be called at any time by any of the aforesaid officers (i.e., by the Chairman of the Board or the President or any Vice President or the Secretary or any two (2) Directors) unless the Corporation Law or Articles of Incorporation provide for a longer or shorter period at least forty-eight (48) hours before the time called by the meeting. Notice of the time, place and purpose of special meetings shall be delivered personally to the Directors or personally communicated to them by a corporate officer, by telephone or telegraph or by electronic transmission, mail, overnight delivery service, cablegram or other means authorized by the Directors and allowed by the Corporation Law for this purpose.

{PAGE }

OGT_00005598

If the notice of a special meeting is sent to a Director by letter, it shall be addressed to him or her at his or her address as it is shown upon the records of the corporation, or if it is not so shown on such records or is not readily ascertainable, at the place in which the meetings of the Directors are regularly held. In case such notice is mailed, it shall be deposited in the United States mail, postage prepaid, in the place in which the principal executive office of the corporation is located at least four (4) days prior to the time of the holding of the meeting. The mailing, telegraphing, telephoning or delivery as above provided and any other method allowed by the Corporation Law shall be due, legal and personal notice to the Director.

*Section 5. NOTICE OF ADJOURNMENT OF MEETINGS.*

A majority of the Directors present at a meeting, whether or not constituting a quorum, may adjourn the meeting to another time and place. Notice of the time and place of holding an adjourned meeting need not be given to absent Directors if the time and place be fixed at the meeting adjourned and held within any twenty-four (24) hours, but if adjourned more than twenty-four (24) hours, notice shall be given to all Directors not present at the time of the adjournment.

*Section 6. WAIVER OR LACK OF NOTICE OF MEETING OF DIRECTORS.*

If there is any lack of required notice of any meeting of Directors, then the transactions thereof are as valid as if had at a meeting regularly called and noticed provided all of the Directors are present at any Directors' meeting, however called or noticed, or all of the Directors not present sign a written consent to the holding of the meeting or approval of the minutes on the records of such meeting, before or after the time or date of meeting stated in the Notice. The waiver, consent or approval shall be filed with the Secretary of the corporation for filing with the minutes or corporate records. If a Director attends a meeting without notice but without protesting or objecting to the holding of the meeting prior thereto or at its commencement or does not promptly upon his arrival object to the holding of the meeting, the Director shall be treated as present at the meeting and as waiver any notice to him.

*Section 7. DIRECTORS ACTION WITHOUT MEETING*

Unless the Articles of Incorporation or the Corporation Law provide otherwise any action required or permitted to be taken by the Board of Directors may be taken without a meeting and with the same force and effect as if taken by a unanimous vote of Directors, if authorized by a writing setting forth the action taken and signed individually or collectively by all members of the Board. Such consent shall be filed with the regular minutes of the Board or filed with corporate records. The action taken shall be effective on the date the last Director signs the consent unless the consent specifies an earlier or later effective date.

{PAGE }

OGT_00005599

*Section 8. QUORUM FOR MEETINGS OF DIRECTORS.*

Unless the Articles of Incorporation or the Corporation Law provide otherwise, a majority of the total number of Directors if the corporation has a fixed board size or a majority of the number prescribed or if no number is prescribed the number in office if the corporation has a variable-range size board shall be necessary to constitute a quorum for the transaction of business.

Unless the Corporation Law, Articles of Incorporation or Bylaws require a greater number, the action of a majority of the Directors present at any meeting at which there is a quorum, when duly assembled, is valid as a corporate act; provided that a minority of the Directors, in the absence of a quorum, may adjourn from time to time, but may not transact any business. A meeting at which a quorum is initially present may continue to transact business, notwithstanding the withdrawal of Directors, if any action taken is approved by a majority of the required quorum for such meeting.

A Director who is present at a meeting of the Board of Directors when corporate action is taken is deemed to have assented to the action unless: (1) the Director objects at the beginning of the meeting (or promptly upon the Director's arrival) to holding it or transacting business at the meeting; (2) The Director's dissent or abstention from the action taken is entered in the minutes of the meeting; or (3) the Director delivers written notice of the Director's dissent or abstention to the presiding officer of the meeting before its adjournment or to the corporation immediately after adjournment of the meeting. The right of dissent or abstention is not available to a Director who votes in favor of the action taken.

*Section 9. EFFECT IF ONLY A SOLE DIRECTOR IS REQUIRED.*

In the event only one (1) Director is required by the Corporation Law, Bylaws or Articles of Incorporation, any reference herein to notices, waivers, consents, meetings or other actions by a majority or quorum of the Directors shall be deemed to refer to such notice, waiver, etc., by such sole Director, who shall have all the rights and duties and shall be entitled to exercise all of the powers and shall assume all the responsibilities otherwise herein described as given to a Board of Directors.

*Section 10. ELECTRONIC PARTICIPATION IN MEETINGS OF DIRECTORS.*

If authorized by the Board of Directors in its sole discretion unless the Corporation Law, Articles of Incorporation or Bylaws provide otherwise, Directors and proxyholders may participate in a meeting of Directors by means of a telephone conference, electronic video screen communication, electric transmission by and to the corporation or any similar method of electronic communication by which all persons participating in the meeting can hear each other. Participation by such means constitutes presence in person at the meeting.

OGT_00005600

## ARTICLE IV
## OFFICERS - MANAGEMENT

*Section 1. OFFICERS.*

The officers of the corporation shall be a President, a Secretary, and a Chief Financial Officer. The corporation may also have, at the discretion of the Board of Directors, a Chairman of the Board, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers, and such other officers as may be appointed in accordance with the provisions of Section 3 of this Article IV. Any number of offices may be held by the same person except the offices of President and Secretary unless the corporation has only one Shareholder. Only an individual who is eighteen years of age or older may be appointed as an officer. Any natural person may be appointed as an officer. Unless the Articles provide otherwise, none of the officers (other than Chairman of the Board) need be a Director. No person should acknowledge or verify any instrument in more than one capacity.

*Section 2. ELECTION OF OFFICERS.*

The officers of the corporation, except such officers as may be appointed in accordance with the provisions of Section 3 of this Article IV relating to appointment of subordinate officers or Section 5 of this Article IV relating to vacancies, shall be chosen annually by the Board of Directors. Each officer shall hold office until he or she shall resign or shall be removed or otherwise disqualified to serve, or a successor shall be elected and qualified.

*Section 3. SUBORDINATE OFFICERS.*

The Board of Directors may appoint such other officers as the business of the corporation may require, each of whom shall hold office for such period, have such authority and perform such duties as are provided in the Bylaws or as the Board of Directors may from time to time determine.

*Section 4. REMOVAL AND RESIGNATION OF OFFICERS.*

Subject to the rights, if any, of an officer under any contract of employment, any officer may be removed, either with or without cause, by the Board of Directors, at any regular or special meeting to the Board. Any officer may resign at any time by giving written notice to the corporation. Any resignation shall take effect at the date of the receipt of that notice or at any later time specified in that notice; and, unless otherwise specified in that notice, the acceptance of the resignation shall not be necessary to make it effective. Any resignation is without prejudice to the rights, if any, of the corporation under any contract to which the officer is a party.

OGT_00005601

*Section 5. VACANCIES IN AN OFFICE.*

A vacancy in any office because of death, resignation, removal, disqualification or any other cause shall be filled in the manner prescribed in the Bylaws for regular appointments to that office.

*Section 6. CHAIRMAN OF THE BOARD.*

The Chairman of the Board, if such an officer be elected, shall, if present, preside at meetings of the Board of Directors and exercise and perform such other powers and duties as may be from time to time assigned by the Board of Directors or prescribed by the Bylaws. If there is no President, the Chairman of the Board shall in addition be the Chief Executive Officer of the corporation and shall have the powers and duties prescribed in Section 7 of this Article IV.

*Section 7. PRESIDENT.*

Subject to such supervisory powers, if any, as may be given by the Board of Directors to the Chairman of the Board, if there be such an officer. Unless the Articles or resolution of the Board provide otherwise, the President shall be the Chief Executive Officer of the corporation and shall, subject to the control of the Board of Directors, have general supervision, direction and control of the business and officers of the corporation. He or she shall preside at all meetings of the Shareholders and in the absence of the Chairman of the Board, or if there be none, at all meetings of the Board of Directors. The President shall be ex officio a member of all the standing committees, including the Executive Committee, if any, and shall have the general powers and duties of management usually vested in the office of President of a corporation, and shall have such other powers and duties as may be prescribed by the Board of Directors or the Bylaws.

*Section 8. VICE PRESIDENT.*

In the absence or disability of the President, the Vice Presidents, if any, in order of their rank as fixed by the Board of Directors, or if not ranked, the Vice President designated by the Board of Directors, shall perform all the duties of the President, and when so acting shall have all the powers of, and be subject to, all the restrictions upon, the President. The Vice Presidents shall have such other powers and perform such other duties as from time to time may be prescribed for them respectively by the Board of Directors or the Bylaws.

*Section 9. SECRETARY.*

The Secretary shall have the following duties:

(a) Book of Minutes.  The Secretary shall keep, or cause to be kept, a book of minutes at the principal office or such other place as the Board of Directors may order, of all meetings of Directors and Shareholders, with the time and place of holding, whether regular or special, and if special, how authorized, the notice thereof given, the names of those present at Directors' meetings, the number of shares present or represented at Shareholders' meetings and the proceedings thereof.

{PAGE }

OGT_00005602

(b) Record of Shareholders.  The Secretary shall keep, or cause to be kept, at the principal office or at the office of the corporation's transfer agent, a share register, or duplicate share register, showing the names of the Shareholders and their addresses; the number and classes of shares held by each; the number and date of certificates issued for the same; and the number and date of cancellation of every certificate surrendered for cancellation including the maintenance and authentication of records required to be kept under section 1 of Article VII.

(c) Notice of Meetings.  The Secretary shall give, or cause to be given, notice of all the meetings of the Shareholders and of the Board of Directors required by the Bylaws or by law to be given. He or she shall keep the seal of the corporation in safe custody, and shall have such other powers and perform such other duties as may be prescribed by the Board of Directors.

(d) Other Duties. The Secretary shall keep the seal of the corporation, if any, in safe custody. The Secretary shall have the responsibility for preparing minutes of meetings of the Directors and meetings of Shareholders and authenticating records of the corporation. The Secretary shall have such other powers and perform such other duties as prescribed by the Board of Directors.

*Section 10. CHIEF FINANCIAL OFFICER*

The Chief Financial Officer shall keep and maintain, or cause to be kept and maintained in accordance with generally accepted accounting principles, adequate and correct accounts of the properties and business transactions of the corporation, including accounts of its assets, liabilities, receipts, disbursements, gains, losses, capital, earnings (or surplus) and shares. The books of account shall at all reasonable times be open to inspection by any Director. The Chief Financial Officer shall deposit all moneys and other valuables in the name and to the credit of the corporation with such depositaries as may be designated by the Board of Directors. He or she shall disburse the funds of the corporation as may be ordered by the Board of Directors, shall render to the President and Directors, whenever they request it, an account of all of his or her transactions and of the financial condition of the corporation, and shall have such other powers and perform such other duties as may be prescribed by the Board of Directors or the Bylaws.

OGT_00005603

## ARTICLE V
## MEETINGS OF SHAREHOLDERS

*Section 1. PLACE OF MEETINGS.*

Unless otherwise provided in the Corporation Law or Articles of Incorporation, all meetings of the Shareholders shall be held at the principal executive office of the corporation within the State of Arkansas unless some other appropriate and convenient geographical location is designated for that purpose from time to time by a resolution of the Board of Directors.  At least one meeting shall be held in each calendar year for the election of Directors.

*Section 2. ANNUAL MEETINGS OF SHAREHOLDERS.*

The annual meetings of the Shareholders shall be held, each year, at the time and on the day and location following:

Time of Annual Meeting:
Date of Annual Meeting:
Location of Annual Meeting:

If this day shall be a legal holiday, then the meeting shall be held on the next succeeding business day, at the same hour. At the annual meeting, the Shareholders shall elect a Board of Directors, consider reports of the affairs of the corporation and transact such other business as may be properly brought before the meeting.  The initial annual meeting of Shareholders shall be held within fifteen (15) months of the date of the filing of the Articles of Incorporation with the Secretary of State. A record of any vote or other action taken at the meeting shall be kept.

*Section 3. SPECIAL MEETINGS OF SHAREHOLDERS.*

Except to the extent limited in the Corporation Law or Articles of Incorporation   special meetings of the Shareholders may be called at any time by the Board of Directors, the President, and at the signed and dated request of one or more Shareholders holding not less than one-tenth (1/10) of the votes entitled to be cast on any issue proposed to be considered at the special meeting. Special meetings of Shareholders may be held in or out of the state of incorporation at a place fixed by the Board or otherwise at the principal executive office of the corporation.

*Section 4. LIST OF SHAREHOLDERS.*

After the record date for a meeting or adjournment thereof has been fixed, the corporation shall prepare an alphabetized list of names, addresses and number of shares held by each Shareholder, entitled to notice, arranged by voting group, and within each voting group by class or series in each case as reflected in the records of the corporation. Such list shall also be produced and kept open at the time and place of the meeting and shall be subject to the inspection of any Shareholder during the whole time of the meeting.  The original share ledger or transfer book, or a duplicate thereof kept in this State, shall be prima facie evidence as to who are the Shareholders

OGT_00005604

entitled to examine such list or share ledger or transfer book or to vote at any meeting of Shareholders.

*Section 5. NOTICE OF MEETINGS OF SHAREHOLDERS.*

Notice of meetings, annual or special, shall be given in writing date not less than ten (10) nor more than sixty (60) days before the date of the meeting to Shareholders entitled to vote thereat. If a proposal to increase the authorized capital stock or bond indebtedness of the Corporation is to be submitted, then notice shall be given in writing not less than sixty (60) nor more than seventy-five (75) days before the date of the meeting. The notices shall be given by the Secretary or the Assistant Secretary, or if there be no such officer, or in the case of his or her neglect or refusal, by any Director or Shareholder.

The notices shall be given personally or by mail or other means of written communication allowed under the Corporation Law including by personal delivery, first class mail, overnight delivery service, facsimile, E-mail, or other form of electronic transmission and shall be sent to the Shareholder's address appearing on the books of the corporation, or supplied by him or her to the corporation for the purpose of notice, and in the absence thereof, as provided under the Corporation Law.

Notice of any meeting of Shareholders shall specify the place, the day and the hour of meeting, the means, if any, of electronic or remote participation by which a Shareholder may participate and be considered present and eligible to vote, and (1) in case of a special meeting, including an annual meeting at which a proposal to increase the authorized capital stock or bond indebtedness is to be submitted, the general nature of the business to be transacted and no other business may be transacted, or (2) in the case of an annual meeting, those matters which the Board at date of mailing, intends to present for action by Shareholders. At any meetings where Directors are to be elected, notice shall include the names of the nominees, if any, intended at date of notice to be presented by management for election. Notice shall be deemed given at the time it is delivered personally or deposited in the mail or sent by other means of written communication. The officer giving such notice or report shall prepare and file an affidavit or declaration thereof.

When a meeting is adjourned to another time or place, it shall not be necessary, unless the Bylaws require otherwise, to give any notice of the adjourned meeting if the time and place to which the meeting is adjourned are announced at the meeting at which the adjournment is taken, and at the adjourned meeting any business may be transacted that might have been transacted on the original date of the meeting. However, if after the adjournment the Board fixes a new record date for the adjourned meeting, a notice of the adjourned meeting shall be given to each Shareholder of record on the new record date entitled to notice.

*Section 6. WAIVER OF NOTICE OR CONSENT BY ABSENT SHAREHOLDERS.*

A Shareholder may in writing waive any notice of meeting before or after the date of meeting stated in the notice. The transactions of any meeting of Shareholders, however called and noticed, shall be valid as though had at a meeting duly held after regular call and notice, if a quorum be present either in person or by proxy, and if, either before or after the meeting, each of the

{PAGE }

Shareholders entitled to vote, not present in person or by proxy, sign a written waiver of notice, or a consent to the holding of such meeting or an approval of the minutes thereof. All such waivers, consents or approvals shall be filed with the corporate records and made a part of the minutes of the meeting. Attendance at the meeting of Shareholders in person or by proxy shall constitute a waiver of notice of the meeting, unless objection shall be made at the beginning of the meeting to holding the meeting. A Shareholder waives objection to consideration of a particular matter not described in the notice unless the Shareholder objects to consideration of the matter when presented.

### Section 7. ALL SHAREHOLDERS ACTING WITHOUT A MEETING.

Unless otherwise provided in the Articles of Incorporation or the Corporation Law, any action which may be taken at a meeting of the Shareholders, may be taken without a meeting or notice of meeting if authorized by a writing signed by all of the Shareholders entitled to vote at a meeting for such purpose, setting forth the action taken and filed with the Secretary of the corporation for filing with the minutes of proceedings of the Board in the records of the corporation.

### Section 8. OTHER ACTIONS OF SHAREHOLDERS WITHOUT A MEETING.

Action that may be taken at a meeting of Shareholders may be taken without meeting, if the action is taken by all Shareholders entitled to vote on the action. Further, unless otherwise provided in the Corporation Law or the Articles of Incorporation any action which may be taken at any annual or special meeting of Shareholders may be taken without a meeting and without prior notice, if a consent in writing, setting forth the action so taken, signed and dated by the holders of outstanding shares having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted. Action on proposals to increase the capital stock or bond indebtedness of a corporation may only be taken without a meeting of Shareholders if one (1) or more written consents, setting forth the action so taken, shall be signed by all of the Shareholders of the corporation. The signed consents shall be delivered to the corporation as required by the Corporation Law.

Unless the consents of all Shareholders entitled to vote have been solicited in writing,

(1) Notice of any approval by Shareholders without a meeting by less than unanimous written consent shall be given at least ten (10) days before the consummation of the action authorized by such approval, and

(2) Prompt notice shall be given of the taking of any other corporate action approved by Shareholders without a meeting by less than unanimous written consent, to each of those Shareholders entitled to vote who have not consented in writing.

If the Corporation Law requires that notice of proposed action be given to nonvoting Shareholders and the action is to be taken by written consent of the voting shareholders, the corporation must give its nonvoting Shareholders written notice of the proposed action at least ten (10) days before the action is taken. The notice must contain or be accompanied by the same

{PAGE }

OGT_00005606

material that, under this chapter, would have been required to be sent to nonvoting shareholders in a notice of meeting at which the proposed action would have been submitted to the shareholders for action.

Section 9. *QUORUM FOR MEETINGS OF SHAREHOLDERS.*

Unless otherwise required by the Articles of Incorporation or the Corporation Law, the holders of a majority of the shares entitled to vote thereat, that are present in person, or by use of authorized communications equipment or represented by proxy shall constitute a quorum at all meetings of the Shareholders for the transaction of business except as otherwise provided by these Bylaws.

If, however, such majority (or other required greater number) shall not be present or represented at any meeting of the Shareholders, the Shareholders entitled to vote thereat, present in person, or by proxy, shall have the power to adjourn the meeting from time to time, until the requisite amount of voting shares shall be present. At such adjourned meeting at which the requisite amount of voting shares shall be represented, any business may be transacted which might have been transacted at a meeting as originally notified.

Unless the Corporation Law or Articles of Incorporation  provide otherwise, shares entitled to vote as a separate group may take action on a matter at a meeting only if a quorum of those shares exists with respect to that matter.

Once a share is represented for any purpose at a meeting, it is deemed present for quorum purposes for the remainder of the meeting and for any adjournment of that meeting unless a new record date is or must be set for that adjourned meeting.

Section 10. *VOTING BY SHAREHOLDERS.*

Unless otherwise provided in the Articles of Incorporation or the Corporation Law, each Shareholder of record on the day next mentioned shall be entitled to one vote for each share of stock held. The Shareholders may vote by voice or ballot provided their own election for Directors must be by voice only if demanded by any Shareholder before the voting has begun.  Only persons in whose names shares entitled to vote stand on the stock records of the corporation on the day of any meeting of Shareholders, unless some other day be fixed by the Board of Directors for the determination of Shareholders of record, and then on such other day, shall be entitled to vote at such meeting.

Section 11. *FIXING DATE FOR MEETINGS OF SHAREHOLDERS.*

Unless otherwise provided in the Articles of Incorporation or the Corporation Law, the Board of Directors may fix a time in the future not exceeding seventy (70) days preceding the date of any meeting of Shareholders or less than ten (10) days, as a record date for the determination of the Shareholders entitled to notice of and to vote at any such meeting.  In such case, only Shareholders of record on the date so fixed shall be entitled to notice of and to vote at such meeting, as the case may be notwithstanding any transfer of any share on the books of the corporation after

{PAGE }

OGT_00005607

any record date fixed as aforesaid. The Board of Directors may close the books of the corporation against transfers of shares during the whole or any part of such period.

### Section 12. PROXIES.

Every Shareholder entitled to vote, or to execute consents or dissents, may do so, either in person or by written proxy or otherwise executed and transmitted to the corporation in accordance with the provisions of the Articles of Incorporation or Corporation Law. A proxy is valid for a maximum period provided in the Corporation Law unless revoked or a different period is stated therein.

### Section 13. ORGANIZATION OF MEETINGS OF SHAREHOLDERS.

The President, or in the absence of the President, any Vice President, shall call the meeting of Shareholders to order, and shall act as chairman of the meeting. In the absence of the President and all of the Vice Presidents, Shareholders shall appoint a chairman for such meeting. The Secretary of the corporation shall act as Secretary of all meetings of the Shareholders, but in the absence of the Secretary at any meeting of the Shareholders, the presiding officer may appoint any person to act as Secretary of the meeting.

### Section 14. INSPECTORS OF ELECTION AT MEETINGS.

In advance of any meeting of Shareholders or as of the tabulation or written consents of Shareholders without meeting, the Board of Directors may, if they so elect appoint one or more inspectors of election to act at such meeting or any adjournment thereof. If inspectors of election be not so appointed, or if any persons so appointed fail to appear or refuse to act, the chairman of any such meeting shall, make such appointment at the meeting.

These inspectors shall:

(a) determine the number of shares outstanding and the voting power of each share;
(b) determine the shares represented at the meeting and the existence of a quorum;
(c) determine the authenticity, validity, and effect of proxies and ballots;
(d) receive votes, ballots, waivers, releases, or consents;
(e) hear and determine all challenges and questions in any way arising in connection with the right to vote or the vote;
(f) count and tabulate all votes or consents;
(g) determine when the polls shall close;
(h) determine the result and announce the result; and
(i) do any other acts that may be proper to conduct the election or vote with impartiality and fairness to all Shareholders.

If there are three or more inspectors, the act by a majority shall govern.

OGT_00005608

# ARTICLE VI
## CERTIFICATES AND TRANSFER OF SHARES

*Section 1. CERTIFICATES FOR SHARES.*

Certificates for shares shall be of such form and device as the Board of Directors may designate and shall state on the face the name of the corporation, state of incorporation, the name of the record holder of the shares represented thereby; the number of shares represented, class of shares, designation of series; the par value or a statement that the shares are without par value; date of issuance; a statement of the rights, privileges, preferences, restrictions or limitations, if any; a conspicuous statement as to the rights of redemption or conversion, if any; a statement of liens or restrictions upon transfer or voting, if any; whether or not the shares are assessable or, whether assessments are collectible by personal action and any other express terms and the authority of the Board of Directors to determine variation for future series and the authority of the Board to divide shares into classes or series or determine a change to the relative rights, performance and limitations of the class or series.

Each share certificate must bear the corporate seal or its facsimile. All certificates shall be signed in the name of the corporation by two or more officers, the Chairman of the Board or Vice Chairman of the Board or the President or Vice President and by the Chief Financial Officer or an Assistant Treasurer or the Secretary or any Assistant Secretary, certifying the number of shares and the class or series of shares owned by the Shareholder. Any or all of the signatures on the certificate may be facsimile. In case any officer, transfer agent, or registrar who has signed or whose facsimile signature has been placed on a certificate shall have ceased to be that officer, transfer agent, or registrar before that certificate is issued, it may be issued by the corporation with the same effect as if that person were an officer, transfer agent, or registrar at the date of issue.

*Section 2. TRANSFER ON STOCK LEDGER.*

Upon surrender to the Secretary or transfer agent of the corporation of a certificate for shares duly endorsed or accompanied by proper evidence of succession, assignment or authority to transfer, it shall be the duty of the corporation to issue a new certificate to the person entitled thereto, cancel the old certificate and record the transaction upon its stock ledger.

*Section 3. TRANSFER AGENTS AND REGISTRARS.*

The Board of Directors may appoint one or more transfer agents or transfer clerks, and one or more registrars, which shall be an incorporated bank or trust company, either domestic or foreign, who, shall be appointed at such times and places as the requirements of the corporation may necessitate and the Board of Directors may designate.

*Section 4. RECORD DATE*

OGT_00005609

In order that the corporation may determine the Shareholders entitled to notice of any meeting, any adjournments of a meeting for which notice is required, to vote at any meeting, give written consent or dissent to action without meeting or entitled to receive payment of any dividend or other distribution or allotment of any rights or entitled to exercise any rights in respect of any other lawful action, the Board may fix, in advance, a record date, unless the Corporation Law or Articles of Incorporation require an earlier date, shall not be more than seventy (70) nor less than ten (10) days prior to the date of the meeting or date of payment nor more than seventy (70) days prior to any other action.

If no record date is fixed, the record date for determining Shareholders entitled to notice of or to vote at a meeting of Shareholders shall be at the close of business on the business day next preceding the day on which notice is given, or, if notice is waived, at the close of business on the business day next preceding the day on which the meeting is held.

Unless the Articles of Incorporation or the Corporation Law provide otherwise, the record date for determining Shareholders entitled to give consent to corporate action in writing without a meeting, when no prior action by the Board of Directors is necessary, shall be the day on which the first written consent is given by delivery to the registered office of the corporation in the State of Arkansas.

A determination of Shareholders entitled to notice of or to vote at a Shareholders' meeting is effective for any adjournment of the meeting unless the Board of Directors fixes a new record date, which it must do if the meeting is adjourned to a date more than 120 days after the date fixed for the original meeting.

Unless the Articles of Incorporation or the Corporation Law otherwise provides, the record date for determining Shareholders for any other purpose shall be at the close of business on the day on which the Board adopts the resolution relating thereto, or the sixtieth (60th) day, prior to the date of such other action, whichever is later.

*Section 5. LEGEND CONDITION.*

In the event any shares of this corporation are issued pursuant to a permit or exemption therefrom requiring the imposition of a legend condition, the person or persons issuing or transferring said shares shall make sure said legend appears on the certificate and shall not be required to transfer any shares free of such legend unless an amendment to such permit or a new permit be first issued so authorizing such a deletion.

OGT_00005610

*Section 6. LOST OR DESTROYED CERTIFICATES.*

Any person claiming a certificate of stock to be lost or destroyed shall make an affidavit or affirmation of the fact and shall, if the Directors so require, give the corporation a bond of indemnity, in form and with one or more sureties satisfactory to the Board, whereupon a new certificate may be issued in the same tenor and for the same number of shares as the one alleged to be lost or destroyed.

OGT_00005611

## ARTICLE VII
## RECORDS – INSPECTION - FILINGS - CHECKS - CONTRACTS - REPORTS

*Section 1. RECORDS.*

The corporation shall maintain, in accordance with generally accepted accounting principles, adequate, appropriate, complete and correct accounts, books and records of its business and properties including financial statements. The corporation shall maintain a copy of the Articles of Incorporation certified as filed by the Secretary of State and all amendments thereto, minutes of proceedings or consents of incorporators, a copy of the Bylaws certified by an officer of the corporation and all amendments thereto, minutes of all meetings of the Board of Directors, records of all actions taken by the Board of Directors without a meeting, records of all actions taken by a committee of the Board of Directors in place of the Board of Directors on behalf of the corporation, resolutions adopted by the Board of Directors (and the committees thereof) including but not limited to those creating one or more classes or series of shares and fixed relative rights, preferences and limitations, minutes of all meetings of Shareholders records of all actions taken by Shareholders without meeting, all written communications by corporation to Shareholders, a stock ledger reflecting the original issuance of shares, revised at least annually and a current list of its Shareholders showing number of shares of each class and series held and address of each shareholder, dates when each Shareholder becomes owner of record,  names alphabetically arranged by voting group and within each voting group by class or series, names and addresses of current directors and officers, annual report annual franchise tax report most recently filed with the Secretary of State, financial statements for the past three years and tax returns for the past six years.  All of such books, records, accounts, documents, ledgers and lists shall be kept at its principal executive office in the State of Arkansas, as fixed by the Board of Directors from time to time.  The above mentioned records or a copy thereof shall remain at the principal executive office of the corporation. The Corporation shall maintain its records in clearly legible written form or in another form capable of conversion into clearly legible written form within a reasonable time.

*Section 2. INSPECTION OF BOOKS AND RECORDS.*

If a Shareholder gives the corporation written notice of his or her demand at least five business days before the date on which he or she wishes to inspect and copy, a Shareholder is entitled to inspect and copy, during regular business hours at the corporation's principal office, or if its principal office is outside this state, at a reasonable location within this state, specified by the corporation, any of the following records:

(a) Its Articles or restated Articles of incorporation and all amendments to them currently in effect;

(b) Its Bylaws or restated Bylaws and all amendments to them currently in effect;

(c) Resolutions adopted by its Board of Directors creating one or more classes or series of shares, and fixing their relative rights, preferences, and limitations, if shares issued pursuant to those resolutions are outstanding;

{PAGE }

OGT_00005612

(d) The minutes of all Shareholders' meetings, and records of all actions taken by Shareholders without a meeting, for the past three years;

(e) All written communications to Shareholders generally within the past three years, including the financial statements furnished for the past three years;

(f) A list of the names and business addresses of its current Directors and Officers; and

(g) Its most recent annual report annual franchise tax report delivered to the Secretary of State

If a Shareholder gives the corporation written notice of his or her demand at least five business days before the date on which he or she wishes to inspect and copy, and (1) the demand is made in good faith and for a proper purpose; (2) the Shareholder describes with reasonable particularity the purpose and the records he or she desires to inspect; and (3) the records are directly connected with this purpose; then the Shareholder is entitled to inspect and copy, during regular business hours, at a reasonable location specified by the corporation, any of the following records:

(a) Excerpts from minutes of any meeting of the board of directors, records of any action of a committee of the board of directors while acting in place of the board of directors on behalf of the corporation, minutes of any meeting of the shareholders, and records of action taken by the shareholders or board of directors without a meeting, to the extent not subject to inspection under subsection (a) of this section;

(b) Accounting records of the corporation; and

(c) The record of Shareholders.

As used in this section, "the right to inspect records" includes the right to copy and make extracts from the records and, if reasonable, the right to require the corporation to supply copies made by photographic, xerographic, or other means. The corporation may require the Shareholder to pay a reasonable charge, covering the costs of labor and material for copies of the documents provided to the Shareholder. A Shareholder's agent or attorney has the same inspection and copying rights as the shareholder he represents.

*Section 3.  ANNUAL FILINGS.*

As required by the Corporation Law, the corporation shall periodically file a statement, list, or registration with the Secretary of State with any fees required.

*Section 4. CHECKS, DRAFTS, ETC.*

All checks, drafts, or other orders for payment of money, notes or other evidences of indebtedness, issued in the name of or payable to the corporation, shall be signed or endorsed by such person or persons and in such manner as shall be determined from time to time by resolution of the Board of Directors.

*Section 5. EXECUTION OF CONTRACTS.*

OGT_00005613

The Board of Directors, except as in the Bylaws otherwise provided, may authorize any officer or officers, agent or agents, to enter into any contract or execute any instrument in the name of and on behalf of the corporation. Such authority may be general or confined to specific instances. Unless so authorized by the Board of Directors, no officer, agent or employee shall have any power or authority to bind the corporation by any contract or agreement, or to pledge its credit, or to render it liable for any purpose or to any amount.

*Section 6. FINANCIAL STATEMENTS FOR SHAREHOLDERS.*

Not later than one hundred twenty (120) days after the close of each fiscal year, and in any event prior to the annual meeting of Shareholders, the corporation shall furnish its Shareholders annual financial statements that include:  (a) a balance sheet showing in reasonable detail the financial condition of the corporation as of the close of its fiscal year, and (b) an income (profit and loss) statement showing the results of its operation during its fiscal year, and (c) a statement of changes in Shareholders' equity for the year unless that information appears elsewhere in the financial statements. The statements may be consolidated or combined statements of the corporation and one or more of its subsidiaries, as appropriate. If financial statements are prepared by the corporation for any purpose on the basis of generally accepted accounting principles, the annual statement must also be prepared, and disclose that they are prepared, on that basis. If financial statements are prepared only on a basis other than generally accepted accounting principles, they must be prepared, and disclose that they are prepared, on the same basis as other reports and statements prepared by the corporation for the use of others.

Upon request in writing or by electronic transmission, the corporation shall promptly deliver to any Shareholder a copy of the most recent annual financial statement which request shall be set forth either (a) in a written record or (b) if the corporation has designated an address, location, or system to which the request may be electronically transmitted and the request is electronically transmitted to the corporation at the designated address, location, or system, in an electronically transmitted record.

If the annual financial statements are reported upon by a public accountant, the accountant's report must accompany them.  If not, the statements must be accompanied by a statement of the President or the person responsible for the corporation's accounting records: (a) stating the person's reasonable belief whether the statements were prepared on the basis of generally accepted accounting principles and, if not, describing the basis of preparation; and (b) describing any respects in which the statements were not prepared on a basis of accounting consistent with the basis used for statements prepared for the preceding year.

OGT_00005614

# ARTICLE VIII
## AMENDMENTS TO BYLAWS AND CONSTRUCTION

*Section 1. AMENDMENT OF BYLAWS BY SHAREHOLDERS.*

Subject to the Corporation Law or the Articles of Incorporation, replacement Bylaws may be adopted or these Bylaws may be amended or repealed by the vote or written consent of holders of a majority of the outstanding shares entitled to vote; provided, however, that if the Corporation Law or the Articles of Incorporation of the corporation set forth the number of authorized Directors of the corporation, the authorized number of Directors may be changed only by an amendment of the Corporation Law or Articles of Incorporation. If authorized by the Articles of Incorporation, the Shareholders may adopt or amend a Bylaw that fixes a greater quorum or voting requirement for Shareholders or voting groups of Shareholders. The adoption or amendment of a Bylaw that adds, changes, or deletes a greater quorum or voting requirement must meet the same quorum requirement and be adopted by the same vote and voting groups required to take action under the quorum and voting requirement then in effect or proposed to be adopted, whichever is greater.

*Section 2. AMENDMENT OF BYLAWS BY DIRECTORS.*

Unless the Corporation Law or Articles of Incorporation reserve the power of amendment exclusively to the Shareholders, or the Shareholders in amending or repealing a particular Bylaw provide expressly that the Board of Directors may not amend or repeal that Bylaw, the Board of Directors may adopt, amend or repeal any of these Bylaws other than a Bylaw or amendment thereto fixing the authorized number of Directors or changing a quorum or voting requirement for the Board of Directors provided the power to amend the Bylaws is conferred or permitted in the Corporation Law or Articles of Incorporation. The Board of Directors may not adopt amend or repeal a Bylaw that fixes a greater quorum or voting requirement for Shareholders and was adopted, amended or repealed by the Shareholders.

A Bylaw provision that fixes a greater quorum or voting requirement for the Board of Directors may be amended or repealed: (a) if the provision was originally adopted by the Shareholders, only by the Shareholders; or (b) if the provision was originally adopted by the Board of Directors, either by the Shareholders or by the Board of Directors. Action by the Board of Directors to adopt or amend a Bylaw that changes the quorum or voting requirement for the Board of Directors must meet the same quorum requirement and be adopted by the same vote required to take action under the quorum and voting requirement then in effect or proposed to be adopted, whichever is greater. A Bylaw provision adopted or amended by the Shareholders that fixes a greater quorum or voting requirement for the Board of Directors may provide that it may be amended or repealed only by a specified vote of either the Shareholders or the Board of Directors.

*Section 3. RECORD OF AMENDMENTS.*

Whenever an amendment or new Bylaw is adopted, it shall be copied in the book of Bylaws with the original Bylaws, in the appropriate place. If any Bylaw is repealed, the fact of repeal with

OGT_00005615

the date of the meeting at which the repeal was enacted or written assent was filed shall be stated in the book of Bylaws.

*Section 4. CONSTRUCTION AND INTERPRETATION.*

Unless the context requires otherwise, the general provision rules of construction and definition of the Corporation Law shall govern the Bylaws. Without limiting the generality of this provision, the singular number includes plural, the plural number includes the singular.  These Bylaws (and any amendments thereto) shall not be construed in a manner inconsistent with the Articles of Incorporation or the applicable provisions of the Corporation Law.  Any provision of the Bylaws that is inconsistent with the Articles of Incorporation or the Corporation Law shall be invalid only to the extent reasonably necessary for the provision to comply with the Articles of Incorporation.

OGT_00005616

## ARTICLE IX
## MISCELLANEOUS

*Section 1.  CORPORATE SEAL.*

The corporate seal shall be circular in form, and shall have inscribed thereon the name of the corporation, the year or date of its incorporation, and the state of incorporation.

*Section 2. REPRESENTATION OF SHARES IN OTHERS.*

Shares of other corporations standing in the name of this corporation may be voted or represented and all incidents thereto may be exercised on behalf of the corporation by the Chairman of the Board, the President or any Vice President and the Secretary or an Assistant Secretary.

*Section 3.  INDEMNIFICATION OF OFFICERS AND DIRECTORS.*

The liability of the officers and Directors of the corporation for monetary damages shall be eliminated to the fullest extent permissible under the Corporation Law.  The corporation may provide and maintain insurance on behalf of any person serving as Director or other officer against any liability asserted against such person.

*Section 4. ACCOUNTING YEAR AND ACCOUNTING METHOD.*

The accounting year and accounting method of the corporation shall be fixed by resolution of the Board of Directors.

*Section 5.  OTHER TAX ELECTIONS.*

The Board of Directors may authorize the Chief Financial Officer to prepare and file such other tax elections, as the Board of Directors deems appropriate.

*Section 6. SUBSIDIARY CORPORATIONS.*

Shares of this corporation owned by a subsidiary shall not be entitled to vote on any matter. A subsidiary for these purposes is defined as a corporation, the shares of which possessing more than 25% of the total combined voting power of all classes of shares entitled to vote, are owned directly or indirectly through one (1) or more subsidiaries.

OGT_00005617

<u>CERTIFICATE OF ADOPTION OF BYLAWS</u>
<u>OF</u>
<u>RECOVERY EFFORT INC.</u>

<u>ADOPTION BY FIRST DIRECTOR(S)</u>.

The undersigned Director(s) named in the Articles of Incorporation, or the duly elected First Director(s) of the above named corporation, hereby adopt the same as the Bylaws of said corporation.

Executed on:  06/04/2019

_____
Orly Genger 1993 Trust, Director

OGT_00005618

<u>CERTIFICATE OF SECRETARY</u>
<u>OF ADOPTION OF BYLAWS</u>
<u>OF</u>
<u>RECOVERY EFFORT INC.</u>
<u>BY FIRST DIRECTOR(S)</u>

**I DO HEREBY CERTIFY AS FOLLOWS:**

That I am the duly elected, qualified and acting Secretary of the above named corporation, that the foregoing Bylaws were adopted as the Bylaws of said corporation on the date set forth above by the person(s) named in the Articles of Incorporation as the First Director(s) of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal on 06/04/2019.


_____
, Secretary

OGT_00005619

CERTIFICATE OF SECRETARY
OF ADOPTION OF BYLAWS
OF
RECOVERY EFFORT INC.
BY VOTE OF SHAREHOLDERS

THIS IS TO CERTIFY:

That I am the duly elected, qualified and acting Secretary of the above named corporation and that the above and foregoing Code of Bylaws was submitted to the Shareholders at their first meeting and recorded in the minutes thereof, was ratified by the vote of Shareholders entitled to exercise the majority of the voting power of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand this day on 06/04/2019

_____

, Secretary

OGT_00005620



# STATE OF ARKANSAS



# SECRETARY OF STATE

**John Thurston**

ARKANSAS SECRETARY OF STATE

To All to Whom These Presents Shall Come, Greetings:

I, John Thurston, Arkansas Secretary of State of Arkansas, do hereby certify that the following and hereto attached instrument of writing is a true and perfect copy of

## Articles of Incorporation

of

## RECOVERY EFFORT INC.

filed in this office
June 04, 2019

**In Testimony Whereof,** I have hereunto set my hand and affixed my official Seal. Done at my office in the City of Little Rock, this 4th day of June 2019.

*John Thurston*
John Thurston
Secretary of State

Online Certificate Authorization Code: 2397285cf6f0387fbd7
To verify the Authorization Code, visit sos.arkansas.gov

FILED - Arkansas Secretary of State - John Thurston - Doc#: 11450000001 - Filing#: 811206501 - Filed On: 6/4/2019 - Page(s): 1

# Articles of Incorporation

| Filing Information | |
|---|---|
| **Filing Act:** | 958 of 1987 |
| **Entity Name:** | RECOVERY EFFORT INC. |
| **File Date:** | 2019-06-04 15:30:59 |
| **Effective Date:** | 2019-06-04 |
| **Filing Signature:** | AMANDA J. BEREN |
| **Signature Title:** | IncorporatorOrganizer |
| **Stock Nonstock:** | Stock |

**Primary Purpose:**
The purpose for which this corporation is organized:

1. The primary purpose of the Corporation shall be: **Business Investment**
2. To conduct any business enterprise not contrary to law.
3. To exercise all the powers enumerated in Section 4-27-302 of the Arkansas Business Corporation Act.

**Total Number of Shares:** 1,000
**Par Value:** 0.0100

| Stock Breakdown | | | |
|---|---|---|---|
| **No. of Shares** | **Class** | **Series** | **Par Value Per Share** |
| 1,000 | Common | Unknown | 0.0100 |

| Registered Agent | |
|---|---|
| **Business Name:** | REGISTERED AGENTS INC. |
| **Address 1:** | 701 SOUTH ST. |
| **Address 2:** | STE 100 |
| **City:** | MOUNTAIN HOME |
| **State:** | AR |
| **Zip:** | 72653 |
| **Country:** | USA |

| Officers | |
|---|---|
| **First Name:** | AMANDA |
| **Middle Name:** | J. |
| **Last Name:** | BEREN |
| **Title:** | Incorporator/Organizer |
| **Address 1:** | 31416 AGOURA RD., SUITE 118 |
| **City:** | WESTLAKE VILLAGE |
| **State:** | CA |
| **Zip:** | 91361 |
| **Country:** | USA |

# MINUTES OF ORGANIZATIONAL MEETING
# OF DIRECTORS
# OF
# RECOVERY EFFORT INC.

The form of Minutes, Consents, Bylaws, Agreements and other forms and documents enclosed with this order are offered as a sample only of standard provisions contained in such forms and documents. They do not purport to address the specific requirements of individual transactions or situations. If utilized incorrectly, significant negative tax and business consequences could result. Persons outside the legal profession who intend to utilize any such forms and documents must seek competent legal counsel prior to their use or adaptation thereof for his or her particular requirements.

(c) 2005 - 2019   ALL RIGHTS RESERVED.

**MINUTES OF ORGANIZATIONAL MEETING OF DIRECTORS OF
RECOVERY EFFORT INC.
AN ARKANSAS CORPORATION**

Initial Directors of the Corporation appointed in the Articles of Incorporation filed with the Secretary of State or appointed by the Incorporator(s) pursuant to an action taken by unanimous consent held the organizational meeting of the initial Directors of the Corporation at the following date, time and place:

> Date:  06/04/2019
> Time:
> Place:

The following persons were present and accepted their appointment as Directors:

> Orly Genger 1993 Trust

The following persons officiated at the meeting:

> Chair of meeting:
> Secretary of meeting:

The chair called the meeting to order and announced that the meeting was held pursuant to written waivers of notice and consents to the holding of the meeting.  The waivers and consents were presented at the meeting and, on a motion duly made, seconded, and carried, were made a part of the records and ordered inserted in the Record Book of Corporation immediately preceding the minutes of this meeting.

*1. ARTICLES OF INCORPORATION*

The chair informed the Directors present that the original Articles of Incorporation had been filed in the Office of the Secretary of State on 06/04/2019.  A certified copy of the Articles of Incorporation has been provided to the secretary, and the Secretary is hereby directed to insert the copy in the Record Book of the Corporation.  A copy is attached as Exhibit "A."  The following resolution was moved, seconded and adopted:

> RESOLVED, that the Secretary is instructed to insert a copy of the Articles of Incorporation of the Corporation, certified by the Secretary of State, in the Record Book of the Corporation.

{PAGE }

OGT_00005624

## 2. *RESOLUTIONS OR ACTIONS OF INCORPORATOR(S)*

The chair presented the resolutions or actions of Incorporators and their resignations. A copy is attached as Exhibit "A-1." The following resolution was moved, seconded, and adopted:

RESOLVED, that the Secretary is instructed to insert the resolutions or actions of Incorporators and the resignation of Incorporators in the Record Book of the Corporation.

## 3. *BYLAWS*

The chair presented the Bylaws attached to these Minutes as Exhibit "B." The following resolutions were moved, seconded and adopted:

RESOLVED, that the Bylaws attached to these Minutes as Exhibit "B" are adopted as the Bylaws of the Corporation; and

RESOLVED FURTHER, that the Secretary is instructed to certify a copy of the Bylaws and insert the certified copy in the Record Book of the Corporation.

## 4. *SEAL*

The chair presented a Corporate Seal. The following resolution was moved, seconded and adopted:

RESOLVED, that the Corporate Seal containing the words "Recovery Effort Inc., An Arkansas Corporation" together with the date of organization of the Corporation as shown by the impression thereof on the margin of this page, is hereby adopted as the Seal of the Corporation.

## 5. *SHARE CERTIFICATE*

The chair presented a proposed form of Share Certificate to be used by the Corporation, a blank copy of which is attached to the Minutes as Exhibit "C." The following resolutions were moved, seconded and adopted:

RESOLVED, that the Share Certificate representing Share interests in the Corporation shall be in substantially the same form as the form of Share Certificate attached to these Minutes as Exhibit "C."

RESOLVED FURTHER, that each Share Certificate shall be consecutively numbered beginning with number 1, shall be issued only with the signature as provided in the Bylaws and the Seal of the Corporation affixed thereto;

{PAGE }

RESOLVED FURTHER, that each Share Certificate shall state the name of the Corporation, the laws of the state under which the Corporation is organized, the name of the owner to whom issued, the date of issue of the certificate and number of shares represented hereby;

RESOLVED FURTHER, that each Share Certificate shall state a statement of designations, preferences, qualifications, limitations, restrictions, and special or related rights of the holder as required under the Bylaws and the Corporations Law on the face or back of the certificate or in lieu thereof the Corporation shall furnish the statement as a separate document to the holder upon request without charge; and

RESOLVED FURTHER, that the Secretary is instructed to insert a blank Share Certificate as adopted hereby as a specimen in the Record Book of the Corporation immediately following these minutes.

### 6. RECORD BOOK OF THE CORPORATION

The chair stated that a book should be maintained as the Record Book of the Corporation for the purpose of collecting and having all of the important documents of the Corporation readily available. The following resolution was moved, seconded and adopted.

RESOLVED, that the Corporation shall obtain and maintain a Record Book of the Corporation, which shall include the Articles of Incorporation and any amendments thereto, and the Bylaws and any amendments thereto, the minutes of all meetings (or consents in lieu of meetings) of the Shareholders of Corporation, minutes of all meetings (or consents in lieu of meetings) of the Board of Directors of the Corporation and all other important documents.

### 7. OFFICERS

The chair stated that officers of the Corporation should be elected. The following resolution was moved, seconded and adopted:

RESOLVED, that the following persons are elected as officers of the Corporation to the positions set forth opposite their respective names:

OFFICE                              NAME
President

Vice President

Secretary

{PAGE }

Chief Financial Officer/Treasurer

The Officers accepted their appointments as evidenced by their signatures on the Acceptances of Appointments by Officers attached to these Minutes.

## 8. *PRINCIPAL PLACE OF BUSINESS IN STATE OF INCORPORATION*

The chair stated that the principal place of business of the Corporation in Arkansas should be identified.  The following resolution was moved, seconded and adopted:

RESOLVED, that the principal place of business of the Corporation within the State of Arkansas shall be as follows:

801 Pleasant Valley Drive, #16
Little Rock, AR  72227

## 9. *AGENT FOR SERVICE OF PROCESS IN STATE OF INCORPORATION*

The chair stated that the name and address of its Registered Agent in Arkansas should be identified.  The following resolution was moved, seconded and adopted:

RESOLVED, that as provided in the Articles, the name and address of the Registered Agent of the Corporation within the State of Arkansas shall be as follows:

Name:    Registered Agents Inc.
Address: 701 South St. Ste. 100
Mountain Home, AR  72653

## 10. *BANK RESOLUTIONS*

The chair stated that a depository for the funds of Corporation is needed.  The following resolutions were moved, seconded and adopted:

RESOLVED, that Orly Genger 1993 Trust as Director  is/are hereby authorized to do the following acts:

(a) To designate one or more banks, trust companies, or other similar institutions as depositories of the funds, including without limitation, cash and cash equivalents of the Corporation;

{PAGE }

OGT_00005627

(b) To open, keep and close general and special bank accounts, including general deposit accounts, payroll accounts and working fund accounts with any such depository;

(c) To cause to be deposited in such accounts with any such depository, from time to time, such funds, including without limitations, cash and cash equivalents of the Corporation as such officers deem necessary or advisable, and to designate or change the designation of the officer or officers and agent or agents of the Corporation who would be authorized to make such deposits and to endorse checks, drafts or other instruments for such deposits;

(d) From time to time, to designate or change the designation of the officer(s) and agent(s) of the Corporation who will be authorized to sign or countersign checks, drafts or other orders for the payment of money issued in the name of the Corporation against any funds deposited in any of such accounts, and to revoke any such designation;

(e) To authorize the use of facsimile signatures for the signing or countersigning of checks, drafts or other orders for the payment of money, and to enter into such agreements as banks and trust companies customarily require as a condition for permitting the use of facsimile signatures;

(f) To make such general and special rules and regulations with respect to such accounts as such officers may deem necessary or advisable; and

(g) To complete and execute printed blank signature card forms in order to conveniently exercise the authority granted by this resolution, and any resolutions printed thereon shall be deemed adopted as a part hereof.

RESOLVED FURTHER, that all form resolutions required by any such depository as presented to and considered by such officers prior to the date of these minutes are hereby adopted in such forms utilized by the depository, and  is hereby authorized to certify such resolutions as having been adopted by the Shareholders and is directed to attach such forms to these minutes as Exhibit "D" and insert the forms of such resolutions in the Record Book of the Corporation; and

RESOLVED FURTHER, that any such depository to which a copy of these resolutions, certified by  shall have been delivered, shall be entitled to rely thereon for all purposes until it shall have received written notice of the revocation or amendment of these resolutions by the Shareholders of the Corporation.

{PAGE }

OGT_00005628

*11. PAYMENT OF EXPENSES OF ORGANIZATION*

The Directors desire to reimburse costs incurred for the organization of the Corporation. The following resolution was moved, seconded and adopted:

RESOLVED, that each of the Officers of the Corporation is authorized and directed to cause Company to pay the expenses of its organization and to reimburse the persons advancing funds to the Corporation.

*12. OFFER TO ISSUE SHARES*

The Directors desire to offer shares for consideration.   The following resolution was moved, seconded and adopted:

RESOLVED, it is deemed to be in the best interest of the Corporation to offer to sell shares to the persons and for consideration set forth below:

| NAME | SHARES | CONSIDERATION |
|------|--------|---------------|
|      |        |               |

*13. ISSUANCE OF SHARES*

The Directors having received acceptances of their offers of shares desire to issue shares and certificates.  The following resolutions were moved, seconded and adopted:

RESOLVED, that the Corporation issue the indicated shares to the persons named above in exchange for the consideration listed above;

RESOLVED FURTHER, that the officers are hereby authorized and instructed to sell and issue to the persons named above the shares indicated above upon receipt of the amounts of consideration listed; and

RESOLVED FURTHER, that the officers are authorized and directed to take all actions that may be necessary and proper for the Corporation to issue and sell the shares to the persons named, in accordance with applicable laws, and that those actions shall include, where necessary:

{PAGE }

OGT_00005629

(a)  Doing all acts that may be necessary under the federal securities laws and the securities laws of any state, including Arkansas, if advised by legal counsel preparing, verifying and filing or causing to be prepared, verified and filed on behalf of the Corporation with the Securities and Exchange Commission five copies of a Notice of Sales of Securities (Form D) not later than fifteen (15) days after the sale and issuance of the shares described above and at such other times as are required by Rule 503 of Regulation D in order to establish the applicability of one of the exemptions provided by Regulation D for such sale and issuance; and

(b)  Doing all acts necessary to expedite these transactions or conform them, or any of them, to the requirements of any applicable law, ruling, or regulation.

## 14. FEDERAL TAX MATTERS

The Directors desire to authorize actions with respect to certain tax matters.  The following resolutions were moved, seconded and adopted:

### FEDERAL TAX IDENTIFICATION NUMBER

RESOLVED, that the Chief Financial Officer is hereby authorized and directed to complete, execute, and file or to have completed, executed and filed the Federal Form SS-4, "APPLICATION FOR EMPLOYER IDENTIFICATION NUMBER."

### ADOPTION OF ACCOUNTING METHOD

RESOLVED FURTHER, that the Chief Financial Officer is authorized and directed to maintain the financial records of the Corporation on the basis of the accrual method of accounting.

### ADOPTION OF TAX ACCOUNTING PERIOD

RESOLVED FURTHER, that the Chief Financial Officer is authorized and directed to use as the taxable year of the Corporation the tax year ending 12/31.

## 15. OTHER NECESSARY ACTS

The Directors desire to authorize all other acts necessary to complete the organizational process.  The following resolution was moved, seconded and adopted:

RESOLVED, that each of the officers of the Corporation is authorized and directed to make such filings and applications, to execute and deliver such documents and instruments and to do such acts and obtain such licenses, authorizations, and permits as are necessary or desirable for the Corporation to conduct its business of the Corporation, to fulfill legal

{PAGE }

requirements applicable to the Corporation or its business to complete the organization of the Corporation and its qualification to do business wherever it does or desires to do business and to take any other action necessary or advisable to carry out the purposes of this resolution.

### 16. ADJOURNMENT

The chair asks if there is any other business before this organizational meeting of Directors. There being none, a motion to adjourn was moved, seconded and adopted and the chair declared the meeting adjourned at .

Minutes of this meeting respectfully submitted by

Dated: 06/04/2019

_____
, Secretary

{PAGE }

OGT_00005631

**ACCEPTANCES OF APPOINTMENTS**
**AS OFFICERS OF RECOVERY EFFORT INC.**
**AS OF 06/04/2019**


**OFFICERS:**


_____

, President


_____

, Vice President


_____

, Secretary


_____

, Chief Financial Officer


{PAGE }

OGT_00005632

## EXHIBIT REFERENCE

Exhibit "A"  Articles of Incorporation

Exhibit "A-1" Resolutions or Actions of Incorporators

Exhibit "B" Bylaws

Exhibit "C"  Form of Share Certificate

Exhibit "D"  Form of Bank Resolution

{PAGE }

OGT_00005633

## EXHIBIT A

### ARTICLES OF INCORPORATION

{PAGE }

OGT_00005634

## **EXHIBIT A-1**

**RESOLUTIONS OR ACTIONS OF INCORPORATORS**

{PAGE }

OGT_00005635

# **EXHIBIT  B**

## **BYLAWS**

{PAGE }

OGT_00005636

# EXHIBIT C

## FORM OF SHARE CERTIFICATE

{PAGE }

OGT_00005637

## **EXHIBIT  D**

### **FORM OF BANK RESOLUTION**

{PAGE }

OGT_00005638

 IRS DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI  OH   45999-0023

Date of this notice:  06-06-2019

Employer Identification Number:
REDACTED

Form:  SS-4

Number of this notice:  CP 575 A

RECOVERY EFFORT INC
801 PLEASANT VALLEY DRIVE NUM 16
LITTLE ROCK, AR  72227

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.

WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

        Thank you for applying for an Employer Identification Number (EIN).  We assigned you
EIN 84-2011198.  This EIN will identify you, your business accounts, tax returns, and
documents, even if you have no employees.  Please keep this notice in your permanent
records.

        When filing tax documents, payments, and related correspondence, it is very important
that you use your EIN and complete name and address exactly as shown above.  Any variation
may cause a delay in processing, result in incorrect information in your account, or even
cause you to be assigned more than one EIN.  If the information is not correct as shown
above, please make the correction using the attached tear off stub and return it to us.

        Based on the information received from you or your representative, you must file
the following form(s) by the date(s) shown.

                        Form 1120                    04/15/2020

        If you have questions about the form(s) or the due date(s) shown, you can call us at
the phone number or write to us at the address shown at the top of this notice.  If you
need help in determining your annual accounting period (tax year), see Publication 538,
*Accounting Periods and Methods*.

        We assigned you a tax classification based on information obtained from you or your
representative.  It is not a legal determination of your tax classification, and is not
binding on the IRS.  If you want a legal determination of your tax classification, you may
request a private letter ruling from the IRS under the guidelines in Revenue Procedure
2004-1, 2004-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note:
Certain tax classification elections can be requested by filing Form 8832, *Entity
Classification Election*.  See Form 8832 and its instructions for additional information.

        **IMPORTANT INFORMATION FOR S CORPORATION ELECTION:**

        If you intend to elect to file your return as a small business corporation, an
election to file a Form 1120-S must be made within certain timeframes and the
corporation must meet certain tests.  All of this information is included in the
instructions for Form 2553, *Election by a Small Business Corporation*.

OGT_00005639

(IRS USE ONLY)      575A              06-06-2019   RECO   B   9999999999   SS-4

    If you are required to deposit for employment taxes (Forms 941, 943, 940, 944, 945, CT-1, or 1042), excise taxes (Form 720), or income taxes (Form 1120), you will receive a Welcome Package shortly, which includes instructions for making your deposits electronically through the Electronic Federal Tax Payment System (EFTPS).  A Personal Identification Number (PIN) for EFTPS will also be sent to you under separate cover. Please activate the PIN once you receive it, even if you have requested the services of a tax professional or representative.  For more information about EFTPS, refer to Publication 966, *Electronic Choices to Pay All Your Federal Taxes*.  If you need to make a deposit immediately, you will need to make arrangements with your Financial Institution to complete a wire transfer.

    The IRS is committed to helping all taxpayers comply with their tax filing obligations.  If you need help completing your returns or meeting your tax obligations, Authorized e-file Providers, such as Reporting Agents (payroll service providers) are available to assist you.  Visit the IRS Web site at www.irs.gov for a list of companies that offer IRS e-file for business products and services.  The list provides addresses, telephone numbers, and links to their Web sites.

    To obtain tax forms and publications, including those referenced in this notice, visit our Web site at www.irs.gov.  If you do not have access to the Internet, call 1-800-829-3676 (TTY/TDD 1-800-829-4059) or visit your local IRS office.

**IMPORTANT REMINDERS:**

    *  Keep a copy of this notice in your permanent records.  **This notice is issued only one time and the IRS will not be able to generate a duplicate copy for you.**  You may give a copy of this document to anyone asking for proof of your EIN.

    *  Use this EIN and your name exactly as they appear at the top of this notice on all your federal tax forms.

    *  Refer to this EIN on your tax-related correspondence and documents.

    If you have questions about your EIN, you can call us at the phone number or write to us at the address shown at the top of this notice.  If you write, please tear off the stub at the bottom of this notice and send it along with your letter.  If you do not need to write us, do not complete and return the stub.

    Your name control associated with this EIN is RECO.  You will need to provide this information, along with your EIN, if you file your returns electronically.

    Thank you for your cooperation.

OGT_00005640

(IRS USE ONLY)     575A               06-06-2019   RECO   B   9999999999   SS-4

Keep this part for your records.        CP 575 A (Rev. 7-2007)

--------------------------------------------------------------------------------

Return this part with any correspondence
so we may identify your account.  Please                    CP 575 A
correct any errors in your name or address.

                                                        9999999999

Your Telephone Number  Best Time to Call   DATE OF THIS NOTICE:  06-06-2019
(     )     -                              EMPLOYER IDENTIFICATION NUMBER:  84-2011198
_____   _____     FORM:  SS-4              NOBOD


INTERNAL REVENUE SERVICE                   RECOVERY EFFORT INC
CINCINNATI  OH   45999-0023                801 PLEASANT VALLEY DRIVE NUM 16
                                           LITTLE ROCK, AR  72227

## RESIGNATION OF INCORPORATOR

### Of

### Recovery Effort Inc.

The undersigned hereby resigns as incorporator of Recovery Effort Inc. effective 6/4/2019 at the close of business.

RESOLVED, that the persons listed below are, and they hereby are, elected as Directors of the Corporation, to serve until the first annual meeting of Shareholders, and their successors are duly elected and qualify:

Orly Genger 1993 Trust, Director

Date: 6/4/2019

*/Amanda J. Beren/*

Amanda Beren, Incorporator