# EXHIBIT 36

Douglas E. Spelfogel
Paul J. Labov
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016-1314
Telephone: 212-682-7474
Facsimile: 212-687-2329
Email: dspelfogel@foley.com
Email: plabov@foley.com

*Counsel to Dalia Genger*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>ORLY GENGER,<br><br>            Debtor. | Chapter 7<br><br>Case No. 19-13895 (JLG) |

## DALIA GENGER'S RESPONSES TO CHAPTER 7 TRUSTEE'S
## REQUESTS FOR ADMISSION

Dalia Genger ("Dalia"), by her attorneys, Foley & Lardner LLP, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, applicable here under the Federal Rules of Bankruptcy Procedure,[1] hereby responds (the "Responses") to requests for admissions, dated June 3, 2020 (the "Requests"), made by Deborah J. Piazza, as Chapter 7 Trustee (the "Trustee") in the above-captioned proceeding, as follows:

### GENERAL OBJECTIONS

All of the following General Objections (the "General Objections") are incorporated into each specific Responses set forth below, as if fully set forth in each such Response.

1.     Dalia generally objects to the Requests to the extent that they seek responses and information protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, or any other applicable privilege. Nothing contained in these Responses should be deemed a waiver of the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other

---

[1] Dalia is not a party to the Motions (as defined below). Dalia reserves all rights with respect to service of the Requests.

applicable privilege.  Any inadvertent disclosure of such information shall not be construed as a waiver of any privilege or protection applicable to that information.

2. Dalia generally objects to the Requests to the extent that they purport to seek information that are not relevant to the subject matter of this action or are not reasonably calculated to lead to the discovery of admissible evidence and/or evidence that is material and necessary to the prosecution of the action.

3. Dalia further generally objects to the Requests on relevance grounds to the extent they seek information that go beyond the Bankruptcy Court's Discovery Order (the "Discovery Order").  Specifically, the Bankruptcy Court permitted discovery limited to two pending motions (together, the "Motions"):  (i) Judgment Creditor Sagi Genger's Amended and Updated Motion to Dismiss and Memorandum of Law in Support [Dkt. No. 239] (the "Motion to Dismiss") and (ii) the Chapter 7 Trustee's Motion for Order Pursuant to Sections 105, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, 9006 and 9019: Approving (A) Settlement Agreement, (B) Sale of The Debtor's Estate's Causes of Action Against Certain Third Parties, and (C) Financing To Support the Continued Administration of the Case and (D) Granting Related Relief (the "Trustee's Motion") [Dkt. No. 248].  *See* Order [Dkt. no. 254] ¶ 5 ("All discovery in connection with the Motion to Dismiss and the Trustee's Motion shall be served no later than June 3, 2020.").

4. Dalia generally objects to the Requests to the extent that they seek to impose burdens or obligations that are beyond those required by the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Federal Rules of Civil Procedure (as incorporated by the Bankruptcy Rules) Local Rules of Bankruptcy Procedure, or any other applicable law or rule.

5. Dalia generally objects to the Requests to the extent that they are ambiguous, vague, confusing or incomprehensible or to the extent that they are overbroad, unduly burdensome, or oppressive.

6. Dalia reserves all rights to amend and/or supplement these Responses as is appropriate.  In addition, these Responses are made without prejudice to Dalia's right to present additional evidence or contentions based upon information hereafter obtained or developed.

7. In providing these Responses to the Requests, Dalia does not in any way waive or intend to waive, but rather intends to preserve and is preserving the following:

4832-5673-4400.1

(a) all objections as to competence, relevance, materiality, privilege and admissibility of the Requests or the Responses, or the subject matter thereof or information produced pursuant thereto;

(b) all objections as to vagueness, ambiguity and undue burden;

(c) all rights to object on any ground to the use of any of said Responses, or the subject matter thereof, in any subsequent proceedings; and

(d) all rights to object on any ground to any request for further Responses to these or any other requests, or any other discovery requests involving or related to the subject matter of the Requests.

## RESPONSES TO REQUESTS FOR ADMISSIONS

1. **Admit that as of the date hereof, You do not have any direct or independent claim against the Trump Group.**

Admitted. Any claim that I previously brought against members of the so-called "Trump Group" was solely in my capacity as Trustee of the Orly Genger 1993 Trust, and therefore now belongs to the successor Trustee, Michael Oldner.

2. **Admit that You are not part of the "Sagi Group", as defined under the Trump Settlement Agreement.**

Admitted.

3. **Admit that You have no right to withhold, restrain or enjoin payment of the Trump Notes.**

Denied, to the extent of, and for the reasons set forth in, my Amended Complaint dated June 7, 2020 (Dkt. 8) in this bankruptcy case, Adv. P. No. 20-01010.

4. **Admit that as of the date hereof, You have never met or spoken to Mr. Michael Oldner, the Orly Genger Trustee.**

Admitted.

5. **Admit that while You were trustee of the Orly Genger Trust, the proceeds in the PM Escrow were not paid into the Orly Genger Trust.**

Admit that, on January 31, 2014, I directed the Escrow Agent to pay the escrowed funds into the Orly Genger 1993 Trust. *See* Exhibit A. However, on February 6, 2014, Orly Genger countermanded by my directive, instructing the Escrow Agent that: "Orly Genger objects to any transfer or disbursement of any escrowed funds to … any trust controlled by Dalia Genger, including the Orly Genger 1993 Trust." *See* Exhibit B. As a consequence, the U.S. District Court was called upon to decide ownership of the escrowed funds, and awarded them to TPR Investment Associates, Inc. *See TPR Inv. Associates, Inc. v. Pedowitz & Meister LLP*, 2014 WL 1979932 (S.D.N.Y. May 15, 2014).

6. **Admit that as of the date hereof, You have not received cash or cash equivalents from Sagi in full payment of the judgment you obtained against Sagi in the Forrest Action.**

Denied. We direct your attention to the March 10, 2020 email from John Dellaportas to Rocco Cavaliere, and to the exhibits attached thereto, wherein this matter is fully addressed, the contents of which are incorporated by reference into this Response as if fully set forth herein.

7. **Admit that You have not sought to impose a constructive trust on the Sagi Genger 1993 Trust.**

Admit that a constructive trust against the proceeds of the TRI sales monetized by the Sagi Genger 1993 Trust is not necessary because (as the federal courts subsequently found) Sagi has honored his obligations under the parties' 2004 agreement, whereas Orly has reneged on her obligations, necessitating the filing of the above-referenced Amended Complaint.

Dated: June 17, 2020

/s/ *Douglas E. Spelfogel*
Douglas E. Spelfogel
Paul J. Labov
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 682-7474
Email: dspelfogel@foley.com
plabov@foley.com

*Attorneys for Dalia Genger*

4832-5673-4400.1

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 17, 2020, a true and correct copy of the foregoing was served by email on the following:

    Deborah J. Piazza, as Chapter 7 Trustee
    Rocco A. Cavaliere, Esq.,
    Tarter Krinsky & Drogin LLP
    1350 Broadway, 11th Floor
    New York, NY 10018
    Email: rcavaliere@tarterkrinsky.com

    /s/ *Douglas E. Spelfogel*
    Douglas E. Spelfogel