# EXHIBIT 58

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Orly Genger |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Western District of Texas |
| Case number | 19-10926 TMD |

Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Eric Herschmann
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Eric Herschmann
Name
210 Lavaca Street, Unit 1903
Number   Street
Austin              TX        78701
City                State      ZIP Code

Contact phone _____
Contact email EHerschmann@kasowitz.com

Where should payments to the creditor be sent? (if different)
_____
Name
_____
Number   Street
_____
City      State     ZIP Code

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ — __ __ __ — __ __ __ __ — __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___ / ___ / _____
                                                                        MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                                    Proof of Claim                                    page 1

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $ 2,301,051.91 . **Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

PromissoryNote

**9. Is all or part of the claim secured?**

☐ No
☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☑ Other. Describe: All personal property

**Basis for perfection:** Contingent Deed of Trust and UCC-1 financing statement

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ UNKNOWN
**Amount of the claim that is secured:** $ UNKNOWN
**Amount of the claim that is unsecured:** $ 2,301,051    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ N/A

**Annual Interest Rate** (when case was filed) 12.00 %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410 — **Proof of Claim** — page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No <br> ☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/05/2019
                  MM / DD / YYYY

_[signature]_
Signature

**Print the name of the person who is completing and signing this claim:**

Name       Eric Herschmann
           First name          Middle name          Last name

Title      _____

Company    _____
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    210 Lavaca Street, Unit 1903
           Number        Street
           Austin                                        TX         78701
           City                                          State      ZIP Code

Contact phone _____          Email  EHerschmann@kasowitz.com

Official Form 410                Proof of Claim                page 3

# ITEMIZED STATEMENT OF UNPAID INTEREST

| | |
|---|---:|
| Original Principal Balance | $ 2,000,000.00 |
| Interest Compounded Annually from 12/31/2016 thru 9/15/2018 at 2.75% | $ 95,100.65 |
| Default Interest on unpaid principal balance at 12% from 9/16/2018 thru 7/12/2019 | $ 205,951.26 |
| Total Balance as of 7/12/2019 | $ 2,301,051.91 |
| Per Diem Interest after 7/12/2019 | $ 688.80 |
| Attorney's Fees | Unliquidated |

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) | |
|---|---|
| B. E-MAIL CONTACT AT FILER (optional) | 634810 002 |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address) | NDG |

CORPORATION SERVICE COMPANY
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, ILLINOIS 62703

RECEIVED MAY 10 2017 CLK 76

**17-0016132839**
**05/10/2017 05:00 PM**

FILED
TEXAS SECRETARY OF STATE
SOS

736182400002

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| Genger | Orly | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 210 Lavaca Street, Unit 1903 | Austin | TX | 78701 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| Herschmann | Eric | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 210 Lavaca Street, Unit 1903 | Austin | TX | 78701 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
All personal and real property and fixtures of the Debtor and interests therein whether now owned or hereafter acquired, including all accounts, all reserves, instruments, documents, notes, bills and chattel paper, receivables, letter of credit rights, litigation claims (including any settlement agreements in respect thereof) and any proceeds thereof, proceeds of insurance, other forms of obligations owing to Secured Party, bank and other deposit accounts, whether or not reposed with Secured Party's affiliates, general intangibles (including without limitation all tax refunds, contract rights, trade names, trademarks, trade secrets, customer lists, software and all other licenses, rights, privileges and franchises), all balances, sums and other property at any time to Debtor's credit or in Secured Party's possession or in the possession of any of Secured Party's affiliates and all books and records relating to any of the foregoing, including the cash and non-cash products and proceeds of all of the foregoing in any form.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative | |
|---|---|
| 6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility | 6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor | |
| 8. OPTIONAL FILER REFERENCE DATA: TX - SOS | |

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)
International Association of Comm

**Exhibit A**

ELECTRONICALLY RECORDED 2018154120
TRV 5 PGS

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

# DEED OF TRUST

Date: September 17, 2018

Grantor: Orly Genger

Grantor's
Mailing Address: 210 Lavaca Street, Unit 1903
Austin, Travis County, Texas 78701

Trustee: Aimee Ciment

Trustee's
Mailing Address: 489 Cypen May St
Englewood, NJ 07631

Beneficiary: Eric Herschmann

Beneficiary's
Mailing Address: 210 Lavaca Street, Unit 1903
Austin, Travis County, Texas 78701

Note(s)
    Date: December 30, 2016

    Amount: $2,000,000.00

    Maker: Orly Genger and Arie Genger

    Payee: Eric Herschmann

    Final Maturity
    Date: As set forth in the Note

Property (including any improvements): A Fifty Percent (50%) undivided interest in and to Residential Unit No. 1903 of BLOCK 21 CONDOMINIUMS, a condominium project in Travis County, Texas, according to the Declaration of Condominium Regime for Block 21 Condominiums, recorded under Document No. 2010182736, Official Public Records of Travis County, Texas, as amended by the First Amendment to Declaration of Condominium Regime for Block 21 Condominiums, recorded under Document No. 2011020755, Official Public Records of Travis County, Texas, together with an undivided interest in the common elements and being located within the Residential Master Unit of Block 21 Master Condominiums, a condominium project in Travis County, Texas, according to the Declaration of Condominium Regime for Block 21 Master Condominiums, recorded under Document No. 2010182735, Official Public Records of Travis County, Texas, SAVE AND EXCEPT AND RETAINED BY GRANTOR: (i) all appurtenant rights to Storage Space Nos. S257, S258 and S259, as created in the Assignment of Storage recorded under Document No. 2011022353, Official Public Records of Travis County, Texas; (ii) all appurtenant rights to Parking Space Nos. P2106, P2107 and P2108, as created in the Assignment of

{W0835936.1}      1

Exhibit B

Parking recorded under Document No. 2011022351, Official Public Records of Travis County, Texas; and (iii) all appurtenant rights to Parking Space No. P2033, as created in the Assignment of Parking recorded under Document No. 2011066545, Official Public Records of Travis County, Texas, and the Transfer and Reassignment of Parking Space(s) recorded under Document No. 2013182974, Official Public Records of Travis County, Texas.

Prior Lien(s) (including recording information): None

Other Exceptions to Conveyance and Warranty: None

To and only to the extent that it is determined that homestead protection has been waived by Grantor and by Grantee, which Grantor and Grantee specifically deny, for value received and to secure payment of the note to the extent that this deed of trust is permitted under applicable homestead law, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**Grantor's Obligations**

Grantor agrees to:
1. keep the property in good repair and condition;
2. pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust;
4. maintain, in a form acceptable to Beneficiary, an insurance policy that:
   a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
   b. contains an 80% coinsurance clause;
   c. provides fire and extended coverage, including windstorm coverage;
   d. protects Beneficiary with a standard mortgage clause;
   e. provides flood insurance at any time the property is in a flood hazard area; and
   f. contains such other coverage as Beneficiary may reasonably require;
5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;
7. keep any buildings occupied as required by the insurance policy; and
8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

**Beneficiary's Rights**

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for mature, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.
5. If Grantor defaults on the note or fails to perform any of Grantor's obligations, or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
   a. declare the unpaid principal balance and earned interest on the note immediately due;
   b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and

{W0835936.1} 2

  c. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

**Trustee's Duties**

If requested by Beneficiary to foreclose this lien, Trustee shall:

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;
2. sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and
3. from the proceeds of the sale, pay, in this order:
 a. expenses of foreclosure, including a commission to Trustee of 5% of the bid;
 b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
 c. any amounts required by law to be paid before payment to Grantor; and
 d. to Grantor, any balance.

**General Provisions**

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.
2. Recitals in any Trustee's deed conveying the property will be presumed to be true.
3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.
4. This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.
5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.
6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.
7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.
8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

{W0835936.1}  3

9. When the context requires, singular nouns and pronouns include the plural.
10. The term *note* includes all sums secured by this deed of trust.
11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.
12. If Grantor and Maker are not the same person, the term *Grantor* shall include Maker.

Special Provisions

1. Due-On-Sale Clause. Grantor shall be in default under the Note and this Deed of Trust, and Beneficiary shall be entitled to exercise all remedies available to Beneficiary under this Deed of Trust and the Note (including without limitation foreclosure of all liens against the Property) if title to all or any part of the Property shall become vested in any party other than Grantor, whether by operation of law or otherwise. Beneficiary may, in its sole discretion, waive this event of default, but it shall have no obligation to do so, and any waiver may be conditioned upon such one or more of the following which Beneficiary may require: the grantee's integrity, reputation, character, creditworthiness and management ability being satisfactory to Beneficiary in its sole judgment, and grantee executing, prior to such sale or transfer, a written assumption agreement containing such terms as Beneficiary may require, a principal paydown on the Note, an increase in the rate of interest payable under the Note, a transfer fee, and any other modification of the Note and/or this Deed of Trust which Beneficiary may require. If Grantor is a corporation, partnership or other legal entity, or if one or more corporations, partnerships or other legal entities are included within Grantor, or if any corporation, partnership or other legal entity owns or holds any interest, directly or indirectly, in Grantor or in any corporation, partnership or other legal entity included within Grantor (Grantor and each such corporation, partnership and/or other legal entity being referred to herein as a "Grantor Entity"), Grantor shall be in default under the Note and this Deed of Trust immediately upon: (1) the issuance, sale, assignment, pledge, collateral assignment, or other creation, conveyance, transfer or encumbrance of any kind or nature of any interest in any Grantor Entity without the prior written consent of Beneficiary; (2) the withdrawal from any Grantor Entity of any person or entity owning or holding any interest in such Grantor Entity without the prior written consent of Beneficiary; (3) the termination of any interest in any Grantor Entity without the prior written consent of Beneficiary; or (4) the admission of any new interest holder in any Grantor Entity without the prior written consent of Beneficiary.

EXECUTED by the undersigned effective as of the date first above written.

_____
ORLY GENGER
Date: September ___, 2018

[ACKNOWLEDGEMENT ON FOLLOWING PAGE]

{W0835936.1} 4

State of Israel
Municipality of Tel Aviv-Yafo
Embassy of the
THE STATE OF United States of America §
Branch Office Tel Aviv §
COUNTY OF _____ §

This instrument was acknowledged before me on this 17 day of September, 2018 by Orly Genger.

(SEAL)

_____
Notary Public-State of _____
Munita Lebson
Notarizing Officer

Commission expires:
Indefinite

{W0836064.1}

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

DANA DEBEAUVOIR, COUNTY CLERK
TRAVIS COUNTY, TEXAS
September 28 2018 01:32 PM
FEE: $ 42.00    2018154120