## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 7** |
| | § | |
| **ORLY GENGER,** | § | **CASE NO. 19-13895-jlg** |
| | § | |
| | § | |
| **Debtor.** | § | |

### SAGI GENGER'S PRE-TRIAL MOTION
### TO UNSEAL DOCUMENTS

Judgment-creditor Sagi Genger ("Sagi") respectfully submits this Pre-Trial Motion, pursuant to Section 11(a) of this Court's June 5, 2020 Confidentiality and Protective Order (Doc. 259) and Section 4 of this Court's May 20, 2021 Amended Scheduling Order (Doc. 417), to unseal the sealed/redacted docket entries appended to Sagi's Motion to Dismiss (Doc. 239) and any other relevant documentation or testimony used at the June 16-18, 2021 hearing.

### INTRODUCTION

On April 24, 2020 Sagi Genger filed an amended Motion to Dismiss in this case, along with Exhibits A-SS. Doc. 239.  Appendix A attached hereto lists the Motion to Dismiss exhibits that were designated as "confidential" by the producing parties and, consequently, filed under seal on the case docket.  The sealed materials consist of largely financial documents and related emails and testimony, and do not meet the Second Circuit requirements for sealing under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The sealed documents also include the Debtor's pre-nuptial agreement, for which Sagi only seeks to unseal relevant Sections 20(a), 33, 34(b), and Exhibit A.  With the upcoming hearing on Sagi's motion to dismiss, such de-designation will streamline the proceedings and eliminate the need for Your Honor to have to clear the courtroom every time such "confidential" information is used.

## ARGUMENT

The public holds an affirmative right of access to judicial documents, under common law and the First Amendment. *See Newsday LLC v. Cnty of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) (holding that there exist "related but distinct presumptions in favor of public access to court…records"). "[W]here…the State attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 606-07 (1982).

In this Circuit, the Court of Appeals has created a three-step process for determining if a document overcomes the presumption of access, entitling it to be sealed. *Lugosch*, 435 F.3d at 119. First, for a presumption of public access to exist, the document must be "judicial," meaning, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 115 (citation omitted). If the document is deemed a "judicial document," then the court must next determine "the weight to be given the presumption of access …. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* at 119 (citation omitted). Lastly, the court must "balance competing considerations," including "judicial efficiency." *Id.* at 120 (citation omitted).

In *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982), the Second Circuit held that: "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." Here, the sealed materials are documents and testimony relevant to the upcoming hearing, at which this Court will consider a similarly dispositive motion. As there is no compelling reason to seal them, those materials should be unsealed.

Each of the sealed materials was initially designated as "confidential" pursuant to the Confidentiality and Protective Order.  However, under Section 11 thereof, "either party may seek a determination by this Court as to the propriety of the disputed designation."  Sagi is now seeking that determination here.  Further, the "mere fact that a document was marked 'confidential' during discovery does not establish that sealing is required." *Julian v. Metro. Life Ins. Co.*, 2020 WL 5913739, *4 (S.D.N.Y. Oct. 6, 2020) (citations omitted); *see Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co., Inc.*, 2012 WL 3583176, *6 (S.D.N.Y. Aug. 21, 2012) ("the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access") (citation omitted).

At the May 22, 2020 conference, Your Honor cautioned the parties that, when the time came to hold a hearing, confidentiality designations would be revisited:

> I don't have a problem with you folks deciding among yourselves what's confidential and super confidential and all of those sorts of things and limiting access to the documents. I don't have a problem with that.  What I do have a concern about is that once the matter is submitted, that I'm going to be dealing with redacted documents and information that can only be shared with a limited number of people.  As you all know, because you've all done it before, it makes trying these things difficult.  It also makes resolving them difficult as far as whatever would be put in a decision to the extent one was written.  So my point is <u>I would like to reserve the right, once I see everything, if I'm getting documents that are redacted, to raise the issue as to whether or not the information really ought to be redacted.</u>  And I'm very sensitive to the concerns around the prenuptial agreement, but I'm not sure what else is out there.

5.22.20 Tr. at pp. 49-50 (emphasis added).

That time is now upon us.  Other than any (1) confidential medical information, (2) social security numbers, names of minor children, dates of birth, and financial account numbers per Rule 21.3 of the SDNY Electronic Case Filing Rules & Instructions, and (3) the Debtor's pre-nuptial agreement (except for the relevant sections demarcated above), all materials relevant to the motion to dismiss should be unsealed for the June 16-18, 2021 hearing.

## CONCLUSION

Accordingly, Sagi respectfully requests the Court enter an appropriate unsealing order.

Dated: June 1, 2021                              **EMMET, MARVIN & MARTIN, LLP**

_/s/ John Dellaportas_
Thomas A. Pitta
John Dellaportas
Beth Claire Khinchuk
Emmet, Marvin & Martin, LLP
120 Broadway, 32nd Floor
New York, New York 10271
(212) 238-3000
jdellaportas@emmetmarvin.com

**APPENDIX A**

B.      Genger Litigation Trust Agreement, dated June 28, 2012

D.      First Amendments to Subordinated Notes, each dated November 20, 2017

Q.      Orly Genger deposition transcript, dated March 7, 2019

R.      Agreement signed by the Debtor and others, dated March 31, 2017

S.      Independent Accountant's Report of Michael Kupka, dated June 4, 2019

T.      $2 million Secured Promissory Note, dated December 30, 2016

U.      Subordination Agreement signed by the Debtor and others, dated December 31, 2016

X.      Schedule of Loans to Arie Genger produced by David Broser

AA.     William Fischer deposition transcript, dated May 2, 2019

EE.     Redacted Pages from Debtor's Prenuptial Agreement

JJ.     Relevant excerpts from the Debtor's 2013 federal income tax return

KK.     Relevant excerpts from the Debtor's 2014 federal income tax return

LL.     Relevant excerpts from the Debtor's 2015 federal income tax return

MM.     Relevant excerpts from the Debtor's 2016 federal income tax return

SS.     Certain accountant's work papers of William Fischer