# Exhibit I

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                           :        Chapter 7
                                                :
ORLY GENGER,                                    :        Case No. 19-13895-JLG
                                                :
                                                :
                    Debtor.                     :
---------------------------------------------------------x
```

**ERIC HERSCHMANN'S RESPONSES TO SAGI GENGER'S
"SUPPLEMENTAL REQUEST FOR PRODUCTION"**

Creditor Eric Herschmann ("Herschmann") hereby objects and responds to the "Supplemental Request for Production" issued by Sagi Genger ("Sagi") on June 3, 2020 in the above-captioned proceeding as follows:

**GENERAL OBJECTIONS**

1.   Herschmann objects to the requests to the extent they seek documents and information already produced by Kasowitz Benson Torres LLP ("KBT") or other parties to this litigation, or documents already in the possession of Sagi Genger.

2.   Herschmann objects to these requests to the extent they are vague and ambiguous.

3.   Herschmann objects to these requests to the extent they are overly broad and unduly burdensome.

4.   Herschmann objects to these requests to the extent they seek information protected by the attorney client privilege and/or the attorney work product doctrine or any other applicable privilege or immunity.  Nothing contained in Herschmann's specific objections and responses is intended to be, nor shall in any way be deemed to be, a waiver of such applicable privilege or immunity or exception to waiver.

5. Herschmann objects to these requests to the extent they seek matters protected by the spousal privilege. Nothing contained in Herschmann's specific objections and responses is intended to be, nor shall in any way be deemed to be, a waiver of such applicable privilege or immunity or exception to waiver.

6. Herschmann objects to these requests to the extent that they seek irrelevant information in light of the premarital agreement between Herschmann and the Debtor which has been judicially determined to be valid and enforceable.

7. Herschmann objects to these requests to the extent they are not relevant to any claims or defenses in this bankruptcy proceeding and not likely to lead to the discovery of admissible evidence.

8. Herschmann objects to these requests to the extent they seek to impose requirements that are greater than or different from those imposed by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, Rules of the Court, and/or any applicable discovery order in place in this proceeding.

9. Herschmann objects to these requests to the extent they seek documents or information which Herschmann is under an obligation not to disclose, including information or documents that would require breach of a contract, protective order, settlement agreement or other duty to maintain confidentiality, or for which prior approval must be obtained from a third party prior to production or disclosure.

10. Herschmann objects to these requests to the extent they seek documents that are not within his possession, custody or control.

11. Herschmann objects to these requests to the extent they constitute an improper attempt to avoid prior motions and court orders, including protective orders.

2

12. Herschmann reserves the right to supplement and amend these responses and objections, including based on forthcoming rulings from the Court on various pending disputes concerning Herschmann's personal information.

### RESPONSES AND OBJECTIONS TO
### REQUESTS FOR DOCUMENTS

**REQUEST NO. 1:** All Documents which you intend to show to any witness in connection with this Case.

**RESPONSE TO REQUEST NO. 1:** This request is overbroad, vague and ambiguous and improperly impinges on attorney work product.

**REQUEST NO. 2:** All Documents which you intend to use at the July 21, 2020 hearing in this Case, and at any adjournment thereof.

**RESPONSE TO REQUEST NO. 2:** This request is overbroad, vague and ambiguous and improperly impinges on attorney work product.

**REQUEST NO. 3:** All communications and other Documents relating to the entity known as "Claims Pursuit, Inc." and/or relating to any trust associated in any way therewith.

**RESPONSE TO REQUEST NO. 3:** Herschmann objects to this Request on the grounds that it is vague, ambiguous, overbroad and unduly burdensome, and to the extent it seeks irrelevant information, and privileged information.

**REQUEST NO. 4:** Documents sufficient to show all record and beneficial owners, shareholders, directors, officers, and employees of the aforesaid "Claims Pursuit, Inc."

**RESPONSE TO REQUEST NO. 4:** Herschmann objects to this request on the grounds that it seeks irrelevant information. Herschmann further objects to this request because it seeks documents already in Sagi's possession.

**REQUEST NO. 5:** The trust agreement for, and documents sufficient to show all trustees and beneficiaries of, any trust associated in any way with the aforesaid "Claims Pursuit, Inc.

3

**RESPONSE TO REQUEST NO. 5:** Herschmann objects to this request on the grounds that it seeks irrelevant information and because it is overbroad, vague, and ambiguous. Subject to the foregoing specific and general objections, Herschmann agrees to produce the trust document.

**REQUEST NO. 6:** All financial statements and other Documents reflecting the assets, income and financial condition of the aforesaid "Claims Pursuit, Inc." and/or any trust associated therewith.

**RESPONSE TO REQUEST NO. 6:** Herschmann objects to this request on the grounds that it seeks irrelevant information. Herschmann has no documents responsive to this request.

**REQUEST NO. 7:** All nonprivileged communications and other Documents relating to the Motion, Proposed Order and/or Settlement Agreement filed in this case by the successor Chapter 7 Trustee.

**RESPONSE TO REQUEST NO. 7:** Herschmann objects to this request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Subject to and without waiving the forgoing general and specific objections, Herschmann agrees to produce all non-duplicative, nonprivileged documents responsive to this Request to the extent any such documents are identified following a reasonable search.

**REQUEST NO. 8:** All attorney retainer agreements, fee agreements, engagement letters and similar-type documents executed on behalf of the aforesaid "Claims Pursuit, Inc." and/or any trust associated in any way therewith, and all communications regarding same.

**RESPONSE TO REQUEST NO. 8:** Herschmann has no documents responsive to this request.

**REQUEST NO. 9:** Any and all Documents relating to Appraisals drafted since 2014.

**RESPONSE TO REQUEST NO. 9:** Herschmann objects to this request on the grounds that it is vague, ambiguous, and overbroad.

**REQUEST NO. 10:** Any and all Appraisals drafted since 2014.

4

**RESPONSE TO REQUEST NO. 10:** Herschmann objects to this request on the grounds that it is vague, ambiguous, and overbroad.

**REQUEST NO. 11:** Any and all Documents relating to the purchase and/or sale of Jewelry, including receipts, checks, and/or credit card statements.

**RESPONSE TO REQUEST NO. 11:** Herschmann objects to this request on the grounds that it is vague, ambiguous, and overbroad.

**REQUEST NO. 12:** Any and all Documents related to the purchase, sale, maintenance, transfer, replacement and/or refurbishment of the Debtor's engagement ring.

**RESPONSE TO REQUEST NO. 12:** Herschmann has no documents responsive to this request.

**REQUEST NO. 13:** Any and all contracts and/or agreements between any members of the OG Group (whether or not they also include a non-member) drafted since 2008, including any and all drafts, metadata and electronic copies of same and Documents sufficient to show the approximate date of drafting and/or execution of those contract and/or agreements.

**RESPONSE TO REQUEST NO. 13:** Herschmann objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Herschmann also objects to the Request on the grounds that it seeks documents and information already produced by KBT.  Subject to and without waiving the forgoing general and specific objections, Herschmann agrees to produce all non-duplicative, nonprivileged documents responsive to this Request to the extent any such documents are identified following a reasonable search.

**REQUEST NO. 14:** A full and complete copy of the pre-marital agreement between Debtor and her husband, including all drafts, metadata and electronic copies of it and its schedules whether or not finally included in the agreement.

**RESPONSE TO REQUEST NO. 14:** Herschmann objects to this request because it seeks irrelevant information that is personal and confidential, and because it is overly broad and unduly burdensome.  Herschmann also objects to this request to the extent it seeks the production of privileged information.  Sagi knows the pre-marital agreement is not relevant to the issues in

5

this proceeding, because Sagi already has a copy of the only potentially relevant portions of the pre-marital agreement, as previously determined by Judge Freeman. Those portions of the agreement were produced in post-judgment discovery in Case No. 17-cv-8181 pursuant to the terms of a Protective Order in that case. Herschmann also objects to this request because issues related to Sagi and his counsel's improper dissemination of the pre-marital agreement are currently pending before Judge Garrity.

**REQUEST NO. 15:** Any Document regarding any transfer of property in and/or out of any of the Trusts.

**RESPONSE TO REQUEST NO. 15:** Herschmann has no documents responsive to this request.

**REQUEST NO. 16:** Any and all written communications between any members of the OG Group since 2008 whether or not a non OG Group person was part of the communication; except that to the limited extent such communications are:

> a. (i) between a client and his attorney (ii) covered by the attorney/client privilege, (iii) do not discuss, mention, cite, and/or contain language directly associated with an indebtedness of the Debtor and/or Arie, AND (iv) do not discuss, mention, cite, and or contain language directly associated with the transfer, creation, or dissolution of a property interest of any person, they are not requested.
>
> b. (i) between the Debtor and her spouse exclusively, (ii) covered by the marital privilege, AND (iii) do not discuss, mention, cite, and or contain language directly associated with the transfer, creation, or dissolution of a property interest or indebtedness of any person, they are not requested.

**RESPONSE TO REQUEST NO. 16:** Herschmann objects to this request on the grounds that it is overbroad and unduly burdensome and to the extent it seeks information that is irrelevant and not proportional to the needs of this proceeding. Herschmann further objects to this request to the extent it seeks the production of privileged information. Herschmann also objects to this request on the grounds that it seeks information already produced by KBT. Subject to and without waiving the forgoing general and specific objections, Herschmann agrees

6

to produce non-duplicative, nonprivileged documents responsive to this Request to the extent any such documents are identified following a reasonable search.

**REQUEST NO. 17:** Any and all Documents drafted since 2007 evidencing, citing, or discussing purported debts owed amongst and between members of the OG Group or entities owned or controlled by members of the OG Group at any time since 2007, including all drafts and correspondence relating to same, the Metadata and electronic copies and including invoices for services purportedly rendered.

**RESPONSE TO REQUEST NO. 17:** Herschmann objects to this request on the grounds that it is overbroad and unduly burdensome and to the extent it seeks information that is irrelevant and not proportional to the needs of this proceeding. Herschmann also objects to this request on the grounds that it seeks information already produced by KBT. Subject to and without waiving the forgoing general and specific objections, Herschmann agrees to produce non-duplicative, nonprivileged documents responsive to this Request to the extent any such documents are identified following a reasonable search.

**REQUEST NO. 18:** Documents sufficient to evidence the consideration paid in creation of extant debts referred to in the request immediately above.

**RESPONSE TO REQUEST NO. 18:** Herschmann objects to this request on the grounds that it is vague and ambiguous, and to the extent that it seeks publicly available documents or documents already in Sagi's possession. Herschmann has no additional documents that are responsive to this request.

**REQUEST NO. 19:** Documents sufficient to evidence any payments made for the benefit of the Debtor since 2007 including, but not limited to, the payment of monies to purchase gifts and/or pay Debtor's expenses or debts to anyone.

**RESPONSE TO REQUEST NO. 19:** Herschmann objects to this request on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome, and seeks information that is not proportional to the needs of this proceeding. Herschmann also objects to

7

this request because it seeks irrelevant information. Herschmann also objects to this request because it seeks information already produced by KBT.

**REQUEST NO. 20:** Any and all invoices from Debtor's law firms for services rendered to the Debtor since 2007, and any correspondence regarding those invoices.

**RESPONSE TO REQUEST NO. 20:** Herschmann objects to this request because it seeks irrelevant information and to the extent it seeks privileged information. Herschmann further objects to this request because it seeks information already produced by KBT. Herschmann has no documents responsive to this request.

**REQUEST NO. 21:** Any and all financial statements of the Debtor drafted since 2008.

**RESPONSE TO REQUEST NO. 21:** Herschmann has no documents responsive to this request.

**REQUEST NO. 22:** Any and all reports, analyses, consultations, valuations, or appraisals of Debtor's and/or her spouse's assets and/or liabilities from 2015 to the present.

**RESPONSE TO REQUEST NO. 22:** Herschmann objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Herschmann further objects to this request to the extent it seeks information about him, which is irrelevant.

**REQUEST NO. 23:** Any and all agreements, drafts of agreements, and transmittal correspondence of agreements between any members of the OG Group whether or not a non-member is also a party.

**RESPONSE TO REQUEST NO. 23:** Herschmann objects to this request on the grounds that it is duplicative, vague, ambiguous, and overbroad. Herschmann also objects to the Request on the grounds that it seeks documents and information already produced by KBT. Subject to and without waiving the forgoing general and specific objections, Herschmann agrees to produce all non-duplicative, nonprivileged documents responsive to this Request to the extent any such documents are identified following a reasonable search.

8

**REQUEST NO. 24:** Documents and/or records sufficient to show the actual date of drafting of agreements referenced immediately above and Documents sufficient to show the approximate date of their execution.

**RESPONSE TO REQUEST NO. 24:** Herschmann objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Herschmann also objects to the Request on the grounds that it seeks documents and information already produced by KBT; responsive nonprivileged documents have already been produced to Sagi.

**REQUEST NO. 25:** Any and all communications from and to any entity or individuals regarding any agreements asked for immediately above.

**RESPONSE TO REQUEST NO. 25:** Herschmann objects to this request on the grounds that it is vague, overbroad, and unduly burdensome, and seeks information not proportional to the needs of the case. Subject to and without waiving the forgoing general and specific objections, Herschmann agrees to produce non-duplicative, nonprivileged documents responsive to this Request to the extent any such documents are identified following a reasonable search.

**REQUEST NO. 26:** Any and all Documents relating to the home in Israel in which Debtor has recently lived, including but not limited to the purchase agreement, any filings prepared for a government authority, and any communication with any party concerning the home's ownership, use, value, and/or tax status.

**RESPONSE TO REQUEST NO. 26:** Herschmann objects to this request because it seeks irrelevant information.

**REQUEST NO. 27:** Any and all Bank Statements of the Debtor and/or her spouse from 2015 to the present.

**RESPONSE TO REQUEST NO. 27:** Herschmann objects to this request to the extent it seeks irrelevant information that is personal and confidential to him.

**REQUEST NO. 28:** Any and all Credit Card Statements of the Debtor and/or her spouse from 2015 to the present.

9

**RESPONSE TO REQUEST NO. 28:** Herschmann objects to this request to the extent it seeks irrelevant information that is personal and confidential to him. Herschmann further objects to this request to the extent it seeks information already in Sagi's possession. Subject to and without waiving the forgoing general and specific objections, Herschmann agrees to produce relevant, non-duplicative, nonprivileged documents responsive to this Request to the extent any such documents are identified following a reasonable search.

**REQUEST NO. 29:** Any and all written communications with Kasowitz Benson Torres LLP and/or any of its predecessor entities regarding invoices or amounts owed by the Debtor or her spouse including, but not limited to, any Documents relating to any payment arrangements contemplated, made, negotiated, or discussed.

**RESPONSE TO REQUEST NO. 29:** Herschmann objects to this request to the extent it seeks irrelevant information and/or information that is privileged. Herschmann further objects to this request to the extent it seeks information that has already been produced by KBT. Herschmann has no additional documents responsive to this request.

**REQUEST NO. 30:** All documents related to the acquisition of the Condominium by the Debtor.

**RESPONSE TO REQUEST NO. 30:** Herschmann has no documents responsive to this request.

**REQUEST NO. 31:** Any and all Documents exchanged with any entity or individual regarding the Contingent Lien purported held for the benefit of the deponent/subpoena recipient.

**RESPONSE TO REQUEST NO. 31:** Herschmann objects to this Request on the grounds that it is vague and ambiguous.

**REQUEST NO. 32:** Any and all Documents or correspondence between any member of the OG Group and Julius Trump, Edmund Trump, Mark Hirsch, Trans-Resources LLC or any of their agents or affiliates since 2013.

10

**RESPONSE TO REQUEST NO. 32:** Herschmann objects to the Request on the grounds that it seeks irrelevant information, is overbroad and unduly burdensome, and because it seeks documents and information already produced by KBT.

**REQUEST NO. 33:** Any and all Documents relating to compensation received by the Debtor from 2015 to the present.

**RESPONSE TO REQUEST NO. 33:** Herschmann has no documents responsive to this request.

**REQUEST NO. 34:** Any and all Documents that would fill in the information requested in Schedule I, Part 2 for the non-filing spouse of Debtor.

**RESPONSE TO REQUEST NO. 34:** Herschmann objects to this request on the grounds that it is vague and ambiguous, and to the extent it seeks irrelevant information.

**REQUEST NO. 35:** Any and all Documents that would fill in the information requested in Schedule J, Part 2 for the non-filing spouse of Debtor.

**RESPONSE TO REQUEST NO. 35:** Herschmann objects to this request on the grounds that it is vague and ambiguous, and to the extent it seeks irrelevant information.

**REQUEST NO. 36:** Any and all Documents relating to the disposition or planned disposition of about $32 million in settlement proceeds paid or to be paid by the Trump Group in connection with the Trump Settlement Agreement.

**RESPONSE TO REQUEST NO. 36:** Herschmann objects to the Request on the grounds that it is vague and ambiguous and seeks documents and information already produced by KBT.

**REQUEST NO. 37:** Any and all Documents evidencing an agreement and/or understanding at any time between any members of the OG Group about the ownership and/or allocation of the $32 million immediately referenced above including, but not limited to, any Documents prepared and/or used in connection with the preparation of a filing with the Internal Revenue Service by any person.

11

**RESPONSE TO REQUEST NO. 37:** Herschmann objects to the Request on the grounds that it is vague and ambiguous and seeks documents and information already produced by KBT.

**REQUEST NO. 38:** All Documents, including all correspondence amongst and between employees of Raines and Fisher LLP relating to the calculation of monies purportedly owed by the Debtor to either Arie or the Debtor's spouse.

**RESPONSE TO REQUEST NO. 38:** Herschmann has no documents responsive to this Request.

**REQUEST NO. 39:** All Documents evidencing the existence, at any time, of promissory notes executed by the Debtor in favor of Arie, whether or not those promissory notes are presently enforceable.

**RESPONSE TO REQUEST NO. 39:** Herschmann has no documents responsive to this Request.

**REQUEST NO. 40:** All Documents evidencing or describing the ownership, assets, liabilities and cash flow of Everything Important LLC, AGOG LLC, OGJM Inc, RDA Ventures LLC, and any other entity in which the Debtor has held an ownership interest (directly or indirectly) for every year since 2013.

**RESPONSE TO REQUEST NO. 40:** Herschmann has no documents responsive to this request.

**REQUEST NO. 41:** All Documents evidencing the actual date of drafting and/or execution of any Document evidencing and/or effecting the transfer of any property interest and/or ownership by the Debtor in any asset to any member of the OG Group or any entity owned controlled and/or existing for the benefit of any member of the OG Group since 2016 including, but not limited to, any transfer to a trust in which she was or is a beneficiary and any transfer to Arie of ownership in any entity.

**RESPONSE TO REQUEST NO. 41:** Herschmann has no documents responsive to this request.

**REQUEST NO. 42:** All Documents filed by the Debtor with the Internal Revenue Service or other tax authority anywhere in the world since 2016.

**RESPONSE TO REQUEST NO. 42:** Herschmann has no documents responsive to this request.

**REQUEST NO. 43:** All communications between Lance Harris or the Stein & Harris law firm, on the one hand, and Bill Fischer or the Raines & Fischer accounting firm, on the other hand, concerning any alleged indebtedness owed by the Debtor to Arie or Eric Herschmann.

**RESPONSE TO REQUEST NO. 43:** Herschmann has no documents responsive to this request.

**REQUEST NO. 44:** All communications between Lance Harris or the Stein & Harris law firm, on the one hand, and Stanley Altmark, Joel Isaacson, or the Joel Isaacson & Co. accounting firm, on the other hand, concerning any alleged indebtedness owed by the Debtor to Arie or Eric Herschmann.

**RESPONSE TO REQUEST NO. 44:** Herschmann has no documents responsive to this request.

**REQUEST NO. 45:** Documents sufficient to show that payment by Eric Herschmann of $2 million to Kasowitz was applied by the firm against invoices to the Debtor at the time received.

**RESPONSE TO REQUEST NO. 45:** Herschmann objects to this request to the extent it seeks irrelevant information, and because it is vague and ambiguous. Subject to the foregoing specific and general objections, Herschmann states that he has no documents responsive to this request. However, Herschmann is aware that KBT has already produced documents responsive to this request which confirm that the $2 million Herschmann loaned at the end of December 2016 was applied to Debtor's outstanding balance owed to the firm at the time.

**REQUEST NO. 46:** All Insurance Policies of the debtor, her property, or any home used by her and her husband.

**RESPONSE TO REQUEST NO. 46:** Herschmann objects to this request on the grounds that it is vague, overbroad, and unduly burdensome, and to the extent that it seeks irrelevant information.

13

Dated: July 1, 2020 /s/ Eric D. Herschmann
Eric D. Herschmann

14