UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                                            :
                                                                 :     Chapter 7
Orly Genger,                                                     :     Case No. 19-13895 (JLG)
                                                                 :
                    Debtor.                                      :
-----------------------------------------------------------------X

### DEBTOR'S OPPOSITION TO MOVANT'S IN LIMINE MOTION TO EXCLUDE ARGUMENTS BASED ON PRIOR DECISIONS

Chapter 7 Debtor Orly Genger submits this opposition to the *in limine* motion filed by movant entitled, "Sagi Genger's Motion *In Limine* to Exclude Irrelevant Arguments Previously Rejected by U.S. District Court and U.S. Court of Appeals," dated June 1, 2021 (Doc. 429).[1]

### PRELIMINARY STATEMENT

Orly opposes Sagi's application to bar at trial argument concerning the legal import of prior decisions in the federal Genger actions. Those decisions discuss the $32.3 million squarely at issue in the trial on the motion to dismiss. To foreclose, as Sagi requests, considered discussion and argument concerning the scope of any preclusive effect of those decisions would unduly prejudice Debtor and needlessly blind this Court to matters that cannot be more to the point.

Sagi has no legitimate basis to close off argument on questions of legal precedent. In fact, his whole motion is his own one-sided argument on the very issue that should be considered and decided by the Court only after affording Orly at trial her full and fair opportunity to present her counterarguments and in light of the full fact record that the trial will afford.

---

[1] For brevity's sake, terms defined in Debtor's Objection (Doc. 425) are used herein with the same meaning as defined in the Objection.

## ARGUMENT

Sagi argues that this legal issue – which is a mixed question of law and fact but is predominantly controlled by the plain words of the published prior decisions themselves – should be foreclosed from consideration at trial because in his view (i) the decisions have no bearing on Orly's good faith or lack thereof and any question of his bad faith is (to him) out of bounds on this motion; and (ii) the whole matter is res judicata and should not be revisited or reconsidered by this Court.  (He also raised a "burden" objection, but he does not identify any burden or complication, which is obviously not a real concern.)  He's wrong on both counts.

To take the second first:  Sagi reads *into* the federal decisions more than is there.  Neither of the two actions in federal court adjudicated the question of Dalia and Sagi's bad faith in demanding millions in payment under the 2004 letter agreements.  None of the quotes in Sagi's in limine application show otherwise.

In *Genger I*, the Southern District did not consider or rule upon any question of a bad faith demand under the 2004 agreements.  Rather it ruled on the defenses of judicial estoppel, mutual mistake, and lack of opportunity to defend.  *Genger v. Genger*, 76 F. Supp.3d 488, 500-02 (S.D.N.Y. 2015) (Section B, entitled "*Defenses*").  None of those defenses necessarily entailed any ruling on any claim of bad faith (as anyone who can read can see for themselves).  In fact, the terms "bad faith" and "good faith" nowhere even appear in the decision.  As the quote excerpted by Sagi shows, the federal court rejected an "unclean hands" defense predicated on Sagi's conduct in taking the $10.3 million in sale proceeds realized from the Orly Trust Shares (as defined in the 2013 AG/Trump Settlement).  No fact question was raised (or adjudicated) therein related to his and Dalia's bad faith in making the demand under the 2004 letters.  *See id.* at 503.

3

Sagi then blatantly misquotes the Second Circuit decision, which did *not* rule on Orly's claims that Dalia/Sagi acted in bad faith. In actuality, that Court expressly did not even reach that issue, holding instead that, other than speculation, there was nothing in the record to adjudicate (because the claim had not been raised or developed below in discovery):

> Orly asserts that she or Sagi might have resisted [Dalia's] claim by challenging Dalia's need for the money she demanded. But Orly's speculation of Dalia's bad faith is insufficient to create a genuine dispute as to material fact.

*Genger v. Genger*, 663 Fed. Appx. 44, 50 (2d Cir. 2016). This is not an adjudication of a fact issue.

In *Genger II*, the District Court cited this same passage from the Second Circuit to mistakenly hold that it was foreclosed from adjudicating evidence Orly presented in that second action under Rule 56(d) to justify discovery as to Dalia's bad faith. On appeal, this error was argued to the Second Circuit, which did not reach it on procedural grounds. In that second appeal, the Second Circuit held that the Court could not reach the issue because it was foreclosed by the fact that Dalia's judgment against Sagi in that same action had not been appealed, which the appellate court held waived any objection Orly might otherwise have had to enforcement of her indemnification:

> Since Orly did not challenge Dalia's demand or motion, we *assume* on appeal *the validity of Dalia's claim*. … Accordingly, *because we assume the validity of Dalia's claim*, we conclude that the District Court correctly held that Orly is required under the 2004 Indemnity to indemnify Sagi for half of the amount he owes to Dalia under the 2004 Promise.

*Genger v. Genger*, 771 Fed. Appx. 99, 101-02 (2d Cir. 2019) (emphasis added). Again, this unmistakably demonstrates the lack of bad faith on the part of Dalia and Sagi was "*assumed*" as a procedural matter and was not adjudicated in these prior actions.

4

The doctrine of issue preclusion is long settled. Where, as here, the issue was not previously "*actually litigated and actually decided*" and where deciding that issue was not "*necessary* to support" the prior ruling, there is no preclusion. *Fernandez-Rodriguez v. Licon-Vitale*, 470 F. Supp. 3d 323, 364 (S.D.N.Y. 2020), quoting *United States v. Hussein*, 178 F.3d 125, 129 (2d Cir. 1999) (emphasis added). *See Jim Beam Brands Co. v. Beamish & Crawford Ltd.*, 937 F.2d 729, 734 (2d Cir. 1991) (doctrine of issue preclusion "prevents the relitigation of an issue that was raised, litigated, and *actually decided* by a judgment in a prior proceeding") (emphasis added). *See also* Debtor's Objection, at 37-40 (citing and discussing authorities).

Having demonstrated that Sagi is misreading the prior District and Second Circuit decisions, it is readily apparent that his claim that *his* (and Dalia's) bad faith is irrelevant is likewise misstated, to say the least.

Debtor has no intention of "re-litigating" either Sagi's first federal judgment against her (which she satisfied) or his pending $3 million-plus judgment against her (which she is unable to pay). But the fact that no court has ever adjudicated her claim that Sagi and Dalia have acted in bad faith in pressing multi-million-dollar claims against her – which they now argue amounts to over $12 million –*is* relevant to her defense against Sagi's claim on his motion to dismiss that she filed in bad faith. The argument set forth above, as supported by evidence submitted with her Objection and by evidence at trial, is directly germane to her defense that she acted in good faith in filing for bankruptcy. A correct understanding of these prior decisions, supported by evidence of the conduct of the relevant parties thereafter, shows (and will show at trial) that Orly had a reasonable and good faith understanding that Sagi and Dalia are acting deliberately against her interests solely to secure the $32.3 million in settlement proceeds for themselves, without any care or regard as to whether those funds legally belong to her or other parties.

5

Sagi's motion expressly concerns "arguments" he claims were "previously rejected" in the prior federal decisions, as even the title of his motion states. To the extent he means to try to exclude his (and his cohorts') bad acts that *post*-date those decisions, he has articulated no basis for that and certainly no legal authority in support of such a sweeping position. Sagi's bad-faith machinations in coordinating his and others' contradictory claims to the same $32.3 million – including as reflected in the intercreditor agreement and in his imposition on Michael Oldner as the purported trustee of the Orly Genger 1993 Trust to grant him, his wife, and other confederates full general releases – are squarely at issue and inform Orly's decision-making and reasonable and good faith beliefs in filing this bankruptcy action.

They also are needed to show that Sagi himself has taken contradictory legal positions on the very same $32.3 million, which is directly relevant to Orly's good faith. For example, while Sagi has argued repeatedly to this Court – including most importantly on his motion to dismiss that is the subject of trial – that the federal "monetized" ruling in January 2015 (*Genger I*) held as a matter of res judicata that Orly is legally entitled to all or almost all of the $32.3 million, he took a contradictory position in February 2015 arguing in state court that, again as a matter of res judicata based on the "monetized" ruling in *Genger I*, Sagi's position is that "all or almost all of the settlement proceeds belong to the *Orly Trust*" – *not* Orly. Doc 424-34, at ¶¶ 52-55 (Dellaportas Affirm., dated February 13, 2015: after citing the "monetized" decision concerning the "$32.3 million," representing, "*It is the Sagi Trust's position that all or almost all of the settlement proceeds belong to the Orly Trust.*" [The term '*Sagi Trust*' is defined as "*Sagi Genger* and the Sagi Genger 1993 Trust," at ¶ 1]). That position argued by Sagi is *consistent* with Orly's position in this bankruptcy that none of the $32.3 million "belongs" to her or is part of her bankruptcy estate, as she stated in her petition schedules.

6

Furthermore, none of the authorities cited by Sagi is on point.  His main case, *Matter of Silverman*, 1 B.R. 107, 112-113 (Bankr. S.D.N.Y. 1979) is a forty-year-old discharge case, not a dismissal case.  That case did not involve the kind of fact and intent questions that movant's motion to dismiss raises here, including whether the Debtor intended to commit fraud in her filings by describing movant's own legal claims in light of her reasonable understanding of his conduct leading to the bankruptcy.  *See also Comstock v. Group of Institutional Invs.*, 335 U.S. 211, 234-35 (1948) (cited by Sagi), an opinion concerning "fairness" of a reorganization plan, which is inapposite in this Chapter 7 case; and I*n re Eddington Thread Mfg. Co., Inc.*, 181 B.R. 826, 832 (Bankr. E.D. Pa. 1995) (cited by Sagi), which, in dicta noted objector's argument in another reorganization case, again involving standards irrelevant in this Chapter 7 case.

As a matter of basic due process, Orly cannot be foreclosed from offering evidence and argument about her good faith understanding of these prior federal decisions and the conduct of Sagi and Dalia that factored into her decision to seek bankruptcy protection.

## CONCLUSION

For the foregoing reasons, the creditor Sagi Genger's motion *in limine* to bar arguments and legal theories should be denied in its entirety.

Dated: New York, New York
       June 7, 2021

                                                                                                                     GLENN AGRE BERGMAN & FUENTES LLP

                                                                                                                     By:  /s *Michael Paul Bowen*
                                                                                                                        Michael Paul Bowen

                                                                                                                      55 Hudson Yards, 20th Floor
                                                                                                                      New York, New York 10001
                                                                                                                      T: 212-358-5600
                                                                                                                      mbowen@glennagre.com
                                                                                                                      *Attorneys for the Debtor Orly Genger*

**CERTIFICATION OF SERVICE**

    I hereby certify that a true and correct copy of this opposition to the specified motion in limine has been served upon each attorney of record by ECF and filed with the Court on this 7th day of June 2021.

                                /s *Michael Paul Bowen*