**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza,*
*Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Rocco A. Cavaliere, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                                       :
                                                             :   Chapter 7
ORLY GENGER,                                                 :
                                                             :   Case No.: 19-13895 (JLG)
                            Debtor.                          :
                                                             :
------------------------------------------------------------ x

**CHAPTER 7 TRUSTEE'S (I) OBJECTION TO SAGI GENGER'S
MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT ARGUMENTS
PREVIOUSLY REJECTED BY U.S. DISTRICT COURT AND U.S.
COURT OF APPEALS AND (II) JOINDER IN ANY OBJECTIONS TO
THE EXTENT NOT INCONSISTENT WITH THE TRUSTEE'S OBJECTION**

TO:    THE HONORABLE JAMES L. GARRITY
       UNITED STATES BANKRUPTCY JUDGE

Deborah J. Piazza, the successor chapter 7 trustee (the "Trustee") of the estate of Orly Genger (the "Debtor") hereby submits this objection (the "Objection") to Sagi Genger's ("Sagi") motion in limine to exclude irrelevant arguments previously rejected by U.S. District Court and U.S. Court of Appeals (the "Motion") [Dkt. 429] and otherwise joins in any other objections to the Motion, to the extent not inconsistent with this Objection. In support of the Objection, the Trustee respectfully states as follows:

1.    The Motion incorrectly states that the Debtor intends to use the June 16-18 hearing to retry the legal and factual findings that were adjudicated against the Debtor in the federal courts. See Motion, p. 2. The Trustee joins in the Debtor's Objection insofar as it does not appear that the District Court and Court of Appeals made any final determinations on Sagi's and Dalia's "bad

{Client/086201/1/02409045.DOCX;1 }

faith" but instead ruled on the defenses of judicial estoppel, mutual mistake, and lack of opportunity to defend.

2.      From the Trustee's perspective, even if somehow Sagi could convince this Court that those decisions conclusively determined that Sagi and Dalia's prior acts were not "bad faith", such a determination in the context of deciding defenses to a contract, those decisions would have no bearing on whether Sagi and Dalia's prior acts could not be analyzed by this Court in the context of a motion to dismiss a bankruptcy case.

3.      Likewise, while the Motion focuses on Orly's so-called "bad faith" defenses raised in those actions, the Trustee does not believe Sagi is seeking, through the Motion, to exclude evidence regarding the more recent alleged acts of Sagi and his cohorts from June 2019 and onwards, as more fully and extensively described in the Debtor's objection to the Motion to Dismiss and the Trustee's objection to the Motion to Dismiss.  To the extent that this is what Sagi is also seeking, that relief should easily be denied.  Obviously, Sagi's more recent acts, which took place after the District Court and Court of Appeals decisions, could not have been decided by those Courts, and for the reasons stated in the Trustee's Objection to the Motion to Dismiss (most specifically Section D thereof) [Dkt. No. 433], are relevant considerations for the Court as it exercises discretion on whether the Motion to Dismiss should be granted or denied.  Simply stated, a determination of whether a bankruptcy case should be dismissed calls into question a number of different considerations by the Court, and is "not limited to the matters raised in Sagi's motion".  See Motion, p. 6.

4.      Finally, while the Trustee is not taking a position with respect to Sagi's other pretrial motions: (i) to unseal the documents [Dkt. No. 428] and (b) to exclude Kasowitz Benson Torres LLP and Eric Herschmann from appearing at the hearing on the Motion to Dismiss [Dkt. No. 430], it certainly appears inconsistent, to say the least, for Sagi to argue that "the public holds

an affirmative right of access to judicial documents, under common law and the First Amendment" in the Unsealing Motion, but at same time, seek to close down access to the Court to Kasowitz and Herschmann, parties who obviously have a right to appear and be heard at the hearing on the Motion to Dismiss.

### JOINDER IN OTHER OBJECTIONS

5.    The Trustee hereby joins in the Debtor's objection and any other objections filed by parties in interest to the Motion, only to the extent not inconsistent herewith.

### RESERVATION OF RIGHTS

6.    The Trustee reserves the right to further supplement this Objection at or prior to the hearing to consider the Motion.

**WHEREFORE**, the Trustee respectfully requests that this Court (a) deny the Motion consistent with this Objection, and (b) grant such other and further relief as is just and proper.

Dated: New York, New York
       June 7, 2021

           **TARTER KRINSKY & DROGIN LLP**
           *Attorneys for Deborah J. Piazza*
           *Chapter 7 Trustee*

           By:   /s/Rocco A. Cavaliere
                   Rocco A. Cavaliere
                   1350 Broadway, 11th Floor
                   New York, New York 10018
                   (212) 216-8000