

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Rocco A. Cavaliere, Partner
Email: rcavaliere@tarterkrinsky.com
Phone: (212) 216-1141

June 11, 2021

**BY FEDERAL EXPRESS, ECF AND EMAIL**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

        Re:   In re Orly Genger
                  Chapter 7 Case No. 19-13895

Dear Judge Garrity:

      This firm is counsel to Deborah J. Piazza, in her capacity as successor chapter 7 trustee (the "Trustee") of the above-referenced Debtor's estate.

      This Court has set a hearing date of July 8, 2021 at 2:00 p.m. (the "July 8th Hearing") in connection with the *Chapter 7 Trustee's Motion For An Order Pursuant To Rule 9019 Of The Federal Rules Of Bankruptcy Procedure (A) Approving Settlement Agreement And (B) Granting Related Relief*, which was electronically filed with the court [ECF No. 421].

      As the Court is aware, the parties engaged in significant discovery in connection with Sagi Genger's amended motion to dismiss the bankruptcy case (the "Motion to Dismiss") in which all relevant parties were deposed, except for Dalia Genger. Among those that were deposed included Sagi Genger as well as Michael Oldner, in his purported capacity as trustee of the Orly Genger Trust. During such depositions, the foregoing testified as to issues relevant to, among other things, the $32.3 million settlement arising from the June 2013 "Trump Settlement" agreement. While the standards for Rule 9019 are straightforward and will be guided by whether the settlement is fair and reasonable and "above the lowest point in the range of reasonableness", depending on the nature and scope of the objections to the Settlement Motion filed by Sagi Genger and Mr. Oldner due on June 25, 2021, and only to the extent that the Trustee deems it necessary for the record on the Settlement Motion, it is possible that Sagi's and Oldner's testimony may be relevant to the settlements embodied in the Settlement Motion. Rather than

Honorable James L. Garrity
June 11, 2021
Page 2 of 3

seek to depose these parties again, the Trustee reserves the right to use their prior deposition testimony as part of the record on the Settlement Motion or otherwise call them as witnesses at the July 8th Hearing.

This takes us to Dalia Ganger. As the Court is aware, the Trustee and others previously requested Dalia's deposition in connection with the Motion to Dismiss. While this Court found that Dalia Genger was a witness with potentially relevant testimony pertaining to the Motion to Dismiss, the Court nonetheless, citing health issues raised by her doctor, foreclosed the opportunity of the Debtor, the Trustee and others from taking her deposition. We look forward to Your Honor's determination of the Debtor's request with respect to this matter filed under seal (the "Pending Request"). See Dkt. 436.

We have served Dalia Genger, by email copy to her counsel, a notice of deposition scheduled for June 22, 2021 in connection with the Settlement Motion. A copy of the Notice of Deposition is annexed as **Exhibit "A"**. As the Trustee has indicated numerous times, Dalia's pending constructive trust action appears to have been filed as a potential obstacle to any effort by any Court-appointed trustee to settle the $32.3 million cause of action (the "Disputed Settlement Proceeds"). Indeed, when the prior trustee in Texas filed a settlement motion, Dalia Genger filed an objection to the settlement motion [see Dkt. No. 115], claiming for the very first time since the 2004 divorce that she was entitled to a constructive trust on the very Disputed Settlement Proceeds that she was allegedly fighting to protect for the Orly Genger Trust, at a time in which she was the "impartial" trustee with a fiduciary duty to its beneficiary, Orly Genger. Unless the constructive trust action has been dismissed in advance of the July 8th hearing, it is anticipated that Dalia will file an objection to the pending Settlement Motion with reference to the frivolous constructive trust action as a reason why the Court should not approve the Settlement Motion.

We anticipate another objection from Dalia's counsel to her testimony at a deposition on the Settlement Motion, based on health concerns. Unlike Dalia's prior arguments suggesting that her testimony on the Motion to Dismiss was not relevant, which the Court rejected, Dalia, a likely objecting party, cannot be heard to say that she does not have potentially relevant information pertaining to the Settlement Motion, in light of her likely objection that she maintains a "constructive trust" over the Disputed Trump Proceeds.

In the interest of judicial economy and rather than raise this issue anew after Your Honor decides on the Pending Request on another matter (i.e. testimony in relation to the Motion to Dismiss), the Trustee raises this matter now and respectfully submits that the request for Dalia's deposition relating to potentially relevant evidence in connection with the Settlement Motion is yet another reason for this Court to grant the Pending Request, for which request the Trustee supported at the recent status conference on June 3, 2021.

Honorable James L. Garrity
June 11, 2021
Page 3 of 3

      The Trustee is prepared to rest on this correspondence with respect to this pending issue or otherwise address this matter at the commencement of the June 16th hearing or such other time or in any other manner that the Court deems appropriate.

                                                Respectfully submitted,

                                                /s/Rocco A. Cavaliere

                                                Rocco A. Cavaliere

# EXHIBIT A

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza,*
*Successor Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Rocco A. Cavaliere, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                      Chapter 7

ORLY GENGER,                                                Case No. 19-13895 (JLG)

            Debtor.
-----------------------------------------------------------x

## NOTICE OF DEPOSITION OF DALIA GENGER

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Bankruptcy Procedure 9014, Deborah J. Piazza, the successor Chapter 7 Trustee (the "Trustee"), by her undersigned co-counsel, will take the deposition of Dalia Genger concerning the *Chapter 7 Trustee's Motion for Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (A) Approving Settlement Agreement and (B) Granting Related Relief*, filed on the Bankruptcy Court docket on May 28, 2021 [Dkt. 421] at the law offices of Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018 (or by Zoom, to the extent necessary and agreed upon between the parties in interest in this case), commencing at **10:00 a.m. on June 22, 2021**, or upon any adjourned date, and continuing from day to day thereafter until completed, excluding Saturdays,

{Client/086201/1/02412390.DOCX;1 }

Sundays, and holidays. The deposition will be taken before a notary public or other person authorized to administer oaths.

Dated: New York, New York
       June 10, 2021

                **TARTER KRINSKY & DROGIN LLP**

                By: /s/Rocco A. Cavaliere
                    Rocco A. Cavaliere
                1350 Broadway, 11th Floor
                New York, New York 10018
                Tel: (212) 216-8000
                Fax: (212) 216-8001
                rcavaliere@tarterkrinsky.com

                *Counsel to Deborah J. Piazza,*
                *Successor Chapter 7 Trustee*