# GLENN AGRE BERGMAN & FUENTES LLP

Michael Paul Bowen
mbowen@glennagre.com
55 Hudson Yards, 20th Floor
New York, NY 10001
o: (212) 358-5600
m: (914) 319-1827

June 13, 2021

<u>Via ECF</u>
Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, New York 10004

    Re:    <u>In re Orly Genger, Ch. 7, Case No. 19-13895</u>

Your Honor:

    On behalf of Debtor, this submission is made to alert the Court to a late-arising evidentiary issue created by movant Sagi Genger's intent to offer entire transcripts of other creditors and third-party witnesses at the trial on the motion to dismiss later this week. After the deadline for motions *in limine* Sagi notified Debtor that he contends he has the right to offer against Debtor the entirety of deposition transcripts of other parties and third parties, even though some of these depositions were unilateral "judgment enforcement" proceedings at which Orly was not present and for which she received no notice.

    While we have tried to meet and confer with counsel on this, Sagi's counsel stated that he believes he has the right to offer these transcripts in their entirety despite clear evidentiary rules to the contrary and he has not provided any justification for his position, which is all the more unclear since he previously represented to the Court that his case in chief would take only four hours and he apparently intends to call witnesses live in addition to trying to offer their prior deposition testimony *in toto*.

    Under bedrock principals of the Federal Rules of Evidence, none of the transcripts are admissible. Sagi apparently intends to offer the deposition testimony under the hearsay exception for admission of a party opponent. Rule 801(d)(2), however, permits under certain circumstances prior statements *made by a party* to be used only *against that party*. That rule provides:

GLENN AGRE BERGMAN & FUENTES LLP

Hon. James L. Garrity, Jr.
June 13, 2021
Page 2 of 3

> Admission by party-opponent. The statement is offered *against a party* and is (A) *the party's own statement*, in either an individual or a representative capacity or (B) a statement of which *the party* has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by *the party* to make a statement concerning the subject, or (D) a statement by *the party's* agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

FRE 801(d)(2) (emphasis added).

Here, with the exception of Orly's deposition testimony, all the deposition transcripts Sagi seeks to offer wholesale are not made by *the* party against whom they are being offered, *i.e.*, Orly. Nor are any of the other deponents "agents" of Orly or otherwise within this rule.

Sagi seems to rely on the fact that the other creditors have standing as "interested parties" and thus have a right to be heard on all matters. See 11 U.S.C. 1109(b) "party in interest…may appear and be heard on any issue in a case under this chapter"). But that does not make them a "party opponent" on this motion to dismiss. The motion is not directed to them and seeks no relief as against them.

The evidentiary principles underlying Rule 801 are so rudimentary that it is hard to find courts that have issued opinions expounding on it. The few decisions that have discussed the rule all reiterate that the baseline requirement for admissibility of an admission of a party-opponent is the statement must be "made by the party against whom it is offered." *United States v. Turner*, 995 F.2d 1357, 1363 (6th Cir. 1993). *See also Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) ("Under Rule 801(d)(2)(A), a party's statement is admissible as non-hearsay only if it is offered against that party."); *United States v. Maliszewski*, 161 F.3d 992, 1008 (6th Cir. 1998); *United States v. Kramrish*, 604 F. App'x 26, 29 (2d Cir. 2015); *United States v. Gotti*, 457 F. Supp. 2d 395, 397 (S.D.N.Y. 2006).

Furthermore, these statements must be contrary to Orly's position, which Sagi has not shown because he refuses even to specify the particular statements he seeks to offer (instead offering each deposition transcript in its entirety). *See U.S. v. Zahrey*, 963 F.

GLENN AGRE BERGMAN & FUENTES LLP

Hon. James L. Garrity, Jr.
June 13, 2021
Page 3 of 3

Supp. 1273, 1291 (E.D.N.Y. 1997) ("An admission must be contrary to the party's position at trial). *United States v. Palow*, 777 F.2d 52, 56 (1st Cir.1985) (same); *Auto-Owners Ins. Co. v. Jensen*, 667 F.2d 714, 722 (8th Cir.1981) (same); *Butler v. S. Pac. Co.*, 431 F.2d 77, 80 (5th Cir.1970) ("To be received in evidence an admission … must be contrary to that party's position at the time of the trial."). *See generally U.S. v. Rivera-Hernandez*, 497 F.3d 71, 81 (1st Cir. 2007) ("Applying other sub-sections of Rule 801(d)(2), courts (including our own) have interpreted the requirement that a statement be offered 'against a party' to mean that it must be introduced against that party's position at trial).

In addition, Orly was not notified about or provided an opportunity to attend the depositions that occurred in 2019 as part of Sagi's unilateral judgment enforcement discovery. *See Genger v. Genger*, S.D.N.Y. Case No. 17-cv-8181, ECF No. 133 (Magistrate Judge Freeman agreed with Sagi, over Orly's objection, that he need not give notice or opportunity to Orly to attend these depositions because in New York state courts, "the procedure is that the judgment debtor need not be provided notice of post-judgment Article 52 discovery subpoenas"). That precludes use of those depositions now against Orly. Rule 32 provides that "At a hearing or trial, all or part of a deposition may be used against a party on these conditions: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8)." Fed. R. Civ. P. 32(a)(1). *See Dolenec v. Pressler & Pressler L.L.P*., No. 12-CV-5500 KNF, 2014 WL 6632942, at *7 (S.D.N.Y. Nov. 24, 2014). The "conditions set forth in Rule 32(a) *must be satisfied* before the deposition can be used at all." *Wei Yan Yan v. 520 Asian Rest. Corp*., No. 13-CV-2417 KNF, 2014 WL 4378746, at *3 (S.D.N.Y. Sept. 4, 2014) (emphasis added).

For the foregoing reasons, Sagi cannot offer into evidence as against Orly the deposition transcripts of other parties and the Court should so rule at trial.

.

                                           Respectfully submitted,

                                           /s *Michael Paul Bowen*

cc: All Counsel (via ECF)