

# EMMET, MARVIN & MARTIN, LLP
### COUNSELLORS AT LAW

120 Broadway
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3148
Fax: 212-238-3100 •Fax (alt.) 212-608-0544
jdellaportas@emmetmarvin.com

June 16, 2021

**<u>Via ECF</u>**

Honorable James J. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      **RE:**   *In re Orly Genger*, **Case No.: 19-13895-jlg**

Dear Judge Garrity:

      This firm represents judgment creditor Sagi Genger ("Sagi") in the above action. Per Your Honor's June 16, 2021 instruction, we respectfully submit this letter in response to the June 13, 2021 letter of Michael Bowen, counsel to the Debtor (Doc. 460).

      Federal Rule of Evidence 801(c) defines "Hearsay" as a statement that: "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence <u>to prove the truth of the matter asserted in the statement</u>." (Emphasis added.) In this case, Sagi wishes to submit the prior deposition testimony of four party witnesses (Arie Genger, David Broser, Lance Harris and Kasowitz), *not for the truth of the matters asserted in their testimonies,* but rather for its falsity. As explained in Sagi's opening presentation, each of those four witnesses provided answers to questions which later turned out to be untrue, and which significantly frustrated collection efforts.

      It is black letter law that statements to be admitted into evidence <u>not</u> for their truth, but rather for the fact that they were made, are not hearsay and therefore are admissible. *See, e.g., Vemex Trading Corp. v. Tech. Ventures, Inc.*, 563 F. App'x 318, 324 (5th Cir. 2014) ("The testimony that TVI complains of … was not hearsay because it was not offered for the truth of the matters asserted, but rather for the fact that the statements were made"); *United States v. Rodriguez-Lopez*, 565 F.3d 312, 312 (6th Cir. 2009) (statements "were offered as evidence of the fact that they were made, and to support an inference that defendant was involved in heroin trafficking, not for their truth"); *U.S. v. Hackett*, 638 F.2d 1179, 1186 (9th Cir. 1980) (false statements by accomplice to police were not hearsay because they "were admitted not for their truth, but merely for the fact that the statements were made"); *Brown v. ASD Computing Ctr.*, 519 F. Supp. 1096, 1102 (S.D. Ohio 1981) ("Weigle's statements are not considered hearsay because they are not considered as proof of their truth but only for the fact that the statements were made").

EMMET, MARVIN & MARTIN, LLP

Honorable James J. Garrity, Jr.
June 16, 2021
Page 2

Two examples (among many) of the testimony we seek to enter into evidence:

<u>Broser Deposition (Oct. 23, 2018)</u>:
"Q. Other than your … loan agreement with Ari Genger, are you aware of any other agreements among any of the parties as to how the balance -- any additional monies under the settlement agreement are to be disbursed or used?  A. No." 40:13-24.

<u>Kasowitz Deposition (May 4, 2018)</u>:
"We're not aware … that there is any agreement among the AG Group about who can direct the money and who can't direct the money" (32:23-25.)

Further, and in any event, each such deposition would separately be admissible under Federal Rule of Evidence 801(d)(2) because: "[t]he statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity; …; (D) was made by the party's agent … on a matter within the scope of that relationship and while it existed; or (E) was made by the party's coconspirator during and in furtherance of the conspiracy."  (Mr. Harris is counsel, and thus agent, for Orly and Arie.)

Mr. Bowen argues that these witnesses are not "party opponents" on this motion to dismiss because "[t]he motion is not directed to them and seeks no relief as against them." However, none of the cases cited in his letter stand for that proposition, which in any event is not correct.  Three of the foregoing witnesses filed objections which Sagi seeks to have overruled.  (The fourth, as noted above, is an agent for an objector.)  Given the evidence presented at opening, they can also be fairly described as co-conspirators.

Mr. Bowen also cites to Rule 32(a)(1)(a) states, which states that "a deposition may only be used against a party 'at a trial or hearing" if "the party was present or represented' at the deposition, or 'had reasonable notice of it.'" *Dobbins v. Bank of Am., N.A.*, 2020 WL 5095855, at *3 (D. Md. Aug. 28, 2020). In 2020, all four witnesses were recalled for follow-up depositions, for which all parties to this case were provided notice, and their prior deposition transcripts.  Thus, every party had the opportunity to cross-examine these witnesses.

For the foregoing reasons, Sagi requests this Court overrule the objection to the admission of this deposition testimony. We thank the Court for its consideration.

Respectfully submitted,

John Dellaportas

cc:   All Counsel of Record (via ECF)