# GLENN AGRE BERGMAN & FUENTES LLP

Michael Paul Bowen<br>
mbowen@glennagre.com<br>
55 Hudson Yards, 20th Floor<br>
New York, NY 10001<br>
o: (212) 358-5600<br>
m: (914) 319-1827

June 24, 2021

<u>Via ECF</u>
Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, New York 10004

    Re:   <u>In re Orly Genger, Ch. 7, Case No. 19-13895</u>

Your Honor:

    On behalf of Debtor, we submit this opposition to the request by Michael Oldner in his letter yesterday (Doc. 465) for time to interpose as a witness his own objections to and counter-designations of his own deposition testimony in this action.

    It is blackletter law (and should go without saying) that only parties may object, designate, counter-designate, or cross-designate testimony. Oldner, who did not appear at trial as a party and has expressly stated he takes no position and is not a party to this motion, does not have standing to counter-designate his own testimony. Having disavowed any position, he has no basis to argue relevance or completeness as a witness. No court has allowed a third-party witness to interpose objections or counter-designations to the use of his/her testimony, which would invite a free-for-all of largely irrelevant interests and concerns that are tangential if not entirely oblique to the issues being tried.

    Rule 106 of the Federal Rules of Evidence contemplates that only parties may provide counter-designations for completeness: "When a writing or recorded statement or part thereof is introduced by a party, an adverse *party* may require the introduction at that time of any other part—or any other writing or recorded statement which ought in fairness be considered contemporaneously with it." Fed. R. Evid. 106 (2001) (emphasis added). The rule is a modified expression of the common law "rule of completeness." *See* Fed. R. Evid. 106 advisory committee's note; Margaret A. Berger, et al., <u>Evidence</u> ¶ 106.02 [1] (2000); 7 J Wigmore, <u>Evidence Trials At Common Law</u> § 2113, p. 653 (J. Chadbourn ed.1978). *See also United States v. Jackson*, 180 F.3d 55, 72 (2d Cir.1999), *cert. denied*, 530 U.S. 1267 (2000); *United States v. Castro*, 813 F.2d 571, 575-76 (2d Cir.1987)( court's responsibility "to exercise common sense and a sense of fairness to protect the rights of the parties"). Rule 32(a)(4) of the Federal Rules of

GLENN AGRE BERGMAN & FUENTES LLP

Hon. James L. Garrity, Jr.
June 24, 2021
Page 2 of 2

Civil Procedure, which applies directly to deposition testimony, also incorporates a form of the "rule of completeness," and substantially restates the federal evidentiary rule. *See Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 199 F.R.D. 487, 489-90 (E.D.N.Y. 2001). That rule, too, refers only to "parties": "If only part of a deposition is offered in evidence by a *party*, then an *adverse party* may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced, and any *party* may introduce other parts." Fed. R. Civ. Pro. 32(a)(4) (emphasis added).

      Mr. Oldner is just a witness on this motion. He thus has no rights under these rules and evidentiary doctrines to have any say in the presentation of trial evidence on this motion. Counsel for Mr. Oldner specifically acknowledged his lack of any interest in this hearing: "We have no position on the motion to dismiss, as long as we can move forward with our actions against the non-debtor parties." 3/4/2020 Tr. at 55:16-23 (Pollock). Mr. Oldner himself so attested at his deposition: "Q. The answer is the Orly Genger Trust is not joining in the Motion to Dismiss? A. The Orly Genger Trust is not joining in the Motion to Dismiss." 6/25/2020 Oldner Dep Tr. at 9:10-13.

      Given his absence from trial and nonparty status, it is hardly surprising that he was not advised of the Court's prior ruling requiring any objections and counter-designations concerning the Oldner deposition to be submitted by the *parties* by noon yesterday. The movant should not be permitted to avoid that court-imposed deadline by fobbing off the counter-designations to the witness himself. *See* Doc. No 467, n.1, movant's letter requesting leave to adopt Oldner's objections and counter- designations. Movant waived that right by intentionally ignoring – and missing – the Court's deadline.

      Respectfully submitted,

      /s *Michael Paul Bowen*

cc: All Counsel (via ECF)