# GLENN AGRE BERGMAN & FUENTES LLP

**Michael Paul Bowen**
mbowen@glennagre.com
55 Hudson Yards, 20th Floor
New York, NY 10001
o: (212) 358-5600
m: (914) 319-1827

June 24, 2021

<u>Via ECF</u>
Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, New York 10004

Re: <u>In re Orly Genger, Ch. 7, Case No. 19-13895</u>

Your Honor:

On behalf of Debtor, we submit this opposition to movant's June 23, 2021 letter (Doc. 467) objecting to (i) Debtor's designations of the deposition of Michael Oldner, trustee of the Orly Genger 1993 Trust (OGT), and (ii) to Debtor playing portions of the video of that deposition today at trial.

Movant complains that the designations are too numerous and, to him, irrelevant. But the page/line designations are unavoidably numerous given the disruptive interjections and incessant speaking objections by counsel for movant and Mr. Oldner. As this Court is aware, Mr. Oldner was ordered to return *twice* to continue answering questions in part due to the disruptive and improper objections of counsel. Removing those interjections saves time and spares the Court. Counsel for movant and Mr. Oldner have only themselves to blame for the large number of page/line designations, not Debtor.

With respect to relevance, the Court has already ruled on the scope of relevance for Mr. Oldner's testimony. In directing him to sit for a second and then a third day of deposition testimony, the Court overruled counsel's relevance objections and ruled that the topics to be addressed, including the trustee's position that the $32.3 million at issue on the motion to dismiss is *not* property of Debtor and should *not* be included in the Debtor's estate – a position consistent with Debtor's – as well as his coordination with movant as reflected in those parties' inter-creditor agreement and general one-sided releases that confirm that movant too has taken a legal position as to these funds that is consistent with Debtor's bankruptcy filing. All of the designated Oldner testimony is within this scope of relevance or is needed background to aid in understanding and assessing his testimony and credibility.

New York
San Francisco
www.glennagre.com

GLENN AGRE BERGMAN & FUENTES LLP

Hon. James L. Garrity, Jr.
June 24, 2021
Page 2 of 3

Movant objects to viewing the video of Mr. Oldner's deposition in court on the hyper-technicality that the video, which is a Zoom video, was not created by a certified videographer and in his view therefore does not comport with integrity safeguards. This is not a legitimate basis to object to the Court reviewing excerpts of the Zoom video.

It should go without saying that the use of Zoom was a pandemic-imposed necessity. Decisions are legion in which courts accept use of remote depositions. *See Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 576 (S.D.N.Y. 2020) (in "unique circumstances presented by the COVID-19 pandemic," deposition by videoconference is "actually" "better"); *Joffe v. King & Spalding LLP*, No. 17-CV-3392 (VEC), 2020 WL 3453452, at *2 n.2 (S.D.N.Y. June 24, 2020) ("pandemic circumstances render all other things not equal, and many cases are proceeding through discovery despite these conditions, aided by the ability to conduct remote depositions through video conferencing"). *See also Sinceno v. Riverside Church in City of New York*, No. 18-CV-02156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020) (authorizing remote depositions in "order to protect public health while promoting the 'just, speedy, and inexpensive determination of every action and proceeding'"); *In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 579 (S.D.N.Y. 2020) ("remote depositions are presumptively valid under the Federal Rules").

Most importantly, movant did not make a contemporaneous objection to the court reporter creating a Zoom videorecording of the deposition. He cannot have sat on that "complaint" only to spring it as a trap now to try to deprive the Court of relevant visual information – information that courts have long recognized is invaluable and that is properly recorded and played in court using advances in technology as they arise. *See Application of CBS, Inc.*, 828 F.2d 958, 960 (2d Cir. 1987) ("Transcripts lack a tone of voice, frequently misreport words and often contain distorting ambiguities . . . Videotaped depositions thus convey the meaning of testimony more accurately and preserve demeanor evidence.").

Nor does movant identify any indication that something is amiss in the Zoom video such that it is not reliable. That recording matches the transcript – movant nowhere demonstrates or even argues to the contrary – and the transcript is the official certified record, with the video unquestionably adding fair and accurately recorded visual information. Again, movant nowhere suggests any reasonable basis to question the reliability and accuracy of the Zoom recording.

Furthermore, he has no case law authority that requires excluding the Zoom video simply because the video was not made by a certified videographer. The sole judicial decision he cites – *Alcorn v. City of Chicago*, 336 F.R.D. 440 (N.D. Ill. 2020) – is readily distinguishable. In that case, the court reporter refused to certify a Zoom videorecording without the hiring and presence of a videographer and, as that Illinois court held, the party offering the recording erroneously tried to use the video in place of the transcript, that is "to use both the transcript and the recording as equals," which was what the Court found to be improper. *Id.* 336 F.R.D. at 442. *Cf. Schoolcraft v. City of New York*, 296 F.R.D. 231, 239-240 (S.D.N.Y. 2013) (disallowing video made by suspect means such that video did not match the stenographic transcript, and

GLENN AGRE BERGMAN & FUENTES LLP

Hon. James L. Garrity, Jr.
June 24, 2021
Page 3 of 3

where counsel both failed to give notice that deposition will be videorecorded and also failed to provide copy to opposing counsel). That is not so here. In our case, movant never objected to the use of Zoom recordings or otherwise demand a certified videographer and the court stenographer, far from objecting to the video, oversaw the recording. More importantly, Debtor is not seeking to substitute the Zoom video for the certified transcript, but rather as simply a visual aid to supplement the official transcript of Mr. Oldner's deposition testimony. Federal courts in our Circuit have routinely overruled objections to disqualify a video recording on the ground movant raises. *E.g., EEOC v. Draper Dev., LLC*, No. 115CV00877GLSTWD, 2016 WL 11605137, at *3 (N.D.N.Y. May 9, 2016) (overruling Rule 30(b)(5)(A) and Rule 28(c) objections to use of videorecording of deposition).

"[P]arties do not have to hire an independent videographer, provided that a court reporter is simultaneously making a stenographic record and the party properly noticed the deposition." *Id.* That is what happened here, and that precedent supports overruling movant's objection to playing excerpts of Mr. Oldner's video.

Respectfully submitted,

/s *Michael Paul Bowen*

cc: All Counsel (via ECF)