# GLENN AGRE BERGMAN & FUENTES LLP

Michael Paul Bowen
mbowen@glennagre.com
55 Hudson Yards, 20th Floor
New York, NY 10001
o: (212) 358-5600
m: (914) 319-1827

June 25, 2021

<u>Via ECF</u>
Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, New York 10004

  Re: <u>In re Orly Genger, Ch. 7, Case No. 19-13895</u>

Your Honor:

  On behalf of Debtor, we submit this letter (i) to itemize the parties' letter briefs on the open evidentiary issues related to deposition designations and video excerpts and (ii) to respond to Oldner's counter-designations and objections (Doc. 476) and Sagi's latest submission, dated yesterday (Doc. 470), concerning his position on the admissibility of the 2018-19 unilateral judgement-enforcement depositions.

**A.** <u>**Outstanding Evidentiary Motions and Related Letter Submissions**</u>

  The following are the outstanding evidentiary issues related to deposition testimony and the corresponding briefs with docket entry numbers:

1. <u>Sagi's Objection to Playing Oldner Video Excerpts</u>

    - Sagi June 23 Letter  Doc. 467
    - Orly June 24 Letter  Doc. 472

2. <u>Oldner's Counter-Designations/Objections to His Own Non-Party Deposition</u>

    - Oldner June 22 Letter  Doc. 465
    - Sagi June 23 Letter  Doc. 467
    - Orly June 24 Letter  Doc. 471
    - Oldner June 24 Letter  Doc. 476
    - Orly June 25 Letter  Doc. 478 (current submission)

GLENN AGRE BERGMAN & FUENTES LLP

Hon. James L. Garrity, Jr.
June 25, 2021
Page 2 of 4

    3.    <u>Sagi's One-Sided 2018-19 Non-Party Deposition Testimony</u>

- Orly    June 13 Letter    Doc. 460
- Sagi    June 16 Letter    Doc. 462
- Orly    June 17 Letter    Doc. 463
- Sagi    June 24 Letter    Doc. 470
- Orly    June 25 Letter    Doc. 478 (current submission)

**B.    <u>Debtor's Reply to Oldner Objections and Cross-Designations</u>**

For the reasons stated in Debtor's Doc. 471 submission, Oldner, as a non-party witness, has no standing to make cross-designations or objections concerning the use of his deposition testimony as an unavailable nonparty witness in the trial of Sagi's motion to dismiss – a motion as to which Oldner expressly took no position. Because Oldner and his counsel were not present during trial, he has no ability, as a matter of common sense, to know what is relevant to the issues and background facts that have been elaborated in this proceeding. Nor can he know for the same reasons what other testimony should be counter-designated for completeness sake since he does not and cannot know the nuances of the issues being addressed by his testimony proffered by Debtor. For that reason, his objections and designations should be ignored and/or accorded negligible weight.

In responding to Orly's designation of his testimony, Oldner hurriedly filed an "errata" following his third, and last, day of deposition testimony. That errata and his other errata sheet submitted after his first day of deposition pertain to designated portions of his testimony and to the extent he asks the Court to consider that errata information, Debtor does not object. It should be noted, however, that the errata purport to change Mr. Oldner's testimony diametrically (changing "yes" to "no" and "did not" to "did"). His explanation is that Oldner was "confused," "needs to stand up regularly to get blood flowing," and was generally "tired" at the time, resulting in unspecified "error." Such errata supported by such dubious excuses only increase the importance of the Court viewing the video excerpts of his deposition so Your Honor can assess for yourself the credibility of the witness and his "errata" claims. These excuses, moreover, should be viewed skeptically in light of the extraordinarily disruptive and numerous interjections and speaking objections by counsel for both Oldner and Sagi, of which the Court is already aware and that resulted in this witness being ordered to return *twice* for continued testimony.

Furthermore, as we pointed out in our prior letter on this topic (Doc. 471), Sagi cannot merely adopt as his own Oldner's counter-designations and objections submitted at the close of Sagi's case on Thursday afternoon. That is nothing more than an end run around the court-ordered deadline for movant's objections to that testimony, which were due on Wednesday *before* the close of evidence at trial. Moreover, Sagi adopting the Oldner relevance and other objections is disingenuous. The relevance of the designated Oldner testimony is amply demonstrated by Sagi's own trial testimony on the same topics, including how Oldner was

GLENN AGRE BERGMAN & FUENTES LLP

Hon. James L. Garrity, Jr.
June 25, 2021
Page 3 of 4

appointed trustee based on his meeting with Sagi, the intercreditor agreement, and the general releases provided by Oldner to Sagi and others as directed by Sagi. On a related topic, all of Sagi's "relevance" objections to Debtor's designations of Sagi's deposition testimony on background topics are no longer valid in light of the direct examination of Sagi yesterday, during which Sagi opened the door on these topics by testifying about all of them as part of his planned direct testimony.

C.  **Debtor Reply Concerning One-Sided Non-Party Deposition Testimony**

In his letter yesterday (Doc. 470), Sagi presses his argument that the unilateral judgment-enforcement depositions of the Kasowitz law firm, David Broser and Arie Genger – for and at which Debtor had no notice and was not present – are nonetheless admissible as nonhearsay, irrespective of whether Orly had notice or an opportunity to question those witnesses at that time. His argument that Rule 32 does not supersede the hearsay exceptions under the federal rules of evidence entirely misses the point. The point is that this testimony – done without Orly's notice or participation – is rank hearsay and does not fall within any exception. It should be self-evident that one-sided depositions render that testimony inadmissible against the absent party. That is why notice and opportunity to attend and confront the witness are basic to the admissibility of out of court testimony. Sagi made a deliberate choice in 2018 and 2019 to exclude Orly from those depositions. He didn't have to. He chose to. Now he cannot avoid the consequences of his own, no doubt tactical, choice, which means he cannot use that one-sided testimony, cultivated without Orly's participation, against her.

To try to support his position, Sagi cites *In re Hayes Lemmerz Intern., Inc.*, 340 B.R. 461, 468 (Bankr. D. Del. 2006) to claim that Rule 32 should not bar the use of these depositions at trial. That case is wholly inapposite. It stands for the unremarkable proposition that if there is otherwise relevant testimony that is admissible under a hearsay exception, Rule 32 is not the exclusive means by which depositions can be admitted. Debtor does not dispute that. But, unlike the evidence in that case, the one-sided depositions Sagi wants to admit are *not* admissible under any hearsay exception.

Neither that case nor any other supports Sagi's position that he is entitled to use the depositions of third-party creditors against Orly when she was not present to confront these witnesses and to clarify their testimony at the time it was provided. These are in no way admissions of a party-opponent because these people are not the party opponent, Orly is. Rule 32(a) is triggered because Sagi is attempting to use the statements of other people against Orly when she was not present. That is why Sagi cannot use them against her. That is the whole purpose of Rule 32 and its preconditions to using nonparty deposition testimony against a party. Fed. R. Civ. P. 32(a)(1).

Sagi's claim that it is "undisputed" that these designations are not hearsay is just wrong. Debtor contends it is hearsay and it indisputably is so. Nor does the testimony of these non-parties' constitute a party admission. None of these deponents are or were at the time Orly's

GLENN AGRE BERGMAN & FUENTES LLP

Hon. James L. Garrity, Jr.
June 25, 2021
Page 4 of 4

agents.  The fact that Orly was excluded from these depositions and not provided notice is enough to refute that claim without question.  Sagi claims that, simply because she hired the undersigned as new counsel in her bankruptcy, she should be deemed to have adopted that counsel's prior out-of-court testimony as a representative of his prior law firm and/or that testimony, provided on behalf of a law firm about that law firm's records and knowledge, should now be deemed to have been provided by the undersigned somehow retroactively as her agent.  To state that proposition is to refute it.  It is utter nonsense.  He cites nothing in support of it.

Finally, if this prior testimony were so pertinent nothing stopped Sagi from putting the same questions to these same witnesses who testified live at trial.  He could have asked them about their prior testimony and that would have elicited in-court testimony and provided Orly an opportunity to confront that in-court testimony live.  He elected not to and is now foreclosed from putting in a cold record, depriving both Orly and this Court from fleshing out whatever the testimony is.

Nor can Sagi avoid this result by arguing, as he does, that he is not offering the prior one-sided depositions for the truth of the assertions therein, but rather as "proof" that these witnesses (including the undersigned) made false statements under oath as part of an overarching "conspiracy" masterminded by Debtor or someone else to foil Sagi's collection efforts.  It is hard to conceive of a more improper use of out-of-court hearsay.  To prove this testimony is false – which is movant's burden – he must show that the witness and questioner understood each other and were not speaking past each other; Orly should have been present and had the opportunity to clarify that precise point.  He must also show that the deponent knew the testimony was false, as opposed to simply making a mistake or misremembering; Orly should have been present and had the opportunity to clarify that matter.  And, the Court, as fact finder, should have been able to view each witness live so as to assess properly the credibility of the witness and the manner of the questioning to assess both of these points.  That is the whole reason the rule against hearsay exists in the first place.  Thus, what Sagi proposes violates the rule excluding hearsay, Q.E.D.

For these reasons, the hearsay objection to these one-sided depositions should be sustained.

Respectfully submitted,

/s *Michael Paul Bowen*

cc:  All Counsel (via ECF)