**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Deborah J. Piazza, Esq.
Rocco A. Cavaliere, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

In re                                                          Chapter 7

ORLY GENGER,                                                    Case No. 19-13895 (JLG)

                              Debtor.
------------------------------------------------------------X
DEBORAH J. PIAZZA, as Successor CHAPTER 7
TRUSTEE, of the Bankruptcy Estate of Orly
Genger,

                              Plaintiff,
                                                               Adv. Pro. No. _____
        -against-

SAGI GENGER,

                              Defendant.
------------------------------------------------------------X

## COMPLAINT

Deborah J. Piazza, in her capacity as successor Chapter 7 trustee (the "Plaintiff"

or "Trustee") of the estate of Orly Genger (the "Debtor"), by and through the Trustee's

counsel, Tarter Krinsky & Drogin LLP, brings this Complaint against defendant Sagi Genger

("Defendant"), and respectfully alleges as follows:

## NATURE OF THE ACTION

1.      This is an adversary proceeding brought by the Trustee for (a) a declaratory

judgment, or, alternatively, (b) avoidance of a preferential transfer pursuant to sections 547(b)

and 550(a) of title 11 of the United States Code (the "Bankruptcy Code"), and (c) disallowance of Defendant's claims pursuant to section 502(d) of the Bankruptcy Code.

## THE PARTIES

2.    The Trustee is the legal representative of the estate with authority to commence this action.  The Trustee is a resident of the State of New York and is a licensed attorney maintaining an office at c/o Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018

3.    Defendant is an individual, who, upon information and belief, has had a domicile and residency in the State of Connecticut at all relevant times.

4.    The Debtor is an individual with a domicile and residency in the State of Texas.

5.    Defendant is the Debtor's brother and thus a "relative of the debtor". See 11 U.S.C. § 101(45).  Section 101(31)(a) defines an "insider" to include a "relative of the debtor". See 11 U.S.C. § 101(31)(a).  As such, Defendant is an "insider" of the Debtor as set forth under the Bankruptcy Code.

## JURISDICTION AND VENUE

6.    The United States District Court for the Southern District of New York (the "District Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a) and the Amended Standing Order of Reference dated January 31, 2012 of Chief Judge Loretta A. Preska of the District Court, this proceeding is automatically referred to the United States Bankruptcy Court for the Southern District of New York (the "Court").

7.     This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A), (F) and (H). Since this is a core proceeding, the Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding.    The Trustee consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8.     The statutory predicates for the claims asserted herein are 28 U.S.C. §§ 1962, 1963, 2201, and 2202; Tex. Prop. Code Ann., §§ 52.001 through 52.004, 52.007, and 52.0041; Tex. Gov. Code § 24.007, 25.2292; Tex. Civ. Prac. & Rem. Code Ann., §35.001 *et seq*. (the "Uniform Enforcement of Foreign Judgments Act" or "UEFJA"), §§ 35.001 through 35.004; and sections 105(a), 502(d), 547, and 550(a)(1) of the Bankruptcy Code.

## FACTUAL ALLEGATIONS

**A.     The Judgment, Abstract of Judgment, Dellaportas Affidavit**

9.     By virtue of a gift by her husband, Eric Herschmann, in 2016, the Debtor is the owner of a one-half undivided interest (the "Condo Interest") in a condominium located at 210 Lavaca Street, Unit 1903, Austin, Texas 78701, exclusive of any parking or storage units (the "Condo").

10.     On September 21, 2018, Defendant filed an "abstract of judgment" in the real property records of the County Clerk of Travis County, Texas (the "Abstract of Judgment"). The Abstract of Judgment arises from a "Judgment in a Third-Party Action" rendered in the United States District Court for the Southern District of New York, dated August 17, 2018, in an action styled *Dalia Genger, Plaintiff v. Sagi Genger, Defendant/Third Party Plaintiff*

*and Orly Genger, Third-Party Defendant*, Case No. 1:17cv8181 (the "Judgment"). The

Judgment is annexed hereto as Exhibit 1.

11.     Also on September 21, 2018, Defendant, through his attorney, filed, along

with the Judgment in the real property records of the County Clerk of Travis County, Texas,

the "Affidavit of John Dellaportas" (the "Dellaportas Affidavit"). The Dellaportas Affidavit

and the Abstract of Judgment is annexed hereto as Exhibit 2.

12.     The Dellaportas Affidavit recites, in pertinent part:

> 1. . . . I respectfully submit this affidavit pursuant to the Texas
> Uniform Enforcement of Judgments Act, Civil Practice and
> Remedies Code section 35.001 et seq. in order to register the
> Judgment Creditor's [Defendant's] Judgment against the
> Judgment Debtor, Orly Genger [Debtor], in the amount of
> $3,219,698 with the Clerk of Travis County, Texas.
>
> 2. The current post officer [sic] address of the Judgment
> Creditor is Sagi Genger, 751 Weed Street, New Canaan, CT
> 06840. The last known address of the Judgment Debtor is Orly
> Genger, Rokah Shim'on St., 35 Tel Aviv, Israel 65148.

13.     The Dellaportas Affidavit does not state the facts reflecting Mr. Dellaportas's

personal knowledge, does not state that the information therein is true, and fails to attest to

the accuracy of the factual content therein.

**B.     The Affidavit of Service by Mail and Notice of Filing of Judgment**

14.     On October 23, 2018, an "Affidavit of Service by Mail" was filed with the

Travis County Clerk, signed by Peter Bogdanich (the "Affidavit of Service by Mail").

Attached to the Affidavit of Service by Mail was a "Notice of Filing of Judgement" [sic] (the

"Notice of Filing of Judgment") as well as the Judgment and Dellaportas Affidavit.

15.     The Affidavit of Service by Mail states, in pertinent part:

> 1. I am not a party to this action, and am over 18 years of age.

2 On the 28th day of September, 2018, I served (1) NOTICE OF
FILING OF JUDGEMENT, (2) JUDGEMENT IN A THIRD
PARTY ACTION, and (3) AFFIDAVIT OF JOHN
DELLAPORTAS upon the following individual at the following
address:

> Orly Genger
> Rokah Shim'on St. 35
> Tel Aviv, Israel 65148

by depositing true copies thereof, enclosed in a prepaid, sealed
wrapper in an official depository under the exclusive care and
custody of the United States Post Office within the State of New
York.

16.     The Affidavit of Service by Mail does not state the facts reflecting Mr.

Bogdanich's personal knowledge, does not state that the information therein is true, and fails

to attest to the accuracy of the factual content therein.

17.     Upon information and belief, Defendant filed the Judgment, Abstract of

Judgment, and Dellaportas Affidavit in the real property records of the County Clerk of

Travis County, Texas, in an attempt to domesticate the Judgment in Texas, where the Condo

is located, and/or to create a lien on the assets of the Debtor, including the Condo Interest.

## C.    The Chapter 7 Case

18.     On July 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Western

District of Texas (the "Chapter 7 Case").

19.     As of the Petition Date, and as set forth in the Debtor's schedules filed in the

case, and at the time of the Lien Transfer, the Debtor's liabilities exceeded the amount of the

Debtor's assets by millions of dollars.

20.     On December 10, 2019, the Chapter 7 Case was transferred to the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

21.     On December 11, 2019, the Trustee was appointed as the successor Chapter 7 trustee in in the Chapter 7 Case to administer the Debtor's bankruptcy estate.

## COUNT ONE – DECLARATORY JUDGMENT
### (Pursuant to 11 U.S.C. § 105(a); 28 U.S.C. §§ 1963, 2201-2202; UEFJA §§ 35.001- 35.005; Tex. Gov. Code § 24.007; Tex. Prop. Code §§ 52.003, 52,007; Fed. R. Bankr. P. 7001(9))

22.     The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

23.     In a case of actual controversy within its jurisdiction, except with respect to inapplicable exceptions, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  28 U.S.C. § 2201(a).  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.  28 U.S.C. § 2201(a).  Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.  28 U.S.C. § 2202.

**A.     Defendant Did Not Properly Domesticate the Judgment And Cause A Lien to Attach to Debtor's Property.**

24.     Domestication of a foreign judgment can be accomplished by complying with Texas's Uniform Enforcement of Foreign Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. §35.001 *et seq*. The UEFJA applies to all federal court judgments and foreign state judgments.

25.    In order to domesticate a judgment in the State of Texas, a certified copy of the judgment must be filed in the office of the clerk of any court of competent jurisdiction in the State of Texas. UEFJA §35.003(a). A "court of competent jurisdiction," for purposes of UEFJA §35.003(a), is one having authority over the defendant, authority over the subject matter, and the power to enter the particular judgment rendered.

26.    Under Tex. Gov't Code § 24.007, a district court has original jurisdiction of a civil matter in which the amount in controversy is more than $500, exclusive of interest.

27.    The amount of the Judgment exceeds $250,000.

28.    Defendant filed the Judgment in the real property records of the Travis County Clerk, and did not file the Judgment, or any other document, in the district courts of Travis County, Texas or in the Travis County District Clerk's office.

29.    No cause number was assigned to Defendant's filing of the Judgment in the real property records of the Travis County Clerk.

30.    The Dellaportas Affidavit does not state the basis of Mr. Dellaportas's knowledge, or that Mr. Dellaportas has personal knowledge, of the facts set forth therein.

31.    The Travis County Clerk did not note the filing of the Affidavit of Service by Mail on the docket of any court.

32.    There was no case number assigned to any documents Defendant filed with the Travis County Clerk, and no docket entry of the Notice of Filing of Judgment.

**B.    <u>The Federal Judgment Was Not Registered in Texas.</u>**

33.    A judgment creditor cannot file an abstract of judgment in the State of Texas unless a Texas judgment is obtained.

34.     28 U.S.C. §1963 provides that a judgment in an action for the recovery of money or property entered in any federal district court (as was the Judgment) may be registered by filing a certified copy of the judgment in any other district once the judgment has become final.

35.     Defendant did not file, or attempt to file, the Judgment in any federal district court in the State of Texas.

**C.     Defendant Failed to Obtain a Federal Court Clerk's
Certificate of a Judgment Rendered in Texas.**

36.     Texas Property Code Annotated §52.007 provides that an abstract of a federal court judgment rendered in the State of Texas may be recorded and indexed pursuant to the UEFJA on the certificate of the clerk of the court.

37.     Defendant failed to seek recognition of the Judgment in any federal court in the State of Texas and never obtained a certificate of the clerk of the court.

**D.     Defendant's Attempt to Create a Valid Judgment Lien in Texas is a Nullity.**

38.     Even if the Judgment was domesticated properly in Texas, which it was not, Defendant was still required to file an abstract of judgment that complies with the lien requirements of the Texas Property Code, §52.001, *et seq.*, in order for any lien to attach on the Condo Interest.

39.     Although indexed as a so-called "abstract of judgment," Defendant's filing made on September 21, 2018 did not satisfy the requirements of Tex. Prop. Code §52.001, *et seq.*

40.     Because a judgment lien is created by statute under Texas law, substantial compliance with the Texas statutory requirements is mandatory before a creditor's lien will

attach to real property owned by a judgment debtor in the State of Texas. Substantial compliance under Texas law allows only a minor deficiency in a required element of the abstract of judgment but does not allow for the complete omission of a required element.

41.    If an abstract of judgment does not substantially comply with the Texas statutory requirements, no lien is created under Texas law regardless of whether the judgment debtor has actual knowledge of the abstract or the underlying judgment.

42.    Texas Property Code § 52.003 provides that an abstract of a judgment must show:

> (1) the names of the plaintiff and of the defendant;
>
> (2) the birthdate of the defendant, if available to the clerk or justice;
>
> (3) the last three numbers of the driver's license of the defendant, if available;
>
> (4) the last three numbers of the social security number of the defendant, if available;
>
> (5) the number of the suit in which the judgment was rendered;
>
> (6) the defendant's address, or if the address is not shown in the suit, the nature of citation and the date and place of service of citation;
>
> (7) the date on which the judgment was rendered;
>
> (8) the amount for which the judgment was rendered and the balance due;
>
> (9) the amount of the balance due, if any, for child support arrearage; and
>
> (10) the rate of interest specified in the judgment.

43.    The Abstract of Judgment included the names of Defendant and of the Debtor, and the Debtor's address. The Abstract of Judgment did not include: (i) the birthdate of the Debtor (§ 52.003(2); (ii) the last three (3) numbers of the Debtor's driver's license (§ 52.003(3); (iii) the last three (3) numbers of the Debtor's social security number (§

52.003(4); (iv) the number of the suit in which the Judgment was rendered (§ 52.003(5); (v) the date on which the Judgment was rendered (§ 52.003(7); (vi) the amount for which the Judgment was rendered and the balance due (§ 52.003(8); or (vii) the rate of interest specified in the Judgment (§ 52.003(10).

44.     The Dellaportas Affidavit does not reference or attach the Judgment.

45.     The Dellaportas Affidavit does not state that it was based on Mr. Dellaportas's personal knowledge; that the statements therein were made under oath; that Mr. Dellaportas was known to the notary who signed the Dellaportas Affidavit to be the person whose signature appears on the Dellaportas Affidavit; or that Mr. Dellaportas appeared in person before the notary.

**E.     An Abstract of Judgment Cannot Attach to a Valid Homestead.**

46.     Under Texas law, a judgment lien cannot attach to a person's homestead, and the homestead cannot be sold at an execution sale unless and until the homestead status ceases.

47.     The Condo constitutes the Debtor's homestead, and such homestead status has not ceased.

*** 

48.     An actual and justiciable controversy and dispute exists between the Trustee and Defendant concerning Defendant's purported lien on the Debtor's Condo Interest.

49.     The Trustee seeks a declaratory judgment that Defendant failed to establish any lien on the Condo Interest prior to the Petition Date, and that no such lien exists or is enforceable.

## COUNT TWO – AVOIDANCE OF PREFERENTIAL TRANSFER
### (Pursuant to 11 U.S.C. § 547(b) and 550(a))

50.     The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

51.     In the alternative to Count I, if a valid lien attached to the Debtor's Condo Interest, such lien constituted a preferential transfer of the Debtor's property for the benefit of Defendant that may be recovered under sections 547(b) and 550(a) of the Bankruptcy Code.

52.     Sections 547(b) and 550(a) of the Bankruptcy Code empower a trustee, for the benefit of the estate, to avoid and recover a transfer to a creditor of an interest of the debtor in property if the requirements set forth therein are met.

53.     Pursuant to section 547(b) of the Bankruptcy Code, a trustee may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within 90 days before the date of the filing of the petition or between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

54.     On September 21, 2018, within the one year period prior to the Petition Date, Defendant filed the Abstract of Judgment, Judgment, and Dellaportas Affidavit in the real property records of the County Clerk of Travis County, Texas, purportedly causing a lien to attach to the Condo Interest (the "Lien Transfer").

55.     The Lien Transfer was a transfer of an interest of the Debtor in property.

56.     The Lien Transfer was made for the benefit of Defendant, who was a creditor of the Debtor at the time, pursuant to the Judgment.

57.     The Lien Transfer was made for or on account of an antecedent debt, the Judgment, owed by the Debtor before such Lien Transfer was made.

58.     The Lien Transfer was made at a time when the Debtor was insolvent, owing many millions of dollars to creditors other than Defendant.

59.     The Lien Transfer was made within the one year prior to the Petition Date, to the Defendant, the Debtor's brother, who is an insider of the Debtor, as such term is defined under the Bankruptcy Code.

60.     Unless avoided, the Lien Transfer will enable Defendant to receive more than Defendant would have received if (a) the Debtor's case was a case under Chapter 7 of the Bankruptcy Code (as it is), (b) the Lien Transfer had not been made, and (c) Defendant received payment of his debt to the extent provided by the Bankruptcy Code.

61.     By reason of the foregoing, the Lien Transfer constituted an avoidable preference, and the Trustee is entitled to an order and judgment avoiding the Lien Transfer under sections 547(b) and 550(a)(1) of the Bankruptcy Code.

## <u>COUNT THREE - TO DISALLOW CLAIMS UNDER 11 U.S.C. § 502(d)</u>

62.     The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

63.     Defendant filed Proof of Claim (Claim No. 14) (the "<u>Proof of Claim</u>") in the bankruptcy case asserting a claim of $12,917,466, comprised of an (i) alleged secured claim

in the amount of $3,219,698, and an (ii) alleged unsecured claim in the amount of $9,697,768.

64.    Pursuant to section 502(d) of the Bankruptcy Code, the Court "shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title, or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title."

65.    The Lien Transfer is a "transfer" as that term is defined under section 101(54) of the Bankruptcy Code.

66.    Based on the foregoing, until such time as the Defendant voluntarily releases the Lien Transfer or such Lien Transfer is avoided under section 547 and recovered under section 550 of the Bankruptcy Code, the Proof of Claim, and any other claim of Defendant, whether now or subsequently amended or asserted, are subject to mandatory disallowance pursuant to section 502(d) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

67.    The Trustee files this Complaint as the two year period for assertion of Chapter 5 causes of action expires on July 12, 2021.  The Trustee expressly reserves the right to amend the Complaint to include any additional facts obtained after the filing of this Complaint.

68.    The Trustee is also investigating whether any of the acts of the Defendant shortly prior to and after the Petition Date give rise to potential state law claims for, among other things, (i) breaches of fiduciary duty, (ii) aiding and abetting breaches of fiduciary

duty, and (iii) conversion, among other things, the statute of limitations for which has not yet expired.

69.     In addition, as there is no deadline to object to claims, the Trustee reserves the right to object to the Defendant's Proof of Claim on any other basis under section 502 of the Bankruptcy Code, and to equitably subordinate the Defendant's Proof of Claim under section 510(c) of the Bankruptcy Code.

70.     Finally, for the avoidance of all doubt, the Trustee expressly reserves all of her rights in connection with the allowance or disallowance of the Defendant's Proof of Claim and the assertion of any counterclaims or otherwise.

**WHEREFORE,** Plaintiff respectfully requests entry of judgment for the Trustee and against the Defendants, as follows:

(a)     On Count One, a declaratory judgment finding that Defendant created no valid lien on the Condo Interest by filing the Abstract of Judgment, Judgment, and/or Dellaportas Affidavit in the real property records of Travis County, Texas, and/or by filing any other documents;

(b)     On Count Two, alternatively, an order and judgment avoiding the Lien Transfer under section 547(b) of the Bankruptcy Code, and recovering the Lien Transfer under section 550(a)(1) of the Bankruptcy Code;

(c)     On Count Three, an order and judgment disallowing the Defendant's Proof of Claim until such time as Defendant voluntarily releases the Lien Transfer or such Lien Transfer is otherwise avoided under section 547(b) of the Bankruptcy Code, and recovered under section 550(a)(1) of the Bankruptcy Code;

(d)     Awarding attorney's fees and costs; and

      (e)    For such other and further relief as this Court deems just and equitable.

Dated:  New York, New York
        July 11, 2021

            **TARTER KRINSKY & DROGIN LLP**
            *Counsel to the Chapter 7 Trustee*

            By: *s/ Rocco A. Cavaliere*
            Deborah J. Piazza
            Rocco A. Cavaliere
            1350 Broadway, 11th Floor
            New York, New York 10018
            (212) 216-8000
            dpiazza@tarterkrinsky.com
            rcavaliere@tarterkrinsky.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

DALIA GENGER,

                       Plaintiff,

           v.

SAGI GENGER,

                 Defendant/Third-Party Plaintiff,

           v.

ORLY GENGER,

                 Third-Party Defendant.

-------------------------------------------------------------------------- x

: Index No. 1:17cv8181

**JUDGMENT IN**
**THIRD-PARTY ACTION**

**WHEREAS** the above-captioned third-party action having come before this Court, and the matter having come before the Honorable Katherine B. Forrest, United States District Judge, and the Court, on July 27, 2018, having rendered its Opinion & Order denying third-party defendant's Orly Genger's ("Orly") motion to dismiss and granting defendant/third-party plaintiff Sagi Genger's ("Sagi") cross-motion for partial summary judgment, it is hereby

**ORDERED, ADJUDGED, DECLARED AND DECREED**:

1.    That, for the reasons stated in the Opinion & Order dated July 27, 2018, Orly's motion to dismiss is denied; Sagi's cross-motion for partial summary judgment is granted; the balance of Sagi's First Amended Third-Party Complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2); and the third-party action is closed.

2.    That, on Sagi's First Cause of Action for Breach of Contract, for the reasons stated in the Opinion & Order dated July 27, 2018, the Clerk is directed to enter judgment in favor of Sagi in the amount of $3,000,000 in base damages, plus statutory interest in the amount of $219,698 pursuant to CPLR Article 50 at 9% per annum from October 24, 2017 through entry of this Judgment, plus 50% of Sagi's reasonable counsel and other professional fees, expenses and

costs in connection with this action, in an amount to be determined.

3.      That, on Sagi's Second Cause of Action for Promissory Estoppel, for the reasons

stated in the Opinion & Order dated July 27, 2018, the Clerk is directed to enter judgment in favor

of Sagi in the amount of $3,000,000 in base damages, plus statutory interest in the amount of

$219,698 pursuant to CPLR Article 50 at 9% per annum from October 24, 2017 through entry of

this Judgment, plus 50% of Sagi's reasonable counsel and other professional fees, expenses and

costs in connection with this action, in an amount to be determined.

4.      That, on Sagi's Third Cause of Action for Declaratory Judgment, for the reasons

stated in the Opinion & Order dated July 27, 2018, the Court declares that Orly must indemnity

Sagi for 50% of Dalia's $6,000,000 payment demand, plus statutory interest in the amount of

$219,698 pursuant to CPLR Article 50 at 9% per annum from October 24, 2017 through entry of

this Judgment, plus 50% of Sagi's reasonable counsel and other professional fees, expenses and

costs in connection with this action, in an amount to be determined.

5.      The amounts set forth in paragraphs 2, 3 and 4 above are not cumulative.

6.      Pursuant to Fed. R. Civ. P. 54(d)(2), any motion for attorney's fees shall be made

no later than 14 days following the entry of this Judgment.

Dated:        New York, New York
              8/17        , 2018

                                              SO ORDERED.

                                              _____
                                              KATHERINE B. FORREST
                                              United States District Judge

# EXHIBIT 2

19-13895-tijd   Doc#378   Filed 07/13/21   Entered 07/13/13 14:39:54   Main Document
Pg 20 of 22
Case 1:17-cv-08181-KBF   Document 112   Filed 08/17/18   Page 1 of 2
Case 1:17-cv-08181-KBF   Document 111   Filed 08/17/18   Page 1 of 2

TRV    2018150354

3 PGS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

DALIA GENGER,
                            Plaintiff,

              v.                                                    Index No. 1:17cv8181

SAGI GENGER,
                            Defendant/Third-Party Plaintiff,

              v.
                                                                   **JUDGMENT IN**
ORLY GENGER,                                                        **THIRD-PARTY ACTION**
                            Third-Party Defendant.

------------------------------------------------------------------- x

WHEREAS the above-captioned third-party action having come before this Court, and the

matter having come before the Honorable Katherine B. Forrest, United States District Judge, and

the Court, on July 27, 2018, having rendered its Opinion & Order denying third-party defendant's

Orly Genger's ("Orly") motion to dismiss and granting defendant/third-party plaintiff Sagi

Genger's ("Sagi") cross-motion for partial summary judgment, it is hereby

ORDERED, ADJUDGED, DECLARED AND DECREED:

1.     That, for the reasons stated in the Opinion & Order dated July 27, 2018, Orly's

motion to dismiss is denied; Sagi's cross-motion for partial summary judgment is granted; the

balance of Sagi's First Amended Third-Party Complaint is dismissed without prejudice pursuant

to Fed. R. Civ. P. 41(a)(2); and the third-party action is closed.

2.     That, on Sagi's First Cause of Action for Breach of Contract, for the reasons stated

in the Opinion & Order dated July 27, 2018, the Clerk is directed to enter judgment in favor of

Sagi in the amount of $3,000,000 in base damages, plus statutory interest in the amount of

$219,698 pursuant to CPLR Article 50 at 9% per annum from October 24, 2017 through entry of

this Judgment, plus 50% of Sagi's reasonable counsel and other professional fees, expenses and

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _____
                    Deputy Clerk

**Exhibit H**

19-13895-shl    Doc 32-8    Filed 07/31/21    Entered 07/31/21 14:39:54    Main Document
Pg 21 of 22
Case 1:17-cv-08181-KBF   Document 112   Filed 08/17/18   Page 2 of 2
Case 1:17-cv-08181-KBF   Document 111   Filed 08/17/18   Page 2 of 2

costs in connection with this action, in an amount to be determined.

3.    That, on Sagi's Second Cause of Action for Promissory Estoppel, for the reasons stated in the Opinion & Order dated July 27, 2018, the Clerk is directed to enter judgment in favor of Sagi in the amount of $3,000,000 in base damages, plus statutory interest in the amount of $219,698 pursuant to CPLR Article 50 at 9% per annum from October 24, 2017 through entry of this Judgment, plus 50% of Sagi's reasonable counsel and other professional fees, expenses and costs in connection with this action, in an amount to be determined.

4.    That, on Sagi's Third Cause of Action for Declaratory Judgment, for the reasons stated in the Opinion & Order dated July 27, 2018, the Court declares that Orly must indemnity Sagi for 50% of Dalia's $6,000,000 payment demand, plus statutory interest in the amount of $219,698 pursuant to CPLR Article 50 at 9% per annum from October 24, 2017 through entry of this Judgment, plus 50% of Sagi's reasonable counsel and other professional fees, expenses and costs in connection with this action, in an amount to be determined.

5.    The amounts set forth in paragraphs 2, 3 and 4 above are not cumulative.

6.    Pursuant to Fed. R. Civ. P. 54(d)(2), any motion for attorney's fees shall be made no later than 14 days following the entry of this Judgment.

Dated:     New York, New York
           8/17, 2018

                                        SO ORDERED.

                                        _____
                                        KATHERINE B. FORREST
                                        United States District Judge

**Exhibit H**

# AFFIDAVIT

STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF NEW YORK         )

JOHN DELLAPORTAS, being duly sworn, deposes and says:

1.       I am an attorney admitted to practice law in the State of New York, and counsel to the Judgment Creditor, Sagi Genger, in the action styled *Genger v. Genger*, Index No. 1:17cv8181, which is pending before the U.S. District Court for the Southern District of New York.   I respectfully submit this affidavit pursuant to the Texas Uniform Enforcement of Judgments Act, Civil Practice and Remedies Code section 35.001 *et seq.* in order to register the Judgment Creditor's Judgment against the Judgment Debtor, Orly Genger, in the amount of $3,219,698 with the Clerk of Travis County, Texas.

2.       The current post officer address of the Judgment Creditor is Sagi Genger, 751 Weed Street, New Canaan, CT 06840.  The last known address of the Judgment Debtor is Orly Genger, Rokah Shim'on St., 35 Tel Aviv, Israel 65148.

_____
JOHN DELLAPORTAS

Sworn to me this 12th
day of September, 2018

_____
Notary Public

Peter Eric Bogdanich
Notary Public, State of New York
No. 01BO6366981
Qualified in Nassau County
Commission Expires November 13, 2021

RETURN:
KELLEY DRYE & WARREN LLP
101 PARK AVENUE
ATTN: PAUL OSTENSEN
NEW YORK NY 10178

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

*Dana DeBeauvoir*

Sep 21, 2018   03 14 PM     2018150354
ALONZOM: $34.00
Dana DeBeauvoir, County Clerk
Travis County TEXAS

**Recorders Memorandum**-At the time of recordation this instrument was found to be inadequate for the best reproduction, because of illegibility, carbon or photocopy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

**Exhibit H**