**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Rocco A. Cavaliere, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re                                                                                        Chapter 7

ORLY GENGER,                                                                    Case No. 19-13895 (JLG)

                                            Debtor.
---------------------------------------------------------------X
DEBORAH J. PIAZZA, as Successor CHAPTER 7
TRUSTEE, of the Bankruptcy Estate of Orly
Genger,

                                            Plaintiff,
                                                                                              Adv. Pro. No. _____
       -against-

ZEICHNER ELLMAN & KRAUSE LLP,

                                            Defendant.
---------------------------------------------------------------X

## COMPLAINT

Deborah J. Piazza, in her capacity as successor Chapter 7 trustee (the "Plaintiff" or "Trustee") of the estate of Orly Genger (the "Debtor"), by and through the Trustee's counsel, Tarter Krinsky & Drogin LLP, brings this Complaint against defendant Zeichner Ellman & Krause LLP ("Defendant" or "ZEK"), and respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an adversary proceeding brought by the Trustee for malpractice against Defendant arising from various acts and omissions of Defendant in its capacity as counsel to the Debtor prior to the Petition Date (defined below).

## THE PARTIES

2. The Trustee is the legal representative of the estate with authority to commence this action. The Trustee is a resident of the State of New York and is a licensed attorney maintaining an office at c/o Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018

3. Defendant is a limited liability partnership with a principal place of business at 1211 Avenue of the Americas, 40th Floor, New York, New York 10036.

## JURISDICTION AND VENUE

4. The United States District Court for the Southern District of New York (the "District Court") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a) and the Amended Standing Order of Reference dated January 31, 2012 of Chief Judge Loretta A. Preska of the District Court, this proceeding is automatically referred to the United States Bankruptcy Court for the Southern District of New York (the "Court").

5. This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A), (C) and (O). Since this is a core proceeding, the Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding. The Trustee consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties

herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. The statutory predicates for the claims asserted herein are sections 105(a), 108(a), 541, 542 and 544 of the Bankruptcy Code and applicable law.

## FACTUAL ALLEGATIONS

### A. ZEK's Representation of Orly

7. ZEK served as counsel for Orly Genger in various Genger family litigations for numerous years, beginning no later than 2009, until the representation ended in January 2017. During the course of its representation of Orly, ZEK received fees in the millions of dollars.

8. Among other actions, ZEK was Orly's counsel in the New York State cases captioned *Orly Genger v. Sagi Genger*, Index No. 100697/2008 (the "2008 Action"); *Orly Genger, etc. v. Dalia Genger, et al.*, Index No. 109749/2009 (the "2009 Action"); *Arie Genger et al. v. Sagi Genger et al.*, Index No. 651089/2010. ZEK also served as Orly's counsel in the Federal cases captioned *Sagi Genger v. Orly Genger*, S.D.N.Y. Case No. 14-cv-5683 (the "2014 Action"); and *Dalia Genger v. Sagi Genger*, S.D.N.Y. Case No. 17-cv-8181.

9. Kasowitz Benson Torres LLP ("KBT") began representing Orly in a limited capacity in connection with the bench trial in the "2008 Action" in January 2015. From that point in time until no later than January 2017, ZEK continued to serve as co-counsel along with KBT.

10. In January 2017, ZEK withdrew as Orly counsel in all actions in which it had represented Orly, including the cases mentioned above.

11. During its representation of Orly, upon information and belief, ZEK established and carried out the litigation strategy, including, *inter alia*, determining what claims to assert and drafting complaints, developing arguments and setting them forth in dispositive motions, and setting the strategy for and conducting discovery.

12. Upon information and belief, after KBT was retained in early 2015 – initially as co-counsel with ZEK, KBT began researching the history of the Genger litigations and eventually learned that there had been serious flaws with ZEK's litigation strategies and decisions, which a reasonably prudent attorney representing Orly should not have made, and which caused Orly damages.

13. For example, the 2009 Action, in which ZEK served as lead counsel for Orly and drafted the complaint, was focused on damages Orly suffered as a result of her brother Sagi's alleged misconduct in connection with the Genger family holding company known as TPR Investment Associates, Inc. ("TPR"), which was controlled by Sagi though Orly and Sagi each owned equal portions of the entity. TPR was highly profitable and in fact, upon information and belief, in or about 2008 received tens of millions of dollars from a third party in connection with the sale of the shares it owned in another company. Sagi, upon information and belief, paid himself millions from TPR while distributing virtually nothing to Orly despite her equal ownership stake in the company. ZEK failed to pursue claims against Sagi for any of this alleged misconduct, which claims may have been worth millions of dollars. ZEK instead focused on other claims against Sagi in the 2009 Action which ultimately led to a finding of fiduciary duty against Sagi, but which did not result in damages, although a notice of appeal has been filed and the Trustee reserves the right to perfect the appeal. Nonetheless, while there is still a possibility that the Trustee may prevail

on damages on appeal as to the claims that ZEK included in the complaint, Orly, and hence the estate, could have recovered much more if ZEK had pursued other potential claims any reasonable lawyer representing Orly in drafting the complaint in the 2009 Action would have recognized should be asserted.

14. Another example of ZEK's misconduct was in the 2008 Action, where ZEK failed to pursue sufficient discovery so that Orly could prove the full extent of damage she suffered as a result of Sagi's fraud and taking of her once-equal interest in another Genger family venture which owned real estate in Canada. With KBT's help, Orly was successful in prevailing on her fraud claim against Sagi, but the damages determined by the Court-appointed expert were relatively de minimis when statutory prejudgment interest is discounted, and should have been in the millions of dollars. The damages stage of the 2008 Action remains pending and will continue after Sagi's motion to dismiss the bankruptcy case is decided.

15. A third example is in the 2014 Action, in which ZEK was defending against the claims Sagi brought against Orly for indemnification of a purported demand for lifestyle support from their mother Dalia. ZEK failed to take any discovery in that case in defending against the claim, failing to even take Dalia Genger's deposition in the case. Sagi moved for summary judgment against Orly, and ZEK neglected to seek relief pursuant to FRCP 56(d) to obtain discovery necessary to defend against the motion. Sagi ultimately prevailed on his motion for summary judgment, and Orly was left with a multi-hundred thousand judgment to pay. Then, in 2017, Sagi, working in concert with Dalia, commenced the second federal case against Orly (naming her as a third-party defendant), this time relying, as *res judicata,* on the summary judgment ruling in the 2014 Action to move for summary judgment again. Sagi

was successful in obtaining summary judgment in the 2017 case as well even though KBT, who by that time represented Orly, upon information and belief, vigorously attempted to obtain discovery in attempt to challenge the claim. The federal court rejected KBT's efforts based on its prior decision in the 2014 Action where ZEK led the litigation and the negligent strategy of failing to obtain any discovery.

**B.**     **The Chapter 7 Case**

16.   On July 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Western District of Texas (the "Chapter 7 Case").

17.   As of the Petition Date, and as set forth in the Debtor's schedules filed in the case, and at the time of the Lien Transfer, the Debtor's liabilities exceeded the amount of the Debtor's assets by millions of dollars.

18.   On December 10, 2019, the Chapter 7 Case was transferred to the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

19.   On December 11, 2019, the Trustee was appointed as the successor Chapter 7 trustee in in the Chapter 7 Case to administer the Debtor's bankruptcy estate.

### COUNT ONE – MALPRACTICE

20.   The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

21.   Defendant ZEK represented Orly beginning in or before 2009 continuously through January 2017. During the course of its representation, defendant filed multiple lawsuits on behalf of Orly, including in the 2008 Action and the 2009 Action, and defended against the claims asserted by Sagi against Orly in 2014 Action.

22. Defendant failed to exercise that degree of care, skill and diligence commonly possessed and exercised by a diligent professional in the legal community.

23. For example, during the course of its representation of Orly, Defendant failed to assert claims against one or more defendants in the 2009 Action which any reasonable similarly situated lawyer would have understood should have been asserted, and which claims are now untimely.

24. Further, during the course of its representation of Orly in the 2008 Action, Defendant failed to conduct discovery any reasonable similarly situated lawyer would have recognized would be necessary for Orly to be able to prove the full extent of her damage caused to her by Sagi's misconduct. Without this discovery, the damages Orly, and now her estate, expect to be awarded are much less significant than they would have been had the necessary discovery been conducted.

25. Further, during the course of its representation of Orly in the 2014 Action, Defendant failed to engage in discovery any reasonable similarly situated lawyer would have recognized would be necessary in order to adequately defend against the claims asserted against Orly, which caused Orly to lose on summary judgment.

26. Defendant's acts, omissions and conduct were a proximate cause of the damages sustained by Orly.

27. As a result of the foregoing, Orly was damaged directly as a result of Defendant's malpractice as set forth above in an amount to be determined at trial but in all events no less than many millions of dollars.

## RESERVATION OF RIGHTS

28. The Trustee files this Complaint as the two year period for assertion of this action, by virtue of section 108(a) expires on July 12, 2021. The Trustee expressly reserves the right to amend the Complaint to include any additional facts obtained after the filing of this Complaint.

29. In addition, as there is no deadline to object to claims, the Trustee reserves the right to object to the Defendant's Proof of Claim (Claim No. 3) in the amount of $488,310.98 on any other basis under section 502 of the Bankruptcy Code, and to equitably subordinate the Defendant's Proof of Claim under section 510(c) of the Bankruptcy Code.

30. Finally, for the avoidance of all doubt, the Trustee expressly reserves all of her rights in connection with the allowance or disallowance of the Defendant's Proof of Claim and the assertion of any counterclaims or otherwise.

**WHEREFORE,** Plaintiff respectfully requests entry of judgment for the Trustee and against the Defendants, as follows:

(a)    On Count One, an order finding that ZEK is liable for malpractice and awarding damages against ZEK in an amount to be determined at trial;

(b)    Awarding attorney's fees and costs; and

     (c) For such other and further relief as this Court deems just and equitable.

Dated: New York, New York
    July 12, 2021

                 **TARTER KRINSKY & DROGIN LLP**
                 *Counsel to the Chapter 7 Trustee*

                 By: */s/Rocco A. Cavaliere*_____
                 Rocco A. Cavaliere
                 1350 Broadway, 11th Floor
                 New York, New York 10018
                 (212) 216-8000
                 rcavaliere@tarterkrinsky.com