**EXHIBIT 90**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | |
|---|---|
| ORLY GENGER, | Chapter 7 |
| Debtor. | Case No.: 19-13896 (JLG) |

**RESPONSES AND OBJECTIONS OF MICHAEL TO THE CHAPTER 7 TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Michael Oldner hereby objects and responds to the first set of requests for production of documents by Deborah J. Piazza, as the Chapter 7 Trustee ("Chapter 7 Trustee"), dated June 10, 2021, as follows.

**GENERAL OBJECTIONS**

The following General Objections apply to each definition, instruction, or request for information and are hereby incorporated by reference with the same force and effect as if fully set forth in the individual response to each request for documents made (together, the "Requests," and individually, the "Request"). None of the following objections are waived by reason of any response given herein, or any production made in accordance herewith:

1. Oldner, in his individual capacity, is not a party to this case. The Chapter 7 Trustee can seek discovery from him by serving a subpoena under Rule 9015. Oldner responds herein only in his capacity as the Trustee of the Orly Genger 1993 Trust (the "Orly Trust"). Oldner does not waive any of these objections and, in making these responses, expressly preserves all rights and remedies.

2. Oldner objects to the Requests to the extent they purport to impose obligations or requirements beyond those required by the Rules of this Court or any other applicable law or rule.

3. Oldner objects to each and every specific Request to the extent it seeks the production of privileged matter, including, without limitation, documents or information protected by the attorney-client privilege, the work product doctrine, joint defense privilege, common interest privilege, settlement privilege, and/or any other applicable privilege or doctrine and to the extent it seeks the production of documents or information constituting proprietary and confidential information of the Orly Trust or Oldner, including, without limitation, corporate and business work product, trade secret information, and any other confidential and proprietary information. Oldner will not produce such documents. Inadvertent disclosure, if any, of documents or information subject to any privilege or doctrine shall not waive any such privilege or doctrine and nothing herein shall be construed as an undertaking by Oldner to produce privileged or otherwise protected documents or information. Oldner reserves the right to demand that an inadvertently produced document be returned, and that all copies thereof be destroyed, as well as any materials that contain information derived from any such document. Nothing herein shall constitute or be construed as waiver of any such privilege or doctrine nor permission for any others to produce any information protected by any applicable privilege or doctrine.

4. Oldner objects to each and every specific Request to the extent it calls for the production of information not reasonably or readily available to Oldner, more readily available from another source, already publicly filed in court records, or for

which the burden of obtaining such information is not substantially greater for the Chapter 7 Trustee than it is for Oldner.

5. Oldner respectfully refers the Chapter 7 Trustee to the voluminous documents already filed publicly in court records, which are responsive to many of the Requests made herein.

6. Oldner objects to each and every specific Request to the extent it requires the Oldner to make a legal conclusion or render an expert opinion.

7. Oldner objects to each and every specific Request to the extent it is vague, ambiguous, unreasonably repetitive, cumulative or duplicative, overbroad, unduly burdensome, oppressive or has been propounded for the improper purposes of annoying, harassing, oppressing, or unduly burdening Oldner.

8. Oldner objects to the Requests to the extent that they seek information or material not within Oldner's possession, custody, or control. Oldner objects to the Requests to the extent that they seek to require his legal counsel to search and produce materials from their own records.

9. Oldner objects to each and every specific Request to the extent it is duplicative of Requests made by the Chapter 7 Trustee on other persons or entities.

10. Oldner objects to each and every specific Request to the extent it is not reasonably limited in time or scope.

11. Oldner objects to Instruction A of the Requests as overly broad, unduly burdensome, vague, and ambiguous. In responding to the Requests, Oldner will interpret the terms "you" and "your" to refer to Michael Oldner.

12. Oldner objects to Instruction K of the Requests as unduly burdensome. Oldner will provide a categorical privilege log, upon request, containing the information required by the Local Rules.

## RESERVATION OF RIGHTS

13. Oldner reserves his right to object on any and all grounds, at any time, to other discovery Requests concerning the subject of these Requests.

14. Nothing herein waives, or is intended to waive, Oldner's right to object to the relevancy, materiality, and admissibility of any information produced herein or documents produced in accordance herewith.

15. The following responses are based on discovery available as of the date of these Requests. These responses are made without prejudice to Oldner's right to produce or rely on subsequently discovered information.

16. Where Oldner to produce documents in response to any request, Oldner will produce such documents only to the extent they exist, are within his possession, custody and control, can be obtained through a reasonable search and collection process, and are not privileged.

17. In responding to these Requests, Oldner does not admit or adopt any factual or legal contention, assertion, or characterization contained in any Request. No response or objection made herein, or lack thereof, should be deemed to be an admission by Oldner as to the accuracy or truth of any "fact" that is asserted or assumed by any Request, or that any materials responsive to any request exist.

18. Oldner reserves the right to amend or supplement the objections and responses herein, up to, and including the time of any trial or hearing.

# SPECIFIC RESPONSES AND OBJECTIONS

1.  **All Documents Concerning any facts alleged or to be alleged in support of any objection to be filed by You to the Settlement Motion.**

**Response**: Oldner objects to this Request as unreasonably repetitive of prior requests, cumulative or duplicative, overbroad, unduly burdensome, and oppressive. For example, the objection will reference the fact of the $32.3 million settlement from 2013, but there are countless documents that concern the 2013 settlement.

Oldner's counsel expects that all facts made in support of any objection to the Settlement Motion will be based on publicly-available documents, cited in the objection. If there are any other Documents relied upon, we will certainly provide them at the time of filing the objection.

2.  **All Documents that may be exhibits to any objection that You file to the Settlement Motion.**

**Response**: See Response to Request #1.

3.  **All Documents by and between You and Sagi Concerning the Settlement Motion or any possible objection to the Settlement Motion.**

**Response**: No such documents exist.

4.  **All Documents by and between You and Dalia Concerning the Settlement Motion or any possible objection to the Settlement Motion.**

**Response**: No such documents exist.

5.  **All Documents by and between You and Robin Rodriguez Concerning the Settlement Motion or any possible objection to the Settlement Motion.**

    **Response**: No such documents exist.

6.  **All Documents by and between You and any Person (other than Sagi, REI, Dalia and Robin Rodriguez) Concerning the Settlement Motion or any possible objection to the Settlement Motion.**

    **Response**: No non-privileged documents exist.

7.  **All Communications, to the extent not otherwise covered as Documents, Concerning all of the foregoing Requests.**

    **Response**: No non-privileged communications concerning these document requests exist.

| | |
|---|---|
| Dated: June 21, 2021<br>New York, NY | **POLLOCK COHEN LLP**<br><br>/s/ *Adam L. Pollock*<br><br>Adam L. Pollock<br>60 Broad St., 24th Fl.<br>New York, New York 10004<br>Tel.: (212) 337-5361<br>Email: Adam@PollockCohen.com<br>*Counsel for Michael Oldner as the Trustee of the Orly Genger 1993 Trust* |