

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

Thomas A. Pitta
*Partner*
Tel: 212-238-3148
Fax: 212-238-3100 •Fax (alt.) 212-608-0544
tpitta@emmetmarvin.com

December 21, 2021

**Via ECF**
Honorable James J. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      RE:   *In re Orly Genger*, **Case No.: 19-13895-jlg**

Dear Judge Garrity:

      This firm represents Sagi Genger, TPR Investment Associates, Inc. ("**TPR**") and the Sagi Genger 1993 Trust[1] (collectively, the "**Creditor Parties**") in the above-referenced Chapter 7 case. We write, together with the Orly Genger 1993 Trust by its Trustee Michael Oldner and Dalia Genger (together with the Creditor Parties, the "**Objecting Parties**"),[2] to respectfully request leave to file supplemental briefing in opposition to the *Chapter 7 Trustee's Motion for an Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (A) Approving Settlement Agreement and (B) Granting Related Relief*, Dkt. No. 421 (the "**Rule 9019 Motion**") in light of the Decision and Order dated December 16, 2021 entered by the District Court in *In re: Purdue Pharma, L.P.,* No. 21-cv-7532 (CM) (Docket No. 279) (the "***Purdue* Decision**"), a copy of which is annexed hereto as Exhibit A.

      Supplemental briefing is warranted in light of the *Purdue* Decision's extensive discussion and holdings concerning (a) the lack of statutory authorization for a Bankruptcy Court to hear, and by extension provide for releases and/or injunctions with respect to, direct claims by creditors of the estate against non-debtor third parties and (b) the distinction between direct and derivative claims in the context of bankruptcy third-party releases.

      Accordingly, the Objecting Parties respectfully request leave to submit a single supplement brief of not more than 10 pages to address the impact of the *Purdue* Decision

---

[1] This firm only appears on behalf of the Sagi Genger 1993 Trust in its limited capacity as an objectant to the Rule 9019 Motion and notes that its motion to dismiss for improper service of process in Adversary Proceeding No. 21-01180 is currently *sub judice*.

[2] The Objection and Cross Motion of Sagi Genger and TPR is located at Dkt. No. 490. The Objection of the Orly Genger Trust by its Trustee Michael Oldner to the Motion is located at Dkt. No. 491. The Objection of the Sagi Genger 1993 Trust to the Motion is located at Dkt. No. 493 and the Joinder of Dalia Genger to the Various Objections to the Motion is located at Dkt. No 494.

EMMET, MARVIN & MARTIN, LLP

Honorable James J. Garrity, Jr.
December 21, 2021
Page 2

on the Rule 9019 Motion. On December 17, 2021, the Objecting Parties requested the Trustee consent to this request (and a simultaneous submission by the parties supporting the Rule 9019 Motion). Shortly before the filing of this letter, the Trustee's counsel advised that the Trustee does not consent to additional briefing.

    We thank the Court for its consideration.

                        Respectfully submitted,

                        /s/ Thomas A. Pitta
                        Thomas A. Pitta, Esq.
                        Emmet, Marvin & Martin, LLP
                        120 Broadway, 32nd Floor
                        New York, New York 10271
                        *Attorneys for Sagi Genger*, *TPR Investment Associates, Inc., and the Sagi Genger 1993 Trust*

cc:    All Counsel of Record (via ECF)