

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Rocco A. Cavaliere, Partner
Email: rcavaliere@tarterkrinsky.com
Phone: (212) 216-1141

May 10, 2022

**BY HAND AND ECF**

Honorable James L. Garrity, Jr.
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

> Re:    In re Orly Genger
>        Chapter 7 Case No. 19-13895

Dear Judge Garrity:

This firm is counsel to Deborah J. Piazza, in her capacity as successor chapter 7 trustee (the "Trustee") of the above-referenced Debtor's estate.

By this letter, the Trustee wishes to update the Court on other developments occurring in other courts that may be of interest to this Court. As the Court is aware, on May 28, 2021, the Trustee filed a motion to settle various disputes with certain parties and to sell various causes of action to which the estate may have an interest (the "Settlement Motion"). See Dkt. No. 421. This Court held hearings on August 10 and 24, 2021 to consider the Settlement Motion. Through the Settlement Motion, the Trustee seeks to sell whatever rights the estate may have in various causes of action, including a certain fraud claim against Dalia Genger (the "Dalia Claim") that was asserted in a pre-bankruptcy action styled as *Orly Genger v. Dalia Genger, et. al*, Index No. 109749/09 in the Supreme Court of New York, New York County (Justice Jaffe).

By way of background, after the bankruptcy case was filed but before transfer of the case to this Court, the Supreme Court of New York (Justice Jaffe) *sua sponte* dismissed the Dalia Claim and denied the Predecessor Trustee's motion to vacate the *sua sponte* dismissal. The Supreme Court's decisions were appealed to the Appellate Division and the remaining appeal has been assigned Appellate Case No. 2020-01940 (the "Appeal"). In December 2020, the Trustee filed a memorandum of law perfecting the Appeal. Thereafter, the Trustee requested and obtained at least four separate extensions from the Appellate Division of Dalia's response deadline and the

Honorable James L. Garrity, Jr.
May 10, 2022
Page 2 of 2

Trustee's reply deadline. The basis for the various extensions pertained to the fact that the Trustee had filed the Settlement Motion and was awaiting this Court's decision thereon on whether she could sell whatever rights the Trustee had in the Dalia Claim to Claims Pursuit Inc., who was expected to handle the prosecution of the appeal of the Dalia Claim, and ultimately, if the appeal was successful, the continued prosecution of the Dalia Claim. In February 2022, the Appellate Division granted a fourth and final extension requiring final briefing by the end of April 2022 and indicating no further extensions would be granted. A copy of the Trustee's most recent application to the Appellate Division to extend the Appeal term, together with the Appellate Division's order is annexed hereto as **Exhibit "A"**. We learned last week that the Appellate Division has now scheduled oral argument on **May 18, 2022 at 2:00 p.m.** Copies of the Trustee's Memorandum of Law perfecting the Appeal, Dalia Genger's Response, and the Trustee's Reply are annexed hereto as **Exhibits "B" through "D"** respectively.

As the Court is currently evaluating the various legal briefs, oral argument and evidentiary record pertaining to the Settlement Motion, including the potential sale of the estate's rights in the Dalia Claim, we thought it appropriate to advise the Court of the current status of the Appeal of the Dalia Claim before the Appellate Division. In the meantime, as we await the Court's decision on the Settlement Motion and in an effort to maximize the Trustee's prospects for success on the Appeal, the Trustee will coordinate with respective counsel and representatives of the Debtor and Claims Pursuit Inc. in advance of oral argument on the Appeal scheduled for May 18, 2022.

Please do not hesitate to have Chambers contact me should the Court have any questions or concerns.

Respectfully submitted,

*/s/Rocco A. Cavaliere*

Rocco A. Cavaliere

cc: All counsel of record by ECF

**EXHIBIT A**

FILED: APPELLATE DIVISION - 1ST DEPT 01/20/2022 12:49 PM          2020-01940
                                                                  2020-01940
NYSCEF: FILED: APPELLATE DIVISION - 1ST DEPT 01/10/2022 03:00 PM ED NYSCEF: 01/20/2022
NYSCEF DOC. NO. 27                                      RECEIVED NYSCEF: 01/10/2022

## SUMMARY STATEMENT ON APPLICATION FOR
## EXPEDITED SERVICE AND/OR INTERIM RELIEF
### (SUBMITTED BY MOVING PARTY)

Date: **January 10, 2022**                          Case # **2020-01940**

Title of Matter: **Orly Genger v. Dalia Genger, et al.**      Index/Indict/Docket # **109749/2009**

Appeal by **Appellant** from — Order ☑ Judgment ☐ of — Supreme ☑ Surrogate's ☐ Family ☐

County **New York**

Court entered on **Oct. 4,** 20 **19**

Name of Judge **Justice Barbara Jaffe**

Notice of Appeal filed on **October 22** ,20 **19**

If from administrative determination, state agency _____

Nature of action or proceeding **The action involves, among other things, a fraud claim against Dalia Genger**

Provisions of ☑ order ☐ judgment ☐ decree  appealed from **Judge Jaffe's denial of Plaintiff's motion to restore the action against Dalia Genger**

This application by appellant / respondent is for **a further adjournment of the Appeal Term as set forth in the Affirmation of Rocco A. Cavaliere. The application also seeks an extension of the Response Deadline and Reply Deadline.**

If applying for a stay, state reason why requested **N/A**

Has any undertaking been posted **N/A**      If "yes", state amount and type _____

Has application been made to court below for this relief **N/A**      If "yes", state Disposition _____

Has there been any prior application here in this court **No, but see below**      If "yes", state dates and nature _____

**As referenced in the supporting Affirmation of Rocco A. Cavaliere, this is the fourth motion for adjournment of the Appeal Term, after two prior stipulations were filed.**

Has adversary been advised of this application **Yes**      Does he/she consent **Yes**

| Attorney for Movant | Attorney for Opposition |
|---|---|
| Name Rocco A. Cavaliere, Esq. | Carmen Ciparick, Esq. |
| Address Tarter Krinsky & Drogin LLP | Greenberg Traurig LLP |
| 1350 Broadway, 11th Floor | 200 Park Avenue |
| New York, NY 10018 | New York, NY 10166 |
| Tel. No. 212-216-1141 | 212-801-6807 |
| Appearing by rcavaliere@tarterkrinsky.com | ciparickc@gtlaw.com |

DISPOSITION                    (Do not write below this line)

The application to adjourn the instant matter to the June Term is granted, on consent. This being the 4th adjournment, the matter is marked final.

So ordered,

_Sallie Margaret Daniels_
Justice    SM

January 11, 2022
Date

Motion Date _____ Opposition _____ Reply _____

EXPEDITE _____ PHONE ATTORNEYS _____ DECISION BY _____

ALL PAPERS TO BE SERVED PERSONALLY.

_ELM_
Court Attorney

"Revised 10/19"

FILED: APPELLATE DIVISION - 1ST DEPT 01/10/2022 03:00 PM    2020-01940
NYSCEF DOC. NO. 27    RECEIVED NYSCEF: 01/10/2022

# SUMMARY STATEMENT ON APPLICATION FOR
# EXPEDITED SERVICE AND/OR INTERIM RELIEF

### (SUBMITTED BY MOVING PARTY)

Date: January 10, 2022          Case # 2020-01940

Title of Matter: Orly Genger v. Dalia Genger, et al.          Index/Indict/Docket # 109749/2009

| | Order ☑ | | Supreme ☑ | County New York |
| Appeal by Appellant | Judgment ☐ | of | Surrogate's ☐ | |
| | from Decree ☐ | | Family ☐ | Court entered on Oct. 4, ,20 19 |

Name of Judge Justice Barbara Jaffe          Notice of Appeal filed on October 22 ,20 19

If from administrative determination, state agency _____

Nature of action or proceeding: The action involves, among other things, a fraud claim against Dalia Genger

Provisions of ☑ order / ☐ judgment / ☐ decree appealed from Judge Jaffe's denial of Plaintiff's motion to restore the action against Dalia Genger

This application by appellant / respondent is for a further adjournment of the Appeal Term as set forth in the Affirmation of Rocco A. Cavaliere. The application also seeks an extension of the Response Deadline and Reply Deadline.

If applying for a stay, state reason why requested N/A

Has any undertaking been posted N/A          If "yes", state amount and type _____

Has application been made to court below for this relief N/A          If "yes", state Disposition _____

Has there been any prior application here in this court No, but see below          If "yes", state dates and nature

As referenced in the supporting Affirmation of Rocco A. Cavaliere, this is the fourth motion for adjournment of the Appeal Term, after two prior stipulations were filed.

Has adversary been advised of this application Yes          Does he/she consent Yes

| <u>Attorney for Movant</u> | <u>Attorney for Opposition</u> |
|---|---|

Name Rocco A. Cavaliere, Esq.

Carmen Ciparick, Esq.

Address Tarter Krinsky & Drogin LLP

Greenberg Traurig LLP

1350 Broadway, 11th Floor

200 Park Avenue

New York, NY 10018

New York, NY 10166

Tel. No. 212-216-1141

212-801-6807

Appearing by rcavaliere@tarterkrinsky.com

ciparickc@gtlaw.com

----------------------------------------------------------------------------------------------------

**(Do not write below this line)**

<u>DISPOSITION</u>

_____     _____
            Justice                              Date

Motion Date _____ Opposition _____ Reply _____

EXPEDITE _____ PHONE ATTORNEYS _____ DECISION BY _____

ALL PAPERS TO BE SERVED PERSONALLY.    _____
                                                    Court Attorney

"Revised 10/19"

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT

| | |
|---|---|
| ORLY GENGER in her individual capacity and on behalf of the Orly Genger 1993 Trust (both in its individual capacity and on behalf of D & K Limited Partnership),<br><br>            Plaintiff-Appellant,<br><br>     -against-<br><br>DALIA GENGER, SAGI GENGER, LEAH FANG D & K GP LLC, and TPR INVESTMENT ASSOCIATES, INC.,<br><br>            Defendants-Respondents. | Appellate Division<br>Case No. 2020-01940<br><br>New York County Clerk's<br><u>Index No.: 109749/2009</u><br><br>**<u>NOTICE OF MOTION</u>** |

**PLEASE TAKE NOTICE** that upon the Affirmation of Rocco A. Cavaliere, dated January 10, 2022 and the exhibits annexed thereto, Appellant Deborah J. Piazza, the successor Chapter 7 Trustee ("Appellant") of the estate of Orly Genger will move the Appellate Division, First Judicial Department, at the courthouse located at 27 Madison Avenue, New York, New York, on the 24th day of January 2022 at 10:00 a.m., or as soon thereafter as counsel may be heard, for an order, on consent of the parties, (i) adjourning the Appeal from the March 2022 Term to the June 2022 Term and (ii) extending the Respondent's Response to April 20, 2022 and the Reply Brief to April 29, 2022, without prejudice to seeking additional adjournments, and (iii)

granting Appellant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 10, 2022

                                   Yours, etc.,

                                   **TARTER KRINSKY & DROGIN LLP**
                                   *Attorneys for the Trustee*

                                   By:_____
                                        Rocco A. Cavaliere
                                        1350 Broadway
                                        New York, New York 10018
                                        Tel.: (212) 216-8000
                                        Email: rcavaliere@tarterkrinsky.com

TO:    **THE BACHMAN LAW FIRM PLLC**
       *Attorneys for Defendant-Respondent, Dalia Genger*
       Judith Bachman
       365 S. Main Street, 2nd Floor
       New City, New York 10956
       Tel.: (212) 696-6161
       Email: judith@thebachmanlawfirm.com


       **GREENBERG TRAURIG LLP**
       *Attorneys for Defendant-Respondent, Dalia Genger*
       Carmen Beauchamp Ciparick
       200 Park Avenue
       New York, New York 10166
       Tel: (212) 801-6807
       Email: ciparickc@gtlaw.com


       **EMMET, MARVIN & MARTIN LLP**
       *Attorneys for Defendant-Respondent, Sagi Genger and TPR Investment Associates, Inc.*
       John Dellaportas
       120 Broadway, 32nd Floor
       New York, New York 10271
       Tel.: (212) 238-3092
       Email: jdellaportas@emmetmarvin.com

**IRA B. TOKAYER, ESQ.**
*Attorneys for Defendant-Respondent, D&K GP LLC*
Ira B. Tokayer
420 Lexington Avenue, Suite 2400
New York, New York 10170
Tel.: (212) 695-5250
Email: imtoke@mindspring.com

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT

---

ORLY GENGER in her individual capacity and on
behalf of the Orly Genger 1993 Trust (both in its
individual capacity and on behalf of D & K Limited
Partnership),

                              Plaintiff-Appellant,

            -against-

DALIA GENGER, SAGI GENGER, LEAH FANG,
D & K GP LLC, and TPR INVESTMENT
ASSOCIATES, INC.,

                              Defendants-Respondents.

Appellate Division
Appeal No. 2020-01940

New York County Clerk's
Index No.: 109749/2009

**AFFIRMATION OF
ROCCO A. CAVALIERE**

---

**ROCCO A. CAVALIERE**, an attorney duly admitted to practice law in the State
of New York, affirms the following under the penalties of perjury:

1.     I am a partner at Tarter Krinsky & Drogin LLP, attorneys for the Appellant
Deborah J. Piazza, the successor Chapter 7 Trustee ("Appellant" or the "Trustee") of the estate
of Orly Genger (the "Debtor") in the above-captioned matter.  As such, I am fully familiar with
the matters set forth herein.

2.     On December 7, 2020, the Trustee filed a brief in furtherance of perfecting the
above-referenced appeal on behalf of the Debtor's bankruptcy estate for the February 2021
Term.  A copy of the Notice of Appeal is annexed hereto as **Exhibit "A"**.

3.     By stipulation dated December 14, 2020, the parties adjourned the matter to the
March 2021 Term, and thereafter, by stipulation dated January 21, 2021, the parties further
adjourned the matter to the April 2021 Term.

4.     Thereafter, in February 2021, I submitted an application by way of an Affirmation
of Rocco A. Cavaliere dated February 22, 2021 (the "First Application") pursuant to 22 NYCRR

1250.9(g)(2) in support of adjournment of the above-captioned appeal to the September 2021 Term, and an extension of the deadline for the Respondent's Response to August 11, 2021 and an extension of the deadline for the Reply Brief to August 20, 2021, without prejudice to seeking additional adjournments. As referenced in the Affirmation of Carmen Beauchamp Ciparick dated February 26, 2021, Defendant-Respondent had no objection to an adjournment to the September 2021 Term and the foregoing extensions of the deadlines. The Court granted the request to adjourn the Appeal to the September 2021 Term along with the requested extensions of the deadlines.

5.    In July 2021, I submitted a second application by way of an Affirmation of Rocco A. Cavaliere dated July 15, 2021 (the "Second Application") in support of adjournment of the above-captioned appeal to the December 2021 Term, and an extension of the deadline for Respondent's Response to November 3, 2021 and an extension of the Reply Brief to November 12, 2021, without prejudice to seeking additional adjournments. As referenced in the Affirmation of Carmen Beauchamp Ciparick dated July 15, 2021, Defendant-Respondent had no objection to an adjournment to the December 2021 Term and the foregoing extensions of the deadlines. The Court granted the Second Application, thereby granting the Trustee's request to adjourn the Appeal to the December 2021 Term along with requested extensions of the deadlines.

6.    In October 2021, I submitted a third application by way of an Affirmation of Rocco A. Cavaliere dated October 13, 2021 (the "Third Application", together with the First Application and Second Application, the "Prior Applications") in support of adjournment of the above-captioned appeal to the March 2022 Term, and an extension of the deadline for Respondent's Response to February 2, 2022, and an extension of the Reply Brief to February 10, 2022, without prejudice to seeking additional adjournments. As referenced in the Affirmation of

2

Carmen Beauchamp Ciparick dated October 13, 2021 Defendant-Respondent had no objection to an adjournment to the March 2022 Term and the foregoing extensions of the deadlines. The Court granted theThird Application, thereby granting the Trustee's request to adjourn the Appeal to the March 2022 Term along with requested extensions of the deadlines, as set forth in **Exhibit "B"** hereto.

7.      I now submit my fourth application on behalf of the Trustee for a further adjournment of the above-captioned appeal to the June 2022 Term, and an extension of the deadline for Respondent's Response to April 20, 2022 and an extension of the Reply Brief to April 29, 2022, without prejudice to seeking additional adjournments. The relief requested is supported by Defendant-Respondent as set forth in the Affirmation of Carmen Beauchamp Ciparick that will be filed contemporaneously herewith. To the extent necessary, Appellant also annexes hereto as **Exhibit "C"** a Summary Statement on Application For Expedited Service And/Or Interim Relief.

8.      As was the case in connection with the Prior Applications, judicial economy is best served by an adjournment of the above-captioned Appeal and the Respondent's Response and the Reply Brief in light of pending events in the Debtor's bankruptcy case. Namely, in April 2020, a party in interest in the Debtor's bankruptcy case filed an amended motion to dismiss the bankruptcy case (the "Motion to Dismiss"). The hearing on the Motion to Dismiss had been adjourned from time to time by the Bankruptcy Court. Ultimately, the trial on the Motion to Dismiss began before the Bankruptcy Court on June 16, 2021, which trial continued for several days and was completed in July 2021. The Bankruptcy Court also ordered post-trial briefs on the Motion to Dismiss which were filed on July 30, 2021. The parties now await the Bankruptcy Court's decision on the Motion to Dismiss. If the Motion to Dismiss is approved, then the bankruptcy case will conclude and the Debtor will be the party to further prosecute this appeal.

9.      Meanwhile, as reflected in the Second Application, on May 28, 2021, the Trustee filed a settlement motion before the Bankruptcy Court seeking, among other things, to sell the Debtor's estate's rights in any claims against Defendant-Respondent, including those claims pertaining to the Appeal (the "Settlement Motion"), to an entity named Claims Pursuit Inc. (the "Proposed Purchaser"). The Settlement Motion was heard by the Bankruptcy Court on August 10, 2021 and August 24, 2021. As is the case with the Motion to Dismiss, the parties await the Bankruptcy Court's decision on the Settlement Motion. If the Settlement Motion is approved, the estate will not need to bear the expense of this Appeal and the Proposed Purchaser will be the party to further prosecute the Appeal.

10.     Finally, in the event that the Motion to Dismiss and the Settlement Motion were both denied, then the Trustee will continue to prosecute the Appeal on behalf of the Debtor's bankruptcy estate.

11.     Alternatively, to the extent that the Court is not amenable to an adjournment to the June 2022 Term, the Trustee respectfully requests that the Court adjourn the above-referenced Appeal to the May 2022 Term and further extend the deadlines for the Respondent's Response and the Trustee's and any successor's Reply Brief to appropriate dates in connection with the May 2022 Term, without prejudice to a further motion for additional adjournments, to the extent warranted.

12.     Lastly, the Defendant-Respondent also seeks to supplement the record with additional documents, and the Trustee is in the process of reviewing the requested supplemental documents. The parties intend to endeavor to work together to submit a stipulation to supplement the record. Thus, the adjournment will assist the parties in this regard.

13.     Other than the parties' two stipulations permitted by the Rules of this Court and the Prior Applications approved by the Court, no prior application for the relief sought herein has

4

been made to this Court or to any other court of competent jurisdiction, except as otherwise stated herein.

**WHEREFORE**, the Trustee respectfully request that the Court either so-order Summary Statement on Application For Expedited Service And/Or Interim Relief. annexed as **Exhibit "C'** or otherwise enter an order substantially in the form annexed hereto as **Exhibit "D"** adjourning the above-referenced appeal to the June 2022 Term, extending the deadline for the Respondent's Response to April 20, 2022 and the Reply Brief to April 29, 2022, and granting the Trustee such other and further relief as this Court deems just, equitable and proper.

Dated: January 10, 2022
     New York, New York

_____
     Rocco A. Cavaliere

**EXHIBIT A**

FILED: NEW YORK COUNTY CLERK 10/22/2019 05:17 PM
NYSCEF DOC. NO. 1658

INDEX NO. 109749/2009
RECEIVED NYSCEF: 10/22/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ORLY GENGER in her individual capacity and on
behalf of the Orly Genger 1993 Trust (both in its
individual capacity and on behalf of D & K
Limited Partnership),

Plaintiff,

- against -

DALIA GENGER, SAGI GENGER, LEAH
FANG D & K GP LLC, and TPR INVESTMENT
ASSOCIATES, INC.,

Defendants.

---

Index No.: 109749/09

Hon. Barbara Jaffe

**NOTICE OF APPEAL**

---

        **PLEASE TAKE NOTICE** that plaintiff Orly Genger in her individual capacity and on

behalf of the Orly Genger 1993 Trust (both in its individual capacity and on behalf of D & K

Limited Partnership), as authorized by Ron Satija, the Chapter 7 Trustee of the pending

bankruptcy captioned *In re Orly Genger*, 19-bk-10926 (Bankr. W.D.T.X.), hereby appeals to the

Appellate Division of the Supreme Court of the State of New York, First Judicial Department,

from the Order dated October 4, 2019 by the Honorable Barbara Jaffe of the Supreme Court of

the State of New York, County of New York (IAS Part 12), entered in the Office of the New

York County Clerk on October 4, 2019 (NYSCEF Dkt. No. 1652), denying Motion Sequence

No. 65 and declining to restore this action.

        A true and correct copy of the Order is attached hereto as Exhibit A.

Dated: New York, New York
       October 22, 2019

                                        KASOWITZ BENSON TORRES LLP

                                        By: /s/ Michael Paul Bowen
                                        Michael Paul Bowen
                                        Andrew R. Kurland
                                        1633 Broadway
                                        New York, New York 10019
                                        (212) 506-1700
                                        *Attorneys for Plaintiff-Appellant*

To:  All Counsel of Record (By ECF)

FILED: NEW YORK COUNTY CLERK 10/22/2019 05:17 PM

NYSCEF DOC. NO. 1658

INDEX NO. 109749/2009

RECEIVED NYSCEF: 10/22/2019

# Exhibit A

FILED: NEW YORK COUNTY CLERK 10/22/2019 05:43 PM            INDEX NO. 109749/2009
NYSCEF DOC. NO. 1652                                       RECEIVED NYSCEF: 10/22/2019

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. BARBARA JAFFE** | PART        IAS MOTION 12EFM |
| | *Justice* | |

-------------------------------------------------------X

ORLY GENGER, ORLY GENGER 1993 TRUST,

INDEX NO.        109749/2009

MOTION DATE        _____

Plaintiffs,

MOTION SEQ. NO.        065

- v -

DALIA GENGER, SAGI GENGER, D & K GP LLC,
TPR INVESTMENT ASSOCIATES INC, LEAH
FANG,

**DECISION + ORDER ON
MOTION**

Defendants.

-------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 065) 1637-1648

were read on this motion to.                                    restore                              .

Having read the papers in support of plaintiffs' order to show cause and defense
counsel's email of October 4, 2019, I find that because the damages assertedly arising from
Dalia's alleged fraud are those that have been adjudicated (NYSCEF 1594, 1630), the action was
properly marked disposed, per order dated August 9, 2019. Moreover, plaintiffs' counsel
represents that the fraud claim is the sole claim outstanding. (NYSCEF 1646). Consequently,
there is nothing left to restore.

Accordingly, it is hereby

ORDERED, that plaintiffs' motion to restore the action is denied in its entirety.

20191004164810SLHFEC5DAFC0D7F48C1A913000D7F7FCFA

| | |
|---|---|
| **10/4/2019** | |
| **DATE** | **BARBARA JAFFE, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☒ GRANTED    ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

109749/2009 Motion No. 065                                              Page 1 of 1

FILED: NEW YORK COUNTY CLERK 10/22/2019 05:17 PM

NYSCEF DOC. NO. 1658

INDEX NO. 109749/2009

RECEIVED NYSCEF: 10/22/2019

# Supreme Court of the State of New York
## Appellate Division: First    Judicial Department

Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced, or as amended. | For Court of Original Instance |
|---|---|
| ORLY GENGER in her individual capacity and on behalf of the Orly Genger 1993 Trust (both in its individual capacity and on behalf of D & K Limited Partnership),<br><br>- against -<br><br>DALIA GENGER, SAGI GENGER, LEAH FANG D & K GP LLC, and TPR INVESTMENT ASSOCIATES, INC. | Date Notice of Appeal Filed<br><br>For Appellate Division |

| Case Type | | Filing Type | |
|---|---|---|---|
| ☒ Civil Action | ☐ CPLR article 78 Proceeding | ☒ Appeal | ☐ Transferred Proceeding |
| ☐ CPLR article 75 Arbitration | ☐ Special Proceeding Other | ☐ Original Proceedings | ☐ CPLR Article 78 |
| | ☐ Habeas Corpus Proceeding | ☐ CPLR Article 78 | ☐ Executive Law § 298 |
| | | ☐ Eminent Domain | ☐ CPLR 5704 Review |
| | | ☐ Labor Law 220 or 220-b | |
| | | ☐ Public Officers Law § 36 | |
| | | ☐ Real Property Tax Law § 1278 | |

**Nature of Suit:** Check up to three of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☐ Administrative Review | ☒ Business Relationships | ☒ Commercial | ☐ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ☐ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☐ Real Property (other than foreclosure) | ☐ Statutory | ☐ Taxation | ☒ Torts |

Informational Statement - Civil

**FILED: NEW YORK COUNTY CLERK 10/22/2019 05:17 PM**
NYSCEF DOC. NO. 1658

INDEX NO. 109749/2009
RECEIVED NYSCEF: 10/22/2019

| Appeal | |
|---|---|
| Paper Appealed From (Check one only): | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. |

| | | |
|---|---|---|
| ☐ Amended Decree | ☐ Determination | ■ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ☐ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☐ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

| Court: | Supreme Court | County: | New York |
|---|---|---|---|
| Dated: | October 4, 2019 | Entered: October 4, 2019 | |
| Judge (name in full): Hon. Barbara Jaffe | | Index No.: 109749/2009 | |
| Stage: ☐ Interlocutory ■ Final ☐ Post-Final | | Trial: ☐ Yes ■ No   If Yes: ☐ Jury ☐ Non-Jury | |

| Prior Unperfected Appeal and Related Case Information |
|---|

Are any appeals arising in the same action or proceeding currently pending in the court?          ■ Yes ☐ No

If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.
A notice of appeal of a related order was filed Sept. 18, 2019 but no AD1 appeal number has been assigned yet; 2 other appeals not yet perfected (Nos. 2019-3814 and 2019-5380) are unrelated, and concern other defendants in the matter.
Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:

A proceeding recently removed from the NY Surrogate's Court to the S.D.N.Y. brought by Orly Genger against Dalia Genger (SDNY case No. 19-cv-9319). That proceeding was removed from the NY Surrogate's Court by the Chapter 7 bankruptcy trustee pursuant to Fed. R. Bankr. P. 9027.

| Original Proceeding |
|---|

| Commenced by: ☐ Order to Show Cause ☐ Notice of Petition ☐ Writ of Habeas Corpus | Date Filed: |
|---|---|
| Statute authorizing commencement of proceeding in the Appellate Division: | |

| Proceeding Transferred Pursuant to CPLR 7804(g) |
|---|

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Order of Transfer Date: | |

| CPLR 5704 Review of Ex Parte Order: |
|---|

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Dated: | |

| Description of Appeal, Proceeding or Application and Statement of Issues |
|---|

Description: If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding. If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

Order declining to restore action which was erroneously disposed without any adjudication of the claim against defendant Dalia Genger.

Informational Statement - Civil

FILED: NEW YORK COUNTY CLERK 10/22/2019 05:17 PM
NYSCEF DOC. NO. 1658

INDEX NO. 109749/2009
RECEIVED NYSCEF: 10/22/2019

Issues: Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review, the grounds for reversal, or modification to be advanced and the specific relief sought on appeal.

The trial court's erroneous conclusion that a damages finding on plaintiff's claim for replevin and breach of fiduciary duty with respect to certain defendants in this matter (which finding is subject to a separate appeal) somehow applies to plaintiff's claim for fraud against another defendant, which claim has not yet been heard on the merits.

## Party Information

Instructions: Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any. If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

| No. | Party Name | Original Status | Appellate Division Status |
|-----|-----------|-----------------|--------------------------|
| 1 | Orly Genger | Plaintiff | Appellant |
| 2 | Dalia Genger | Defendant | Respondent |
| 3 | Sagi Genger | Defendant | None |
| 4 | Leah Fang | Defendant | None |
| 5 | D & K GP LLC | Defendant | None |
| 6 | TPR Investment Associates, Inc. | Defendant | None |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Informational Statement – Civil

FILED: NEW YORK COUNTY CLERK 10/22/2019 05:17 PM

NYSCEF DOC. NO. 1658

INDEX NO. 109749/2009

RECEIVED NYSCEF: 10/22/2019

| Attorney Information | | | |
|---|---|---|---|

Instructions: Fill in the names of the attorneys or firms for the respective parties. If this form is to be filed with the notice of petition or order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided. In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

| | | | |
|---|---|---|---|
| Attorney/Firm Name: Michael Paul Bowen / Kasowitz Benson Torres LLP | | | |
| Address: 1633 Broadway | | | |
| City: New York, | State: NY | Zip: 10019 | Telephone No: 212-506-1803 |
| E-mail Address: MBowen@kasowitz.com | | | |
| Attorney Type: ■ Retained □ Assigned □ Government □ Pro Se □ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): 1 | | | |
| Attorney/Firm Name: Judith Bachman/ The Bachman Law Firm | | | |
| Address: 365 S Main St | | | |
| City: New City | State: NY | Zip: 10956 | Telephone No: 845-639-3210 |
| E-mail Address: judith@thebachmanlawfirm.com | | | |
| Attorney Type: ■ Retained □ Assigned □ Government □ Pro Se □ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): 2 | | | |
| Attorney/Firm Name: | | | |
| Address: | | | |
| City: | State: | Zip: | Telephone No: |
| E-mail Address: | | | |
| Attorney Type: Retained □ Assigned □ Government □ Pro Se □ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |
| Attorney/Firm Name: | | | |
| Address: | | | |
| City: | State: | Zip: | Telephone No: |
| E-mail Address: | | | |
| Attorney Type: □ Retained □ Assigned □ Government □ Pro Se □ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |
| Attorney/Firm Name: | | | |
| Address: | | | |
| City: | State: | Zip: | Telephone No: |
| E-mail Address: | | | |
| Attorney Type: □ Retained □ Assigned □ Government □ Pro Se □ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |
| Attorney/Firm Name: | | | |
| Address: | | | |
| City: | State: | Zip: | Telephone No: |
| E-mail Address: | | | |
| Attorney Type: □ Retained □ Assigned □ Government □ Pro Se □ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |

Informational Statement - Civil

**EXHIBIT B**

FILED: APPELLATE DIVISION - 1ST DEPT 10/13/2021 02:22 PM    2020-01940

NYSCEF DOC. NO. 24    SUMMARY STATEMENT ON APPLICATION FOR    RECEIVED NYSCEF: 10/13/2021

EXPEDITED SERVICE AND/OR INTERIM RELIEF

(SUBMITTED BY MOVING PARTY)

Date: October 13, 2021                          Case # 2020-01940

Title of Matter: Orly Genger v. Dalia Genger, et al.    Index/Indict/Docket # 109749/2009

Appeal by **Appellant** from Order ✓ Judgment ☐ Decree ☐ of Supreme ✓ Surrogate's ☐ Family ☐    County New York

Court entered on Oct. 4, ,20 19

Name of Judge Justice Barbara Jaffe    Notice of Appeal filed on October 22 ,20 19

If from administrative determination, state agency _____

Nature of action or proceeding: The action involves, among other things, a fraud claim against Dalia Genger

Provisions of ✓ order ☐ judgment ☐ decree    appealed from Judge Jaffe's denial of Plaintiff's motion to restore the action against Dalia Genger

This application by appellant / respondent is for a further adjournment of the Appeal Term as set forth in the Affirmation of Rocco A. Cavaliere. The application also seeks an extension of the Response Deadline and Reply Deadline.

If applying for a stay, state reason why requested  N/A

Has any undertaking been posted  N/A    If "yes", state amount and type _____

Has application been made to court below for this relief  N/A    If "yes", state Disposition _____

Has there been any prior application here in this court  No, but see below    If "yes", state dates and nature _____

As referenced in the supporting Affirmation of Rocco A. Cavaliere, this is the third motion for adjournment of the Appeal Term, after two prior stipulations were filed.

Has adversary been advised of this application  Yes    Does he/she consent  Yes

| Attorney for Movant | Attorney for Opposition |
|---|---|
| Name Rocco A. Cavaliere, Esq. | Carmen Ciparick, Esq. |
| Address Tarter Krinsky & Drogin LLP | Greenberg Traurig LLP |
| 1350 Broadway, 11th Floor | 200 Park Avenue |
| New York, NY 10018 | New York, NY 10166 |
| Tel. No. 212-216-1141 | 212-801-6807 |
| Appearing by rcavaliere@tarterkrinsky.com | ciparickc@gtlaw.com |

(Do not write below this line)

**DISPOSITION**

The adjournment is granted on consent.

Justice JJG                    10/14/21
                                    Date

Motion Date _____ Opposition _____ Reply _____

EXPEDITE _____ PHONE ATTORNEYS _____ DECISION BY _____

ALL PAPERS TO BE SERVED PERSONALLY. _____
                                    Court Attorney

"Revised 10/19"

**EXHIBIT C**

## SUMMARY STATEMENT ON APPLICATION FOR
## EXPEDITED SERVICE AND/OR INTERIM RELIEF

(SUBMITTED BY MOVING PARTY)

Date: January 10, 2022 ___

Case # 2020-01940 ___

Title of Matter: Orly Genger v. Dalia Genger, et al.

Index/Indict/Docket # 109749/2009 ___

Appeal by Appellant ___ from

Order ☑
Judgment ☐ of
Decree ☐

Supreme ☑
Surrogate's ☐
Family ☐

County New York ___

Court entered on Oct. 4, ,20 19

Name of Judge Justice Barbara Jaffe ___

Notice of Appeal filed on October 22 ,20 19

If from administrative determination, state agency ___

Nature of action or proceeding: The action involves, among other things, a fraud claim against Dalia Genger

Provisions of

☑ order
☐ judgment    appealed from    Judge Jaffe's denial of Plaintiff's motion to
☐ decree

restore the action against Dalia Genger

This application by

appellant
respondent    is for    a further adjournment of the Appeal Term as set

forth in the Affirmation of Rocco A. Cavaliere. The application also seeks an

extension of the Response Deadline and Reply Deadline.

If applying for a stay, state reason why requested    N/A

___

___

Has any undertaking been posted    N/A ___    If "yes", state amount and type

___

___

Has application been made to court below for this relief    N/A

If "yes", state Disposition ___

Has there been any prior application here in this court    No, but see below

If "yes", state dates and nature ___

As referenced in the supporting Affirmation of Rocco A. Cavaliere, this is the fourth

motion for adjournment of the Appeal Term, after two prior stipulations were filed.

Has adversary been advised of this application    Yes

Does he/she consent    Yes

<u>Attorney for Movant</u>                    <u>Attorney for Opposition</u>

Name Rocco A. Cavaliere, Esq.                Carmen Ciparick, Esq.

Address Tarter Krinsky & Drogin LLP          Greenberg Traurig LLP

1350 Broadway, 11th Floor                    200 Park Avenue

New York, NY 10018                           New York, NY 10166

Tel. No. 212-216-1141                        212-801-6807

Appearing by rcavaliere@tarterkrinsky.com    ciparickc@gtlaw.com

----------------------------------------------------------------------

**(Do not write below this line)**

<u>DISPOSITION</u>

_____ _____
                    Justice                            Date

Motion Date _____ Opposition _____ Reply _____

EXPEDITE _____ PHONE ATTORNEYS _____ DECISION BY _____

ALL PAPERS TO BE SERVED PERSONALLY.          _____
                                                     Court Attorney

"Revised 10/19"

**EXHIBIT D**

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT

| | |
|---|---|
| ORLY GENGER in her individual capacity and on behalf of the Orly Genger 1993 Trust (both in its individual capacity and on behalf of D & K Limited Partnership),<br><br>                              Plaintiff-Appellant,<br><br>        -against-<br><br>DALIA GENGER, SAGI GENGER, LEAH FANG, D & K GP LLC, and TPR INVESTMENT ASSOCIATES, INC.,<br><br>                    Defendants-Respondents. | Appellate Division<br>Appeal No. 2020-01940<br><br>New York County Clerk's<br>Index No.: 109749/2009<br><br>**ORDER ADJOURNING APPEAL TO JUNE 2022 TERM AND EXTENDING RESPONSE AND REPLY DEADLINES** |

UPON reading the Affirmation of Rocco A. Cavaliere dated January 10, 2022, and all other papers and proceedings had herein, seeking an Order, on consent of the parties, adjourning the above-referenced appeal to the June 2022 Term and extending the deadline for the Defendant-Respondent to file a response to April 20, 2022 and the deadline for the Plaintiff-Appellant to file a reply to April 29, 2022, and granting such other and different relief as the Court deems appropriate and just; and

SUFFICIENT CAUSE THEREFOR APPEARING, it is further

**ORDERED** that the above-referenced appeal shall be adjourned to the June 2022 Term; and it is further

**ORDERED** that the Defendant-Respondent shall file a response to the appeal by April 20, 2022; and it is further

**ORDERED** that Plaintiff-Appellant shall file a reply by April 29, 2022.

Dated: New York, York
      January __, 2022

                                   _____

                                   Justice of the Appellate Division
                                   First Department

**EXHIBIT B**

FILED: APPELLATE DIVISION - 1ST DEPT 12/07/2020 05:01 PM
NYSCEF DOC. NO. 13

2020-01940

RECEIVED NYSCEF: 12/11/2020

*To be Argued by:*
ROCCO A. CAVALIERE
*(Time Requested: 15 Minutes)*

# New York Supreme Court

## Appellate Division—First Department

———— •————

ORLY GENGER in her individual capacity and on behalf of the
Orly Genger 1993 Trust (both in its individual capacity
and on behalf of D & K Limited Partnership),

*Plaintiff-Appellant,*

– against –

DALIA GENGER,

*Defendant-Respondent,*

– and –

SAGI GENGER, LEAH FANG, D & K GP LLC
and TPR INVESTMENT ASSOCIATES, INC.,

*Defendants.*

**Appellate
Case No.:
2020-01940**

## BRIEF FOR PLAINTIFF-APPELLANT

TARTER KRINSKY & DROGIN LLP
*Attorneys for Plaintiff-Appellant*
1350 Broadway
New York, New York 10018
(212) 216-8000
rcavaliere@tarterkrinsky.com

New York County Clerk's Index No. 109749/09

# **TABLE OF CONTENTS**

QUESTIONS PRESENTED ........................................................................... 2

NATURE OF THE CASE AND RELEVANT BACKGROUND ............................ 3

ARGUMENT ............................................................................................ 12

   I.   STANDARD OF REVIEW ............................................................. 12

  II.  SUPREME COURT ERRED IN DISMISSING THE FRAUD CLAIM IN
        VIOLATION  OF APPELLANT'S RIGHT TO DUE PROCESS ................... 13

 III. THE COURT ERRED IN "FINDING" NO DAMAGES ON THE
        UNADJUDICATED FRAUD CAUSE OF ACTION BASED ON THE
        DAMAGES INQUEST ON SAGI'S BREACH OF FIDUCIARY DUTY ..... 17

CONCLUSION ......................................................................................... 22

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Citrin v. Baratta & Goldstein*,
   880 N.Y.S.2d 4 (1st Dep't 2009) ........................................................................ 18

*Connaughton v. Chipotle Mexican Grill, Inc.*,
   135 A.D.3d 535 (1st Dep't 2016) ........................................................................ 20

*Crosland v. New York City Transit Auth.*,
   68 N.Y.2d 165 (1986) ........................................................................................ 16

*E & V Check Cashing Payroll Servs., Inc. v. Brodsky*,
   201 A.D.2d 610 (2d Dep't 1994) ........................................................................ 12

*Genger v. Genger*,
   147 A.D.3d 443 (1st Dep't 2017) .......................................................................... 7

*Genger v. Genger*,
   No. 109749/2009, 2016 WL 1407903 (Sup. Ct. April 8, 2016) .................... 7, 19

*Indymac Fed. Bank, FSB v. Batista*,
   101 A.D.3d 952 (2d Dep't 2012) ........................................................................ 15

*Jeffreys v. Griffin*,
   1 NY. 3d 34, 41 (2003) ...................................................................................... 17

*Kenny v. N.Y.C. Transit Auth.*,
   713 N.Y.S.2d 173 (1st Dep't 2000) .................................................................... 18

*Laduzinski v. Alvarez & Marsal Taxand LLC*,
   16 N.Y.S.3d 229 (1st Dep't 2018) ...................................................................... 20

*Lama Holding Co. v. Smith Barney Inc.*,
   88 N.Y.2d 413 (1996) ........................................................................................ 20

*Ling Fei Sun v. City of New York*,
   55 A.D.3d 795 (2d Dep't 2008) .......................................................................... 13

*Mishkin v. Mascolo*,
    Index No. 152788/15, Appeal No. 12172, 2020 N.Y. Slip Op.
    06019 (1st Dep't Oct. 22, 2020) ............................................................17

*Nappe v. Correri Sapienza*,
    181 A.D.2d 664 (2d Dep't 1992) ...........................................................18

*Omansky v. Gurland*,
    771 N.Y.S.2d 501 (1st Dep't 2004) ........................................................17

*In re Orly Genger*,
    No. 19-13895-JLG (S.D.N.Y. Bankr. Dec. 10, 2019) .........................5, 10

*Shu Bo Jiao v. Worldwide Direct Membership LLC*,
    57 Misc. 3d 44 (App. Term. 1st Dep't 2017) ........................................13

*Varo, Inc. v. Alvis PLC*,
    261 A.D.2d 262 (1st Dep't 1999) ...........................................................15

*Zito v. Harding*,
    975 N.Y.S.2d 2 (1st Dep't 2013) ............................................................17

**Statutes**

11 U.S.C. § 323 ................................................................................................3

*SCPA* § 711(1) ................................................................................................4

**Other Authorities**

22 NYCRR 1250.8(f) .....................................................................................23

CPLR 5501 ....................................................................................................13

Deborah J. Piazza, as Successor Chapter 7 Trustee ("Trustee" or Appellant"),

the legal representative of the estate created by the Chapter 7 bankruptcy case of Orly

Genger ("Orly" or the "Debtor") pending in the United States Bankruptcy Court for

the Southern District of New York, submits this memorandum of law in support of

the Trustee's appeal, on behalf of Orly's bankruptcy estate, of the Decision and Order

of Supreme Court, IAS Part 12 (Jaffe, J.S.C.) entered on October 4, 2019 (the

"Order") which denied the Trustee's motion on behalf of Orly's bankruptcy estate to

restore the fraud claim in the action against defendant-respondent Dalia Genger

("Dalia").

## QUESTIONS PRESENTED

1.      Did Supreme Court err in administratively closing this action, *sua sponte* marking it "disposed" without affording appellant notice and opportunity to be heard and thereby dismissing appellant's unadjudicated fraud cause of action against defendant-respondent Dalia Genger?

      Answer:  Yes.  Supreme Court acted without authority and in violation of

basic due process rights of appellant.

2.      Did Supreme Court err in denying appellant's motion to restore the action when the fraud cause of action had not been adjudicated, a prior motion for summary judgment in favor of defendant-respondent on this cause of action had previously been denied, and appellant was not afforded notice of grounds for dismissal or opportunity to be heard as to the merits of the cause of action?

      Answer:  Yes.  Supreme Court acted without authority and in violation of

basic due process rights of appellant.

3.      Did Supreme Court err in finding "the damages assertedly arising from Dalia's alleged fraud are those that have been adjudicated" in a damages inquest on a separate cause of action for breach of fiduciary duty against a different defendant when appellant had been afforded no notice or opportunity to be heard on the damages element of the fraud cause of action against Dalia, which fraud pre-dated the separate breach of fiduciary duty by a different defendant?

      Answer:  Yes.  Supreme Court had no party submissions or other record on

which to make any such "finding," which violated basic due process rights of

appellant.

## NATURE OF THE CASE AND RELEVANT BACKGROUND

This is a fraud and breach of fiduciary duty action brought originally by plaintiff Orly Genger against her mother, respondent Dalia Genger ("Dalia"), and her brother, Sagi Genger ("Sagi"), for their respective wrongful conduct in orchestrating a series of corporate transactions that, through fraud and breach of fiduciary duties, divested Orly of her equal share in a family holding company, TPR Investment Associates, Inc. ("TPR") worth millions. While the complaint was filed many years ago by Orly, as a result of Orly's bankruptcy filing in July 2019, the Trustee is now the legal representative of Orly's estate in accordance with section 323 of the Bankruptcy Code and hence is the current Plaintiff in the underlying action. Any recoveries to be obtained from such action will be distributed by the Trustee to Orly's creditors in the order of priority under the Bankruptcy Code.

Orly commenced this action in August 2009 against a number of defendants including, among others, Dalia and Sagi. During the relevant period, as alleged in the complaint, Sagi controlled TPR, which held significant assets including tens of millions of dollars' worth of shares in the company known as Trans-Resources Inc. ("TRI"), as well as millions of dollars' worth of other assets. As alleged in the complaint, Dalia defrauded Orly beginning in 2004 when she gave Sagi control over the family partnership, D&K LP ("D&K"), through which Orly and Sagi indirectly

3

owned their respective equal interests in TPR through two trusts, the Orly Trust and

the Sagi Trust of which Orly and Sagi are beneficiaries, respectively. *See* R. 61-63.

Through material omissions, Dalia fraudulently concealed the transactions allowing

Sagi to control both D&K and TPR and to dissipate corporate assets.  As a

consequence of her fraud, Sagi dissipated the assets of TPR to enrich himself and

Dalia unbeknown to Orly.  He also, in breach of his fiduciary duties to Orly,

conducted a sham foreclosure auction without notice to Orly and purported to

foreclose on the TPR shares allocated to Orly through the Orly Trust in February

2009.  R. 71-75.  All of the foregoing allegations were alleged in Orly's complaint

against Dalia.

The month after Orly filed the complaint in this action, Dalia moved to dismiss

the claims Orly made against her.  The Court (Paul G. Feinman, J., then presiding)

converted Dalia's motion to a motion for summary judgment in October 2009 (R. 8-

9), and on July 28, 2010 ruled on Dalia's motion (among others), as set forth in the

Amended Decision and Order of that date (the "2010 Order").  R. 22-25.   In the

2010 Order, Justice Feinman dismissed Orly's breach of fiduciary duty claim against

Dalia "in the interest of judicial economy" because at the time Orly was pursuing the

same claim in the New York County Surrogate's Court in the action captioned *In the*

*Matter of the Application of Orly Genger, as a person interested, for the removal of*

*Dalia Genger as Trustee of the Orly Genger 1993 Trust pursuant to SCPA § 711(1),*

File No. 17/2008 (Surrogate's Court N.Y. Cnty.).  R. 22-23.  The court also

dismissed Orly's conspiracy cause of action against Dalia, holding it could not be

asserted as a standalone claim.  R. 23.[1]

Notably, however, Justice Feinman upheld Orly's fraud claim against Dalia:

> When claiming that the defendants together acted to commit a
> fraud, the plaintiff need not allege and prove that each defendant
> committed every element of fraud but only facts which support an
> inference that the defendants knowingly agreed to cooperate in a
> fraudulent scheme…
>
> * * *
>
> Plaintiff alleges that the various defendants together committed
> fraud by, for example, creating the conditions that resulted in the
> "sham sale" of [TPR shares] . . . and agreeing . . . to give power to
> . . . the company controlled by Dalia and Sagi to pledge the Orly
> Trust's shares of [TRI] as security for the promissory note . . . .
> Plaintiff asked repeatedly for information about her trust, but
> because [Dalia] has not been forthcoming nor kept her informed,
> she did not know that there was any need to attempt to protect the
> assets of her trust.
>
> The evidence and arguments provided by both parties show that
> there is a question of fact as to whether Dalia Genger acted with
> intent to commit fraud against plaintiff's trust, and to lull plaintiff
> into a false sense of security as to the status of her trust.
> Accordingly, the branch of defendant's motion to dismiss the
> [fraud] cause of action is denied.

R. 24-25.

---

[1] The breach of fiduciary duty cause of action against Dalia is still pending.  The Surrogate's Court
never reached the merits of this claim after over a decade of litigation and substantial delay in
that court.  In 2019, Ron J. Satija, the predecessor bankruptcy trustee removed the New York
Surrogate's Court Case to the Bankruptcy Court, where it is currently pending.  *See Orly Genger
v. Dalia Genger (In re Orly Genger)*, Adv. Pro. No. 20-1187-JLG (S.D.N.Y. Bankr.).

Orly filed the Second Amended Complaint (the "SAC") – the operative

complaint in this action – on August 11, 2010 in accordance with the court's 2010

Order.  R. 39; R. 52.  The primary allegations against Dalia in that pleading are:

- On October 21, 2004, Dalia established an entity to serve as the general partner of D&K, and gave Sagi control over (and partial ownership of) the general partner entity and therefore control of D&K.  R. 62 (SAC ¶¶ 32-35).

- On October 30, 2004, Dalia gave Sagi control of TPR, as well, and named herself as TPR's second board member along with Sagi.  R. 63 (SAC ¶ 37).

- In connection with her divorce in 2004, Dalia repeatedly falsely represented to, among others, the former Associate Justice of this Court Hon. E. Leo Milonas – who presided over an arbitration concerning Dalia's divorce – that she intended to safeguard a promissory note that D&K had exchanged for shares in TPR as part of the Genger family estate planning on the explicit understanding that no efforts were to be made to collect on that note, which would defeat the estate planning.  R. 67-72, R. 95-97 (SAC ¶¶ 51, 54, 58, 61, 135-140).

- In January 2008, Dalia was appointed as sole trustee of the trust that benefited Orly [the "Orly Trust"].  R. 65 (SAC ¶ 45).  In that capacity, Orly reasonably relied on Dalia to protect her interest and the assets owned by her trust (including D&K, and, through D&K, TPR).  R. 66 (SAC ¶ 49).  Dalia failed to take any steps to protect the interests of Orly's trust or to inform Orly that Sagi was taking actions that would adversely affect her trust; in her capacity as a D&K partner and later trustee of the Orly Trust, Dalia repeatedly omitted material information requested by Orly about the trust assets, about her ceding control of D&K and TPR to Sagi, and about Sagi's conduct in dissipating TPR assets.  R. 74-75 (SAC ¶¶ 68-69).

- In contravention of Dalia's prior representations and without informing Orly, Dalia permitted Sagi to take steps to enforce the D&K promissory note and to orchestrate a default under the terms of that note, while withholding material information from Orly about the declared default

and Sagi's plan to foreclose on the note.  Dalia also allowed TPR to secretly foreclose on D&K's shares in TPR in February 2009.  R. 64 (SAC ¶¶ 40-41); R. 72-73 (SAC ¶¶ 62-65).

Following the 2010 Order and Orly's filing of the amended complaint, years of litigation ensued in this and other proceedings involving the Genger family.  In November 2014, Orly moved for partial summary judgment in the court below <u>solely</u> on her claims against Sagi and the entity defendants named in the complaint, including her claims against them for breach of fiduciary duty and replevin with respect to Orly's TPR shares that had been foreclosed upon in the sham auction.

On April 8, 2016, Supreme Court, by that time presided over by Justice Jaffe, granted summary judgment in favor of Orly against Sagi on the breach of fiduciary duty claim, but in lieu of replevin of the TPR shares, awarded Orly the value of the TPR shares as of the date of the sham foreclosure that concluded in February 2009. *Genger v. Genger*, No. 109749/2009, 2016 WL 1407903, at *7 (Sup. Ct. April 8, 2016) ("Notwithstanding plaintiff's demonstration of her right to replevin of the TPR shares … the return of the shares will effectively resume an acrimonious relationship, likely engendering more litigation.  Consequently, the damages arising from defendants' breach of fiduciary duties or an evaluation of the subject shares will be determined or fixed in lieu of returning such shares to plaintiff.")  On appeal in 2017, this appellate Court unanimously affirmed the trial court's ruling in favor of Orly and against Sagi. *Genger v. Genger*, 147 A.D.3d 443 (1st Dep't 2017).

Following that appeal, the trial court appointed Judicial Hearing Officer Ira Gammerman to conduct a damages inquest and report on the value of Orly's indirect interest in TPR. In May 2017, almost nine months after the conclusion of the evidentiary hearing on damages, JHO Gammerman issued his report and recommendation, concluding that the TPR shares at issue were worth no more than the credit-bid Sagi paid for them at the sham 2009 foreclosure auction. Supreme Court adopted the JHO's recommendation pursuant to an Order dated March 25, 2019, finding that the JHO properly evaluated the value of the shares for the period from August 22, 2008, when Sagi began his scheme to foreclose, through the date of the sham foreclosure auction itself in February 2009, and holding that, because the TPR shares at that time were essentially worthless, Orly incurred no damages as a result of the sham foreclosure sale (the "March 2019 Order"). R. 41.

On Orly's motion to reargue and renew the damages finding in favor of Sagi, the Court issued an Order, dated June 6, 2019, restating its earlier ruling that Orly was entitled to no damages from Sagi (the "June 2019 Order"). R. 48. Notices of Appeal of the March 2019 Order and the June 2019 Order were filed. Both appeals are pending and have not yet been perfected due to Orly's bankruptcy filing in July 2019.

Orly's fraud claim against Dalia was not at issue in either her 2014 summary judgment motion against Sagi for breach of fiduciary duty related to the sham

8

foreclosure auction which led to the April 8, 2016 summary judgment in favor of

Orly on the breach of fiduciary duty claim or the March 2019 Order addressing the

damages inquest on the judgment awarded in favor of Orly against Sagi for breach of

fiduciary duty.  To the contrary, no motions or hearings have been made or held on

the merits of Orly's fraud claim against Dalia since the 2010 Order denying Dalia

summary judgment on this cause of action.

Following the decision on Orly's motion for partial summary judgment on her

claims as against Sagi, Supreme Court administratively closed this action in its

entirety.  This happened twice.  The first time, in December 2018, the case was

reinstated after Orly notified the Court of the clerical error in dismissing this case

while, among other pending issues, the fraud claim was still pending and had yet to

be adjudicated.  *See* R. 139; R. 40.  In response to Orly's notification of the

administrative error, Supreme Court, in its order, stated "Trial Support restore this

case to active status and make this motion as open." *See* R. 40.

On July 12, 2019, Orly filed for bankruptcy protection in the Western District

of Texas and Ronald J. Satija was appointed as the Chapter 7 trustee of her estate (the

"Predecessor Trustee").[2]   Therefore, the fraud claim against Dalia in this action had

become property of the debtor's estate.   After the entry of the June 2019 Order

involving the breach of fiduciary duty claim against Sagi only and after Orly's filing

of the bankruptcy case, Supreme Court closed it again, clerically marking it closed

for the second time on August 9, 2019.   On that date, despite previously restoring the

action in December 2018 due to a clerical error, Supreme Court issued a *sua sponte*

one-sentence order, referring to the June 2019 Order (which had disposed the causes

of action as against Sagi, but not Dalia) and directed the court clerk to mark the

action fully "disposed."   R. 147.   No notice or opportunity to be heard was afforded

Orly or the other parties, including the Predecessor Trustee, the legal representative

of Orly's bankruptcy estate at the time.

Having made a determination that the fraud claim was meritorious and a

potential source of value to the debtor's estate, on September 16, 2019, the

Predecessor Trustee, on behalf of Orly and her bankruptcy estate, filed a motion by

---

[2]   Subsequently, the Texas bankruptcy court transferred venue to the Bankruptcy Court for the
Southern District of New York. *See In re Orly Genger*, No. 19-13895-JLG (S.D.N.Y. Bankr.
Dec. 10, 2019).   Upon transfer of venue in December 2019, the current Trustee was appointed to
replace the Predecessor Trustee as the legal representative of the bankruptcy estate.   The Trustee
opposed Dalia's motion to dismiss this appeal and is perfecting this appeal for the benefit of
Orly's bankruptcy estate.   Further, the Trustee has also filed a motion to sell the fraud claim,
among other claims against Dalia, to a third party, for a fixed sum and future contingent
recoveries.   The Trustee's sale motion remains pending before the Bankruptcy Court.

order to show cause to restore the action. R. 142-181. Dalia opposed the motion by sending an email to the court dated October 4, 2019. R. 186-222.

The same day as Dalia's email, Supreme Court (Jaffe, J.S.C.) issued the Order on appeal, erroneously holding that "the damages assertedly arising from Dalia's alleged fraud are those that have been adjudicated" in connection with Orly's breach of fiduciary claim against Sagi. R. 5. The lower court provided neither Orly nor the Predecessor Trustee with any notice or opportunity to be heard on the question of damages or other merits of the fraud claim, including whether the measure of damages for this claim is or is not different than the damages adjudicated in connection with Sagi's breach of fiduciary duty.

After the filing of notices of appeal of the March 2019 Order and June 2019 Order, the Trustee filed a motion to enlarge the time to perfect the appeal. *See* NYSCEF Doc. 6. In response, Dalia attempted to dismiss the appeal on technical grounds. NYSCEF Doc. No. 8. By order dated September 10, 2020 (Motion No. M-2512), this Court granted the Trustee's request for an enlargement of time and denied Dalia's cross-motion to dismiss the appeal.

# ARGUMENT

## I.    STANDARD OF REVIEW

The Order on appeal is rife with procedural irregularities.  A fraud cause of

action against Dalia, previously sustained by Supreme Court both on the pleadings

and on the basis of an evidentiary showing (considering the court treated Dalia's

motion to dismiss as one for summary judgment) was later dismissed *sua sponte* as

an administrative matter in a direction to the court clerk to "dispose" of the action in

its entirety, even though that fraud cause of action was still pending as yet

unadjudicated and no party had made any factual submission or showing or raised

any legal argument concerning that cause of action.  The lower court cited no rule or

legal standard for the decision to "mark this action as disposed" (*see* R. 5) and

likewise cited no procedural rule, legal doctrine or standard on which the court based

its "finding" that Orly incurred no "damages" from Dalia's fraud (*see* R. 5).

In such a procedural posture, the lower court's decision should be reviewed *de

novo*.  Where, as here, a court has summarily dismissed a cause of action *sua sponte*

with no notice or opportunity to be heard (and after Dalia's prior motion to dismiss

had been *denied*), no factual record and no written opinion citing the legal doctrine or

standards applied, *de novo* review is warranted.  *See, e.g.*, *E & V Check Cashing

Payroll Servs., Inc. v. Brodsky*, 201 A.D.2d 610, 610-11 (2d Dep't 1994) (reversing

"on the law" trial court order dismissing claims without giving parties adequate

notice of the motion); CPLR 5501.

## II.    SUPREME COURT ERRED IN DISMISSING THE FRAUD CLAIM IN VIOLATION  OF APPELLANT'S RIGHT TO DUE PROCESS

Both the *sua sponte* August 2019 order directing the court clerk to mark the

action "disposed" and the October 2019 order denying Orly's motion to restore this

action violated due process.  In both instances neither the Predecessor Trustee nor

Orly was provided advance notice of the basis for dismissal of the unadjudicated and

still pending fraud cause of action against Dalia.  Further, no party was afforded a fair

opportunity to address whatever legal standard the Court was invoking for its *sua

sponte* dismissal.  It is basic that a litigant be afforded notice and an opportunity to be

heard, as a matter of fundamental due process, before a legal claim is adjudicated

either on its merits or for procedural reasons.  *See Shu Bo Jiao v. Worldwide Direct

Membership LLC*, 57 Misc. 3d 44, 45 (App. Term. 1st Dep't 2017) ("The [sua

sponte] dismissal prior to the close of plaintiff's case was premature, and deprived

plaintiff of the opportunity to present his case and put forth his proof; and the

rationale for the dismissal, based upon a defense not raised by defendants and to

which plaintiff was not given an adequate opportunity to respond, offended

traditional notions of fair play"); *Ling Fei Sun v. City of New York*, 55 A.D.3d 795,

796 (2d Dep't 2008) ("the Supreme Court abused its discretion when it, in effect, sua

sponte, dismissed the plaintiff's action [by awarding] the defendants summary

judgment based upon evidence dehors the record and without notice to the

plaintiff.").

     With respect to the August 2019 Order, that order was issued *sua sponte* with

no notice to the Predecessor Trustee or Orly.  And no basis for marking the entire

action "disposed" was provided in that one-sentence order other than a reference to

the decision on the breach of fiduciary duty cause of action against Sagi but which

did not address the fraud cause of action against Dalia.  Because the case had been

erroneously administratively closed once before in 2018, Orly responded to the

August 2019 Order with an application by order to show cause to "restore" the action

on the premise that the order to mark the action "disposed" was an administrative

error and judicial oversight.  *See* R. 140.

     Without clarifying the basis for dismissing the unadjudicated fraud cause of

action or directing the parties to address any legal issue, whether issue preclusion or

otherwise that may affect the viability of the fraud cause of action, the lower court

issued the October 2019 order, denying Orly's motion to restore the action and

"finding" that, on the basis of the damages inquest on Sagi's breach of fiduciary duty,

Orly incurred no damages as a result of Dalia's fraud.  R. 5.  This is procedurally

improper and a violation of Orly's and the bankruptcy estate's due process rights.

14

Orly and the Predecessor Trustee, as the legal representative of Orly's estate,

had no notice that the lower court had *sua sponte* and without advance notice

disputed Orly's damages incurred as a result of the fraud.  Nor did the lower court

ever provide the parties an opportunity to put in her proof as to her damages or

otherwise address the legal argument that the March 2019 Order relating to the

damages inquest on *Sagi's* breach of fiduciary duty somehow precluded proof of

damages incurred as a result of the fraud committed by *Dalia.*

It is no answer to claim that Dalia raised issue preclusion in the email she

submitted in opposition to the motion to restore the action.  That email was submitted

the same day as and only shortly before the lower court issued the October 2019

Order denying the motion to restore and without affording the parties any opportunity

to brief or otherwise address the damages issue.  If that were a legitimate basis for

dismissal, it could have been raised properly only by formal motion pursuant to the

CPLR, with requisite notice and opportunity to be heard required by standard motion

(or cross-motion) practice.  *See, e.g.*, *Indymac Fed. Bank, FSB v. Batista*, 101 A.D.3d

952, 956 (2d Dep't 2012) (reversing dismissal of claim where only basis for

dismissal "was a colloquy between the Supreme Court and [the defendant], during

which plaintiff was not afforded the opportunity to present evidence and cross-

examine" the defendant); *Varo, Inc. v. Alvis PLC*, 261 A.D.2d 262, 265-66 (1st Dep't

1999) (finding it was error to dismiss fraud claim for failure to state a claim where the plaintiff was not given an opportunity to be heard on defendant's arguments).

There is likewise no basis to argue that, absent any notice or such formal motion, it was somehow nonetheless incumbent upon her to anticipate that this damages issue was the basis for what appeared to be a repeat of an administrative dismissal based on clerical error. There is no authority for that proposition, which is contrary to basic due process and the orderly administration of justice that underpins our courts.

The procedural errors below also muddled and violated long-established burdens of proof. Instead of accepting as true the facts pled in the complaint and construing the allegations in the light most favorable to the nonmoving party and otherwise drawing all reasonable inferences in favor of Plaintiff, the lower court accepted as true the unproven defenses raised by Dalia in an email to the court in which Dalia asked to have the claim against her thrown out, while not even affording the Predecessor Trustee or Orly a chance to respond. *See Crosland v. New York City Transit Auth.*, 68 N.Y.2d 165, 168 (1986) ("this court must view the facts in a light most favorable to the plaintiff on appeal from an order affirming the denial of a motion by the defendant for summary judgment dismissing the complaint . . . as it must on appeal from an order affirming the denial of preanswer motion.")

Reversal is required on this procedural ground alone.

16

III.    **THE COURT ERRED IN "FINDING" NO DAMAGES ON THE UNADJUDICATED FRAUD CAUSE OF ACTION BASED ON THE DAMAGES INQUEST ON SAGI'S BREACH OF FIDUCIARY DUTY**

Contrary to the lower court's "finding" that the damages ruling on Sagi's breach of fiduciary duty precludes damages on Plaintiff's fraud claim, the fraud damages are neither barred by the doctrine of collateral estoppel (issue preclusion) nor the fact record below.

First, the doctrine of collateral estoppel applies only where the issue to be decided was previously both "actually" and "necessarily" decided by a prior judicial determination. *Mishkin v. Mascolo*, Index No. 152788/15, Appeal No. 12172, 2020 N.Y. Slip Op. 06019 (1st Dep't Oct. 22, 2020) (reversing dismissal of complaint where merits of claims were not "actually and necessarily determined" in prior litigation). Of course, when the claim in question was never even litigated to begin with, there can be no "identity of the issues" such that collateral estoppel would not bar the claim from being pursued subsequently. *See, e.g.*, *Jeffreys v. Griffin*, 1 NY. 3d 34, 41 (2003) ("without litigation there could be no identity of issues"); *Zito v. Harding*, 975 N.Y.S.2d 2, 3-4 (1st Dep't 2013) (prior orders adjudicating certain claims did not bar adjudication of claim under collateral estoppel or law of the case where there was no identity of issues); *Omansky v. Gurland*, 771 N.Y.S.2d 501, 504 (1st Dep't 2004) ("[There] has there been [no] adjudication on the merits…as the claims…were not actually litigated and determined…there is no identity of

17

issues…and collateral estoppel does not apply"); *Kenny v. N.Y.C. Transit Auth.*, 713

N.Y.S.2d 173, 174 (1st Dep't 2000) (same); *Citrin v. Baratta & Goldstein*, 880

N.Y.S.2d 4, 5-6 (1st Dep't 2009) (same).

In this case, no court determined that Dalia's fraud, as alleged in the pleadings,

is co-extensive with Sagi's breach of fiduciary duties.  At no point in the damages

inquest or in the court order adopting the JHO recommendation with respect to the

claims against Sagi did the lower court analyze or even consider the fraud cause of

action.  Nor did the court necessarily have to consider much less decide that cause of

action as against Dalia in order to decide the damages issue as against Sagi for his

breach of fiduciary duty.  Nothing about these two logically distinct claims inherently

requires that damages from one must be identical to damages caused by the other.

*See Nappe v. Correri Sapienza*, 181 A.D.2d 664 (2d Dep't 1992) (affirming denial of

motion to dismiss where defendant failed to establish the cause of action was

precluded by prior determination made with respect to a separate and distinct cause

of action).

Second, because no party made any factual showing with admissible evidence

and, as discussed above, Plaintiff was afforded no opportunity to come forward with

proof, the only basis on which to analyze the damages element of the fraud claim is

the fact allegations in the complaint.  And it is well settled law that the fact

allegations in the complaint thus must be accepted as true for purposes of evaluating

18

the lower court's summary dismissal, a decision the court made without any fact

submissions on the fraud claim.

Based on the pleadings alone, the relevant period implicated by Dalia's fraud

is different than the duration of Sagi's breach of fiduciary duty.  As to the latter, the

lower court held the relevant period is August 22, 2008 through the sham foreclosure

auction in February 2009.  R. 44-45 ("the sham auction was conceived on August 22,

[2008], that is the date of the breach and thus, the date on which the assessment of

damages commences").  By contrast, the complaint alleges Dalia's fraud began with

material omissions and related wrongdoing that commenced in 2004, *four years*

*before* the August 2008 breach of fiduciary duty.  In that year alone, Dalia, with Sagi,

created the general partner entity for D&K to give Sagi control of the partnership and

TPR while omitting this material information in disclosures to Orly, and made

numerous false representations concerning her intention to use the D&K promissory

note to forfeit Orly's share in TPR, among other misconduct.  *See, e.g.*, R. 67-72,

R. 95-97 (SAC ¶¶ 32-35, 51, 54, 58, 61, 135-140).

In addition to the disparate time periods, the measure and scope of damages

for the two different claims is also different.  With respect to Sagi's breach of

fiduciary duty, the lower court limited the damages on those claims to the value of

the TPR shares, in lieu of replevin.  *Genger*, 2016 WL 1407903, at *7.  In its ruling

on damages with respect those claims, the court made clear that "the sole issue for

19

resolution [at the 2016 damages inquest] was the value of 240 TPR shares that were sold at the 'sham' UCC auction held on February 2, 2009." R. 44.

By contrast, for a fraud claim, "the measure of damages is indemnity for the actual pecuniary loss sustained as the direct result of the wrong." *Connaughton v. Chipotle Mexican Grill, Inc*., 135 A.D.3d 535, 538 (1st Dep't 2016). A damages analysis based on the *ex ante* position of the fraud victim would also necessarily be based on the time period before the fraud began. *See Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 423 (1996) (damages awarded for fraud are those which "restore a party to the position occupied before the commission of the fraud." (quotation omitted); *Laduzinski v. Alvarez & Marsal Taxand LLC*, 16 N.Y.S.3d 229, 232 (1st Dep't 2018) (finding plaintiff's damages appropriate because they represent "the sum necessary for restoration to the position occupied before the commission of the fraud.") (quotation omitted).

Under the measure of damages for fraud, as alleged in her pleadings, Orly suffered actual pecuniary loss as a result of Dalia's fraud that began in 2004. That fraud enabled Sagi to dissipate TPR assets that were to benefit both Sagi and Orly equally and that Sagi misappropriated for himself and Dalia to the detriment of and damaging Orly in that amount. Thus the damages case on the fraud claim includes proof of the assets that Sagi took from TPR starting in 2004 as a result of Dalia's fraudulent omissions to Orly, and which include, at minimum, $11 million to $12

20

million in TPR assets.  R. 63 (SAC ¶ 38).  That the TPR shares were worthless by August 2008, as the lower court determined in its ruling on damages caused by Sagi's breach of fiduciary duty, is irrelevant to the damages analysis of Dalia's fraud that commenced in 2004.

Thus, both the legal rationale and the holding of the court below in dismissing Orly's fraud claim are fundamentally erroneous as a matter of law and constitute reversible error.  The record is clear that the lower court did not dispose of the action based on a determination on the merits.  Finally, if the Order is not reversed, Orly's bankruptcy estate would lose a potentially valuable cause of action, which, if monetized, would provide significant value to the estate.

## CONCLUSION

For the foregoing reasons, the Order should be reversed and this action

remanded so that the fraud claim against respondent-defendant Dalia Genger can be

decided on its merits.

Dated:  New York, New York
        December 7, 2020

                    Yours, etc.,

                    **TARTER KRINSKY & DROGIN LLP**
                    *Counsel for Appellant, Deborah J. Piazza,*
                    *Successor Chapter 7 Trustee*

By:_____
                    Rocco A. Cavaliere
                    Jonathan E. Temchin
                    1350 Broadway
                    New York, New York 10018
                    Tel.: (212) 216-8000
                    Email: rcavaliere@tarterkrinsky.com
                    Email: jtemchin@tarterkrinsky.com

22

## PRINTING SPECIFICATIONS STATEMENT

I hereby certify pursuant to 22 NYCRR 1250.8(f) that the foregoing brief was

prepared on a computer using Microsoft Word.

> *Type.* A proportionally spaced typeface was used, as follows:
> Name of typeface: Times New Roman Point size: 14
> Line spacing: Double

*Word Count.*  The total number of words in this brief, inclusive of point headings and

footnotes and exclusive of pages containing the table of contents, table of citations,

proof of service and this Statement is 5,103.

**STATEMENT PURSUANT TO CPLR § 5531**

# New York Supreme Court

## Appellate Division—First Department

———— • ————

ORLY GENGER in her individual capacity and on behalf of
the Orly Genger 1993 Trust (both in its individual capacity
and on behalf of D & K Limited Partnership),

*Plaintiff-Appellant,*

– against –

DALIA GENGER,

*Defendant-Respondent,*

– and –

SAGI GENGER, LEAH FANG, D & K GP LLC
and TPR INVESTMENT ASSOCIATES, INC.,

*Defendants.*

1.    The index number of the case in the court below is
109749/09.

2.    The full names of the original parties are as set forth
above, with the exception of Leah Fang, who was named
as an additional Defendant in the Amended Complaint.

3.    The action was commenced in Supreme Court, New York
County.

4.    The action was commenced on August 24, 2009 by filing
of a Summons and Complaint. Plaintiff filed an Amended
Complaint on August 11, 2010. Issue was joined by filing
of an Answer on behalf of Defendant Sagi Genger on
September 28, 2010. Defendant D&K GP LLC filed a
Verified Answer on September 29, 2010, Defendant
Dalia Genger filed an Answer on September 30, 2010,
Defendant Leah Fang filed an Answer on October 5,
2010, and Defendant TPR Investment Associates, Inc.
filed a Verified Answer on October 7, 2010.

5.    The nature and object of the action involves breach of
fiduciary duty, aiding and abetting a breach of fiduciary
duty, tortious interference with contract, fraud, aiding
and abetting fraud, constructive trust, conversion,
replevin and promissory estoppel.

6.    This appeal is from an Order of the Honorable Barbara
Jaffe, dated October 4, 2019, which declined to restore
action.

7.    This appeal is on the full reproduced record.

**EXHIBIT C**

FILED: APPELLATE DIVISION - 1ST DEPT 04/15/2022 12:29 PM
NYSCEF DOC. NO. 30

2020-01940

RECEIVED NYSCEF: 04/15/2022

*To Be Argued By:*
Carmen Beauchamp Ciparick
*Time Requested: 15 Minutes*

*New York County Clerk's Index No. 109749/09*

# New York Supreme Court

## APPELLATE DIVISION — FIRST DEPARTMENT

———— ▸◂◂ ————

**Case No.
2020-01940**

ORLY GENGER in her individual capacity and on behalf
of the Orly Genger 1993 Trust (both in its individual
capacity and on behalf of D & K Limited Partnership),

*Plaintiff-Appellant,*

*against*

DALIA GENGER,

*Defendant-Respondent,*

*and*

SAGI GENGER, LEAH FANG, D & K GP LLC
and TPR INVESTMENT ASSOCIATES, INC.,

*Defendants.*

## BRIEF FOR DEFENDANT-RESPONDENT

GREENBERG TRAURIG, LLP
*Attorneys for Defendant-Respondent*
One Vanderbilt Avenue
New York, New York 10017
212-801-9200
ciparickc@gtlaw.com
sullivanel@gtlaw.com

*Of Counsel:*
Carmen Beauchamp Ciparick
Elizabeth J. Sullivan

*Printed on Recycled Paper*

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................1

COUNTER STATEMENT OF QUESTIONS PRESENTED..................................5

COUNTERSTATEMENT OF FACTS .................................................................7

     I.      The Complaint.................................................................................7

     II.     The Damages Trial.........................................................................7

     III.    The JHO's Report ..........................................................................8

     IV.   Supreme Court's Confirmation of JHO's Report .....................10

     V.     Supreme Court's Adherence on Reargument ...........................10

     VI.   Orly's Abandonment of Her Appeal.........................................11

     VII.  August 2019 Order Directing Clerk to Close Case .................12

     VIII. Orly's "Emergency" Reargument of August 2019 Order.........12

     IX.   Supreme Court's October 2019 Order ......................................13

     X.     Successor Trustee's Appeal .......................................................14

     XI.   This Court's Dismissal of First Appeal ....................................17

STANDARD OF REVIEW .................................................................................19

ARGUMENT ......................................................................................................20

POINT I  SUPREME COURT PROVIDED THE  PREDECESSOR
             TRUSTEE A FULL AND FAIR  OPPORTUNITY TO
             CHALLENGE THE AUGUST 2019 ORDER ...................................20

POINT II  SUPREME COURT CORRECTLY DETERMINED THAT THE
             DAMAGES PLEADED IN CONNECTION WITH THE
             FRAUD  CLAIM AGAINST DALIA HAD ALREADY BEEN
             ADJUDICATED ...............................................................................28

POINT III  THE OCTOBER 2019 ORDER CAN BE AFFIRMED  ON THE
          ALTERNATIVE GROUND THAT THE FRAUD  CLAIM
          DID NOT TRANSFER TO ORLY'S BANKRUPTCY
          ESTATE ............................................................................................34

CONCLUSION .......................................................................................36

## <u>TABLE OF AUTHORITIES</u>

**Pages**

**Cases**

*Board of Educ. of the City Sch. Dist. of the City of N.Y. v. Grullon*,
    117 A.D.3d 572 (1st Dep't 2014) ......................................................21

*Bray v. Cox*,
    38 N.Y.2d 350 (1976) .......................................................................17

*Brugman v. New York*,
    102 A.D.2d 413 (1st Dep't 1984) ....................................................31

*Casson v. Casson*,
    107 A.D.2d 342 (1st Dept. 1985) ......................................................3

*Clark v. Clark*,
    117 A.D.3d 668 (2d Dep't 2014).....................................................30

*Connaughton v. Chipotle Mexican Grill, Inc.*,
    135 A.D.3d 535 (1st Dep't 2016), *aff'd*, 29 N.Y.3d 137 (2017).......................29

*Desautels v. Desautels*,
    80 A.D.3d 926 (3d Dep't 2011).........................................................26

*Education Resources Inst. v. Concannon*,
    69 A.D.3d 539 (1st Dep't 2010) ......................................................30

*Engel v. Eichler*,
    300 A.D.2d 622 (2d Dep't 2002)......................................................29

*Genger v. Genger*,
    121 A.D.3d 270 (1st Dep't 2014) ....................................................17

*Genger v. Genger*,
    152 A.D.3d 444 (1st Dep't 2017) ....................................................15

*Genger v. Genger*,
    2016 NY Slip Op 31665(U) (Sup. Ct., N.Y. Cnty. Sept. 1, 2016) ....................16

*Genger v. Genger*,
    76 F. Supp. 3d 488 (S.D.N.Y. Jan. 5, 2015), *aff'd*, 663 Fed. Appx.
    44 (2d Cir. Sept. 29, 2016)..............................................................16

*Genger v. Genger*,
    No. 109749/2009, 2016 WL 1407903 (Sup. Ct. April 8, 2016)..........................8

*Indymac Fed. Bank, FSB v. Batista*,
   101 A.D.3d 952 (2d Dep't 2012) ........................................................27

*Isaac v. Marcus*,
   258 N.Y. 257 (1932) ...........................................................................35

*Koolik v. Markowitz*,
   40 F.3d 567 (2d Cir. 1994) .................................................................30

*Ling Fei Sun v. City of New York*,
   55 A.D.3d 795 (2d Dep't 2008) ....................................................20, 27

*In re Mann*,
   134 B.R. 710 (E.D.N.Y. Bankr. 1991) ...............................................35

*McCue v. Abel*,
   171 A.D.2d 845 (2d Dep't 1991) .......................................................31

*Matter of Mental Hygiene Legal Serv. v. Sullivan*,
   53 Misc. 3d 685 (Sup. Ct. Albany Cnty. 2016) .................................24

*Modica v. Zergebel*,
   160 A.D.2d 689 (2d Dep't 1990) .......................................................26

*Musick v. 330 Wythe Ave. Assoc.*,
   41 A.D.3d 675 (2d Dept. 2007) ...........................................................3

*Paramount Pictures Corporation v. Allianz Risk Transfer AG*,
   31 N.Y.3d 64 (2018) ..........................................................................31

*People v. Davis*,
   161 A.D.2d 787 (2d Dep't 1990) .........................................................3

*Port Auth. of N.Y. & N.J. v. Brickman Grp. Ltd., LLC*,
   181 A.D.3d 1 (1st Dep't 2019) ..........................................................31

*Recovery Consultants, Inc. v. Shih-Hsieh*,
   141 A.D.2d 272 (1st Dep't 1988) ................................................19, 23

*Sannon Stamm Assocs., Inc. v. Keefe, Bruyette & Woods, Inc.*,
   68 A.D.3d 678 (1st Dep't 2009) ........................................................17

*Sholes v. Meagher*,
   100 N.Y.2d 333 (2003) ......................................................................21

*Shu Bo Jiao v. Worldwide Direct Membership LLC*,
   57 Misc. 3d 44 (App. Term 1st Dep't 2017) ................................20, 27

*Starrett Acquisition, Inc. v. Starett Corp.*,
   273 A.D.2d 121 (1st Dep't 2000) ......................................................28

*Tromba v. E. Fed. Sav. Bank, FSB*,
   148 A.D.3d 753 (2d Dep't 2017)........................................................................26

*Varo, Inc. v. Alvis PLC*,
   261 A.D.2d 262 (1st Dep't 1999) .....................................................................27

*W. Rogowski Farm, LLC v. Cnty. of Orange*,
   171 A.D.3d 79 (2d Dep't 2019).........................................................................30

**Statutes**

11 U.S.C. § 541(b)(1).............................................................................................35

**Other Authorities**

CPLR 2214.............................................................................................................24

CPLR 2221........................................................................................................12, 22

CPLR 4403.........................................................................................................2, 29

Defendant-Respondent Dalia Genger ("Dalia")[1] respectfully submits this brief in response to the appeal taken by Deborah J. Piazza, in her capacity as successor Chapter 7 trustee (the "Successor Trustee") of the bankruptcy estate of Orly Genger ("Orly"), from the Decision and Order of Supreme Court of the State of New York, New York County (Jaffe, J.) ("Supreme Court") entered on October 4, 2019 (the "October 2019 Order").

## **INTRODUCTION**

This appeal arises from a long-running dispute between members of the Genger family concerning shares in TPR Investment Associates, Inc. ("TPR" and the "TPR Shares").   After finding Orly failed to satisfy "the relaxed burden of proving damages" (R. 47) with respect to the sale of those shares, Supreme Court properly marked the action as "Case Disposed" by Order dated March 25, 2019 (R. 41-47), which decision it adhered to on reargument, again marking it "Case Disposed" by Order dated June 6, 2019.  R. 48-51.  Thereafter, by *sua sponte* Order dated August 9, 2019 (the "August 2019 Order"), Supreme Court directed the Clerk to close the previously dismissed action.  R. 147.

This appeal is *not from any of those three Orders*.  As noted below, Orly abandoned her appeals from the first two Orders, and this Court dismissed the Successor Trustee's appeal from the third Order.  Rather, this appeal is from

---

[1] Dalia, Orly, and Sagi Genger will be referred to herein by their first names for purposes of clarity.

Supreme Court's October 2019 Order, which rejected the contention of Orly's predecessor trustee that a fraud claim against Dalia remained pending and denied his motion to reargue the August 2019 Order on the basis that "the damages assertedly arising from Dalia's alleged fraud are those that have been adjudicated." R. 5.

Contrary to the Successor Trustee's contention, it was wholly appropriate for Supreme Court to treat its determination that Orly had not proved any damages from the sale of the TPR Shares as conclusive of the remaining fraud claim against Dalia for the same injury. Indeed, CPLR 4403 mandates that the Court "render decision directing judgment in the action" when "no issues remain to be tried." Once it had been determined that Orly failed to prove she was damaged by the supposed "scheme" she claims Dalia and Sagi Genger ("Sagi") undertook with respect to the TPR Shares, there could be no viable claim against Dalia because pecuniary injury is an essential element of fraud.

Far from being denied due process with respect to this issue, Orly had a full and fair opportunity to prove, at trial and through extensive subsequent motion practice, any damages to her or her trust resulting from the sale of the TPR Shares and to challenge the dismissal of her fraud claim for the same alleged injury. Orly was not deprived of her day in court merely because she failed at those efforts. If anything, the reverse occurred. After submitting a memorandum of law, an affirmation, and exhibits in support of the motion, brought by order to show cause,

-2-

to reargue and rescind the August 2019 Order (the "Motion to Reargue/Rescind"),
R. 140-185, the predecessor trustee then succeeded in substantially curtailing
_Dalia's_ time to respond—indeed, urging that Dalia be afforded no opportunity at all
to advance her position.  NYSCEF Doc. Nos. 1649; 1669.[2]  At 6 p.m. on October 3,
2019, Supreme Court agreed to advance the return date on the motion and required
Dalia to submit her response by _10 a.m. the next day_.  NYSCEF Doc. No. 1669.
Now, the party who prevailed on Supreme Court to expedite the proceedings
complains that the proceedings were expedited, without informing this Court that
this was all done at her predecessor's request.

In sum, the Motion to Reargue/Rescind was properly denied because Orly's
injury (or lack thereof) had already been correctly adjudicated on the merits.  Thus,

---

[2] The Successor Trustee did not consult with Defendant-Respondent when compiling the Record
on appeal.  As a result, the Successor Trustee included certain documents outside the official record
on its underlying motion that it found beneficial to include but excluded other docket entries that
are highly relevant to this appeal and underpinned Supreme Court's decision to dispose of the
action.  In connection with its answering brief, Defendant-Respondent requested the Successor
Trustee's consent to submit a supplemental record containing these missing documents.  As a
ground for adjourning its appeal, the Successor Trustee represented to this Court in each of its four
applications for adjournment that "[t]he parties intend to endeavor to work together to submit a
stipulation to supplement the record."  _See, e.g.,_ Appellate Case. No. 2020-01940, NYSCEF Doc.
No. 27 at § 12.  Despite this repeated representation, the Successor Trustee ultimately refused to
stipulate to a supplemental record.  Accordingly, Defendant-Respondent respectfully requests the
Court take judicial notice of the Supreme Court docket entries that it sought to include in a
supplemental record.  It "is hornbook law that 'a court may take judicial notice of its own records.'"
_Casson v. Casson_, 107 A.D.2d 342, 344 (1st Dept. 1985); _see also Musick v. 330 Wythe Ave.
Assoc._, 41 A.D.3d 675, 676 (2d Dept. 2007) ("Courts may take judicial notice of their own prior
proceedings and records, including exhibits"); _People v. Davis_, 161 A.D.2d 787, 788 (2d Dep't
1990) (same).  The documents for which Defendant-Respondent seeks judicial notice are
referenced herein by their NYSCEF document numbers.  If it would ease the Court's review of
this matter, Defendant-Respondent would be happy to file the referenced docket entries.

for the reasons discussed below, this case was properly marked disposed, and the

Successor Trustee should not be permitted to re-litigate issues that have already been

decided.

## **COUNTER STATEMENT OF QUESTIONS PRESENTED**

1.     Did Supreme Court afford Orly and her bankruptcy trustee a full and fair opportunity to prove any damages she may have suffered in connection with the so-called "scheme" allegedly perpetrated by Dalia and Sagi?

Yes.  Supreme Court complied with due process by affording Orly and the bankruptcy trustee the opportunity to litigate (1) a two-week damages trial before a special referee, (2) a motion to reject the referee's report, (3) a motion to reargue the denial of the motion to reject the referee's report, and (4) the Motion to Reargue/Rescind.  Supreme Court properly declined to give the bankruptcy trustee a fourth bite at the apple to remedy Orly's failure to prove damages.

2.     Did Supreme Court properly determine that the damages Orly seeks in connection with her fraud claim against Dalia were coextensive with the damages she failed to prove in connection with her claims against Sagi?

Yes.  In the operative complaint, Sagi and Dalia are accused of working together to cause the same injury, and therefore Supreme Court correctly determined that the no-damages ruling as to Sagi applied equally to Dalia.

3.     Could Supreme Court have denied the Motion to Reargue/Rescind on the basis that the fraud claim against Dalia belonged to the Orly Trust and, as such, did not transfer to Orly's bankruptcy estate?

Yes, as Dalia argued below, a bankruptcy trustee may only pursue claims

which are owned by the estate, whereas the fraud claim against Dalia is owned through a separate trust. Accordingly, the October 2019 Order could be affirmed on the alternative ground that the Motion to Reargue/Rescind was an improper filing that exceeded the trustee's authority.

## COUNTERSTATEMENT OF FACTS

### I.    The Complaint

This case arises out of a February 2019 foreclosure sale by which TPR sold at auction, for $2.2 million, 240 shares of its own common stock that had been pledged as collateral by its minority shareholder, D & K Limited Partnership ("D&K"), for a promissory note upon which D&K had defaulted.  Orly, the plaintiff in this action, is a beneficiary of a spendthrift trust, the Orly Genger 1993 Trust (the "Orly Trust"), which held a minority interest in D&K.

In 2009, Orly sued derivatively on behalf of D&K and the Orly Trust, alleging that the 2009 auction was "a fraud and conspiracy designed to completely loot" the Orly Trust of its TPR shares, one supposedly undertaken by TPR's President, Sagi, and the then-Trustee of the Orly Trust, Dalia.  R. 52-53 at ¶¶ 1, 2.  As is relevant to this appeal, the Second Amended Verified Complaint (the "Complaint") asserted: (1) a claim for breach of fiduciary duty against Sagi for enforcing a promissory note through the foreclosure sale of the TPR Shares, and thereby "orchestrat[ing] a sham transaction which stripped D&K of its ownership in TPR," and (2) a claim of fraud against Dalia for allegedly "fail[ing] to notify Orly" of the scheme committed by Sagi.  R. 64 at ¶ 40; 87 at ¶ 105; R. 95-96 at ¶¶ 135-40.

### II.    The Damages Trial

On April 8, 2016, Supreme Court granted partial summary judgment of

liability to Orly on her breach of fiduciary duty claim (and two other causes of action not subject to this appeal) and referred the case to a special referee, Judicial Hearing Officer Ira Gammerman (the "JHO"), to determine damages. *Genger v. Genger*, No. 109749/2009, 2016 WL 1407903 (Sup. Ct. April 8, 2016).

The JHO conducted a two-week damages trial during which Orly called five live witnesses, including Dalia, and designated deposition testimony. Orly presented no expert testimony. In rebuttal, Sagi and TPR called Samuel P. Gunther, CPA ("CPA Gunther") to provide expert testimony as to the market value of the TPR Shares that were sold at auction in February 2009. NYSCEF Doc. Nos. 1519 at 1160-96; 1521. The Court admitted into evidence many exhibits including, *inter alia*, TPR's contemporaneous tax returns. Following trial, the JHO afforded the parties the opportunity to submit post-trial memoranda summarizing the evidence introduced at trial and the law applicable to the damages issue before the Court.

## III.    The JHO's Report

On May 16, 2017, the JHO issued a Report in which he concluded that Orly had not suffered any damages from the auction sale of the TPR Shares (the "JHO Report"):

> …[W]e had a rather long trial in this matter, over six days, on the 2nd, 3rd, 4th of August, and the 8th, 9th and 10th of that same month. I heard testimony from a lot of witnesses, including members of the Genger family, that's Dalia, Sagi and Orly; Sagi's mother-in-law, Rochelle Fang; a representative of the Trump Group, … and finally

an expert witness and accountant named Samuel Gunther, called by the defendants.

Subsequently, post-trial memoranda was submitted by both sides. It's argued by Sagi Genger that no damages resulted from the breach of fiduciary duty, however Orly seeks an award of approximately $85 million in damages, arriving at that number by arguing that Sagi deprived her of a 48 percent share of TPR's cash, liquid investments, and net operating loss carry-forwards, which she claims adds up to in excess of $25 million, and that Sagi then deprived her of a 48 percent share of TPR's holding in TRI shares, constituting additional damages that she estimates fell between $36 and $435 million, and seeks damages totaling almost $60 million.

… I find that the value [of the TPR Shares], based on, primarily, [CPA] Gunther's testimony, was exactly what they were sold for, and that no damages were, therefore, suffered. His testimony was, as I recall, that a reasonable prospective investor would not have paid more than two and a half million dollars for what is, in essence, a minority interest in a company that had been losing money for many years, was not paying a dividend, and was not likely to pay a dividend.

Also, he testified, and I was somewhat persuaded by that testimony as well, that any prospective investor would be buying not only a minority interest, but into a company whose shareholders had an extraordinary history of litigation, and that litigation was likely to continue indefinitely, and that certainly would have a negative impact. So with respect to that issue, I find that the shares had the value that -- that there was no loss sustained by the plaintiffs as a result of the shares, the sale of the shares.

NYSCEF Doc. No. 1517.

IV.    **Supreme Court's Confirmation of JHO's Report**

Orly moved to reject the JHO Report, and Sagi and TPR moved to confirm it.
NYSCEF Doc. Nos. 1516, 1526.  In her motion to reject, Orly argued that the auction
was "part of a larger fraud" and that the JHO should have valued the TPR Shares
"*before* Sagi's wrongful conduct" to appropriately compensate her for their loss.
NYSCEF Doc. No. 1526 at 2, 12 (emphasis in original).  Orly claimed that TPR's
2007 tax return reflected that *ex ante* reality.  *Id.*at 11-12.

On March 25, 2019, Supreme Court confirmed the JHO Report.  R. 41-47.  In
doing so, Supreme Court agreed with Orly that the TPR Shares should have been
valued *ex ante, as with damages for a fraud cause of action,* rather than as of the
date of the auction.    R. 44.    Nevertheless, Supreme Court determined that
"[n]otwithstanding the relaxed burden of proving damages here," Orly failed "to
offer a clear factual or evidentiary basis for awarding her damages and did not rebut
defendants' expert opinion."  R. 47.  The March 25, 2019 Order marked the action
as "Case Disposed."  *Id.*  As discussed below, the March 25, 2019 Order, which is
now final, estops Orly and her successors from taking a contrary position.

V.    **Supreme Court's Adherence on Reargument**

On April 26, 2019, Orly noticed her appeal from the March 25, 2019 Order
confirming the JHO Report.  NYSCEF Doc. No. 1596.  Three days later, Orly moved
to reargue and renew, claiming that Supreme Court overlooked TPR's 2007 tax

-10-

return as evidence of the TPR Shares before the auction.  NYSCEF Doc. No. 1611.

On June 6, 2019, Supreme Court granted Orly's motion to reargue and, upon

reargument, adhered to its earlier decision that Orly had failed to prove any damages

in connection with the foreclosure sale of the TPR Shares for $2.2 million.  R. 51.

Supreme Court reasoned that "[w]hile the 2007 tax return is sufficient to prove the

value of TPR's assets and net operating losses before the sham auction was

conceived … Plaintiffs' evidence does not prove a loss sufficient to result in an

award that is not merely speculative."  R. 49.  Again, Supreme Court marked the

action as "Case Disposed."  R. 51.

## VI.    Orly's Abandonment of Her Appeal

On July 2, 2019, Orly noticed an appeal from Supreme Court's decision on

her motion to reargue/renew (NYSCEF Doc. No. 1632), but she abandoned that

appeal—as well as her appeal from Supreme Court's decision confirming the JHO

Report—by failing to timely perfect them.[3]

On July 12, 2019, Orly filed for individual Chapter 7 bankruptcy protection

in the U.S. Bankruptcy Court for the Western District of Texas, Austin Division.

NYSCEF Doc. No. 1639.  On the same day, Ron Satija (the "Predecessor Trustee")

---

[3] Orly initially requested extensions of time to perfect these appeals, but she failed to perfect even
by the adjourned deadlines, which expired prior to this Court's March 17, 2020 order temporarily
suspending perfection and filing deadlines and Governor Cuomo's March 20, 2020 Executive
Order (202.8) tolling court deadlines.  For the reasons stated in Point II, such deadlines were not
tolled by any bankruptcy stay.

was appointed bankruptcy trustee of Orly's estate. *See id.*

## VII.    August 2019 Order Directing Clerk to Close Case

In its August 2019 Order, Supreme Court directed the Clerk to mark this action "Case Disposed," writing that "[a]s this matter was disposed of on June 6, 2019 [the date Supreme Court adhered on reargument to its original decision regarding Orly's lack of damages], the Clerk is hereby ORDERED to mark this action as disposed." R. 147.

On September 16, 2019, Orly filed a Notice of Appeal from the August 2019 Order "in her individual capacity and on behalf of the Orly Genger 1993 Trust" (the "First Appeal"). NYSCEF Doc. No. 1644. The Notice of Appeal did not mention the bankruptcy estate, and the Predecessor Trustee did not separately appeal. *Id.* The First Appeal was later dismissed by order of this Court dated September 10, 2020. NYSCEF No. 1662.

## VIII.    Orly's "Emergency" Reargument of August 2019 Order

On September 18, 2019, the Predecessor Trustee moved by order to show cause, pursuant to CPLR 2221, to reargue and rescind the August 2019 Order (as defined above, the "Motion to Reargue/Rescind"). R. 140. Supreme Court set an initial deadline of October 11, 2019, for Dalia to respond to the Motion to Reargue/Rescind, R. 141, which included an affirmation, exhibits, and a memorandum of law. However, because the Predecessor Trustee waited until the

last moment to move, the return date set by Supreme Court allegedly fell after the

Predecessor Trustee's deadline to remove any restored claim to federal court

pursuant to the Federal Rules of Bankruptcy Procedure. On October 3, 2019, based

on this emergency of his own making, the Predecessor Trustee persuaded Supreme

Court to advance the return date on the Motion to Reargue/Rescind to *the next day*,

October 4. NYSCEF Doc. No. 1669. At 6:13 p.m. on October 3, Supreme Court

instructed Dalia's counsel by email to "succinctly set forth [her] reason(s) for

opposing the motion by 10 am tomorrow…." *Id.*

Dalia submitted a timely letter in response via electronic mailing as directed

by the Court, arguing, *inter alia*, that Supreme Court had properly disposed of the

action given its multiple prior determinations (in March and then again in June) that

Orly was not entitled to any damages in connection with the foreclosure of the TPR

Shares. R. 186-87. Dalia further argued that, should the action be restored, the fraud

claim should not be severed and removed to Bankruptcy Court, as the claim

belonged to Orly's trust rather than Orly individually, and thus was not properly part

of Orly's bankruptcy estate. *Id*. *See* Point III, *infra* page 33.

## IX.    <u>Supreme Court's October 2019 Order</u>

In its October 2019 Order, Supreme Court treated the Motion to

Reargue/Rescind as a motion to restore and denied the motion. Supreme Court

agreed with Dalia that the case had properly been marked disposed, reasoning that

the damages purportedly arising from the fraud claim against Dalia had already been

adjudicated:

> I find that because the damages allegedly arising from
> Dalia's alleged fraud are those that have been adjudicated
> (NYSCEF 1594, 1630), the action was properly marked
> disposed, per order dated August 9, 2019.  Moreover,
> plaintiffs' counsel represents that the fraud claim is the
> sole claim outstanding.  (NYSCEF 1646).  Consequently,
> there is nothing left to restore.

R. 4-5.

## X.    Successor Trustee's Appeal

On October 22, 2019, Orly filed a Notice of Appeal from the October 2019

Order, again "in her individual capacity and on behalf of the Orly Genger 1993

Trust" (the "Second Appeal").  R. 3.  Although Orly stated in the Notice of Appeal

that it was "authorized by Ron Satija, the Chapter 7 Trustee," she did not purport to

appeal on behalf of the bankruptcy estate, and the Predecessor Trustee did not

separately appeal.  *See id.*  In December 2019, Orly's bankruptcy case was

transferred to the Southern District of New York, Case No. 19-13895, and Deborah

J. Piazza was appointed as Successor Trustee.

On appeal, the Successor Trustee now contends that "[n]othing about these

two logically distinct claims [of breach of fiduciary duty and fraud] inherently

requires that damages from one must be identical to damages caused by another."

App. Br. at 18.  However, Orly told this Court something very different in an earlier

-14-

appeal against Dalia.  Specifically, in an April 27, 2017 brief filed in an earlier appeal in this case, Orly represented to this Court that: "Orly's fraud claim in this action against Dalia is based on Dalia's material misrepresentations and omissions in failing to advise Orly about Sagi's sham foreclosure on the D&K Note that stripped Orly's trust of its indirect ownership in TPR."  Brief of Plaintiff-Respondent at 27, *Genger v. Genger,* Appellate Case Nos. 4461, 4462N (1st Dep't April 27, 2017); *see also Genger v. Genger*, 152 A.D.3d 444 (1st Dep't 2017).  In other words, <u>the alleged injury is exactly the same for both claims</u>, as the sole allegation against Dalia is that she facilitated Sagi's alleged misconduct.

Orly's April 27, 2017 appeal brief was consistent with Supreme Court's Amended Decision and Order dated July 28, 2010.  In that ruling (quoted on page 5 of the Successor Trustee's brief), then-Justice Feinman (who was presiding over the case), dismissed two of Orly's three causes of action against Dalia, leaving only one for "fraud" based on "whether Dalia Genger acted with intent to commit fraud against plaintiff's trust, and to lull plaintiff into a false sense of security as to the status of her trust." R. 24-25.  The ruling means the only viable claim of injury was one to the Orly Trust, not Orly directly.

Similarly, in her Complaint, Orly alleges the same set of facts and seeks the same damages for both causes of action.  Specifically, the Complaint seeks the following damages on the breach of fiduciary claim against Sagi:

-15-

> the total loss of the Orly Trust's interest in TPR, the Orly
> Trust's potential liability for the intentionally
> manufactured deficiency under the Note (which, despite
> his previous statements, Sagi sought to enforce on behalf
> of TPR), as well as extensive attorneys' fees that have
> been incurred in connection with Orly's efforts to protect
> the Orly Trust's rights and interests.

R. 89 at ¶ 113.  And the fraud claim against Dalia seeks to recover:

> the total loss of the Orly Trust's interest in TPR, the Orly
> Trust's potential liability for the intentionally
> manufactured deficiency under the Note, a possible further
> foreclosure upon the Orly Trust's TRI Shares using the
> above-mentioned manufactured deficiency pursuant to the
> D&K Agreement and Meeting Agreement, as well as
> extensive attorneys' fees that have been incurred in
> connection with Orly's efforts to protect the Orly Trust's
> rights and interests.

R. 97 at ¶ 14.

The only distinction—a reference to "possible further foreclosure upon the

Orly Trust's TRI [TPR subsidiary Trans-Resources, Inc.] shares" in the fraud

claim—is moot (and not cited as an issue on appeal in the Successor Trustee's brief),

as such foreclosure never happened.  Rather, as Supreme Court recognized in a

Decision and Order dated September 1, 2016, Orly had already monetized her

beneficial interest in TRI in another lawsuit for $32.3 million, and thus any TRI-

related damages in this case would constitute an impermissible double recovery.  *See*

*Genger v. Genger*, 2016 NY Slip Op 31665(U), **5-7 (Sup. Ct., N.Y. Cnty. Sept. 1,

2016) (citing *Genger v. Genger*, 76 F. Supp. 3d 488, 501 (S.D.N.Y. Jan. 5, 2015)

-16-

("Orly monetized her beneficial interest in the Orly Trust shares for $32.3 million"),

*aff'd*, 663 Fed. Appx. 44 (2d Cir. Sept. 29, 2016)).[4]

In sum, Orly alleged that Dalia and Sagi were engaged in the same "scheme"

with respect to the TPR Shares, and she sought the same damages—compensation

for the "loss of the Orly Trust's interest in TPR"—through a breach of fiduciary duty

claim against Sagi and a fraud claim against Dalia.

## XI.    This Court's Dismissal of First Appeal

On March 12 and May 18, 2020, the Successor Trustee requested extensions

of time to perfect the First and Second Appeals by letter to the Clerk of this Court.

On July 13, 2020, following the Clerk's rejection of the parties' stipulation to a third

extension, the Successor Trustee moved for an extension to perfect.   Dalia cross-

moved to dismiss both appeals, arguing that (1) the First Appeal should be dismissed

because no right of appeal lies from a *sua sponte* order, and (2) this Court lacks

subject matter jurisdiction over either appeal because the Predecessor Trustee never

---

[4] Orly moved to renew and reargue Supreme Court's September 1, 2016 Decision and Order, which motion was denied by Decision and Order dated March 16, 2017.  R. 43.  Orly failed to perfect her appeal from the from the March 16, 2017 ruling, which means any claim to TRI-related damages has now been waived. *See Bray v. Cox*, 38 N.Y.2d 350, 353 (1976) (discussed *infra*).  Even had the claim not been waived, any TRI-related damages would be barred by the doctrine of *res judicata*, given that Orly sued the same defendants for the same TRI-related damages in a related Supreme Court case and lost.  *See Genger v. Genger*, 121 A.D.3d 270 (1st Dep't 2014); *see also Sannon Stamm Assocs., Inc. v. Keefe, Bruyette & Woods, Inc.*, 68 A.D.3d 678, 678 (1st Dep't 2009) (*res judicata* "prohibit[s] a plaintiff from bringing an action for only part of his claim; the judgment obtained in that action would preclude him from bringing a second action for the residue of the claim").

filed a Notice of Appeal on behalf of the bankruptcy estate, and Orly filed Notices

of Appeal solely "in her individual capacity and on behalf of the Orly Genger 1993

Trust." *See* No. 2020-01940, NYSCEF No. 8. On September 10, 2020, this Court

summarily ordered that:

> [The Successor Trustee's] motions for an extension of
> time in which to perfect the appeal taken from the October
> 4, 2019 order [the Second Appeal] is granted, and the time
> to perfect said appeal is extended to the February 2021
> Term of this Court. The motions seeking an extension of
> time in which to perfect the appeal taken from the August
> 9, 2019 order [the First Appeal] is denied …, and
>
> … defendant-respondent's [Dalia's] cross motions to
> dismiss the appeal taken from the August 9, 2019 order
> [the First Appeal] is granted, and the cross motions
> seeking to dismiss the appeal taken from the October 4,
> 2019 order [the Second Appeal] is denied….

NYSCEF No. 1662.

## STANDARD OF REVIEW

The Successor Trustee contends that *de novo* review is appropriate, which Dalia does not dispute. However, this Court should not consider any arguments raised for the first time on appeal. *See Recovery Consultants, Inc. v. Shih-Hsieh,* 141 A.D.2d 272, 276 (1st Dep't 1988). Further, in support of her request for *de novo* review, the Successor Trustee misleadingly cites to the August 2019 Order and claims that "no factual record" was developed on that decision. But Orly's appeal from the August 2019 Order was dismissed, and it has no bearing on the standard of review to be applied to the October 2019 Order. The October 2019 Order decided the Motion to Reargue/Rescind, which was made by order to show cause and was supported by a memorandum of law, an affirmation, and exhibits. R. 140-185. The Predecessor Trustee fully developed the factual record on that motion and represented that no further briefing was necessary. Dalia thereafter submitted her response as directed by the Court, including relevant exhibits.

# ARGUMENT

## POINT I

### SUPREME COURT PROVIDED THE PREDECESSOR TRUSTEE A FULL AND FAIR OPPORTUNITY TO CHALLENGE THE AUGUST 2019 ORDER

The Successor Trustee's primary argument on appeal is that Supreme Court violated the bankruptcy estate's "due process" rights when—after a two-week damages trial and adjudications by the JHO and Supreme Court that Orly failed to prove damages from the sale of the TPR Shares (adhered to on reargument), and after Supreme Court twice marked this action "Case Disposed" (appeals from which Orly has abandoned)—the Court declined to restore the action, several months later, based on the Predecessor Trustee's emergency motion. *See* App. Br. at 13-16. For the reasons stated below, neither the facts nor the law support the Successor Trustee's position.

As a threshold matter, the Successor Trustee improperly directs the bulk of her due process argument at the August 2019 Order.[5] The Successor Trustee's focus

---

[5] She cites, for example, two decisions in which *sua sponte* dismissals were held improper. App. Br. at 13-14, citing *Shu Bo Jiao v. Worldwide Direct Membership LLC*, 57 Misc. 3d 44, 45 (App. Term 1st Dep't 2017) ("The [sua sponte] dismissal prior to the close of plaintiff's case was premature, and deprived plaintiff of the opportunity to present his case and put forth his proof; and the rationale for the dismissal, based upon a defense not raised by defendants and to which plaintiff was not given an adequate opportunity to respond, offended traditional notions of fair play."); and *Ling Fei Sun v. City of New York*, 55 A.D.3d 795, 796 (2d Dep't 2008) ("[T]he Supreme Court abused its discretion when it, in effect, sua sponte, dismissed the plaintiff's action" by awarding "the defendants summary judgment based upon evidence dehors the record and without notice to the plaintiff.").

-20-

on that order is a red herring for at least four reasons: (1) the August 2019 Order merely directed the Clerk to implement the two prior rulings of Supreme Court marking this action "Disposed" (the appeals from which were later abandoned); (2) this Court dismissed the Successor Trustee's separate appeal from the August 2019 Order on September 10, 2020; (3) the Predecessor Trustee fully litigated and developed his record on the Motion to Reargue/Rescind the August 2019 Order; and (4) Supreme Court provided Orly a fulsome opportunity over the past twelve years to develop and prove her damages (from the sale of the TPR Shares or otherwise) arising from the alleged "scheme" in connection with her claims against Sagi.

As Dalia noted in her motion to dismiss, a party is not without a remedy in the face of a *sua sponte* order. "[T]his Court has repeatedly stated that the proper procedure to be followed to appeal from a sua sponte order is to apply to vacate the order and then appeal from the denial of that motion … so that a suitable record may be made and counsel afforded the opportunity to be heard on the issues." *Board of Educ. of the City Sch. Dist. of the City of N.Y. v. Grullon*, 117 A.D.3d 572, 573 (1st Dep't 2014) (internal citations omitted); *accord Sholes v. Meagher*, 100 N.Y.2d 333, 335 (2003) (rejecting argument that appellants "had no avenue of appeal" because "Appellants could properly have moved to vacate the order and appealed as of right to the Appellate Division if that motion was denied").

Here, the Predecessor Trustee moved by order to show cause to "reargue" and

-21-

rescind the August 2019 Order pursuant to CPLR 2221 and developed a record in support of that motion. After hearing fully from the Predecessor Trustee in accordance with the CPLR, the Supreme Court treated the motion as one to restore the case and denied that motion in an aptly reasoned decision. *See supra* at 13-14.

The Successor Trustee nonetheless appears to argue now that the reasoning of the August 2019 Order confused and deprived the Predecessor Trustee of a full and fair opportunity to persuade Supreme Court to vacate it. She complains, for example, that the August 2019 Order did not "clarify[] the basis for dismissing the unadjudicated fraud cause of action or direct[] the parties to address any legal issue, whether issue preclusion or otherwise that may affect the viability of the fraud cause of action." App. Br. at 14. According to the Successor Trustee, the Predecessor Trustee therefore based its Motion to Reargue/Rescind "on the premise that the order to mark the action 'disposed' was an administrative error and judicial oversight" (*id.*), and it was not until "Dalia raised issue preclusion ... in opposition to the motion to restore" that the "damages issue" became apparent. *Id.* at 15.

This argument is clearly contradicted by the record. The August 2019 Order stated on its face that it was issued because "this matter was disposed of on June 6, 2019 [the date Supreme Court adhered to its original decision regarding Orly's failure to prove damages]." R. 147. In support of the Predecessor Trustee's Motion to Reargue/Rescind, he submitted an affirmation and memorandum of law. Contrary

-22-

to the Successor Trustee's argument on this appeal, her predecessor did not contend

that the August 2019 Order was an "administrative error," or complain that he was

unable to effectively challenge the order because of its summary nature.

Instead, the Predecessor Trustee recognized that the August 2019 Order was

based on Supreme Court's prior determination that Orly had failed to prove any

damages arising from the sale of the TPR Shares, noting the Order "refers to the

Court's Decision and Order, dated June 6, 2019 … which is plaintiff's motion to

reargue and renew an earlier decision of [the] Court concerning the amount of

damages plaintiff is entitled to on the separate claims against Sagi Genger…."  R.

183.  He then made the same argument the Successor Trustee now makes on appeal,

that "[n]either the June 6, 2019 order concerning damages nor the 2016 decision

awarding plaintiff summary judgment determined Orly's fraud claim against Dalia."

R. 183-84.

Despite having every opportunity to do so, the Predecessor Trustee declined

to articulate any purported difference between the damages Orly failed to prove in

connection with her claims against Sagi and the damages for the same loss sought

against Dalia.  That is unsurprising given that the Complaint alleges the same injury

against Sagi and Dalia.  The Predecessor Trustee having failed to articulate those

arguments to Supreme Court, the Successor Trustee may not raise them for the first

time on appeal.  *See Recovery Consultants,* 141 A.D.2d at 276 ("Nor, obviously,

-23-

may a party argue on appeal a theory never presented to the court of original jurisdiction".)

The Successor Trustee also distorts what happened *after* the submission of its moving papers, giving the misleading impression that the Predecessor Trustee was ambushed by Supreme Court's decision following a purportedly eleventh-hour argument by Dalia that the damages sought on the fraud claim were identical to those Orly had already been afforded an extensive opportunity to prove in connection with her claims against Sagi. *See* App. Br. at 15. The record reveals the falsity of such contentions.

As discussed above, the Predecessor Trustee waited 29 days to challenge the August 2019 Order and seek reargument of dismissal of the fraud claim. *See supra* at 12-13. Due to his delay, the Predecessor Trustee was unable to move by notice of motion, which would have afforded him a right to reply under the CPLR, and was required instead to move by order to show cause for which there is no such right. *See* CPLR 2214; *Matter of Mental Hygiene Legal Serv. v. Sullivan*, 53 Misc. 3d 685, 687 (Sup. Ct. Albany Cnty. 2016). Supreme Court signed the order to show cause, giving Dalia until October 11, 2019 to respond to the Motion to Reargue/Rescind, and setting a hearing for October 16, 2019 at 9:30 AM. R. 141.

On October 3, 2019—more than one week prior to Dalia's original court-ordered deadline to respond to the Motion to Reargue/Rescind—the Predecessor

Trustee persuaded Supreme Court to advance the return date on its motion to *the next day*, October 4, based on the allegedly impending removal deadline in Orly's bankruptcy case.  According to the Predecessor Trustee, no further briefing was necessary: "The motion should be summarily granted, and indeed, this Court could do so *sua sponte*." NYSCEF Doc. No. 1649.  Based on the Predecessor Trustee's urging, Supreme Court instructed Dalia by email to "succinctly set forth [her] reason(s) for opposing the motion by 10 am tomorrow, as Justice Jaffe intends to sua sponte issue an order restoring the matter."  NYSCEF Doc. No. 1669.  Dalia submitted a timely response, arguing that the Supreme Court had properly disposed of the action.  R. 186-87.  In short, Supreme Court expeditiously decided the Motion as an accommodation to the Predecessor Trustee's requests.

Given this procedural history, there can be no credible argument that the Predecessor Trustee was in any way deprived of due process in connection with its litigation of the Motion to Reargue/Rescind.  To the extent there was any atypicality in the manner in which that motion was litigated or heard, it was entirely the result of the Predecessor Trustee's own failures and affirmative requests to expedite the motion at the expense of *Dalia's* opportunity to fully respond.

Finally, the Successor Trustee's due process arguments also ignore that Orly had a full and fair opportunity to prove any damages she may have suffered in connection with the sale of the TPR Shares, and that Supreme Court issued two well-

-25-

reasoned decisions holding that Orly had failed her burden of proof. For the reasons stated in Point II below, the Supreme Court correctly determined that there was no difference between the damages Orly failed to prove in connection with her claim against Sagi and the damages Orly pleaded she suffered in connection with the fraud claim against Dalia. In both cases, the only pleaded and potentially recoverable damages were the sale of the TPR Shares.

Thus, even setting aside the opportunity that was provided to vacate the August 2019 Order, the bankruptcy estate cannot have suffered any prejudice from Supreme Court's *sua sponte* direction to the Clerk, consistent with its two earlier adjudications, to mark this action "Case Disposed." Indeed, this Court has repeatedly reaffirmed the right of trial courts to dismiss claims *sua sponte* where essential elements of those claims have previously been (or could have been) litigated. *See, e.g.*, *Tromba v. E. Fed. Sav. Bank, FSB*, 148 A.D.3d 753, 754 (2d Dep't 2017) (*sua sponte* dismissal of action was appropriate where prior foreclosure action "encompassed all issues that were raised or could have been raised"); *Desautels v. Desautels*, 80 A.D.3d 926, 930-31 (3d Dep't 2011) (affirming trial court's denial of motion for modification of support obligation based on "sua sponte application of collateral estoppel"); *Modica v. Zergebel*, 160 A.D.2d 689, 689-90 (2d Dep't 1990) (affirming order *sua sponte* dismissing claims and counterclaims on basis of *res judicata*).

In contrast, in the cases cited by the Successor Trustee, the plaintiffs were never afforded _any_ opportunity to prove the essential facts underlying their claims. *See, e.g.*, *Shu Bo Jiao*, 57 Misc. 3d at 45 (trial court terminated action prior to conclusion of plaintiff's case at trial based on defense never raised by defendants and never reduced its decision to writing); *Indymac Fed. Bank, FSB v. Batista*, 101 A.D.3d 952, 952 (2d Dep't 2012) (the "_only basis_" for trial court's *sua sponte* determination that plaintiff's mortgage was null and void "was a colloquy between the Supreme Court and [defendant], during which the plaintiff was not afforded the opportunity to present evidence…." (emphasis added)); *Ling Fei Sun*, 55 A.D.3d 795, 796 (2d Dep't 2008) (trial court effectively awarded defendants summary judgment "based upon evidence dehors the record and without notice to plaintiff"); *Varo, Inc. v. Alvis PLC*, 261 A.D.2d 262, 265-66 (1st Dep't 1999) (fraud claim was dismissed _at the pleading stage_ for failure to state a claim notwithstanding that defendant had moved to dismiss solely on timeliness grounds and without any opportunity for plaintiff to be heard or replead).

For all of these reasons, the Successor Trustee's due process arguments are without any basis, and Supreme Court's October 2019 Order should be affirmed.

## POINT II

### SUPREME COURT CORRECTLY DETERMINED THAT THE DAMAGES PLEADED IN CONNECTION WITH THE FRAUD CLAIM AGAINST DALIA HAD ALREADY BEEN ADJUDICATED

Even assuming there was some procedural impropriety in Supreme Court's resolution of the Motion to Reargue/Rescind (there was not), any such error was harmless given Orly's prior failure to prove that she suffered any damages from the sale of the TPR Shares—the only cognizable damages pleaded in connection with either the breach of fiduciary duty claim against Sagi or the fraud claim against Dalia. Supreme Court's determination that Orly failed to prove such damages followed a fully-litigated damages trial before the JHO and two rounds of motion practice before Supreme Court. It was immediately binding as law of the case and became a final determination upon the failure to perfect Orly's appeal. Insofar as it would be improper for the Supreme Court *or* this Court to afford Orly yet another bite at the apple to prove the same damages (let alone other, unpleaded damages arising from the same facts as her claims against Sagi), there can have been no harm or prejudice in marking the case disposed. *See Starrett Acquisition, Inc. v. Starett Corp.*, 273 A.D.2d 121, 123 (1st Dep't 2000) (any procedural error in granting summary judgment was harmless as "no further factual submissions were required to dispose of the legal issues").

As previously noted, Supreme Court disposed of this action after concluding

-28-

that Orly had failed to prove she was injured by the sale of the TPR Shares. Supreme

Court made that determination even though (1) it agreed with Orly that the TPR

Shares should be valued *before* the alleged "scheme" transpired (*i.e.,* the way fraud

damages would be measured), rather than as of the auction sale date, and (2) it

considered the 2007 TPR tax return as evidence of that *ex ante* value. *See supra* at

10-11. Ultimately, Orly could not establish, even within that expanded timeframe,

that she suffered any damages with respect to the TPR Shares.

It was wholly appropriate for Supreme Court to treat that determination as

conclusive of the remaining fraud claim against Dalia. First, CPLR 4403, pursuant

to which Sagi and TPR moved to confirm the JHO Report, mandates that the court

"render decision directing judgment in the action" when "no issues remain to be

tried." While it is true that Supreme Court has not determined that Dalia ever made

any fraudulent statement or omission, that issue need not be reached because it has

already been adjudicated that Orly suffered no injury, "an essential element in a

claim of fraud." *Connaughton v. Chipotle Mexican Grill, Inc.*, 135 A.D.3d 535, 539

(1st Dep't 2016), *aff'd*, 29 N.Y.3d 137 (2017).

Supreme Court's finding that Orly had not proven damages from the sale of

the TPR Shares also prevented it from affording the Predecessor Trustee yet another

opportunity to prove damages under the doctrine of law of the case. *See, e.g.*, *Engel

v. Eichler*, 300 A.D.2d 622, 623 (2d Dep't 2002) (dismissal of claims against one

defendant based on proximate cause finding "was decided on facts common to all the defendants" and thus required dismissal of separate claims against different defendant); *see also Clark v. Clark*, 117 A.D.3d 668, 669 (2d Dep't 2014) (trial court's determination to not grant credit violated law of the case "since the issue of the defendant's entitlement to the credit was previously determined on the merits, in the same action").

Moreover, the appeals from Supreme Court's original damages determination were abandoned. Contrary to the Successor Trustee's suggestion, the appeals were not stayed by Orly's bankruptcy filing, as "[t]he automatic stay of 11 USC § 362 (a) applies only to the commencement or continuation of nonbankruptcy federal or state actions *against the debtor* arising before the filing of the bankruptcy petition, including appeals…. The automatic stay does not have the converse effect of prohibiting actions *by the debtors*." *W. Rogowski Farm, LLC v. Cnty. of Orange*, 171 A.D.3d 79, 84 (2d Dep't 2019) (emphases added, internal citations omitted).[6] The prior appeals did not involve any claims against the debtor (Orly), and thus were not stayed by Orly's bankruptcy filing. Indeed, this Court necessarily rejected the Successor Trustee's position, when it declined her request for an indefinite stay of this appeal on the ground that it is subject to a bankruptcy stay, and instead ordered

---

[6] *Accord Education Resources Inst. v. Concannon*, 69 A.D.3d 539, 540 (1st Dep't 2010) ("[T]he automatic stay provision of section 362 (a) of the Bankruptcy Code only applies to proceedings 'against' the debtor."); *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994) (same).

-30-

her to perfect her appeal by the February 2021 term.  NYSCEF No. 1662.

Supreme Court's original damages finding is therefore also now preclusive under *res judicata* and/or collateral estoppel principles.  *See, e.g.*, *McCue v. Abel*, 171 A.D.2d 845, 846 (2d Dep't 1991) (abandonment of prior appeal "collaterally estopped" plaintiff from litigating issue of defendant attorney's fee, "even though the causes of action are different"); *see also Port Auth. of N.Y. & N.J. v. Brickman Grp. Ltd., LLC,* 181 A.D.3d 1, 11 (1st Dep't 2019) (party precluded from pursuing claim that "sought precisely the same damages" as previously adjudicated claim); *see also Brugman v. New York*, 102 A.D.2d 413, 419 (1st Dep't 1984) (plaintiff barred by collateral estoppel from re-litigating issue of injury); *Paramount Pictures Corporation v. Allianz Risk Transfer AG,* 31 N.Y.3d 64, 72 (2018) (collateral estoppel "bars the relitigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment …. ") (internal citations and quotation marks omitted).

The handful of collateral estoppel cases that the Successor Trustee cites do not dictate a different result.  Those cases stand merely for the uncontroversial proposition that collateral estoppel applies only where there is identity of issues. Here, there is identity of issues—injury to Orly and/or her trust from the sale of the TPR Shares—and that issue has already been fully (indeed exhaustively) adjudicated.  While the Successor Trustee understandably may wish to re-litigate

Orly's purported injury, there is no legal or equitable basis for providing such an

opportunity, given Orly's failure to prove she was harmed by the sale of the TPR

Shares (at trial, _or_ through her motion to reject the JHO Report, _or_ on her motion to

reargue).

Unable to rebut this reality, the Successor Trustee attempts instead to muddle

and confuse the record and Supreme Court's findings.  The Successor Trustee begins

by referencing certain affirmative actions that Dalia allegedly took in 2004, in an

apparent attempt to suggest that the timeframes, and therefore the damages, for the

fraud claim and the breach of fiduciary duty claim are not coextensive.  App. Br. at

19.  The Successor Trustee claims, conclusorily, that "the damages case on the fraud

claim incudes proof of the assets that Sagi took from TPR starting in 2004 as a result

of Dalia's fraudulent omissions to Orly, and which include, at minimum, $11 million

to $12 million in TPR assets."  App. Br. at 20-21.  This argument is completely

baseless for at least three reasons:

First, for the past twelve years, Orly has pleaded and pursued _the same_

_damages_ for both claims—namely, the "loss of the Orly Trust's interest in TPR."  R.

89 at ¶ 113, R. 97 at ¶ 143.

Second, Orly _expressly disclaimed_ in her complaint any claim to damages

from the alleged dissipation of TPR's assets: "Orly continues to reserve her right to

bring a shareholder derivative action on behalf of D&K related to Sagi's (and

-32-

Dalia's) improper management and dissipation of TPR's assets, *but she has not yet done so*." R. 81, at n.6 (emphasis added).

Third, the Successor Trustee's contention that Sagi and Dalia dissipated "$11 million to $12 million in TPR assets" beginning *in 2004* is belied by the very paragraph of the Complaint she cites as support, which alleges that "TPR's assets were worth between approximately $11,000,000 and $12,000,000" *as of 2007*. R. 63 at ¶ 38. As discussed, Orly presented TPR's 2007 tax return at trial in connection with the breach of fiduciary duty claim against Sagi and argued below that it reflected the value of the TPR Shares *before TPR's assets were allegedly dissipated*. The Successor Trustee cannot now claim, for the first time, that the assets were allegedly dissipated at a different time merely because Orly failed to prove any damages within the timeframe she previously insisted was correct.

Orly was afforded a full opportunity to present evidence of alleged "dissipation" at trial, but her trial submission instead *debunked* her very claim. Supreme Court reviewed the 2007 tax return as Orly requested (as did the JHO) and concluded that it "does not prove a loss sufficient to result in an award that is not merely speculative." R. 49.[7] This is not surprising given that TPR's 2008 tax return,

---

[7] As demonstrated at trial and through post-trial briefing, Orly presented no evidence that TPR's assets were "dissipated" at any point. Rather, Orly artificially inflated TPR's value by citing to its assets while ignoring the company's liabilities, something no legitimate valuation analysis would ever do. R. 46. Once TPR's liabilities, as well as other applicable valuation factors, were properly accounted for, it was proven that the foreclosure did not result in any loss. R. 49-50.

-33-

which was also introduced at trial and *post-dated* the alleged dissipation, demonstrated that the company still had $11 million in assets as of December 31, 2008. NYSCEF Doc. No. 1522.

Based on this clear evidence, Supreme Court *did not* "award[] Orly the value of the TPR shares as of the date of the sham foreclosure" as the Successor Trustee claims.  App. Br. at 7.  Nor did Supreme Court determine that "the TPR shares were worthless by August 2008."  App. Br. at 21.  Rather, Supreme Court assessed TPR's tax returns and held that Orly did not prove any damages.  R. 47, 49.

Thus, the Successor Trustee's argument that Dalia and Sagi dissipated TPR's assets beginning in 2004 mut be rejected:  it was manufactured for the first time on appeal in an improper attempt to distinguish the fraud claim from the breach of fiduciary duty claim, was never pleaded (indeed, it was expressly disclaimed in Orly's Complaint), and is wholly unsupported by the record.  Orly's allegation that TPR's assets were actually dissipated after 2007 was fully considered and rejected at trial when the JHO adopted CPA Gunther's expert testimony that those very assets were still present.

## POINT III

### THE OCTOBER 2019 ORDER CAN BE AFFIRMED
### ON THE ALTERNATIVE GROUND THAT THE FRAUD
### CLAIM DID NOT TRANSFER TO ORLY'S BANKRUPTCY ESTATE

As noted above, then-Justice Feinman's summary judgment ruling of July 28,

2010 described the sole remaining claim against Dalia as one for "fraud" based on "whether Dalia Genger acted with intent to commit fraud against plaintiff's trust, and to lull plaintiff into a false sense of security as to the status of her trust." R. 24-25.  As such, the fraud claim against Dalia is a derivative claim pursued by Orly on behalf of the Orly Trust, any recovery from which would belong to the trust. *See Isaac v. Marcus*, 258 N.Y. 257, 264 (1932) (in a derivative suit, "[t]he remedy sought is for wrong done to the corporation; the primary cause of action belongs to the corporation; [and] recovery must enure to the benefit of the corporation").

As Dalia argued below, it is undisputed that the claims of a spendthrift trust, like the Orly Trust, are not property of the bankruptcy estate, but rather remain property of the trust itself.  R. 186; *see also In re Mann,* 134 B.R. 710, 714 (E.D.N.Y. Bankr. 1991) ("It is well established that a spendthrift trust is exempt from execution by judgment creditors under New York Law.").  The Predecessor Trustee therefore exceeded his authority by filing the Motion to Reargue/Rescind, as the bankruptcy estate does not have "any power that the debtor may exercise solely for the benefit of an entity other than the debtor" (in this case, the Orly Trust).  11 U.S.C. § 541(b)(1).  As such, while Supreme Court did not reach this issue, the October 2019 Order may be affirmed on the alternative ground that the Motion to Reargue/Rescind was an improper filing by the Predecessor Trustee, who has no statutory authority nor right to litigate a claim that does not belong to Orly's bankruptcy estate.

-35-

## CONCLUSION

For all of the above reasons, and all the reasons articulated by Supreme Court below, the Successor Trustee is not entitled to another opportunity to prove damages resulting from the sale of the TPR Shares or any other, unpleaded damages arising from the alleged "scheme." Supreme Court did not err in marking this case disposed as the issue of damages has been fully litigated and decided. The October 2019 Order should be affirmed in all respects.

Dated:     New York, New York
April 15, 2022

By: _____
Carmen Beauchamp Cipalick
Elizabeth J. Sullivan
GREENBERG TRAURIG, LLP
200 Park Avenue
MetLife Building
New York, New York 10166
(212) 801-9200

*Attorneys for Defendant Dalia Genger*

## <u>PRINTING SPECIFICATIONS STATEMENT</u>

Pursuant to 22 NYCRR § 1250.8(j) the foregoing brief was prepared on a computer.

*Type*:  A proportionally spaced typeface was used as follows:

Name of typeface:  Times New Roman

Point size:          14

Line spacing:       Double

*Word Count:*   The total number of words in the brief, inclusive of point headings and footnotes and exclusive of pages containing the table of contents, table of authorities, proof of service, printing specifications statement, or any authorized addendum containing statutes, rules, regulations, etc. is 8,602.

**EXHIBIT D**

FILED: APPELLATE DIVISION - 1ST DEPT 04/29/2022 03:44 PM
NYSCEF DOC. NO. 32                                                    RECEIVED NYSCEF: 04/29/2022

2020-01940

*To be Argued by:*
ROCCO A. CAVALIERE
*(Time Requested: 15 Minutes)*

# New York Supreme Court

## Appellate Division—First Department

ORLY GENGER in her individual capacity and on behalf of the
Orly Genger 1993 Trust (both in its individual capacity
and on behalf of D & K Limited Partnership),

*Plaintiff-Appellant,*

– against –

DALIA GENGER,

*Defendant-Respondent,*

– and –

SAGI GENGER, LEAH FANG, D & K GP LLC
and TPR INVESTMENT ASSOCIATES, INC.,

*Defendants.*

**Appellate
Case No.:
2020-01940**

---

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

TARTER KRINSKY & DROGIN LLP
*Attorneys for Plaintiff-Appellant*
1350 Broadway
New York, New York 10018
(212) 216-8000
rcavaliere@tarterkrinsky.com

New York County Clerk's Index No. 109749/09

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT ........................................................................................................5

I.   RESPONDENT'S OWN ARGUMENTS CONFIRM THAT
     PREJUDICIAL IRREGULARITIES REQUIRE REVERSAL .....................5

II.  RESPONDENT'S OTHER ARGUMENTS ARE BELIED BY
     THE FRAUD CLAIM AS ALLEGED IN THE COMPLAINT ..................12

     A.   Questions of Fact Defeat Respondent's Preclusion Argument...........12

     B.   Respondent's Standing Defense Is Unsupported by the Record ........17

CONCLUSION ...................................................................................................24

# TABLE OF AUTHORITIES

**Cases**                                                                  **Page(s)**

*Brugman v. New York*,
    102 A.D.2d 413 (1st Dep't 1984) ...................................................13

*Clark v. Clark*,
    117 A.D.3d 668 (2d Dep't 2014) ....................................................8

*Desautels v. Desautels*,
    80 A.D.3d 926 (3d Dep't 2011) .....................................................12

*Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*,
    837 F. Supp. 2d 162 (S.D.N.Y. 2011) ..........................................20

*Engel v. Eichler*,
    300 A.D.2d 622 (2d Dep't 2002) ....................................................8

*Est. of Rothko*,
    379 N.Y.S.2d 923 (N.Y. Sur. 1975) ..............................................23

*Genger v. Genger*,
    147 A.D.3d 443 (1st Dep't 2017) ...............................................5, 22

*In re Gucci*,
    309 B.R. 679 (S.D.N.Y. 2004) ......................................................19

*In re Fundamental Long Term Care Inc.*,
    501 B.R. 770 (Bankr. M.D. Fla. 2013) .........................................19

*Indymac Fed. Bank, FSB v. Batista*,
    101 A.D.3d 952 (2d Dep't 2012) ..................................................11

*In re JP Morgan Chase Bank, N.A.*,
    38 Misc. 3d 1210(A), 966 N.Y.S.2d 346 (Sur. 2013) ....................21

*Kalikow 78/79 Co. v. State*,
    174 A.D.2d 7 (1st Dep't 1992) .....................................................15

*Ling Fei Sun v. City of New York*,
    55 A.D.3d 795 (2d Dep't 2008) ....................................................11

*In re Loomis' Est.*,
   45 N.Y.S.2d 146 (Sur. 1943) ............................................................................21

*Mercury Bay Boating Club Inc. v. San Diego Yacht Club*,
   76 N.Y.2d 256 (1990) ......................................................................................20

*Modica v. Zergebel*,
   160 A.D.2d 689 (2d Dep't 1990) .....................................................................12

*Paramount Pictures Corporation v. Allianz Risk Transfer AG*,
   31 N.Y.3d 64 (2018) ..................................................................................13, 14

*Port Auth. of N.Y. & N.J. v. Brickman Grp. Ltd., LLC*,
   181 A.D.3d 1 (1st Dep't 2019) ........................................................................13

*Recovery Consultants, Inc. v. Shih-Hsieh*,
   141 A.D.2d 272 (1st Dep't 1988) ....................................................................17

*Matter of Rothko*,
   43 N.Y.2d 305 ..................................................................................................23

*Town of Evans v. Catalino*,
   88 A.D.2d 780 (4th Dep't 1982) ......................................................................21

*Tromba v. E. Fed. Sav. Bank, FSB*,
   148 A.D.3d 753 (2d Dep't 2017) ................................................................11, 12

*Varo, Inc. v. Alvis PLC*,
   261 A.D.2d 262 (1st Dep't 1999) ....................................................................11

*Velo Holdings v. Paymentech, LLC (In re Velo Holdings, Inc.)*,
   475 B.R. 367 (Bankr. S.D.N.Y. 2012).........................................................18, 19

**Statutes**

N.Y. Sur. Ct. Proc. Act § 201(3).................................................................................21

N.Y. Sur. Ct. Proc. Act. § 2206 .................................................................................22

N.Y. Sur. Ct. Proc. Act. §§ 2214-2216 ......................................................................22

N.Y. Sur. Ct. Proc. Act § 2301 ...................................................................................23

Uniform Trust Code § 1002 ........................................................................................21

iii

**Other Authorities**

22 NYCRR § 1250.10(c) ............................................................................7

CPLR 4403..........................................................................................16, 17

Restatement (Second) of Trusts § 170 .....................................................20

Restatement (Third) of Trusts § 100 Liability of Trustee.......................22

Appellant Deborah J. Piazza, as Successor Chapter 7 Trustee ("Trustee" or "Appellant") of the bankruptcy estate of Orly Genger in a bankruptcy case pending in the United States Bankruptcy Court for the Southern District of New York submits on behalf of Orly Genger's bankruptcy estate this reply to the Respondent Brief filed by Respondent Dalia Genger dated April 15, 2022.[1]

## PRELIMINARY STATEMENT

In her opposition, Respondent concedes – as she must – the irregularities that resulted in Supreme Court's *sua sponte* "administrative" dismissal of Orly's fraud claim against her mother, Dalia.  No one disputes the case was administratively "closed" based on a final judgment of "no damages" on Orly's breach of fiduciary duty claim against co-defendant Sagi Genger (counts 1, 7 and 8), even though the separate fraud claim against Dalia (count 4) had not yet been adjudicated and was still "open" and pending.

This administrative clerical error happened twice.  The first time it occurred in December 2018 and it was corrected.  The case status was thus "restored" to "active" after Orly faxed chambers about her still-pending fraud claim.  When it happened a second time in August 2019  (after Orly had filed for bankruptcy), the court below decided not to fix the error, giving as justification for closing the entire

---

[1]  The Respondent Brief is cited herein as "Resp. Br." and the Appellant Brief as "Br."  Capitalized terms have the meaning ascribed in the Appellant Brief.

action a one-sentence *post hoc* ruling that referred to the final judgment on the adjudicated fiduciary claim against the co-defendant Sagi. Br. at 9-10; R.5. No new hearings, evidence or court conferences regarding Orly's fraud claim had occurred between the first inadvertent administrative closing of the case and the second. The only new circumstance was Orly's filing for bankruptcy protection a few weeks prior to the second administrative closing.

Respondent cites no rule of procedure or principle of law that allows a claim against one defendant to be summarily "closed" based on the adjudication of a different claim against a separate defendant. No motion was pending as to the open fraud claim. Orly has had no opportunity to present evidence of Dalia's fraud. Dalia was not a party to any of the proceedings in this action as against Sagi. She was not a party to the damages inquest on the damages that *Sagi* caused; she was not required to and did not give evidence about the full scope of *her* fraud at that hearing, which was circumscribed by the court below to *Sagi's* violations in conducting a sham UCC auction (he was the auctioneer, the seller and the buyer when he "credit-bid" to take away Orly's share in a family business). And the Predecessor Trustee and Orly had no notice that the order to mark the entire case as closed was anything other than a clerical error that would be corrected, as it was the first time just several months earlier.

Faced with these indisputable facts, Respondent claims the Predecessor Trustee and Orly were nonetheless afforded due process because a formal motion was filed challenging dismissal after the court below did not administratively correct the second erroneous order closing the entire case. But no party had moved for a ruling on the merits of the fraud claim, and the Predecessor Trustee and Orly had no notice of any grounds for dismissal, on the merits or otherwise, and no opportunity to litigate it fully.

Simply put, Orly had no notice or opportunity to present any evidence about Respondent at the damages inquest which was related solely to Sagi's bogus foreclosure – nor could she have done so – since Dalia was not present as a party, the Court had not directed that any evidence be presented, no note of issue had been filed, summary judgment motions had never been filed or decided, and discovery had not formally closed. Against this total lack of notice or due process, Respondent now claims that Orly had her day in Court. She did not. Her fraud claim against Respondent is an asset of the bankruptcy estate, and the Trustee, as the legal representative of the bankruptcy estate, should not be summarily deprived of the right to pursue the fraud claim on behalf of the bankruptcy estate and all of its stakeholders.

Respondent's issue-preclusion and standing arguments cannot justify in retrospect such a clear breach of due process. The record – which is undeveloped as

3

to the fraud claim – is an insufficient basis to determine as a matter of law that any damages resulting from Dalia's fraud is coincident with the damages caused by the sham foreclosure sale executed by Sagi years later in breach of his fiduciary duties. Respondent's effort to re-cast Orly's second amended complaint dated August 4, 2010 (the "Complaint" or "SAC") as seeking only damages from that wrongful foreclosure ignores the fact that Orly's fraud cause of action alleged against Dalia is a separate count and, on the facts pleaded, commenced with fraudulent omissions and concealment in *2004*, years before Sagi's breach of fiduciary duty, which, in measuring damages, the Court below held started in *August 2008*.

Even Respondent's last-ditch suggestion that the Trustee has no standing to pursue the fraud claim or this appeal is yet further proof – were it needed – that the dismissal must be reversed. Since the Complaint alleges the claim on behalf of Orly, not her trust (R.95), Respondent is left to argue that a claim Orly brought in her individual capacity somehow does not belong to her (or now her bankruptcy estate). However, no court has ever ruled that way. Dalia was the trustee of the Orly Trust for only *part* of the period at issue and she resigned approximately one month before Orly filed for bankruptcy protection. Dalia's argument depends on "facts" that have never been adjudicated to be true and are contrary to Orly's Complaint. For that reason, at best for Dalia, her "standing" objection cannot be determined without a plenary record and trial on the contested facts, which has not yet occurred.

In all events, as shown further below, Orly (and hence, the Trustee as the legal representative of her bankruptcy estate) *does* have standing as a matter of law on the facts as alleged in the Complaint.   A similar objection by Sagi was rejected by the lower court when that court refused to grant replevin as a remedy to Sagi's breach of fiduciary duty, which would have returned disputed shares to entities still controlled by him or Dalia, and instead ruled that damages are to be paid directly to Orly – a ruling upheld by this Court.   *See* Br. at 7; *Genger v. Genger*, 147 A.D.3d 443 (1st Dep't 2017). It cannot be decided now for the first time on appeal on a record admittedly curtailed by the erroneous closing of the entire case before the separate fraud claim against a separate party was adjudicated.[2]

## ARGUMENT

### I.   RESPONDENT'S OWN ARGUMENTS CONFIRM THAT PREJUDICIAL IRREGULARITIES REQUIRE REVERSAL

Respondent contends that Orly had sufficient due process to contest the *sua sponte* dismissal of her fraud claim – despite absence of prior notice of any grounds – because Orly had fully litigated the separate breach of fiduciary duty claim against

---

[2] In footnote 2 of the Respondent Brief, Respondent cites to the fact that the Trustee represented to the Court in prior applications for adjournment that "the parties intended to endeavor to work together to submit a stipulation to supplement the record." We did. However, Respondent could not articulate why it was appropriate to supplement the record with numerous documents that were never considered by Justice Jaffe. Respondent had every opportunity to file a timely and proper motion to supplement the record. She did not. Instead, by citing to various documents outside the record, Respondent decided to supplement the record, on her own, without Court authority.

Sagi and any fraud damages, in Respondent's view, are identical. That argument assumes its own disputed premise is true: that the damages for two separate and distinct causes of action for different conduct are in fact identical. But that is contrary to what was actually pled in the Complaint. That issue, moreover, has not yet been litigated below and cannot be determined on this incomplete record. Because the allegations in the Complaint are to be taken as true and all inferences drawn in Orly's favor as plaintiff, Dalia's self-serving determination is not controlling here. What is undisputed is that Orly has had no opportunity to present her proof on her damages from *Dalia's* fraud, which as demonstrated herein and in the Appellant Brief, are logically distinct from damages caused by *Sagi's* fiduciary breach in running a bogus UCC foreclosure by himself.

Dalia first argues that in entering a no-damages judgment on the fiduciary duty claim the lower court indicated that the case was fully "disposed" because a pre-printed "case disposed" box at the end of the written decision and the reargument decision was marked with an "x." On such a superficial basis, Dalia argues that Orly should have understood that those two decisions – which decided only her fiduciary duty claim against Sagi – were disposing of the separate fraud claim against Dalia as well, even though they did not even cite to that cause of action, much less address it in any way. *See* R.41 to R. 51.

This argument hardly merits rebuttal. No reasonable reading of these decisions alerted the Predecessor Trustee or Orly that the lower court also intended to and did dispose of her separate claim against a separate party. Even the presiding justice below did not intend that reading. In directing Dalia to state her position on restoring the fraud claim, Justice Jaffe's chambers expressly stated on October 3, 2019 that she "intends to sua sponte issue an order *restoring* the matter." NYSCEF No. 1669 (emphasis added, and also cited and quoted at Resp. 25).

On this same mis-reading of checked boxes, Dalia argues that this appeal should be dismissed as untimely because, according to her, Orly failed to perfect and therefore abandoned her appeals of the decisions and final judgment on the breach of fiduciary duty claim against Sagi. But, again, while not yet perfected, there is nothing in the record to support her claim that those appeals have been abandoned. The posture of that appeal – which was delayed due to the intervening bankruptcy and pandemic restrictions, as well as other factors and circumstances – is subject to a motion to vacate dismissal. 22 NYCRR § 1250.10(c) (procedure for motions to vacate dismissal). This Court, moreover, already rejected this same "abandonment" argument in denying Dalia's prior cross-motion to dismiss this appeal. *See* 2020-01940 NYSCEF Doc. No. 9. More importantly, as shown (Br. at 6-9, 13-21), the fraud claim against Dalia is separate from and not dependent on the disposition of the breach of fiduciary duty claim against Sagi.

7

Dalia argues that during a two-week damages trial regarding Sagi's breach of fiduciary duty, Orly was afforded due process because she had plenty of time to develop her damages theory on her separate fraud claim against Dalia and that the no-damages ruling on the fiduciary claim against Sagi is "law of the case." As an initial matter, Dalia never raised below that the case should be dismissed based on a "law of the case" theory. It plainly was not and Justice Jaffe never considered, let alone, made any such determination. But even if she did and this Court were to consider this new theory, Dalia was not a party to the damages inquest and neither party offered or was permitted to offer proof of damages based on Dalia's fraud. Dalia cites nothing in the record to the contrary.

In the cases cited by Dalia, the doctrine of "law of the case" applied because the exact same claim had already been determined on the merits as against one defendant and the determination was made on "facts common to all the defendants" and thus logically the same outcome held true for a co-defendant. *See Engel v. Eichler*, 300 A.D.2d 622, 623 (2d Dep't 2002), and *Clark v. Clark*, 117 A.D.3d 668, 669 (2d Dep't 2014), both cited by Dalia (Resp. Br. at 29-30). Here, there are facts specific to Dalia alleged in the Complaint that predate the bad acts alleged (and proven) as against Sagi, and thus the "law of the case" holding and analyses in these cases are not present here.

In fact, here, the damages inquest was narrowly focused on damages stemming from the sham auction and constrained by the timing of Sagi's fiduciary breach.  In adopting the Referee's no-damages award, the Court expressly noted that damages are measured as of the time *Sagi* first breached *his* fiduciary duties in August 2008, not before and not with reference to any of *Dalia's* wrongdoing.  Br. at 8.  Orly in fact did try to expand the scope of that hearing.  After hearing the evidence at the inquest, judicial hearing officer (retired Justice Gammerman) recommended on the record that Orly make a motion before Justice Jaffe to conform the pleadings to the evidence so that he could properly recommend an appropriate amount of damages.  Orly made the motion as suggested by JHO Gammerman as against Sagi, but that application was denied.  NYSCEF No. 1349 (Motion to Conform Pleading to the Proof in the Damages Hearing).  As alleged in the Complaint and shown in the Appellant Brief, the fraud allegations against Dalia include fraudulent concealment and omissions starting in 2004 through early 2008 (Br. at 6-7, 19) – a period of time outside the damages period considered by the trial court in connection with Sagi's breach of fiduciary duty. See e.g. R. 60-72, R. 95-97 (SAC ¶¶ 28-35, 37-61, 135-140).

Dalia has no answer to this controlling fact, except to proffer her own one-sided alternate reading of the Complaint.  According to her reading, all the references to dates and acts by Dalia predating August 2008 have no legal significance because

she reads the Complaint to allege harm only from the sham auction that occurred between that date and February 2009.  But that ignores the allegations and the evidence and stands the normal deference owed to a complaint on its head.  On a fair reading of the Complaint, drawing all inferences in Appellant's favor, she is entitled to a fair opportunity to prove her theory of damages based on the pleaded conduct of Dalia, as distinct from Sagi, that occurred starting in 2004.

Dalia's illogical position is made plain by her contention that *she* – not the Predecessor Trustee and Orly – was the party deprived of due process when the court below did not allow Dalia to file a formal brief – even though the court adopted her argument in denying the motion to restore the "open" status of her fraud claim against Dalia.  Suffice it to say, Dalia got what she wanted – summary disposal of the fraud claim asserted against her without ever having to make a motion or submit any evidence whatsoever.  And had the case been restored there was no conceivable prejudice because Dalia could have moved for whatever form of dismissal she wanted, but she would have had to do so with proper notice and on a proper record in compliance with the CPLR.  That hardly constitutes a violation of her due process right.

For those same reasons, Dalia's attempt to distinguish the due process case law cited by Appellant fails.  Dalia argues that Appellant's cases are distinguishable because in those cases the aggrieved party had been afforded no opportunity to prove

10

her case. *See* Resp. Br. at 27. But that is exactly what happened here, *i.e.*, Dalia has not shown – nor can she – that Orly and her bankruptcy estate had any opportunity to present her proof and make a full record of Dalia's fraud. The damages inquest that Dalia attempts to rely upon had nothing to do with Dalia. It dealt with Sagi running a bogus foreclosure to take away Orly's interest in a family business given to them equally by their parents, in which, as stated above, Sagi was the auctioneer, the seller and a (non-cash credit) buyer at a supposed UCC sale. The fact that Orly never had an opportunity to present her case against Dalia requires reversal of the summary disposal below based on basic fairness and the authorities cited by Orly. *See* Br. at 13-15, citing, among other cases, *Indymac Fed. Bank, FSB v. Batista*, 101 A.D.3d 952, 952 (2d Dep't 2012) (reversal where "plaintiff was not afforded the opportunity to present evidence"); *Ling Fei Sun v. City of New York*, 55 A.D.3d 795, 796 (2d Dep't 2008) (judgment awarded against plaintiff without prior notice to plaintiff and not based on a fact record); *Varo, Inc. v. Alvis PLC*, 261 A.D.2d 262, 265-66 (1st Dep't 1999) (fraud claim summarily dismissed without prior notice to plaintiff of grounds for dismissal).

And the cases Dalia relies on (Resp. Br. at 26) are all distinguishable because those cases all involved situations where – unlike here – the outcome-determinative facts had previously been decided or a fair opportunity had been afforded for adjudicating them previously. *See Tromba v. E. Fed. Sav. Bank, FSB*, 148 A.D.3d

11

753, 754 (2d Dep't 2017) ("all issues that were raised or could have been raised");

*Desautels v. Desautels*, 80 A.D.3d 926, 930-31 (3d Dep't 2011) (elements of

collateral estoppel doctrine were met); *Modica v. Zergebel*, 160 A.D.2d 689, 689-90

(2d Dep't 1990) (same).

## II.   RESPONDENT'S OTHER ARGUMENTS ARE BELIED BY <u>THE FRAUD CLAIM AS ALLEGED IN THE COMPLAINT</u>

In spite of the inherent unfairness and administrative errors leading to this

mistaken dismissal, Respondent argues that the fraud claim should have been

dismissed in any event as precluded either: (i) by the collateral estoppel effect of the

prior decision on damages from Sagi's breach of fiduciary duty; or (ii) for lack of

standing, even though, as even Respondent admits, no question of standing was

raised or considered by the lower court before.  Neither argument has any merit.

In both cases, questions of fact preclude deciding these issues without a fully

developed record.  Based on this record, the only facts about Dalia's fraud in the

record are those alleged in the Complaint, which must be taken as true with all

inferences drawn in favor of plaintiff.  Br. at 12-13, 16.

### A.   <u>Questions of Fact Defeat Respondent's Preclusion Argument</u>

Respondent argues secondarily that the dismissal should be affirmed because

the fraud claim against Dalia, admittedly never adjudicated, is precluded by the

lower court's decision that no damages resulted from Sagi's distinct fiduciary duty

breach.  But Respondent has no answer to the argument that the very claim that the

12

damages are co-extensive is a fact claim that has not been adjudicated below.  If this analysis is being done in this backward fashion, the only facts concerning Dalia's fraud and appropriate measure of damages are those, as stated above, alleged in the complaint.  And those facts include wrongful and distinct acts by Dalia in 2004 through early 2008, both before and after she became trustee of the Orly Trust in January 2008.  Br. at 6-1; R. 52-117 (Compl. ¶¶ 8, 27-62).  Those facts must be construed, and reasonable inferences drawn, in favor of Orly, not Dalia.  Applying that basic standard of law, the only conclusion is that the damages are not coextensive.  A finding on damages from Sagi's breach of fiduciary duty in August 2008 therefore logically cannot preclude a different measure of damages from Dalia's wrongful and fraudulent acts that commenced, as stated in the Complaint, in 2004.

For these reasons the case law authority cited by Dalia is distinguishable and not applicable here.  All of those cases involved two proceedings that had identical issues in dispute; that is not the case here.  *See* Resp. Br. at 31, citing *McCue v. Abel*, 171 A.D.2d 845, 846 (2d Dep't 1991); *Port Auth. of N.Y. & N.J. v. Brickman Grp. Ltd., LLC*, 181 A.D.3d 1, 11 (1st Dep't 2019) ("precisely the same damages" as previously adjudicated claim); *Brugman v. New York*, 102 A.D.2d 413, 419 (1st Dep't 1984); *Paramount Pictures Corporation v. Allianz Risk Transfer AG*, 31

13

N.Y.3d 64, 72 (2018) (prior issue was actually litigated and identical to current issue).

Implicitly conceding that the facts of the fraud claim cannot be tried for the first time on appeal, Dalia resorts to hyper-technical defenses.[3] She argues first that Orly supposedly stated in other proceedings that she expects her damages claim against Dalia to be the same as her damages claim against Sagi and that she "disclaimed" any right to allege different damages in the Complaint itself. Resp. at 32-33. These arguments are unavailing because they depend on crediting Dalia's self-serving reading of the fact allegations in the Complaint against her, when she is the defendant in this case and her reading cannot control the construction of the meaning of plaintiff's pleading. The facts plainly alleged in the Complaint include actionable conduct by Dalia that predated that of Sagi. Br. at 6-7. Dalia's reading cannot be credited in spite of the actual words in the Complaint.

Moreover, to the extent Dalia is claiming that Orly knowingly abandoned the right to pursue a different theory of damages against Dalia or is somehow judicially estopped from doing so, she fails to make any showing sufficient to invoke those doctrines, including that Orly prevailed on some prior application that precludes her

---

[3] Dalia is no stranger to hyper-technical arguments, as this Court has already seen when it rejected Dalia's prior *Cross-Motion To Dismiss the Appeals For Lack of Subject Matter Jurisdiction and Standing* dated July 27, 2020 based primarily on the argument that Orly had filed the Notice of Appeal (instead of the Predecessor Trustee) even though it was clear from the record that Orly had the Predecessor Trustee's authority to file the appeal on behalf of the bankruptcy estate. See 2020-01940 NYSCEF Doc. No. 9. This Court correctly denied this relief requested in the Cross-Motion.

from changing her position now. *See Kalikow 78/79 Co. v. State*, 174 A.D.2d 7, 11 (1st Dep't 1992) ("judicial estoppel may not be asserted as a defense unless it can be shown that the party against whom the estoppel is sought procured a judgment in its favor as a result of the inconsistent position taken in the prior proceeding"). Nothing like that has been shown here.

Dalia also argues that she could not have dissipated the TPR assets worth $11 or $12 million cited in the Complaint in 2004 when her fraud began because the Complaint also states that those assets still existed in 2007 and the Court has already adjudicated during the hearing on Sagi's fiduciary breach that by 2008 such assets were offset by "debt." *See* Resp. Br. at 33. But that hardly matters. The allegations in the Complaint do not so finely constrain the proof. Furthermore, on a proper reading of the Complaint, it is clear the supposed "debt" was created by Dalia and Sagi in the first place to further Dalia's and Sagi's wrongdoing.

The point, supported by any fair reading of Orly's Complaint, is that Dalia started her fraudulent scheme in 2004 when many millions in TPR assets existed and those assets were dissipated as a result by the time Sagi began his sham auction in August 2008. Also, as Dalia herself admits (Resp. Br. at 34), the court below found that millions of assets *did* exist as of 2007 and 2008, but that those assets were supposedly offset by liabilities and were not "sufficient" to factor into the measure of damages inflicted by *Sagi's* breach, as that measure of damages had been

15

fashioned by the court to fit *Sagi's* violation of law. In issuing that ruling, the lower court did not adjudicate how that offsetting debt was acquired or whether Dalia's fraud played a role in TPR's balance sheet in the years preceding 2008, as more particularly alleged in the Complaint. Thus, nothing in that ruling precludes Orly from having her day in court to prove causation and amount as to *Dalia's* fraud, especially as to the effect of her fraud in the years preceding the period examined in connection with Sagi's late 2008-2009 breach of fiduciary duty.

Dalia's suggestion that Orly had years to present evidence of her damages from Dalia's fraud between the filing of the amended complaint in 2010 (R.52) and the 2019 dismissal is inaccurate and makes no difference. The point is Dalia had never made a summary judgment motion on such a theory, no court had ever ruled on a non-existent motion and *no court* has yet adjudicated that claim or considered the whole record of Dalia's wrongdoing and the resulting damages. Further, Dalia did not raise this point as a separate legal reason for dismissal of the fraud claim in the court below.

Dalia's argument (Resp. at 29) that her motion under CPLR 4403 to confirm the Referee's recommendation of no damages on the fiduciary duty claim has some bearing on the fraud claim against Dalia is incoherent. While that statute permits the Court to "direct judgment" after determining that nothing remains to be tried, that has no bearing on the issue on appeal. It is a trivial truism that, with respect to

Orly's fiduciary claims against *Sagi*, nothing remained to be tried, permitting judgment *as to him* in accordance with CPLR 4403. Nothing in that statute can conceivably be construed as permitting judgment as to all other causes of actions and parties regardless of whether they participated in the inquest at issue. *See* CPLR 4403. Dalia cites no authority for such an illogical reading.

Respondent's lengthy argument that Orly has abandoned her appeal of the no-damages finding related to Sagi's breach of fiduciary duty is again inaccurate and irrelevant to the issues on *this* appeal. As noted, Orly has not abandoned those appeals. But the reasons for delay in perfecting them are not part of the record here. That issue will be litigated in motion practice in that separate appeal on the record as developed in that proceeding. It is in all events improper argument to raise that issue for the first time on appeal when that was not argued below, as even Respondent admits. *Recovery Consultants, Inc. v. Shih-Hsieh*, 141 A.D.2d 272, 276 (1st Dep't 1988) (cited in Resp. Br. at 23) ("Nor, obviously, may a party argue on appeal a theory never presented to the court of original jurisdiction.").

## B.  Respondent's Standing Defense Is Unsupported by the Record

The same procedural flaws defeat Respondent's newly raised lack-of-standing objection. Dalia argues that the Trustee has no standing to pursue this appeal because the fraud claim at issue belongs, not to Orly or her bankruptcy estate, but to the Orly Trust. Dalia already alluded to this argument in her Cross-Motion – which

has already been denied by this Court.  Besides being wrong, this is neither the time nor the place for this issue.

In the first place, the Complaint trumps Dalia's recharacterization of the fraud claim.  The Complaint expressly states that the claim belongs to Orly, not the Orly Trust; the Fourth Cause of Action is entitled "Claim for Fraud on Behalf of Orly Against Dalia."  R.95.  That pleading also alleges fraudulent omissions and conduct by Dalia that *pre-dated* her appointment as trustee of the Orly Trust in January 2008 (*see* Br. at 6-7).  Thus, much of Dalia's actionable conduct, as alleged in the controlling complaint, has nothing to do with Orly's Trust and injured Orly directly, not through her role as a trustee.  Second, this ground was not raised below.  In her email submission to the court below in which she argued for collateral estoppel on damages – and to which Orly had no ability to respond (Br. at 10-11) – Dalia stated that, in the event the action was restored, she opposed removal of the action to the U.S. Bankruptcy Court because damages from Dalia's fraud, in her view, would flow first to the Orly Trust before Orly.  See R. 186.  Neither that question of removal or any objection to standing was actually litigated in this action during the years of litigation below.

Aside from the foregoing, the question of whether the fraud claim belongs to the bankruptcy estate or to the Orly Trust is potentially going to be decided by the Bankruptcy Court overseeing Orly's bankruptcy case. *See e.g. Velo Holdings v.*

*Paymentech, LLC (In re Velo Holdings, Inc.)*, 475 B.R. 367, 387 (Bankr. S.D.N.Y.

2012) (collecting and citing other cases);  *In re Gucci*, 309 B.R. 679, 683 (S.D.N.Y.

2004) ("Section 1334(e) of the Judicial Code cuts strongly in favor of the exercise

of jurisdiction.  It embodies a Congressional determination that bankruptcy courts

should determine rights in property of bankrupt estates regardless of whether that

property may be found");  *In re Fundamental Long Term Care Inc.*, 501 B.R. 770,

781 (Bankr. M.D. Fla. 2013) (the bankruptcy court has "exclusive jurisdiction over

property of the estate and is best suited to determine whether property, is, in fact,

property of the estate").  Indeed, as referenced in the Trustee's Motion dated January

10, 2022 filed in this Court (See 2020-01940 NYSCEF Doc. No. 27), the parties held

a hearing in August 2021 before the bankruptcy court on the Trustee's settlement

motion in the bankruptcy case.  The parties are awaiting the Bankruptcy Court's

decision, which will decide numerous legal issues, including potentially the standing

argument pertaining to Orly's fraud claim raised here.  Thus, settled federal law and

principles of comity preclude Dalia from raising this "standing" issue for the first

time before this court.

    In any event, to the extent that this Court were to consider this standing

argument raised by Dalia, which the Trustee respectfully requests not be addressed

at this time in deference to the Bankruptcy Court, Orly (and now her bankruptcy

estate) also has standing to seek recovery in this action based on that portion of

Dalia's fraudulent scheme that she committed while trustee of Orly's Trust. It is black letter law that the trustee of a trust owes fiduciary duties to the beneficiaries of the trust, not to the trust itself. *See, e.g., Mercury Bay Boating Club Inc. v. San Diego Yacht Club*, 76 N.Y.2d 256, 270 (1990) ("We have described a fiduciary's duty as requiring 'not honesty alone, but the punctilio of an honor the most sensitive.' This strict standard is the usual and appropriate measure of a trustee's fiduciary obligations because the trustee must administer the trust for the benefit of the beneficiaries and cannot compete with the beneficiaries for the benefits of the trust corpus."). *See also Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 191 (S.D.N.Y. 2011) (the trustee "owes a fiduciary duty to act with undivided loyalty and administer the trust solely in the interests of the beneficiaries"), *citing In re Heller*, 6 N.Y.3d 649, 655 (N.Y. 2006). *See generally* Restatement (Second) of Trusts § 170. Thus, a beneficiary (here, Orly or her bankruptcy estate) has standing to pursue her direct claims against Dalia, including for her corrupt acts as the trustee of her trust.

Contrary to Dalia's position, even in derivative actions, damages caused to a beneficiary of a trust belong to the beneficiary, and the recovery, even for damages done in the first instance to the corpus of the trust, may be directed to be paid, not to the trust, but to the beneficiary directly. That is especially appropriate where the trust was corrupted by a trustee who is at odds with the beneficiary, as is the case

here. *See Town of Evans v. Catalino*, 88 A.D.2d 780, 781 (4th Dep't 1982) ("It is fundamental that a fiduciary must make whole the beneficiary of the trust for any damage resulting from a breach of the fiduciary's duty" and the "appropriate measure of damages requires putting the beneficiary in the same condition in which he would have been if the wrong had not been committed and the trustee had done his duty.") (citing *Matter of Rothko*, 43 N.Y.2d 305, 322); *In re JP Morgan Chase Bank, N.A.*, 38 Misc. 3d 1210(A), 966 N.Y.S.2d 346 (Sur. 2013) (in claim for breach of fiduciary duty against trustee, court considered calculation of the amount of damages that are to be "paid to [the] beneficiary," not the trust); *In re Loomis' Est.*, 45 N.Y.S.2d 146, 151 (Sur. 1943) (holding trustee liable to the beneficiary individually, not the trust, for damages caused by the trustee's misuse of trust assets).

In addition to damages awards as a matter of law, courts in actions against a corrupt trustee, even if claims are derivative, are empowered as a matter of equity to fashion appropriate relief, including awarding recovery directly to the injured beneficiary. *See* Bogert, Trusts and Trustees [2d ed rev], § 701; N.Y. Sur. Ct. Proc. Act § 201(3) ("The court shall continue to exercise full and complete general jurisdiction in law and in equity to administer justice in all matters relating to estates ... in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires."); Uniform Trust Code § 1002, Damages for Breach of Trust ("A trustee who commits a breach of trust is liable to the

21

beneficiaries affected for . . . the amount required to restore the value of the trust property and trust distributions to what they would have been had the breach not occurred"); Restatement (Third) of Trusts § 100 Liability of Trustee) at (a)(2) ("Form of recovery from trustee.  If suit for breach of trust is successfully brought against the trustee, recovery may take the form of a money judgment or (if feasible) specific restitution ... The form of the recovery should, to the extent practicable, reflect the preferences and best interests of the beneficiaries."). *See generally* N.Y. Sur. Ct. Proc. Act. §§ 2206, 2214-2216.

This very Court upheld an earlier decision by Supreme Court in this very action that, on equity grounds, awarded damages to Orly individually, rather than granting replevin, which would have directed damages in the form of reinstated corporate shares to entities that were outside of Orly's control and would have engendered yet more litigation.  *Genger v. Genger*, 147 A.D.3d 443 (1st Dep't 2017).

Under Dalia's absurd reading of the Complaint and the law, she, as the trustee of the Orly Trust, can commit fraud and steal assets of the trust for her and Sagi's benefit, and then she is the only one who can decide whether to pursue claims against herself for her own wrongdoing -- because in her obviously conflicted view those claims belong only to the Trust.  Such a reading would turn the law on its head and

22

insulate her, as trustee, from redress for fraud against her beneficiary, whose interests she was legally required to protect.

Furthermore, punitive damages for breaches of fiduciary duty and other torts can also be assessed for the benefit of and awarded directly to the individual beneficiary.  Bogert & Bogert, Trusts and Trustees § 862, at 39-41 (in suits against trustees for breach of trust, exemplary or punitive damages may be awarded where malice or fraud is involved); *Rothko*, 43 N.Y.2d 305, (punitive surcharge assessed against fiduciaries found liable for self-dealing).  Such penalties can also include an award of attorneys' fees, which also are paid directly to the beneficiary, not the trust. *See* N.Y. Sur. Ct. Proc. Act 2301; *see Est. of Rothko*, 379 N.Y.S.2d 923, 977 (N.Y. Sur. 1975) (noting attorneys' fees may be awarded).

Thus, as a question of law, Dalia is simply wrong in alleging that the Trustee of Orly's bankruptcy estate has no standing to pursue both this appeal and the fraud claim against Dalia upon remand on the theory that the fraud claim belongs to the Orly Trust.

For all these reasons, the standing objection, like all of Respondent's other arguments, is a red-herring.  None of these arguments can ameliorate the basic error made by Supreme Court in administratively dismissing the unadjudicated fraud claim against Dalia.

## **CONCLUSION**

For the foregoing reasons and those set forth in the Appellant Brief, the Order

should be reversed, and the action remanded.

Dated: New York, New York
        April 29, 2022

Respectfully submitted,

**TARTER KRINSKY & DROGIN LLP**
*Counsel for Appellant, Deborah J. Piazza,*
*Successor Chapter 7 Trustee*

By:_____
        Rocco A. Cavaliere
        1350 Broadway
        New York, New York 10018
        Tel.: (212) 216-8000
        Email: rcavaliere@tarterkrinsky.com

24

## <u>PRINTING SPECIFICATIONS STATEMENT</u>

I hereby certify pursuant to 22 NYCRR 1250.8(f) and (j), the foregoing brief

was prepared on a computer using Microsoft Word.

*Type*: A proportionally spaced typeface was used, as follows:

*Name of typeface*: Times New Roman Point size: 14

*Line Spacing*: Double

*Word Count*:  The total number of words in this brief, inclusive of point

headings and footnotes and exclusive of pages containing the table of contents,

table of citations, proof of service and this Statement is 6,002.