POLLOCK | COHEN LLP
111 BROADWAY, SUITE 1804
NEW YORK, NY 10006
(212) 337-5361

*CONTACT:*
Adam Pollock
Adam@PollockCohen.com
(646) 290-7251

January 29, 2025

**VIA ECF**

Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, NY 10004

     Re:    *Orly Genger,* Case No. 19-13895-jlg

Dear Judge Garrity:

    We represent the Orly Genger 1993 Trust ("Orly Trust"), by Michael Oldner, Trustee, and write to briefly respond to the Broser parties' letter filed last night, January 28, 2025 (dkt. no. 708).

    This Court's decision on the 9019 Motion concluded that the claims in the MSM Action[1] are *not* within the bankruptcy estate: "The nature of the alleged harm is specific to the Orly Trust, not to the Bankruptcy Estate or her creditors in general." 9019 Decision, ECF no. 678, 2024 WL 4438857 (Bankr. S.D.N.Y. Oct. 5, 2024).

    Following this Court's decision, we wrote to Judge Vyskocil in the MSM Action, asking that any stay of that action be lifted. She ordered that we file a motion in Bankruptcy Court (MSM Action, ECF no. 82) and, on November 21, 2024, we filed the motion and paid the $199 fee for the stay relief motion. The motion sought the following relief:

> [E]ntry of an order (a) confirming that the automatic stay does not apply to the following pre-petition action involving all non-debtor parties [the MSM Action]; (b) in the alternative, <u>pursuant to section 362 of the Bankruptcy Code lifting any automatic stay</u>; and (c) granting related relief.

> Pursuant to Bankruptcy Code § 362(e), the Court must hold a preliminary hearing on this motion within 30 days, and a final hearing on this motion within 30 days thereafter, or any stay will

---

[1] *Manhattan Safety Maine, Inc. and Recovery Effort, Inc. v. Michael Bowen, Arie Genger, Arnold Broser, David Broser, Genger Litigation Trust, ADBG LLC and Tedco, Inc.*, S.D.N.Y. Index No. 19-cv-05642-MKV-VF.

Hon. James L. Garrity, Jr.
January 29, 2025
Page 2 of 2

>automatically terminate. *In re Codesco, Inc.*, 24 B.R. 746, 751
>(Bankr. S.D.N.Y. 1982) ("Code § 362(e) is self-executing; the stay
>automatically terminates thirty days after a request for relief unless
>the court orders it continued or renders a decision."); *In re Gordon
>Properties, LLC*, 460 B.R. 681, 699 (Bankr. E.D. Va. 2011) ("if there
>is doubt as to whether the automatic stay applies, file a motion.
>Assert that the stay does not apply and request, in the alternative,
>that if it does apply, that relief from it be granted. … The Bankruptcy
>Code requires a prompt resolution, generally within 30 days after a
>motion for relief from the automatic stay is filed.").

(**Exhibit A**, ECF no. 689, emphasis added.)

The Brosers' letter from last night seems to argue that the stay relief motion
isn't actually a stay relief motion because, in seeking relief from any stay, the motion
cites to Section 362 of the Bankruptcy Code and not specifically to Section 362(d).  This
"gotcha" argument is meritless and, unsurprisingly, the Brosers fail to support in with
any caselaw.

In opposing the stay relief motion, the Brosers argued – and they argue again in
their letter from last night – that this Court should stay the District Court litigation
pending their appeal of the denial of the 9019 Motion. The Brosers previously cited *In
re Purdue Pharma L.P.*, 2024 WL 4894349 (S.D.N.Y. Nov. 26, 2024), for their position
that this Court can enter a preliminary injunction temporarily staying the MSM Action.
But, for the reasons detailed in our reply papers (ECF no. 698), if the Brosers were to
file such a motion seeking a preliminary injunction, it should be denied as the
reasoning in *Purdue Pharma* does not apply here.

In any event, the Brosers have not filed a motion for a stay pending appeal – not
in the District Court and not in the Bankruptcy Court. Meanwhile, there is no reason
why the MSM Action – a case against non-debtors, with claims that do *not* allege harm
to the bankruptcy estate – should not proceed.  Likewise, there are clearly no grounds
for sanctions arising from asking a District Court to proceed with litigation against
non-debtors in litigation that does not affect the bankruptcy estate.

Thank you for Your Honor's consideration in this matter.

Sincerely,

/s/ *Adam Pollock*

Adam Pollock

Enclosure

POLLOCK | COHEN LLP

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* ORLY GENGER,<br><br>　　　　Debtor. | Chapter 7<br><br>Case No. 19-13895 (JLG) |

### NOTICE OF MOTION FOR THE ENTRY OF AN ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO A CERTAIN NON-BANKRUPTCY LITIGATION OR, IN THE ALTERNATIVE, RELIEF FROM ANY STAY

PLEASE TAKE NOTICE that on December 20, 2024, at 2:00 p.m., The Orly Genger 1993 Trust, by its trustee Michael Oldner, Recovery Effort, Inc., and Manhattan Safety Maine, Inc. (together, "Movants"), by and through the undersigned counsel, will move (the "Motion") before the Honorable Judge James L. Garrity, Jr., United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, Courtroom 723, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel can be heard, for entry of an order (a) confirming that the automatic stay does not apply to the following pre-petition action involving all non-debtor parties pending before the United States District Court for the Southern District of New York: *Manhattan Safety Maine, Inc. and Recovery Effort, Inc. v. Michael Bowen, Arie Genger, Arnold Broser, David Broser, Genger Litigation Trust, ADBG LLC and Tedco, Inc.*, 19-cv-05642-MKV-DCF;  (b) in the alternative, pursuant to section 362 of the Bankruptcy Code lifting any automatic stay; and (c) granting related relief.

Pursuant to Bankruptcy Code § 362(e), the Court must hold a preliminary hearing on this motion within 30 days, and a final hearing on this motion within 30 days thereafter, or any stay will automatically terminate. *In re Codesco, Inc.*, 24 B.R. 746, 751

(Bankr. S.D.N.Y. 1982) ("Code § 362(e) is self-executing; the stay automatically terminates thirty days after a request for relief unless the court orders it continued or renders a decision."); *In re Gordon Properties, LLC*, 460 B.R. 681, 699 (Bankr. E.D. Va. 2011) ("if there is doubt as to whether the automatic stay applies, file a motion. Assert that the stay does not apply and request, in the alternative, that if it does apply, that relief from it be granted. … The Bankruptcy Code requires a prompt resolution, generally within 30 days after a motion for relief from the automatic stay is filed.").

PLEASE TAKE FURTHER NOTICE that a copy of the Motion is available for inspection during normal business hours at the office of the Clerk of the United States Bankruptcy Court for the Southern District of New York located at One Bowling Green, New York, New York 10004, or may be obtained by contacting the undersigned counsel.

PLEASE TAKE FURTHER NOTICE that responses and objections, if any, to the Motion and the proposed order must be made in writing, conformed to the Bankruptcy Rules and the Local Bankruptcy Rules for the Bankruptcy Court and be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (a copy of which can be found at *www.nysb.uscourts.gov*, the official website for the United States Bankruptcy Court for the Southern District of New York), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, in Portable Document Format (PDF), Microsoft Word, or any other  word processing format (with a hard copy delivered directly to Chambers) and shall be served upon: (i) counsel to Movants, Pollock Cohen LLP, 111 Broadway, Suite 1804, New York, New York 10006; (ii) Deborah J. Piazza, Chapter 7 Trustee, Attn: Rocco A. Cavaliere, Esq., Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018; and

(iii) all parties who have filed a notice of appearance and request for service of

documents, so as to be actually received by no later than December 6, 2024 (the

"Objection Deadline").

Dated: November 21, 2024
       New York, NY

**POLLOCK COHEN LLP**

By:   /s/ *Adam Pollock*
   Adam Pollock
111 Broadway, Suite 1804
New York, NY 10006
Adam@PollockCohen.com
(212) 337-5361

*Attorneys for the Orly Genger Trust, by its*
*Trustee Michael Oldner; Recovery Effort, Inc.;*
*and Manhattan Safety Maine, Inc*