UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

In re:

    ORLY GENGER,

                      Debtor.

————————————————————————x

Chapter 7
Case No. 19-13895 (JLG)

25 Civ. 4099 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/20/2025

MEMORANDUM ORDER DENYING THE
MOTION OF SAGI GENGER FOR LEAVE
TO FILE AN INTERLOCUTORY APPEAL
FROM THE DENIAL OF HIS MOTION TO
DISMISS THE CHAPTER 7 CASE

McMahon, J.:

    Sagi Genger ("Sagi"), a creditor of his sister Orly Genger's bankruptcy estate, filed a motion in the United States Bankruptcy Court for the Southern District of New York seeking dismissal of his sister's Chapter 7 petition. He argued that the petition should be dismissed pursuant to either 11 U.S.C § 305(a) or 11 U.S.C. § 707(a). That motion was denied, as was a subsequent motion for reconsideration.

    Sagi[1] has filed a notice of appeal and motion for leave to appeal the Bankruptcy Court's denial of his motions, both to dismiss and for reconsideration, to this court. Notwithstanding the usual rule, which bars interlocutory appeals of non-final orders, he urges that various rulings made by Judge James L. Garrity – who has been handling this long-running family dispute since its filing six years ago – were infested with errors that require correction now, not at the conclusion of a full-blown Chapter 7 proceeding. The principal decision from which he seeks leave to appeal is Judge Garrity's 103-page ruling – issued after a multi-day trial – which concluded that Sagi had failed to establish any basis for dismissing his sister's Chapter 7 petition. Sagi also appears to seek review of a 2021 decision *in limine* by Judge Garrity, which allowed certain non-family creditor parties to participate in the aforementioned trial, and denied a portion of Sagi's motion to exclude certain evidence.

    For substantially the reasons articulated by the parties opposing Sagi's motion for leave to appeal, that motion is DENIED. I do not intend to write a magnum opus; this entire drama has consumed far more paper than any intra-family dispute should. So, I will limit myself to making a few salient points. I otherwise adopt the arguments made in the Memorandum of Law in Opposition (Dkt. No. 4) as the opinion of the court.

---

[1] The only way to distinguish among the various Gengers – for whom suing relatives appears to be a family sport – is to identify them by their first names. No disrespect is intended.

1

The standard for obtaining permission to take an interlocutory appeal from a non-final Bankruptcy Court order is stringent, as such appeals, like almost all interlocutory appeals, contribute to piecemeal litigation and so are disfavored. *See Rosenberg v. Educ. Credit Mgmt. Corp.*, 2023 WL 6162940, at *2 (S.D.N.Y. Sept. 20, 2023). Courts look to three factors when deciding such motions: (1) would the appeal involve a controlling question of law; (2) as to which there is substantial ground for a difference of opinion, and (3) might an immediate appeal materially advance the ultimate termination of the litigation. *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 658 B.R. 19, 25 (S.D.N.Y. 2024). Even if all three conditions are met, courts must exercise discretion to grant leave only in exceptional circumstances. *Id.* at 26.

In this case, Sagi's effort stumbles right out of the gate; he fails to satisfy the first factor. There is no "controlling" question of law as to which there is substantial ground for any difference of opinion that this court needs to resolve – certainly not at this point in the litigation.

Sagi identifies as error the Bankruptcy Judge's reliance on the standard for dismissal of a Chapter 7 case articulated in the case of *In re Grullon*, 2014 WL 2109924 (S.D.N.Y. May 20, 2014). Sagi insists that *Grullon* was predicated largely on an Illinois decision, *In re Adolph*, 441 B.R. 909, 911-12 (Bankr. N.D. Ill 2011), that was subsequently abrogated by the Seventh Circuit in *In re Schwartz*, 799 F. 3d 760 (7th Cir. 2015). He urges that the Bankruptcy Court should have applied the standard for dismissal articulated in *In re Lombardo*, 370 B.R. 506 (Bankr. E.D.N.Y. 2007), which sets out a fourteen-factor test for deciding whether a Chapter 7 petition was filed in bad faith.

The problem with Sagi's argument is that *Grullon* cannot possibly be deemed a "controlling question of law" in this case. It is true that Judge Garrity cited *Grullon* and did not discuss the possibility that it might be bad law (an issue on which the Second Circuit has yet to opine). But the two pages he devoted to that case were followed by approximately forty pages in which he discussed and ruled on every one of the fourteen *Lombardo* factors – none of which, he held, had been proven by Sagi as a matter of fact. Assuming *arguendo* that Judge Garrity applied the *Grullon* standard in the first instance – which, given what he wrote about the *Grullon* case, is not at all clear – he inarguably also decided the motion by applying *Lombardo*. Which means, were Judge Garrity's brief discussion of *Grullon* to be ruled erroneous on an interlocutory appeal, the denial of the motion to dismiss would stand under the alternative standard of *Lombardo* – the standard that Sagi admits is the applicable standard. Therefore, *Grullon* cannot possibly be deemed "controlling law" in this case.

Furthermore, the motion papers do not reveal any substantial ground for any difference of opinion about any question of law that arises under *Lombardo*. All parties agree that the *Lombardo* standard governs here. There is no dispute about what the fourteen *Lombardo* factors are. In short, everyone agrees about what the applicable law is. There are disputes about whether some of Judge Garrity's many findings of fact in connection with his application of the *Lombardo* factors are correct – and if I were Sagi, I might question some of those findings myself. But the opponents of the motion are right when they identify these differences as questions of fact, no matter how Sagi tries to characterize them. And non-final orders are simply never appealable on the ground that findings of fact contained therein are erroneous.

2

For a further discussion of these matters, I send the reader to the Memorandum of Law in Opposition (Dkt. No. 4).

As for the request for leave to appeal from the motion for reconsideration: Sagi does not come close to satisfying the exacting standard for obtaining reconsideration of any challenged portion of Judge Garrity's original decision.[2] Judge Garrity did not misapprehend any controlling question of law in rendering his decision; rather, Sagi misapprehends (or deliberately distorts) what Judge Garrity ruled when denying the motion to dismiss. Specifically, the Bankruptcy Judge did not, as Sagi argues, allow Orly to use the attorney-client privilege as a sword and shield, because Orly did not rely on the advice of counsel doctrine to defeat Sagi's bad faith challenge to certain of her bankruptcy filings. To the contrary: Judge Garrity concluded that the challenged filings were not substantively deficient – he did not rule that they were deficient but filed in good faith.

Moreover, there is no basis to conclude that Orly invoked attorney-client privilege with respect to her communications with her bankruptcy counsel, which are the communications that would have given her a basis to assert error but good faith (an argument she did not make). In fact, Orly testified about those communications at the hearing on the motion. That testimony would not have been given if she were invoking the privilege. *See* Dkt. No. 1, Ex. C., at 9. So, there is simply no basis to conclude that anyone allowed her to use attorney-client privilege as a sword and shield with respect to the challenged bankruptcy filings.

The motion for leave to file an interlocutory appeal is DENIED.

At the end of their brief, the opponents of the motion make a perfunctory request for sanctions against Sagi. That request is DENIED. I refuse to get involved in that way in the petty shooting war between a brother (and his mother) and a sister (and her father). While Sagi's motion was meritless, I confess to having some sympathy for a litigant who made a motion to dismiss in 2020 that was not decided until June of 2023 – although it appears that the parties caused some of that delay by filing endless post-trial briefs. Additionally, Sagi's timely motion for reconsideration remained undecided until April of 2025. Our much-loved and admired Bankruptcy colleagues are overwhelmed – I frankly do not understand how they accomplish what they do in so little time. They are the hardest-working and most overwhelmed jurists in our Circuit. I have no doubt that work on the post-hearing decision was time-consuming. But I can appreciate how a litigant who was on the verge of having a hearing on his turnover motion back in 2019 – only to be thwarted by his sister's filing in bankruptcy – would want to explore any avenue that might give him a modicum of finality at the earliest possible stage. Unfortunately, the avenue he chose is not available to him. That said, I will not sanction him for trying.

This constitutes the decision and order of the court. It is a written decision. The Clerk of Court is directed to remove the motion at Dkt. No. 3 from the court's list of open motions. As no appeal lies from the underlying orders, the Clerk is directed to close this case. It is not to be reopened if there is an appeal from any final order of the Bankruptcy Court; that would be an entirely new matter.

---

[2] Sagi does not challenge as erroneous the entirety of Judge Garrity's order on the motion for reconsideration.

Dated: June 20, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

4