# POLLOCK | COHEN LLP

111 BROADWAY, SUITE 1804
NEW YORK, NY 10006
(212) 337-5361

*CONTACT:*
Adam Pollock
Adam@PollockCohen.com
(646) 290-7251

May 20, 2026

**\*\*\*Memorandum endorsed order\*\*\*\***

Relief requested is granted.   Submit revised scheduling order.

Dated: May 23, 2026          /s/ James L Garrity, Jr.
          New York, NY          U.S. Bankruptcy Judge

<u>VIA ECF</u>

Hon. James L. Garrity, Jr.
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 601
New York, NY 10004

     Re:    *In re Orly Genger*, Case No. 19-13895 (JLG)

Dear Judge Garrity:

On behalf of Robin Rodriguez, Manhattan Safety Company Ltd., and Manhattan Safety Maine, Inc. ("MSM"), we write to seek a <u>four-week adjournment</u> of the dates in the proposed scheduling order submitted via email by Thomas Pitta on May 7, 2026 to respond to Orly Genger's [Corrected] Motion for Sanctions, ECF no. 776.

Specifically, instead of May 25 (Memorial Day), we propose filing the opposition and cross-motion(s) for sanctions on **June 22, 2026** (following the state court hearing on June 16, 2026, referenced below). Movants' reply, and their opposition to the cross-motion(s), would be due on **July 27, 2026**. Respondents' replies to any objections to the cross-motion(s) would be due on **August 10, 2026**.

Sagi Genger, John Dellaportas, Dalia Genger, TPR Investment Associates, Inc., D&K LP, and D&K GP LLC join in the request for the proposed dates. On my own behalf (as a Respondent to the pending sanctions motion), I also join in the request.

We reached out by email seeking Movants' consent to, or objection to, the proposed dates. Mr. Kurland responded to indicate that his partner Mr. Bowen (Debtor's counsel) is unavailable today.

\* \* \*

Last evening, the Debtor's counsel emailed an *ex parte* TRO that they obtained in state court enjoining Mr. Oldner "from taking any further action as Trustee of the Orly Trust and on behalf of the Orly Trust without prior notice to the Court and approval by the Court." (No. 156331/2026, **Exhibit A**.) As indicated on the enclosed order, the state court has scheduled a hearing on the matter on May 29, 2026.

The state court TRO is a transparent attempt to interfere with REI's federal court litigation (in this Court and the two District Court actions):

Hon. James L. Garrity, Jr.
May 20, 2026
Page 2 of 2

state courts are completely without power to restrain federal-court proceedings in in personam actions like the one here. And it does not matter that the prohibition here was addressed to the parties rather than to the federal court itself. For the heart of the rule as declared by this Court is that:

"* * * where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. * * * The fact, therefore, that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party who is a litigant in another and independent forum."

*Donovan v. City of Dallas*, 377 U.S. 408, 413 (1964) (quoting *Peck v. Jenness*, 48 U.S. 612, 625 (1849)) (asterisks original).  *See also Gen. Atomic Co. v. Felter*, 434 U.S. 12, 17 (1977) ("the rights conferred by Congress to bring in personam actions in federal courts are not subject to abridgment by state-court injunctions").

The sanctions sought in this bankruptcy case against Mr. Oldner are entirely related to his role as Trustee of the Orly Trust and in his capacity as the officer of REI. The Motion also seeks to invade all of the Respondents' privileged communications.

We have asked Debtor's counsel to meet and confer as to whether the state court TRO restrains Mr. Oldner from taking action in federal court, but they declined to respond. Given their recalcitrance, Mr. Oldner and REI need to evaluate how to respond to the instant sanctions motion, which the Debtor could argue is itself an "action as Trustee of the Orly Trust."  That is, the Debtor may seek to argue that defending the sanctions motion violates the state court *ex parte* TRO.

Accordingly, in an abundance of caution, we ask for a four-week extension of the proposed briefing schedule so that all parties may brief the sanctions motion and the privilege issues implicated by it on a coordinated schedule. In addition, this adjournment will allow all parties to brief and litigate the *ex parte* TRO.

Thank you for the Court's consideration in this matter.

Sincerely,

/s/ *Adam Pollock*


Enclosure

POLLOCK | COHEN LLP

# Exhibit A

E

At I.A.S. Part ___34___ of the Supreme
Court of the State of New York, held
in and for the County of New York at
the Courthouse therefore, 60 Centre
Street, New York, N.Y., on the
__19__ day of May, 2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PRESENT: HON. **HON. DAKOTA D. RAMSEUR**
_____ **J.S.C.**
Justice of the Supreme Court

---

**ORLY GENGER,**

      **Petitioner,**

v.

**MICHAEL OLDNER,**

      **Respondent**

---

Index No. 156331/2026

~~Ex. Parte~~ **ORDER TO SHOW
CAUSE WITH T.R.O. IN CIVIL
ACTION**

MS# 1 Other - Remove Trustee

---

Upon the accompanying Affirmation of Exigency of Michael Paul Bowen, dated May 18, 2026, with exhibits, the Affirmation of William B. McManus, dated May 17, 2026, the Verified Petition in this action sworn to by Petitioner Orly Genger, the Memorandum of Law in Support of Temporary Restraining Order and Preliminary Injunction, and all other prior proceedings before the Court in this matter, and ~~good~~ cause sufficient being alleged ~~appearing~~ therefore, ~~it is hereby:~~

LET ~~ORDERED that~~, based on Petitioner's showing of Michael Oldner's continuing breaches of fiduciary duties owed to the beneficiaries of the Orly Genger 1993 Trust, Michael Oldner show cause before this Court at ___IAS Part 34___ of the Supreme Court of the State of New York, County of New York, located at 60 Centre Street, New York, New York, on the _16_ day of June, 2026, or as soon thereafter as counsel can be heard, why, pursuant to Section 7-2.6(a)

16 - 16 ▷

at 9:30 am

of the Estates, Power and Trust Law, he should not be removed as trustee of the Orly Genger Trust and replaced by William B. McManus; and, it is further

**ORDERED** that, pending the hearing on this matter, Michael Oldner is hereby immediately temporarily restrained from taking any further action as Trustee of the Orly Trust and on behalf of the Orly Trust without prior notice to the Court and Petitioner and approval by the Court, including without limitation restrained from transferring any Trust assets, documents, or property anywhere; and, it is further

**ORDERED** that service of a copy of this order, the affirmations in support, and all other papers upon which this order is granted shall be made by email upon Oldner's attorneys, Adam Pollock (Adam@pollockcohen.com) and Jerrold Steigman (jsteigman@krantzberman.com) on or before the 20 day of May, 2026 and that such service shall be deemed good and sufficient; and it is further

**ORDERED** that opposition papers, if any, shall be e-filed on NYSCEF and served by email on counsel for petitioner, Michael Paul Bowen (MBowen@hbb-firm.com), on or before the 29 day of May, 2026. _Reply 6/12/26_

**ORAL ARGUMENT DIRECTED**

_____

J.S.C.

**HON. DAKOTA D. RAMSEUR**
J.S.C.

**ENTER:**

~~May ___, 2026~~

_____, J.S.C.

**HON. DAKOTA D. RAMSEUR**
J.S.C.

2