**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza,*
*Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Rocco A. Cavaliere, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
In re:                                                 :        Chapter 7
                                                       :
ORLY GENGER,                                           :        Case No. 19-13895 (JLG)
                                                       :
                    Debtor.                            :
-------------------------------------------------------x

### NOTICE OF PRESENTMENT OF ORDER AUTHORIZING THE RETENTION OF HERSCHMANN BENSON BOWEN LLP AS SPECIAL COUNSEL TO THE TRUSTEE PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE**, that Deborah J. Piazza, Esq., as Trustee (the "Trustee") of

the estate of Orly Genger (the "Debtor"), by her counsel Tarter Krinsky & Drogin LLP, will

present to the Honorable James L. Garrity, United States Bankruptcy Judge, at his chambers

located at the United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, New York, New York on **July 10, 2026 at 12:00 p.m.** (the "Presentment

Date"), an Order Authorizing The Retention of Herschmann Benson Bowen LLP as Special

Counsel to the Trustee Pursuant to Section 327(e) of the Bankruptcy Code (the "Order"). A copy

of the Trustee's Application, together with the supporting Declaration of Michael Paul Bowen

were electronically filed on the Court's website and may be retrieved from the Bankruptcy

Court's website at www.nysb.uscourts.gov by parties with a PACER account or by contacting

undersigned counsel to the Trustee.

086201\1\180581364.v1

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the Application must be in writing and must be served upon the undersigned attorneys for the Trustee with a copy to the Chambers of the Honorable James L. Garrity, Jr., so as to be received no later than **July 6, 2026 at 5:00 p.m.** (the "Objection Deadline") and filed with the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE**, that each such objection, if any, shall state the name of the objecting party, its status as a party-in-interest, and the nature and basis of the objection.

**PLEASE TAKE FURTHER NOTICE** that in the event an objection is filed, the Bankruptcy Court will schedule a hearing in connection with the approval of the Application, and in that event, the Trustee reserves the right to file a reply to any objection.

**PLEASE TAKE FURTHER NOTICE** that if no objection has been properly filed, served and received by the Objection Deadline, the Bankruptcy Court may sign the proposed Order annexed to the Application without a hearing.

Dated: New York, New York
June 26, 2026

> **TARTER KRINSKY & DROGIN LLP**
> *Attorneys for Deborah J. Piazza, Esq. in her*
> *Capacity as Trustee for the Debtor's Estate*
>
> By: /s/ Rocco A. Cavaliere
> Rocco A. Cavaliere, Esq.
> 1350 Broadway, 11th Floor
> New York, New York 10018
> (212) 216-1141

2

086201\1\180581364.v1

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza,*
*Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, NY 10018
(212) 216-8000
Deborah J. Piazza, Esq.
Rocco A. Cavaliere, Esq.
dpiazza@tarterkrinsky.com
rcavaliere@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re:                                      :        Chapter 7
                                            :
ORLY GENGER,                                :        Case No.: 19-13895 (JLG)
                                            :
            *Debtor.*                       :
---------------------------------------------------------x

### TRUSTEE'S APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF HERSCHMANN BENSON BOWEN LLP AS SPECIAL COUNSEL PERTAINING TO CERTAIN PRE-PETITION LITIGATION

**TO:**    THE HONORABLE JAMES L. GARRITY JR.
           UNITED STATES BANKRUPTCY JUDGE

Deborah J. Piazza, Esq., the Chapter 7 trustee (the "Trustee") for the estate of Orly

Genger (the "Debtor" or "Orly"), by her counsel, Tarter Krinsky & Drogin LLP, hereby requests

entry of an order authorizing and approving the employment of Herschmann Benson Bowen LLP

("HBB") as special counsel to the Trustee, in place of Glenn Agre Bergman & Fuentes LLP, in

connection with Orly's prepetition claims against her brother Sagi Genger ("Sagi") asserted in a

certain prepetition litigation styled as *Orly Genger v. Sagi Genger*, Index No. 100697/2008,

pending in the Supreme Court for the State of New York (New York County) (the "2008

Canadian Fraud Action") pursuant to section 327(e) of Title 11 of the United States Code (the

"Bankruptcy Code"), and respectfully sets forth and represents:

086201\1\180581364.v1

## FACTUAL BACKGROUND

A. General

1.     On July 12, 2019 (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in this Court.

2.     On December 11, 2019, Deborah J. Piazza, Esq. was appointed Chapter 7 Trustee of Debtor's bankruptcy estate. The Trustee was subsequently duly qualified as the permanent trustee in this case and continues in that capacity.

B. The 2008 Canadian Fraud Action

3.     In 2008, Orly commenced the 2008 Canadian Fraud Action in the Supreme Court for the State of New York, in which Orly sought to recover damages on account of alleged fraud on the part of Sagi pertaining to Orly's 50% ownership interest in a Canada-based real estate holding company called AG Holding Co. that had been established by her father, Arie Genger. Sagi owned the other 50% ownership interest.

4.     After almost 30 days of trial from January to May 2015, the State Court ruled in favor of Orly. See Genger v. Genger, 2016 WL 551444 (Sup. Ct. Feb. 10, 2016). On Sagi's appeal, the Appellate Division upheld all of this State Court's factual and credibility findings, including the following findings as it related to Sagi:

> As defendant was plaintiff's first witness, I address his credibility first. Given the long and close personal and business relationship between defendant and Parnes, defendant's claim that he did not recognize Parnes's handwriting on the documents underlying the transaction is incredible, a conclusion buttressed by defendant's too-careful testimony that plaintiff may have filled in the figures on the bill of sale.
>
> This prevarication, as well as defendant's evasiveness and equivocation about the transaction, warrant doubt as to defendant's general credibility.
> Plaintiff counsel's aggressiveness in questioning defendant, while occasionally inappropriate, cannot be blamed for defendant's evasiveness.

2

086201\1\180581364.v1

> Defendant's evasiveness as to whether he owed plaintiff a fiduciary duty warrants additional doubt as to his credibility, for even absent such a duty, what he owed to plaintiff in terms of familial concern should have been sufficient motivation for him to find another, legal, way for plaintiff to handle the tax issue.
>
> Moreover, as defendant knew that the suspension of plaintiff's TPR stipends was due to plaintiff's September 2004 receipt of the $150,000 check for White Box, and given his intent that the promissory note not be paid until after January 1, 2006, his testimony that the transaction was a mechanism for satisfying plaintiff's need for funds has no basis. I also reject his contention that plaintiff declined payment of the $57,000 balance on the promissory note.

*Genger*, 2016 WL 551444, at *6.

5.      The Appellate Division, however, determined that bifurcation of the trial was error and thus reversed the liability finding and remanded for a reopened trial limited to the issues of (i) whether Orly sustained any pecuniary loss, an essential element of liability for fraudulent inducement, and (ii) calculation of damages, if any, so that a unified judgment may be entered.

> [T]he court's finding of liability is vacated and the matter remanded for a reopening of the trial on the limited issue of whether Orly suffered actual pecuniary loss. In the event the court finds such a loss, it shall, in the same proceeding, determine the amount of Orly's damages. The evidence otherwise supported the court's finding that Orly had satisfied her burden of proving the remaining elements of her cause of action for fraud in the inducement. We find no basis to disturb the court's factual findings and credibility determinations.

*Genger v. Genger*, 144 A.D.3d 581, 582-83 (1st Dep't 2016). As such, the Appellate Division upheld the factual findings of the first three elements of the fraud action, with a trial to determine the final element pertaining to pecuniary loss and damages.

6.      Following remand, in 2018 and over Orly's objection, this Court selected Michael Kupka, CPA, of Mazars USA, to conduct a damages analysis, and – also over Orly's objection – ordered that Orly and Sagi split the cost of his fees.

3

7.      Upon information and belief, Mr. Kupka performed his analysis primarily based on the books and records Sagi provided him. Mr. Kupka issued his report on June 4, 2019. A month later, Orly filed for bankruptcy protection. In the report, Mr. Kupka found that Orly had incurred actual pecuniary loss caused by Sagi's fraud. Specifically, he calculated the value of Orly's interest in the Canadian real estate venture to be $99,551 with a "discount for lack of marketability" applied, and $132,734 without such a discount. Both amounts are well more than the $43,000 Sagi paid Orly for her interest, as already determined by this Court's trial decision.

8.      During the pendency of the Debtor's bankruptcy case, on August 31, 2020, Sagi filed a motion in the 2008 Canadian Fraud Action to abandon the action for the Trustee's failure to prosecute the action. The Trustee filed an opposition to Sagi's motion. The State Court ruled in favor of the Trustee by order dated November 13, 2020. Thereafter, the Trustee and Sagi entered into a stipulation in December 2020 agreeing that the 2008 Canadian Fraud Action be stayed pending this Court's determination of Sagi Genger's motion to dismiss the bankruptcy case.

C.   The Trustee's Retention of Bowen

9.      After this Court denied Sagi Genger's motion to dismiss the bankruptcy case, the parties contacted the State Court to advise of this development and then appeared at a conference on September 26, 2023 to discuss, among other things, the scheduling of a trial on damages.

10.      The State Court judge's law clerk conducted the conference, which was attended by Rocco Cavaliere (Tarter Krinsky & Drogin LLP) and Mr. Bowen (then a member of the firm Glenn Agre Bergman & Fuentes ("Glenn Agre")), on behalf of the Trustee's position, and by John Dellaportas (Emmet Marvin & Martin LLP) and Carmen Beauchamp Ciparick (Greenberg Traurig LLP) on behalf of Sagi Genger. As the Trustee has indicated that she would like to have

4

Mr. Bowen handle the damages trial, the Trustee agreed, through counsel, to file a retention application with the Bankruptcy Court retaining Glenn Agre as special counsel.

11.     Over Sagi's objection to the retention (ECF No. 638), this Court granted the Trustee's retention application, and Mr. Bowen, then of the Glenn Agre firm, was retained by the debtor's estate to serve as special counsel.  ECF No. 649.

12.     After Glenn Agre's retention and before the damages trial of the 2008 Canadian Fraud Action took place, in 2024, Sagi moved for summary judgment seeking dismissal of the case.

13.     On behalf of the Trustee and the Debtor's estate, Mr. Bowen, then of Glenn Agre, opposed Sagi's summary judgment and cross-moved for judgment pursuant to CPLR 4401.  The New York State court denied the motion and cross-motion in early 2026, as referenced in the State Court's decision annexed hereto as **Exhibit "A"**.  The parties noticed appeals of the trial court's decision, and their appeals remain pending before the state appellate court.

14.     In mid-2025, Mr. Bowen left the Glenn Agre law firm and joined HBB.  Mr. Bowen has continued to represent the Debtor in this bankruptcy case and adversary proceedings in which she is involved.

15.     In light of his change in firms, the Trustee now seeks authorization from this Court for the retention of HBB so that Mr. Bowen can continue to represent the Trustee as special counsel in connection with the 2008 Canadian Fraud Action, which is shortly headed to trial, and also in connection with the pending appeals of the state court decision in the 2008 Canadian Fraud Action mentioned above.

16.     HBB has agreed, just as Glenn Agre agreed, that, if appointed special counsel in the 2008 Canadian Fraud Action, it will prepare for and conduct the damages trial, including

5

among other things any evidentiary issues in advance of or at trial, including motions in limine, if necessary, and will consult with and strategize with the Trustee concerning the Trustee's "case in chief," cross-examination of defendant's witnesses, and any plaintiff rebuttal case.

17.     HBB has agreed to represent the Trustee in the 2008 Canadian Fraud Action for no compensation from the estate.

<div align="center">

**REQUEST FOR RELIEF**

</div>

18.     By this application, the Trustee seeks an order pursuant to Bankruptcy Code §327(e), authorizing her to employ HBB as her special counsel in the 2008 Canadian Fraud Action, in place of the existing special counsel, Glenn Agre.

19.     The Trustee has selected HBB because of Mr. Bowen's extensive experience in litigation matters and his prior handling of the 2008 Canadian Fraud Action, together with other attorneys at his former firms, the Kasowitz firm and Glenn Agre. The Trustee believes that Mr. Bowen continues to be well-qualified to represent the Trustee and the estate in the 2008 Canadian Fraud Action. As more fully set forth in the accompanying Declaration of Michael Paul Bowen annexed hereto as **Exhibit "B"**, HBB's retention by the Trustee would be in the best interests of this estate.

20.     To the best of the Trustee's knowledge, HBB represents no interest adverse to the Debtor or the estate, or any other interested person, in the matters with respect to which HBB is being retained by the Trustee, except as set forth in the Declaration of Michael Paul Bowen.

21.     HBB shall consult with the Trustee pertaining to any possible settlement negotiations surrounding the claims in the 2008 Canadian Fraud Action against Sagi, the gross proceeds of which, if any, from the settlement or collections on any judgment, shall be turned over to the Trustee upon receipt for distribution by the Trustee in accordance with the

<div align="center">

6

</div>

Bankruptcy Code and/or order of the Bankruptcy Court. Approval of any settlement of the 2008 Canadian Fraud Action would be pursued in this Court pursuant to Bankruptcy Rule 9019.

22.     Based on the foregoing, the Trustee submits the retention of HBB is not only necessary but also in the best interests of this estate, especially considering Mr. Bowen's deep knowledge and understanding of the history of the 2008 Canadian Fraud Action and HBB's willingness to perform services at no cost to the estate. The Trustee respectfully requests entry of an order approving the retention of HBB as special counsel.

**WHEREFORE**, the Trustee respectfully requests the entry of an order in the form annexed hereto as **Exhibit "C"**: (i) authorizing and approving the employment of HBB as special counsel to the Trustee pursuant to section 327(e) of the Bankruptcy Code in connection with Orly's prepetition claims against Sagi that were asserted in the 2008 Canadian Fraud Action; and (ii) granting such other further and different relief as this Court deems just and proper.

Dated: New York, New York
      June 26, 2026

                              **TARTER KRINSKY & DROGIN LLP**
                              *Attorneys for Deborah J. Piazza as Chapter 7*
                              *Trustee for the Estate of Orly Genger*

                              By: /s/Deborah J. Piazza
                                  Deborah J. Piazza, Esq.
                                  Rocco A. Cavaliere, Esq.
                                  1350 Broadway, 11th Floor
                                  New York, NY 10018
                                  (212) 216-8000

# EXHIBIT "A"

19-13895-jlg    Doc 788    Filed 06/26/26    Entered 06/26/26 15:08:43    Main Document
Pg 11 of 25

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    **HON. LESLIE A. STROTH**                                  PART                    **12M**

*Justice*

-----------------------------------------------------------------X

ORLY GENGER,                                                                 INDEX NO.                  100697/2008

                                   Plaintiff,                                MOTION DATE              07/02/2024

                    - v -                                                     MOTION SEQ. NO.            055

SAGI GENGER,                                                                  **DECISION + ORDER ON
                                                                                     MOTION**

                                   Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 055) 987, 988, 989, 990, 991, 992, 993, 994, 995, 996, 997, 998, 999, 1000, 1001, 1002, 1003, 1004, 1005, 1006, 1007, 1008, 1009, 1010, 1011, 1012, 1013, 1014, 1015, 1016

were read on this motion to/for                     _____JUDGMENT - SUMMARY_____.

In this action to recover damages for fraud in the inducement, *inter alia*, defendant Sagi Genger (Sagi) moves pursuant to CPLR 3212 for summary judgment dismissing the complaint. Plaintiff Orly Genger (Orly) opposes the motion and cross-moves for an order under CPLR 4401 for judgment as a matter of law. Upon the foregoing papers, the motion and cross-motion are denied.

## BACKGROUND

In January 2008, Orly initiated this action against her brother Sagi seeking damages for, among other things, fraud in the inducement based upon allegations that in late 2004 or early 2005, Sagi made false representations to Orly in order to induce her to sell her 50% share in a family real estate venture (the Venture) to Sagi for $100,000.00. According to Orly, her share in the Venture was actually worth millions of dollars.

100697/2008   GENGER, ORLY vs. GENGER, SAGI                                    Page 1 of 7
Motion No. 055

1 of 7

The protracted nature of this case is the result of many factors, including the parties' own conduct, delays related to the Covid-19 pandemic, and Orly filing for Chapter 7 bankruptcy. The facts and procedural history have been recited in numerous prior orders.

As relevant here, from January 29, 2015 to May 15, 2015, a justice of this court (Barbara Jaffe, J.) held a bifurcated bench trial on the issue of liability as to Orly's cause of action for fraud in the inducement and her request for an award of punitive damages. After the trial, the court issued an order, entered February 10, 2016, finding Sagi liable for fraud in the inducement, denying Orly's claim for punitive damages, and referring the matter to a special referee to hear and report on the amount of damages (the February 2016 Order)(*Genger v Genger*, 2016 NY Slip Op 30219 [U] [Sup Ct, NY County 2016] [Barbara Jaffe, J.]). During the trial, the court precluded Sagi from presenting expert testimony on damages, finding that it was evident that Orly suffered an injury so as to sustain a cause of action for fraudulent inducement, and that the expert's testimony was only relevant to the issue of the amount of damages.

On appeal, the Appellate Division, First Department, *inter alia*, vacated the trial court's finding of liability on the ground that "[a] claim for fraud in the inducement requires proof of actual pecuniary loss" (*Genger v Genger*, 144 AD3d 581, 582-583 [1st Dept 2016] [internal quotation marks and citations omitted]). The Appellate Division, thus, noted that the trial court should not have precluded Sagi from introducing expert testimony on the issue of whether Orly suffered an injury. Accordingly, the Appellate Division remanded the matter "for a reopening of the trial on the limited issue of whether Orly suffered actual pecuniary loss" (*id.* at 582-583) and directed that "[i]n the event the court finds such a loss, it shall, in the same proceeding, determine the amount of Orly's damages" (*id.* at 583).

100697/2008 GENGER, ORLY vs. GENGER, SAGI Page 2 of 7
Motion No. 055

2 of 7

On April 30, 2018, the trial court (Barbara Jaffe, J.) appointed Certified Public Accountant Michael Kupka, of Mazars USA LLP, to serve as an independent accountant in the matter. The court ordered that Kupka conduct a forensic audit and accounting of the Venture, "with the accounting limited to the value of the [V]enture, if any, on the date of the sale of [Orly's] shares in the [V]enture" to Sagi (NYSCEF Doc. No. 905).

Kupka issued his report on June 4, 2019, concluding that with a discount for lack of marketability (applied because the Venture was a family-owned business), the value of Orly's ownership interest on the date of the sale was $99,551.00 and, therefore, she suffered "no loss" (Kupka Report at 63, NYSCEF Doc. No. 964). Kupka determined that without applying the discount, Orly suffered a $32,734.00 loss, representing the value of her ownership interest on the date of the sale without the discount ($132,734.00), minus the $100,000.00 she agreed to receive for her share from Sagi (id.). In his report, Kupka avoided making a legal determination as to whether a discount for lack of marketability should apply in this case.

Sagi now moves for summary judgment dismissing the complaint. Orly opposes the motion and cross-moves for judgment as a matter of law under CPLR 4401 on the basis of Sagi's alleged admission, at trial, that Orly's share was worth $ 3 million.

## DISCUSSION

In moving for summary judgment, Sagi argues that the court should consider Kupka as being the "functional equivalent" of a referee appointed by the court pursuant to CPLR 4212 to hear and report on the issue of whether Orly suffered a pecuniary loss. He asserts that any objections to Kupka's "referee report" had to be filed within 15 days in order to be timely (see CPLR 4403 [providing that a motion to reject a referee's report must be made within 15 days of the filing of the report]) and since Orly never filed objections, they are deemed waived. As such,

100697/2008  GENGER, ORLY vs. GENGER, SAGI
Motion No. 055

Page 3 of 7

the court should confirm Kupka's report. Sagi asserts that based upon Kupka's report, along with the opinion of Sagi's expert Samuel P. Gunther, CPA (NYSCEF Doc. No. 993), Sagi should be awarded summary judgment dismissing the complaint on the ground that Orly suffered no pecuniary loss. Sagi asserts that, in any event, Orly should be awarded no more than $32,734.00 in damages as per Kupka's report. Sagi also emphasizes that Orly did not enlist her own expert to offer an opinion on whether she suffered a pecuniary loss and, therefore, there is no expert evidence refuting Kupka's conclusions for the court to consider.

"A referee derives his or her authority from an order of reference by the court" (*H.S.B.C. Bank U.S.A., N.A. v Isaacson*, 221 AD3d 668, 671 [2d Dept 2023] [quotation marks and citation omitted]; *see* CPLR 4212, 4311). Here, the court did not issue an order referring this matter to a referee to hear and determine. Thus, CPLR 4403 is inapplicable. Judge Jaffe did not intend for Kupka to act as the functional equivalent of a referee (April 30, 2018 Order, NYSCEF Doc. No 910). Rather, the court indicated to the parties that Kupka's accounting would *not* be "in lieu of trial" and that the parties would have the opportunity to cross-examine Kupka at trial (NYSCEF Doc. No. 918, at 2). Indeed, the Appellate Division remanded the matter for resolution by trial, not by summary judgment (*see Genger v Genger*, 144 AD3d at 582-583). Thus, Sagi's motion for summary judgment is denied.

I.   **Orly's Cross-Motion**

Orly's cross-motion for an order under CPLR 4401 is also denied. CPLR 4401 provides:

"Any party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing party with respect to such cause of action or issue, *or at any time on the basis of admissions*. Grounds for the motion shall be specified. The motion does not waive the right to trial by jury or to present further evidence even where it is made by all parties"

100697/2008   GENGER, ORLY vs. GENGER, SAGI   Page 4 of 7
Motion No. 055

4 of 7

FILED: NEW YORK COUNTY CLERK 02/27/2026 10:27 AM
INDEX NO. 100697/2008
NYSCEF DOC. NO. 1018
19-13895-jlg    Doc 788    Filed 06/26/26    Entered 06/26/26 15:08:43    Main Document
RECEIVED NYSCEF: 02/27/2026
Pg 15 of 25

(CPLR 4401 [emphasis added]). "A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Lanza v Delbalso*, 217 AD3d 664, 665 [2d Dept 2023] [quotation marks and citation omitted omitted]).

Here, Orly asserts that Sagi admitted at trial that the Venture "was worth $6 million at the time of the fraud," making Orly's share worth $3 million (Plaintiff's Mem of Law at 2, 17, NYSCEF Doc. No. 996). Orly argues that on the basis of this admission, she is entitled to judgment as a matter of law under CPLR 4401. As Sagi points out, however, Orly fails to quote the actual testimony upon which she is relying.

The testimony at issue seemingly relates to a Stock Purchase Agreement (SPA) entered into on March 8, 2004 (NYSCEF Doc. No.1013). At the time, Orly and Sagi owned 90% of the Venture and their father owned the remaining 10%. Pursuant to the SPA, Orly and Sagi each paid $100,000.00 to acquire their father's share, subject to an upward price adjustment of $50,000.00 each under certain conditions. Sagi was asked the following question at trial regarding the value of the entire Venture in light of what they agreed to pay their father for his 10% share: "the implied value . . . on March 8, 2004, based on your transaction with you and your father and your sister was $ 6 million, right? It's just math, correct?" (Transcript at 230-231, NYSCEF Doc. No. 1011). Sagi replied: "That's the multiplication, yeah" (*id.* at 231).

100697/2008   GENGER, ORLY vs. GENGER, SAGI
Motion No. 055

Page 5 of 7

5 of 7

19-13895-jlg    Doc 788    Filed 06/26/26    Entered 06/26/26 15:08:43    Main Document
Pg 16 of 25

Read in context, however, this testimony does not amount to an admission that $ 6 million dollars represented the fair market value of the Venture. In this regard, Orly testified that she never negotiated the price for her father's 10% share (*id.* at 3001-3002). Sagi also testified that the agreement with his father was not the product of an arm's length negotiation and that the purchase price was not reflective of the fair market value (*id.* at 2494). Rather, Sagi only executed the SPA because his father asked him to do so (*id.*). Thus, Sagi's testimony does not amount to an admission as a matter of law that the Venture was worth $6 million in March 2004. Moreover, Orly alleges that she agreed to sell her share to Sagi in late 2004 or early 2005, not in March 2004.

Finally, Orly points out that, in the context of the Court's decision as to whether Orly suffered an injury to sustain a cause of action for fraudulent inducement, the trial court's February 2016 Order noted that Sagi conceded that "the [Venture] was worth $6 million in March 2004" (*Genger v Genger*, 2016 NY Slip Op 30219 [U], at **22). However, the Appellate Division vacated the trial court's finding of liability and remanded the matter for a reopening of the trial on the limited issue of whether Orly suffered actual pecuniary loss. The Appellate Division found that "the [trial] court should not have precluded Sagi from introducing expert testimony on the issue of whether Oly suffered an injury" (*Genger v Genger,* 144 AD3d 581, 582-583). Given the clarity of its decision, the Appellate Division clearly determined that any such "concession" referenced in the February 2016 decision was insufficient to establish as a matter of law that Orly suffered an actual pecuniary loss and that Sagi should have the opportunity to submit evidence to the contrary at trial. Thus, the cross-motion is denied.

The parties' remaining contentions are either without merit or academic in light of this court's determination.

100697/2008  GENGER, ORLY vs. GENGER, SAGI
Motion No. 055

Page 6 of 7

Accordingly, it is hereby

ORDERED that the motion and cross-motion (motion sequence number 55) are denied; and is further

ORDERED that the parties appear for a status conference on March 26, 2026 at 11:00am for the purpose of scheduling a trial date.

This constitutes the Decision and Order of the Court.

<div style="overflow:auto">

|   2/25/2026  |  |  |  |  |  |
| --- | --- | --- | --- | --- | --- |
| DATE |  |  |  | HON. LESLIE A. STROTH J.S.C. |  |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
|  | ☐ GRANTED  ☒ DENIED | | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

</div>

100697/2008  GENGER, ORLY vs. GENGER, SAGI
Motion No. 055

Page 7 of 7

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re:                                          :        Chapter 7
                                                :
ORLY GENGER,                                     :        Case No.: 19-13895 (JLG)
                                                :
                            *Debtor.*            :
-----------------------------------------------------------------x

**DECLARATION IN SUPPORT OF TRUSTEE'S APPLICATION FOR ORDER
AUTHORIZING THE RETENTION OF HERSCHMANN BENSON BOWEN LLP AS
SPECIAL COUNSEL TO THE TRUSTEE IN CERTAIN PREPETITION LITIGATION**

I, Michael Paul Bowen, hereby declare under the penalties of perjury under 28 U.S.C.§ 1746, that the following statements are true and correct:

1.      I am an attorney duly admitted to practice law before the courts of the State of New York. I am a Partner at Herschmann Benson Bowen LLP ("HBB"), with offices located at 305 Broadway, 7th Floor, New York, New York 10007.

2.      I submit this declaration in support of the application (the "Application") of Deborah J. Piazza, the Chapter 7 trustee (the "Trustee") for the estate of Orly Genger (the "Debtor" or "Orly") for an order authorizing the retention of HBB as special counsel to the Trustee in connection with Orly's prepetition claims asserted in a certain prepetition litigation styled as *Orly Genger v. Sagi Genger,* Index No. 100697/2008, pending in the Supreme Court for the State of New York (New York County) (the "2008 Canadian Fraud Action") pursuant to section 327(e) of Title 11 of the United States Code (the "Bankruptcy Code"). [1]

3.      I have been practicing as an attorney in commercial litigation matters for more than 30 years.

---

[1] Capitalized terms not defined herein shall have the meanings given in the Application.

4.     In 2015, Kasowitz Benson Torres & Friedman LLP (since renamed Kasowitz LLP), where I was a partner, was retained by Orly to represent her, as co-counsel with Zeichner Ellman & Krause LLP, with respect to her claims in the 2008 Canadian Fraud Action. The brief background and current status of the 2008 Canadian Fraud Action is described in the Application.

5.     The nature and extent of the services that HBB proposes is to represent the Trustee and the Debtor's estate in the settlement or handling of a damages trial and pending state court appeal in the 2008 Canadian Fraud Action, which are the same services that this Court authorized my prior firm, Glenn Agre Bergman & Fuentes, to provide the Trustee and the Debtor's estate.  ECF No. 649.

6.     HBB has agreed that it will not seek any compensation from the Trustee or the Debtor's estate in connection with its services on behalf of the Trustee in the 2008 Canadian Fraud Action. As such, HBB will not be filing any fee application associated with its services in relation to the 2008 Canadian Fraud Action on behalf of the Trustee and the Debtor's estate.  I further affirm that no other party has agreed to compensate HBB either directly or indirectly for this representation, and HBB has no understanding that it will be so compensated and no expectation of such compensation by or from any party.

7.     HBB has no adverse interest to, and represents no interest adverse to, the Trustee, the Debtor, the Debtor's estate, or any other interested person, in the matter with respect to which HBB is being retained by the Trustee as special counsel (*i.e.* the 2008 Canadian Fraud Action).   While Eric D. Herschmann, the Debtor's husband, is a partner of HBB and in his individual capacity is also a creditor of the Debtor's estate, that does not create a conflict of interest with respect to HBB's representation of the Trustee and the Debtor's estate in connection

2

with its prosecution of the 2008 Canadian Fraud Action on behalf of the Trustee, as HBB agrees that any and all recovery achieved in the 2008 Canadian Fraud Action will go directly to the Trustee for the benefit of the Debtor's estate, and not to HBB, Herschmann, or anyone else.

8.      HBB shall continue representing the Debtor in the Debtor's bankruptcy case and any adversary proceeding in which the Debtor is a party.

9.      For these reasons, I respectfully request that HBB be retained as special counsel to the Trustee pursuant to section 327(e) of the Bankruptcy Code in the 2008 Canadian Fraud Action, in place of my former firm, Glenn Agre.

*In accordance with 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct.*

Dated: New York, New York
         June 26, 2026

/s/Michael Paul Bowen
Michael Paul Bowen, Esq.

3

086201\1\180581364.v1

# EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                                    :          Chapter 7
                                                          :
ORLY GENGER,                                              :          Case No.: 19-13895 (JLG)
                                                          :
                                            *Debtor.*     :
-------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION OF
HERSCHMANN BENSON BOWEN LLP AS SPECIAL COUNSEL TO THE TRUSTEE
PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE**

Upon the application (the "Application") of Deborah J. Piazza, the Chapter 7 trustee (the

"Trustee") in the above-captioned Chapter 7 case of Orly Genger (the "Debtor"), seeking entry

of an order authorizing the Trustee to retain Herschmann Benson Bowen LLP ("HBB") as

special counsel to the Trustee in the 2008 Canadian Fraud Action; and upon the accompanying

Declaration of Michael Paul Bowen, Esq.; and the Court being satisfied that HBB represents no

interest adverse to the Trustee, or the Debtor's estate, and that the employment of HBB is

necessary and in the best interests of the Debtor's estate; and no further notice being required, it

is

ORDERED, that HBB be, and hereby is, retained as special counsel for the Trustee

pursuant to section 327(e) of the Bankruptcy Code in the 2008 Canadian Fraud Action in place

of Glenn Agre Bergmann & Fuentes; and it is further

ORDERED, that each and every January 1, April 1, July 1 and October 1 following the

date of this Order until the conclusion of the 2008 Canadian Fraud Action, HBB shall report to

the Trustee in writing and in form and substance acceptable to the Trustee on the status of the

2008 Canadian Fraud Action; and it is further

ORDERED, that HBB shall not seek compensation and reimbursement of costs and expenses from the Trustee or the Debtor's estate related to the services it will provide the Trustee related to the 2008 Canadian Fraud Action; it is further

ORDERED, that any settlement of the 2008 Canadian Fraud Action shall be subject to the Trustee's written consent and subject to approval of this Court upon the Trustee's motion to this Court; and it is further

ORDERED, that upon settlement of the claims being prosecuted in the 2008 Canadian Fraud Action or collections on any judgment, the gross proceeds from the settlement or collections on any judgment shall be turned over to the Trustee for distribution by the Trustee in accordance with orders of this Court and/or the Bankruptcy Code; and it is further

ORDERED, that within thirty (30) days of entry of this order, HBB shall comply with Rule 691.20 of Title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York (22 NYCRR 691.20) and file with the Office of Court Administration of the State of New York a written statement of this retention with a copy of this order annexed thereto; and serve upon the Trustee and file with this Court a duplicate of any documents filed with the Office of Court Administration of the State of New York related to the 2008 Canadian Fraud Action; and it is further

ORDERED, that the Trustee is authorized to take any and all reasonable steps as may be necessary to implement the terms and conditions of this Order.

Dated: New York, New York
       July __, 2026

                                    _____
                                    HONORABLE JAMES L. GARRITY JR.
                                    UNITED STATES BANKRUPTCY JUDGE

2

086201\1\180581517.v1

NO OBJECTION:
WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE REGION 2

By: /s/ _____
        Office of the United States Trustee
        Dated: July ___, 2026

3

086201\1\180581517.v1