UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

*In re* ORLY GENGER,

      Debtor.

Bankr. No. 19-13895 (JLG)

## NOTICE OF MOTION FOR SANCTIONS UNDER FED. R. BANKR. P. 9011

PLEASE TAKE NOTICE that, pursuant to Fed. R. Bankr. P. 9011(b) and 9011(c)(1)(A), **Adam Pollock, Esq.** and **Pollock Cohen LLP** ("Movants") hereby serve this motion for sanctions on **Michael Paul Bowen, Esq**. and **Herschmann Benson Bowen LLP** ("Respondents").

PLEASE TAKE FURTHER NOTICE that, unless within 21 days after service of this motion Respondents withdraw or appropriately correct the papers and positions identified below, Movants will file this motion with the Court and seek appropriate sanctions. This motion is based on the following:

**Papers at issue:**  The papers challenged by this motion are Orly Genger's [Corrected] Motion for Sanctions [Dkt. No. 776], dated April 26, 2026 (the "Sanctions Motion").

**Specific conduct alleged to violate Rule 9011(b):**  Respondents violated Fed. R. Bankr. P. 9011(b) by presenting to the Court allegations and factual contentions having no evidentiary support.  The Sanctions Motion defines the "OGT Parties" to include Movants, and then alleges that the OGT Parties undertook various acts that Respondents are fully aware (a) had either been completed before Movants were ever involved in this matter, or (b) Movants were not substantively involved with.

For instance, Michael Oldner testified at his deposition, in response to questioning from Respondent Bowen, that Pollock Cohen LLP was retained in *August 2019* for the District Court action. (Oldner Tr., dated June 25, 2020, at 132:6-9.)[1] Yet the motion repeatedly accuses the "OGT Parties" and alleged "Co-Conspirators" (both of which terms are defined to include Movant Pollock) of alleged conduct that culminated in Orly's *July* 12, 2019 bankruptcy filing in Texas – *before* Movants were ever engaged.

Second, the following is a non-exhaustive list of examples of allegations and factual contentions in the Sanctions Motion having no evidentiary support with respect to Movant(s):

- "The Co-Conspirators' initial demand might have been based on … their belief that it would be easier to initially extort Herschmann to pay a $3 million demand rather than a $10 million demand. In any event, shortly after Orly filed for bankruptcy, the Co-Conspirators increased their demand to more than $20 million dollars…."

- "Parnes and Dellaportas Submit 'Forged' Evidence to This Court[:] The Co-Conspirators, it is clear, advanced their fraud-on-the-court Nuclear Option through fabricated evidence as well."

- "Co-Conspirators planned and carried out a scheme, which they called the 'Nuclear Option.' Pursuant to that scheme, they generated crushing debt obligations against Sagi's sister, Orly Genger, they knew she could not pay, forced her into bankruptcy, and used the bankruptcy proceeding and this Court for improper purposes—namely, to try to coerce Orly into abandoning her meritorious lawsuit against Sagi and to extort her spouse, Eric Herschmann, whom they called Orly's 'billionaire husband/lawyer,' into paying the Co-Conspirators tens of millions of dollars."

- "When it became clear that, as a result of the Co-Conspirators' own efforts, Orly was left with no 'liquidity personally,' and that therefore her bankruptcy would not produce any recovery for them, they decided to try to coerce Herschmann because, as co-conspirator Robin Rodriguez, Sagi's longtime 'very close' friend and business associate, put it, Herschmann 'would not want' his finances exposed in his wife's bankruptcy proceeding."

- "The OGT Parties— which include the trustee of Orly's own trust— joined in the Sagi Parties' original motion to dismiss Orly's bankruptcy."

---

[1] Pollock Cohen LLP later appeared in the SDNY bankruptcy on December 14, 2019.

- 2 -

- "As the Co-Conspirators admitted in writing, Sagi used a test case demand in 2014 to confirm that this scheme would work before executing the plan in full."

Whatever the merits of those allegations against others, Movants had nothing to do with any of them. Movants had no relationship with any of the named parties, had not been retained in the bankruptcy action, and had no involvement in Orly's bankruptcy filing or the events preceding it. There has never been any assertion that Movants had anything to do with the allegations with respect to Messrs. Dellaportas and Parnes propounding allegedly "fabricated evidence."  Thus, Respondents' allegations that Movant Pollock sought to "extort Herschmann" or "fabricated evidence" — and then asking the Court to issue a criminal referral — is a textbook violation of Rule 9011(b)(3).

Under Rule 9011(b)(3), these factual contentions wholly lack evidentiary support and, moreover, will not have evidentiary support after a reasonable opportunity for investigation.  By email dated April 28, 2026, Movants notified Respondents that if the papers at issue were not corrected or withdrawn, Movants would proceed to serve this Notice of Motion under Rule 9011. Respondents declined to comply with this request.

Thus, if the challenged paper is not withdrawn or corrected within 21 days after service of this Notice, Movant will seek an order imposing appropriate sanctions, including reasonable attorneys' fees and expenses incurred as a result of the violation, striking the offending paper, and/or other appropriate nonmonetary directives and relief as this Court deems just and proper.

Dated:  May 4, 2026
         New York, New York

LAW OFFICE OF DANIEL F. WACHTELL

_____
       Daniel F. Wachtell
90 Broad Street, 23rd Floor
New York, New York 10004
917-667-6954
dan@danwachtell.com
*Attorneys for Movants Adam Pollock, Esq.*
*and Pollock Cohen LLP*